**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | ) Master File No. 1:08-cv-4883 <br> ) <br> ) MDL No. 1957 <br> ) |
| **This document relates to:** | ) <br> ) |
| **ALL INDIRECT PURCHASER ACTIONS** | ) The Honorable Robert W. Gettleman <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO APPOINT INTERIM CLASS**
**COUNSEL FOR THE INDIRECT PURCHASER PLAINTIFFS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**

**TABLE OF CONTENTS**

I.     INTRODUCTION …………….………………………………….    1

II.    BACKGROUND …………………………………………………    2

III.   ARGUMENT ……………………………………………………….    6

     A.  Appointment Of Interim Class Counsel To Represent The
         Class Is Appropriate ……………………………………………    6

     B.  TATP Will Fairly And Adequately Represent The Interests
         Of The Proposed Plaintiff Class ……………………………….    8

          1.  TATP  Is Experienced In Handling Antitrust Class
             Actions And Complex, Multidistrict Litigation ……………    8

          2.  TATP Has Already Done Substantial Work And Has Taken
             Significant Steps To Advance The Litigation ……………….    11

          3.  TATP Will Commit Significant Resources To
             Litigating This Case ……………………………………….    13

          4.  TATP Will Utilize The Other Plaintiff Firms In This
             Litigation And Is Committed To Working In A Professional
             And Cooperative Manner …………………………………..    13

IV.   CONCLUSION ……………………………………………………….    15

# TABLE OF AUTHORITIES

<u>Cases</u>

<u>Page</u>

*Coleman v. General Motors Acceptance Corp.,*
  220 F.R.D. 64, 100 (M.D. Tenn. 2004) ……………………………………………………..7

*Crown Oil v. Superior Court,*
  177 Cal. App. 3d 604 (1986) …………………………………………………………………10

*Donaldson v. Pharmacia Pension Plan,*
  2006 U.S. Dist. LEXIS 28607 (S.D. Ill. May 10, 2006) …………………………………7

*Illinois Brick v. Illinois,*
  431 U.S. 720 (1977) …………………………………………………………………..4, 9

 *In re Cardinal Health, Inc. ERISA Litigation,*
  225 F.R.D. 552 (S.D. Ohio 2005) ……………………………………………………..7

*In re Cathode Ray Tubes (CRT) Antitrust Litigation,*
Master File No. 3:07-cv-5944-SC, MDL 1917 (N.D. Cal. 2008)…………………………8

*In re OSB Antitrust Litigation,*
  Case No. 06-cv-00826 (PSD) (E.D. Pa. 2007)………………………………………………...8

*In re OSB Antitrust Litigation,*
  2007 U.S. Dist. LEXIS 56617 (E.D. Pa. Aug. 3, 2007) …………………………………9

*Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London,*
  1996 WL 115466 (N.D. Ind. 1996) …………………………………………………..…13

<u>Statutes</u>

15 U.S.C. § 1 ……………………………………………………………………...2, 5

15 U.S.C. § 26 ……………………………………………………………………….5

28 U.S.C. §§ 1331 ………………………………………………………………...5

28 U.S.C. § 1332 ………………………………………………………………….5

28 U.S.C. § 1367 ………………………………………………………………...…..5

**<u>Rules</u>**

Fed. R. Civ. P. 23(g)………………………………………………….......…*passim*

Fed. R. Civ. P. 34 ………………………………………………………………..12

**<u>Secondary Materials</u>**

*Manual on Complex Litigation (Fourth)* …………………………………………..13

I.        **Introduction**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiffs Carlos

Ponce and Arthur Cordisco ("Plaintiffs") move for the appointment of their counsel,

Trump, Alioto, Trump & Prescott, LLP ("TATP"), as interim class counsel for the

indirect purchaser plaintiffs in the *In Re: Aftermarket Filter Antitrust Litigation,* MDL

1957 ("*Filters Cases*").

It is in the interest of the Class to appoint a firm with a demonstrated ability to

organize and prosecute this case. TATP is a highly experienced firm which has

previously obtained several landmark antitrust and class action recoveries. Moreover,

TATP has particular expertise in indirect purchaser antitrust cases such as this one.

TATP has already undertaken significant work on behalf of the plaintiff Class.

TATP represents indirect purchasers in a number of the states for which claims have been

asserted. TATP also has the support of a number of experienced law firms located

throughout the United States. TATP is prepared to serve as interim class counsel alone or

in conjunction with other firms designated by the Court.

TATP brings particular skills in the efficient management of complex litigation

and electronic discovery practice, has substantial resources to devote to this litigation,

and will work collegially and professionally with other counsel. Accordingly, Plaintiffs'

motion to appoint TATP as interim lead or co-lead counsel for the indirect purchaser

plaintiffs should be granted.

//

## II.     Background

This litigation arises from an alleged conspiracy by defendants Honeywell International, Inc., Champion Laboratories, Inc., Purolator Filters N.A., LLC, Wix Filtration, Inc., Cummins, Inc., The Donaldson Company, Baldwin Filters, Inc., Robert Bosch, LLC, Mann + Hummel U.S.A., Inc., Arvinmeritor, Inc., United Components, Inc., Affinia Group, Inc., Hastings Premium Filters, and Clarcor, Inc. ("Defendants") to fix, raise, maintain or stabilize the prices of replacement oil, air, fuel and transmission filters (collectively "Filters") in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, as well as various state antitrust and consumer protection statutes.

Filters are used to remove contaminants from combustion engines and related systems. Oil filters remove contaminants from the motor oil used to lubricate an engine's pistons; fuel filters primarily screen dirt and rust particles from an engine's fuel lines; air filters prevent particulate matter from entering an engine's cylinders; and, transmission filters ensure the proper functioning of an engine's transmission system.

Filter manufacturers, such as Defendants, sell Filters to both vehicle manufacturers for use in new automotives, as well as to "aftermarket" sellers for professional or self-installment. Defendants are the primary manufacturers of aftermarket (or "replacement") Filters in the United States and the allegations herein involve the Filters aftermarket. Annual aftermarket Filters sales in the United States are approximately $3-5 billion.

Defendant Honeywell International, Inc. estimated in 2007 that there were 217 million cars on the road in the United States in that year. Most car manufacturers recommend that the car owner replace the oil filter at every oil change. NAPA, an auto

parts retailer, recommends that a car owner replace the air filter once a year, or every 15,000 miles. Thus, for most cars on the road today, the owners replace their vehicle's oil filter at least every year and air filters approximately every year.

The market for Filters lends itself to collusive activity such as price-fixing. First, Filters are commodity-like products. It is easier to form and sustain a cartel when the product in question is commodity-like because it is easier to agree on prices to charge and to monitor those prices once an agreement is formed.

Second, there is a high degree of market concentration with Defendants controlling over 90% of aftermarket Filter sales. Third, there are significant manufacturing and technological barriers to entry. Fourth, demand for Filters is inelastic. It does not change in the face of price changes. Because vehicle manufacturers either require or strongly encourage filter changes at specific intervals, Class Members do not decrease their use of Filters when prices increase. Finally, there are no reasonable substitutes for Filters. Vehicle owners must have the filters in their vehicle replaced because they tend to wear out over time and are necessary for the operation of their vehicles.

Plaintiffs allege that at least as early as 1999, Defendants and their co-conspirators had numerous secret discussions with each other and exchanged extensive information regarding pricing and customers. This conspiratorial conduct resulted in an unlawful agreement to fix, raise, maintain or stabilize prices, rig bids, and allocate customers for Filters sold in the United States. The effect of Defendants' unlawful agreement has been that Filters' prices have been artificially inflated and Plaintiffs and the class members

paid more for their indirect Filters purchases than they would have paid had Defendants not fixed Filters prices and cooperated in other aspects of the Filters market.

Beginning in March 2008, class actions alleging violations of federal and state antitrust laws by Defendants were filed in this judicial district and others on behalf of purchasers of Defendants' Filters. Some of these cases were filed on behalf of *direct* purchasers of Filters, and others were filed on behalf of *indirect* purchasers of Filters.

Plaintiffs filed a class action complaint in the United States District Court for the Northern District of California[1] on behalf of a class of all individuals and entities that *indirectly* purchased Filters in the United States from Defendants, their predecessors, or their controlled subsidiaries and affiliates during the period beginning at least January 1, 1999 through the filing of the Complaint.

The indirect purchaser cases are brought on behalf of those purchasers of Filters who purchased these products from someone other than the manufacturer of the products. Usually, indirect purchasers are the ultimate consumers of the products in question. They buy the products from distributors and retailers. Typically, indirect purchasers bear the brunt of the overcharges imposed by the manufacturers, which are passed on down the chain of distribution and absorbed by the indirect purchasers.

Indirect purchasers may not sue for damages under the federal antitrust laws under the Supreme Court's decision in *Illinois Brick v. Illinois,* 431 U.S. 720 (1977). However, a number of states have enacted legislation which allows indirect purchasers to sue for damages under state antitrust and consumer protection laws for price fixing

---

[1] *Ponce, et al., v. Honeywell International, Inc., et al.,* Case No. 3:08-cv-2669 JSW, filed May 28, 2008.

violations. The indirect purchaser plaintiffs in this case have brought claims under certain of these state laws.

The indirect purchaser plaintiffs are suing to recover damages allegedly caused by Defendants' conspiracy to fix, raise, maintain and/or stabilize prices on Filters sold in the United States. The broadest class periods alleged in various complaints charge that the conspiracy began in 1999 and continues through the present.

The indirect purchaser complaints in this action also allege claims for injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, in addition to the damage claims for violations of various state antitrust and consumer protection laws mentioned above.

This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over the state law claims asserted by the indirect purchaser plaintiffs under 28 U.S.C. § 1367 and original jurisdiction over these claims under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act.

By Order dated August 18, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") transferred all related *Filters Cases* to this Court for coordinated and/or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. A true and correct copy of the JPML Transfer Order is attached to the Declaration of Mario N. Alioto in support of this motion ("Alioto Declaration") as Exhibit 1.

The JPML found that the Northern District of Illinois was an appropriate transferee forum for this litigation because (1) there were already several actions pending there; (2) plaintiffs in numerous actions supported this District as their first or second choice for transferee district; and (3) considerations of convenience and accessibility also

favored this District. According to the JPML Transfer Order, this litigation consists of 25 actions, as well as 21 potentially-related "tag-along" actions. Plaintiffs are aware of another 9 potentially related tag-along actions, for a total of at least 55 actions. Of those 55 actions, Plaintiffs believe that 33 actions have been filed on behalf of direct purchasers of Filters and 22 actions on behalf of indirect purchasers of Filters.

On September 4, 2008, this Court held a Status Conference. During the Status Conference, the Court entered an Order appointing 4 law firms as Interim Class Counsel for the direct purchaser plaintiffs. The Court encouraged counsel for the indirect purchaser plaintiffs to meet and confer to see if they could agree to an organizational structure without the need for briefing. TATP has met and conferred with the other Lead Counsel candidates. We have been unable to agree on an organizational structure.

Therefore, Plaintiffs respectfully move the Court for an order appointing TATP as Interim Class Counsel for the indirect purchaser plaintiffs. Appointing TATP as interim lead or co-lead counsel at this time will insure that the putative indirect purchaser class will be represented by a law firm with substantial experience in prosecuting complex antitrust class actions in federal court and which is best able to fairly and adequately represent the interests of the putative class.

## III.  Argument

### A.  Appointment Of Interim Class Counsel To Represent The Class Is Appropriate

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are numerous class actions pending, "appointment of class counsel is necessary to

protect the interests of class members." *Donaldson v. Pharmacia Pension Plan,* 2006 U.S. Dist. LEXIS 28607, *2-3 (S.D. Ill. May 10, 2006); *see also, In re Cardinal Health, Inc. ERISA Litigation,* 225 F.R.D. 552, 554 (S.D. Ohio 2005). The goal of the Court in considering this motion is to determine who will best represent the interests of the class, and who will best be able to accomplish the class action goals of efficiency and economy in doing so. *See, Coleman v. General Motors Acceptance Corp.,* 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

In appointing interim class counsel under Rule 23(g), the Court must determine whether the applicant firm will fairly and adequately represent the interests of the proposed class. *See,* Fed. R. Civ. Pro. 23(g)(1)(B). The Court's determination of that question is informed by the criteria set forth in Rule 23(g)(1):

> In appointing class counsel, the court: (A) must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources that counsel will commit to representing the class; (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class….

Fed. R. Civ. P. 23(g)(1). "In evaluating prospective class counsel, the Court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." Rule 23(g) advisory committee's note (2003).

TATP satisfies each of the factors set forth in Rule 23(g) and is well-qualified to manage this litigation alone or in conjunction with other firms designated by the Court.

//

//

7

**B. TATP Will Fairly And Adequately Represent The Interests Of The Proposed Plaintiff Class**

**1. TATP Is Experienced In Handling Antitrust Class Actions And Complex, Multidistrict Litigation**

TATP has over 30 years of experience in prosecuting multidistrict litigation and class actions in state and federal courts throughout the country. Since its founding, TATP has specialized in representing plaintiffs in antitrust class actions involving allegations of price-fixing, monopolization, predatory pricing and group boycott under the Sherman Act, the Clayton Act, the California Cartwright Act and Unfair Competition Law, as well as numerous antitrust and consumer protection statutes of other states. TATP is therefore well-qualified to serve as lead counsel in this case.

Courts have recognized the qualifications of TATP in appointing the firm lead or liaison counsel in numerous cases. Most recently, TATP was selected as sole interim lead counsel for the indirect purchaser plaintiffs by the Honorable Samuel Conti of the United States District Court for the Northern District of California in *In re Cathode Ray Tubes (CRT) Antitrust Litigation,* Master File No. 3:07-cv-5944-SC, MDL 1917 (N.D. Cal.)

TATP was also appointed to serve as Co-Lead Counsel along with three other firms in *In re OSB Antitrust Litigation,* Case No. 06-cv-00826 (PSD) (E.D. Pa.). The *OSB* litigation is the first class action following the enactment of the Class Action Fairness Act of 2005 ("CAFA") in which the plaintiffs have won certification of an indirect purchaser class in federal court for various states under those various states' antitrust and consumer protection laws. [2] In granting class certification and appointing TATP Co-Lead Counsel

---

[2] As noted above, damages claims for antitrust violations on behalf of indirect purchasers are barred under federal law under the United States Supreme Court's decision in *Illinois Brick v. Illinois,* 431 U.S. 720 (1977). Before CAFA, indirect purchaser claims were litigated almost exclusively in state court. Now, for all practical purposes, state law

for the class in the indirect purchaser case, the Honorable Paul S. Diamond of the Eastern District of Pennsylvania stated that TATP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so." *OSB,* 2007 U.S. Dist. LEXIS 56617, * 12 (E.D. Pa. Aug. 3, 2007)

TATP's experience in coordinating and managing post-CAFA antitrust class actions in federal court, where direct and indirect purchaser class actions proceed side-by-side, will be invaluable in this case. TATP has demonstrated the ability to work cooperatively with counsel for other plaintiff groups (such as the direct purchasers here) as well as defense counsel, through motions to dismiss, voluminous document discovery, motions for judgment on the pleadings, class certification, experts (class certification and merits), motions for summary judgment, and Daubert motions. TATP is one of the only firms in the country to have experienced first-hand the particular case management and legal issues involved in post-CAFA antitrust cases in federal court. This knowledge and experience will prove invaluable in this litigation. TATP is therefore especially well-qualified to serve as interim lead counsel in these cases.

Mario N. Alioto, one of the founding partners of TATP, will lead TATP in their prosecution of this litigation. After a judicial clerkship, Mr. Alioto entered private practice specializing in antitrust law. Mr. Alioto has represented plaintiffs and defendants in antitrust and other commercial matters for 34 years. Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Law. He was counsel in the

---

indirect purchaser claims must be litigated in federal court in conjunction with direct purchaser claims brought under Section 1 of the Sherman Act.

9

landmark decision *Crown Oil v. Superior Court*, 177 Cal. App. 3d 604 (1986), which

upheld the right of indirect purchasers to sue under California's antitrust statute, the

Cartwright Act, after their claims had been barred under federal law by the decision in

*Illinois Brick.* As a result of the *Crown Oil* decision, California consumers and businesses

have recovered millions of dollars in relief which would otherwise have been barred

under *Illinois Brick*.

In his 34 years of practice in this area, Mr. Alioto has handled approximately 50

antitrust cases. He has served in leadership roles in most of these cases and has been Lead

or Liaison Counsel in many of them. This experience has enabled Mr. Alioto to prosecute

these cases efficiently and achieve favorable settlements without unnecessary demands

on judicial resources.

Mr. Alioto has handled these cases in collaboration with other law firms when

circumstances warranted this, and has also demonstrated the ability to handle these cases

effectively without the assistance of a consortium of other law firms. Mr. Alioto has been

involved in a number of jury trials in state and federal court and has tried 2 antitrust cases

to jury verdict as the lead lawyer. He has handled approximately 30 appeals as well.

Most recently, Mr. Alioto obtained relief of approximately $50 million for

California consumers on account of improper automobile repossession practices by two

large finance companies. This result was obtained primarily by Mr. Alioto and TATP,

with the assistance of one other firm. In approving the settlement in that matter, the

Honorable Daniel M. Hanlon (Ret.) noted that TATP had handled the litigation

"effectively and efficiently" and that counsel was "experienced and competent" and had

obtained an "excellent settlement." A copy of Mr. Alioto's curriculum vitae is attached to the Alioto Declaration as Exhibit 2.

Mr. Alioto will work with a team of lawyers from his firm as well as lawyers from other firms located throughout the United States. These associate lawyers bring with them a wealth of experience in indirect purchaser antitrust cases. They also have successfully worked with, and are currently working with, TATP on other indirect purchaser antitrust cases which will inure to the benefit of the indirect purchaser class in this case.

TATP has the talent, expertise, and capital to contribute to this litigation in a leadership capacity, and is prepared to work with other plaintiffs' counsel should the Court conclude that a multi-firm leadership structure is appropriate.

### 2. TATP Has Already Done Substantial Work And Has Taken Significant Steps To Advance The Litigation

TATP has already done substantial work towards identifying and investigating potential claims in this action. This work will be of great future benefit to the Class. TATP has investigated the facts alleged in Plaintiffs' Complaint and is continuing to research and develop the claims at issue in this action. The firm's investigation has included analysis of the Filters market, the market participants, review of materials drawn from related litigation and published media reports, and identifying likely defendants and potential consultants and experts.

Due to TATP's expertise and leadership in indirect purchaser cases like this, TATP has not needed to do substantial research regarding the indirect purchaser laws of the various states for which claims are alleged. Instead, because this is a dynamic area of law, TATP has only had to update its research on the status of the various states' indirect

purchaser laws. This research will be of immediate benefit to the Class in drafting the Consolidated Amended Complaint ("CAC"), defending against any motions to dismiss, and preparing for class certification.

TATP has also advanced this action procedurally. TATP participated in the proceedings before the Judicial Panel on Multidistrict Litigation. In addition, TATP conferred with all indirect plaintiffs' counsel on two occasions before the September 4, 2008 Status Conference and made proposals regarding: (1) case management issues, including selection of Lead Counsel and coordination of the direct and indirect purchaser cases; (2) drafting the CAC and anticipated challenges to the CAC; (3) the selection of class representatives; (4) third party subpoenas; (5) the preservation of electronically stored information ("ESI") in accordance with the new requirements under Fed. R. Civ. P. 34; (6) potential economic experts and industry consultants; and (7) an electronic discovery database.

In the interest of efficiency, TATP further proposed that the above tasks be assigned to firms with an established background and experience relating to a particular task. In this vein, TATP has prepared and circulated information to its co-counsel. TATP has begun analyzing information relating to the indirect purchaser claims in this case and will be circulating its work product to other indirect plaintiffs' counsel. TATP also prepared and circulated to all indirect plaintiffs' counsel a memorandum regarding the preservation of ESI.

Finally, in its letter to the Court of September 3, 2008, TATP responded to the defendants' letter of September 2, 2008, and set forth the indirect purchaser position on

scheduling and the defendants' request for a stay. TATP also attended the initial status conference before this Court on September 4, 2008.

The significant and substantial work performed by TATP to advance this litigation and benefit the class is further evidence of TATP's particular expertise in indirect purchaser class actions. It is also further evidence that TATP is the applicant *best* able to represent the interests of the class in this case. Accordingly, Plaintiffs' motion to appoint TATP as interim lead or co-lead counsel for the indirect purchaser plaintiffs should be granted.

### 3.   TATP Will Commit Significant Resources To Litigating This Case

TATP is prepared to devote significant human and financial resources to representing the interests of the proposed class. The firm's attorneys have developed substantial expertise in managing complex litigation, and particularly electronic discovery. The firm is prepared to commit the professionals and resources necessary to take this case through pre-trial, trial and any appeals that may arise. Thus, pursuant to Fed. Rule of Civil Proc. 23(g), TATP provides the knowledge, resources and skill to best represent the interests of the plaintiff class.

### 4.   TATP Will Utilize The Other Plaintiff Firms In This Litigation And Is Committed To Working In A Professional And Cooperative Manner

TATP will develop a cooperative structure for prosecuting this complex multiparty litigation in an efficient manner. TATP has previously worked collegially with most of the firms representing plaintiffs in this litigation. TATP has also worked professionally with the firms representing the Defendants to streamline and resolve other complex cases. Professional, courteous relations amongst plaintiffs' counsel, as well as

13

with opposing counsel, is essential to the conduct and management of complex multidistrict actions such as this one. *See, Manual for Complex Litigation* (4th ed. 2005), Author's Comments to Role of Counsel, § 10.21, p. 40, citing *Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London,* 1996 WL 115466 at *1 (N.D. Ind. 1996) ("The just and efficient resolution of this case may depend in large part upon the way the attorneys comport themselves and how they overcome conflicts. The added demands and burdens of complex litigation place a premium on professionalism.").

TATP has already demonstrated its commitment to working with other qualified counsel in this case. TATP has taken the lead in attempting to resolve the Lead Counsel issue. TATP has proposed that all candidates for Lead Counsel serve in that capacity. Although agreement has not yet been reached on this issue, TATP remains committed to an all inclusive leadership structure and to full participation in this litigation by all qualified firms.

TATP is dedicated to leading this litigation in an efficient manner that best serves the interests of the plaintiffs injured by Defendants' alleged conspiratorial misconduct. TATP is therefore well-qualified to serve as interim class counsel on behalf of the plaintiffs in these indirect purchaser cases.

//

//

//

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint TATP to serve as interim class counsel for the indirect purchaser plaintiffs.

Dated: September 10, 2008                      Respectfully submitted,

/s/ Mario N. Alioto
Mario N. Alioto (malioto@tatp.com)
Lauren C. Russell (laurenrussell@tatp.com)
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

***Proposed Interim Class Counsel for the Indirect Purchaser Plaintiffs***

Joseph M. Patane
**LAW OFFICE OF JOSEPH M. PATANE**
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Lawrence G. Papale
**LAW OFFICES OF LAWRENCE G. PAPALE**
1308 Main Street #117
St. Helena, CA 94574
Telephone: (707) 963-1704
Facsimile: (707) 963-0706
E-mail: lgpapale@papalelaw.com

Kenneth L. Valinoti
**VALINOTI & DITO LLP**
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231
E-mail: kvalinoti@valinoti-dito.com

15

Sherman Kassof
**LAW OFFICES OF SHERMAN KASSOF**
954 Risa Road, Suite B
Lafayette, CA 94549
Telephone: (510) 652 2554
Facsimile: (510) 652 9308
E-mail: heevay@att.net

Seymour J. Mansfield
Jean B. Roth
Lawrence P. Schaefer, Of Counsel
**MANSFIELD, TANICK & COHEN, P.A.**
1700 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 339-4295
Facsimile: (612) 339-3161
E-mail: smansfield@mansfieldtanick.com

Joel Flom
**JEFFRIES, OLSON & FLOM, P.A.**
1202 27th Street South
Fargo, N.D. 58103
Telephone: (701) 280-2300
Facsimile: (701) 280-1800
E-mail: joel@jeffrieslaw.com

Michael G. Simon
M. Eric Frankovitch
**FRANKOVITCH, ANETAKIS, COLANTONIO
& SIMON**
337 Penco Road
Weirton, WV  26062
Telephone: (304) 723-4400
Facsimile: (304) 723-5892
E-mail: msimon@facslaw.com

Robert Gerard
**GERARD & OSUCH, LLP**
1516 Front Street
San Diego, CA 92101
Telephone: (619) 232-2828
E-mail: rgerard@gerardlaw.com

Robert Gerard
**GERARD & OSUCH, LLP**
2840 South Jones Blvd.
Building D, Unit 4
Las Vegas, NV 89146
Telephone: (702) 251-0093
E-mail: rgerard@gerardlaw.com

Reginald Terrell
**TERRELL LAW GROUP**
223 25th Street
Richmond, CA 94804
E-mail: Reggiet2@aol.com

Donald Amamgbo
**AMAMGBO & ASSOCIATES**
7901 Oakport Street, Suite 4900
Oakland, CA 94621
Telephone: (510) 615-6000
Facsimile: (510) 615-6025
E-mail: damamgbo@aol.com

Robert G. Methvin, Jr.
Philip W. McCallum
James Terrell
**MCCALLUM, METHVIN & TERRELL, P.C.**
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone: (205) 939-3006
Facsimile: (205) 939-0399
E-mail: rgm@mmlaw.net

*Counsel for the Indirect Purchaser Plaintiffs*

**ATTESTATION PURSUANT TO GENERAL ORDER 07 - 0023**

I, Joseph M. Patane, attest that concurrence in the filing of this document has been obtained from the signatory, Mario N. Alioto. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of September, 2008, at San Francisco, California.