**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | **Master File No. 1:08-cv-4883**<br><br>**MDL No. 1957** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT PURCHASERS** |

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(g), forty-four plaintiffs[1], representing 24 states[2], move for

the appointment of Richard M. Hagstrom from Zelle, Hofmann, Voelbel, Mason & Gette LLP

("Zelle Hofmann") and Renae Steiner from Heins Mills & Olson, P.L.C. ("Heins Mills") as

Interim Co-Lead Class Counsel for the putative Indirect Purchaser Class.

Twenty-five law firms[3], representing over 80 percent of the indirect purchaser plaintiffs

who have filed cases, have agreed to a leadership structure that they believe will best protect

---

[1] Those plaintiffs are David E. Boardman, Dan Gordon, Charles Gregory, Wesley Frame, Jason Matthys, Karen Gorton, Francis Doll, III, Perry Piper, John Foster, Ben Hammer, Dale Bentley, Jerry Vandiver, William Jaworski, La Salsa Chilena, Thomas Lown, Scott Friedson, Susan Dolan, Doug Shellington, Patrick Torrey, Edward Colburn, Doug Girres, Douglas Whitehouse, Bettendorf Transfer & Excavating, Inc., Mark Uglem, Timothy A. St. Cyr, Leslie Working, Sepher Torabi, Mark Moynahan, Ryan B. White, David H. Sink, JDR Transportation, Inc., S & J of North Florida, Inc., Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, David Faircloth, Dan T. McKittrick, Jack Rindlisbacher, Gilbert Romero, Norman L. Wallin, Robert A. Nilsen, and Bay Area Truck Services, a division of TESI Leasing, Inc.

[2] Arizona, Arkansas, California, Florida, Illinois, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia and Wisconsin.

[3] *See* Hagstrom Aff. Ex. G. for a complete list.

67517

their clients' interests and the interests of the putative Indirect Purchaser Class(es). The

proposed structure is premised upon efficiency, experience and inclusiveness. The 25 firms –

which include many prestigious firms with extensive experience in complex class litigation –

have agreed that, in the interests of efficiency, two firms should serve as Co-Lead Counsel.

Heins Mills and Zelle Hofmann, with their expertise in complex litigation, their prominent roles

in many of the largest recent antitrust class actions in this country, and the leadership they have

already demonstrated in this matter, are well qualified to serve in the role for which the vast

majority of counsel in this case have recommended them.[4]   No other applicants for Interim Lead

Counsel have the broad-based support of indirect purchaser plaintiffs, and counsel, from around

the country.

## II.      BACKGROUND AND PROCEDURAL HISTORY

These related class actions arise from the alleged collective fixing of prices for

replacement motor vehicle oil, air, fuel, transmission, and similar filters ("Filters"). Defendants

are the primary manufacturers of aftermarket (or "replacement") Filters in the United States.

On August 18, 2008, the JPML granted the request to centralize the various actions and

selected the Northern District of Illinois as the appropriate venue. On September 4, 2008, after

the decision of the JPML, this Court held an initial status conference and invited the parties to

submit motions for appointment of interim class counsel by September 12, 2008.

## III.     ARGUMENT

Rule 23(g) provides that a court "may designate Interim Class Counsel to act on behalf of

---

[4] Under the proposed structure, Co-Lead Counsel would then select an Executive Committee of firms that have the experience and resources to assist in the prosecution of this action and to draw upon the vast expertise available in this group. *See* Proposed Order Appointing Interim Co-Lead Class Counsel for Indirect Purchasers submitted contemporaneously herewith.

the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). The timely appointment of Interim Class Counsel will assist in streamlining this complex litigation, by ensuring that appropriate representatives for the putative Indirect Purchaser Class have been designated to engage in the necessary organization, trial preparations, and discussions with counsel for the Defendants. Especially when multiple class actions are pending, the "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, at \*1 (S.D. Ill. May 10, 2006).

> A.    THE *MANUAL* ENCOURAGES PRIVATE ORDERING AMONG COUNSEL

The *Manual for Complex Litigation, Fourth Edition (2006)* (the "*Manual*") recommends "private ordering" of leadership in class actions. It is widely recognized that it is desirable for plaintiffs' counsel to reach consensus among themselves about which firm or firms should be proposed for appointment as Interim Class Counsel. *See Manual at* §10.22 (2007 Ed.); *Newberg on Class Actions* (4th) § 9:35 (2002); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. MDL 05-1720, 2006 WL 2038650, at \*2 (E.D.N.Y. Feb. 24, 2006) ("The members of the group [appointed lead interim class counsel] have already demonstrated their ability to work cooperatively with each other, with the court, and, most importantly, with the numerous non-lead counsel representing plaintiffs with very significant interests in this litigation.").

Private ordering is best for all involved. It allows plaintiffs to begin prosecuting the case on behalf of the proposed class without delay. And it allows parties and lawyers with experience and interest in the litigation to determine what is in the best interests of the class.

67517                                          3

Numerous, prominent class action firms are involved in this case – firms that have led many significant nationwide indirect purchaser antitrust class actions in federal courts in the past few decades. A number of firms supporting this motion could have chosen to file their own motions for appointment as lead Interim Class Counsel. *See, e.g.,* the Declarations of Daniel J. Mogin, John R. Wylie, Daniel Hume, Patrick C. Klingman and Daniel C. Girard, filed herewith. Their decision not to do so, and instead to support Heins Mills and Zelle Hofmann, is recognition that they trust Heins Mills and Zelle Hofmann to work cooperatively with them and to prosecute this particular case in the proposed class's best interests.

**B.      HEINS MILLS AND ZELLE HOFMANN READILY QUALIFY TO SERVE AS CO-LEAD COUNSEL FOR THE PUTATIVE CLASS.**

Rule 23 sets forth four factors to be considered when selecting Interim Class Counsel: (1) the work counsel have done in identifying or investigating potential claims in the action; (2) counsel's experience in class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law and the field at issue; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). No single factor is determinative; all factors should be considered. *See* Fed. R. Civ. P. 23 advisory committee notes (2003 Amendments). In short, Rule 23(g) places a premium on experience, knowledge and resources in the selection of Interim Class Counsel.

As set forth below, Heins Mills and Zelle Hofmann easily satisfy each of these criteria and are committed to fairly and adequately representing the interests of the class. Heins Mills and Zelle Hofmann have investigated the available facts in this case. They are actively preparing this case in close cooperation with counsel for other indirect purchaser plaintiffs and with counsel for direct purchaser plaintiffs. Heins Mills and Zelle Hofmann are committed to expending all necessary resources to vigorously prosecute this litigation on behalf of the putative

class, and to ready this matter for trial if need be.  They will draw upon their vast experience –

and the vast experience of other counsel – in dealing with issues that will be unique to indirect

purchaser plaintiffs.  Quite simply, Heins Mills and Zelle Hofmann have the knowledge, desire

and ability to take a leadership role in this case, as well as a commitment to advancing this

litigation and working cooperatively with other counsel.

> **1.** **Proposed Interim Co-Lead Class Counsel Have Worked Diligently To Identify And Investigate Potential Claims in this Litigation.**

As detailed below, Heins Mills and Zelle Hofmann have investigated available facts

supporting Plaintiffs' claims, including relevant available information regarding the Defendants,

the Filters industry (the distribution chain to end-users), sales information, pricing and the

relevant markets.

Heins Mills and Zelle Hofmann, working with many of the other firms that support this

motion, have conducted (and continue to conduct) a substantial investigation into the

Defendants' alleged conduct.  Unlike some other indirect purchaser counsel (who merely copied

some other firm's complaint and called that its investigative work) Heins Mills and Zelle

Hofmann retained industry and economic consultants, investigated the chain of distribution and

market characteristics, and drafted complaints that explained the market mechanisms that come

into play in an indirect purchaser suit.  For instance:

- In analyzing the pass through of supracompetitive charges to the indirect purchaser plaintiffs, the firms have developed an understanding of the segments of the market at each of the levels of distribution – from direct purchaser mass merchandisers (like Wal-Mart) and auto supply stores (like NAPA), through the "do-it-for-me" (DIFM) segment (like Jiffy Lube) and the "do-it-yourself" (DIY) segment (those end users who install filters into their vehicles themselves). *Doll, III, et al. v. Champion Laboratories, Inc., et al.*, Complaint at ¶¶ 62-66, ("Compl.") attached to the Declaration of Renae D. Steiner ("Steiner Decl.") Ex B.

- Heins Mills and Zelle Hofmann have also developed an understanding of whether filters are undifferentiated products, whether price is a key driver in consumers' choices of filters, whether demand is inelastic and whether there are close economic substitutes. *See, e.g.* Compl. at ¶¶ 49-53, 59, 67 attached to Steiner Decl. Ex B.

- Further, these firms have examined whether the DIFM market (which includes filters as part of a combined filter and oil change service) has sufficient transactional data to determine the prices charged for Filters. For example, in its examination of the sales tax laws of the indirect purchaser states, counsel have determined that, because most states tax only parts and not service, the data will be available to determine prices charged for Filters, even in the face of a one-price oil change service. Compl. at ¶ 68 Attached to Steiner Decl. Ex.B.

Heins Mills and Zelle Hofmann filed complaints on behalf of plaintiffs in numerous jurisdictions, asserting claims on behalf of the putative Indirect Purchaser Class. Because indirect purchasers must sue for damages under the antitrust, consumer protection or other laws of their states, Heins Mills and Zelle Hofmann have filed complaints on behalf of plaintiffs/class representatives for nearly every state in which indirect purchasers have standing.

### 2. Heins Mills And Zelle Hofmann Have Been Leading The Organization Of The Indirect Purchaser Actions.

In considering the appointment of Interim Class Counsel, the goal is to determine who will best represent the interests of the class, and who will be able to accomplish the goals of efficiency and economy in doing so. *See Manual for Complex Litigation (Fourth)* § 21.272 at 279 ("[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests"). The Heins Mills and Zelle Hofmann group represent plaintiffs from Arizona, Arkansas, California, Florida, Illinois, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia and Wisconsin, and have the support of counsel from coast-to-coast (San Diego to New York) and north-to-south (Chicago to Beaumont, Texas). In short, only the Heins Mills and Zelle Hofmann group represents the interests of indirect purchasers across the board.

Heins Mills and Zelle Hofmann also advanced the cases procedurally. Immediately after their cases were filed, these firms coordinated with all other indirect purchaser plaintiffs' counsel

67517                                                          6

to discuss organization and future management of the case. Heins Mills and Zelle Hofmann identified all the indirect purchaser actions then on file, and invited all counsel from those cases to participate in organizational meetings held on June 25, 2008 and August 28, 2008 at Zelle Hofmann's office. *See* Steiner Decl. at ¶ 15. In advance of those meetings, Heins Mills and Zelle Hofmann prepared an agenda of "to do" lists with regard to common issues, such as conforming the complaints, identifying product lines, compiling investigative materials and economic analyses, and drafting pretrial orders. *Id.* These efforts have been successful in getting all counsel to work cooperatively on these pretrial issues, and lead to the proposed leadership structure which has been agreed on by over 80 percent of the plaintiffs and nearly two-thirds of the counsel in this case.[5]

Further, Heins Mills and Zelle Hofmann are committed to a cooperative approach among all counsel, and will work with all plaintiffs' counsel to ensure the vigorous prosecution of this case and the effective representation of the putative Indirect Purchaser Class. In doing so, Heins Mills and Zelle Hofmann will strive to avoid waste and duplication in favor of efficiency. Their ability to work with co-counsel in the indirect cases, as well as the Interim Co-Lead Counsel in the direct case, has already been proved by their coordination of draft preservation and protective orders, as well as CMO No. 1, all of which were sent to defense counsel before the September 4, 2008 status conference. *See* Steiner Decl. ¶ 10.

### 3. The Proposed Interim Co-Lead Class Counsel Have Substantial Experience Handling Complex Antitrust Litigation Cases.

Heins Mills and Zelle Hofmann attorneys have been practicing antitrust litigation and counseling individual and corporate clients on antitrust matters for decades. The firms represent

---

[5] Despite their different view of whether they should also be named as Interim Co-Lead Counsel, the Trump Alioto and Lovell Stewart firms participated in the organizational meetings and have undertaken assignments for which they volunteered.

plaintiffs and defendants in price-fixing, monopolization, restraint of trade, and other commercial litigation, on behalf of classes, individual clients, and major corporations. The firms undoubtedly are qualified to serve as Interim Co-Lead Counsel.

**Zelle Hofmann**

Zelle Hofmann has a national reputation for the trial and litigation skills of its attorneys, as well as for resolving highly complex disputes. Zelle Hofmann was recently listed #1 on Martindale Hubbell's list of antitrust litigation firms in the country. *See* Affidavit of Richard M. ("Hagstrom Aff.") ¶ 7. With offices located in Boston, Dallas, Minneapolis, San Francisco and Washington, D.C., the firm handles complex litigation and disputes on a national and international basis. *See* the curriculum vitae of Messrs. Hagstrom, Reece, and Jacobs, and the Zelle Hofmann firm resume, attached as Exhibit B-E to the Hagstrom Aff. As set forth in the firm's resume, Zelle Hofmann has had significant success in handling antitrust monopoly and price-fixing lawsuits on a national and international basis for decades. The firm has achieved noteworthy results in numerous antitrust cases, including:

- Liaison Counsel and Chair of the Executive Committee in *Coordinated California Microsoft Cases*, J.C.C.P. No. 4106 (San Francisco Super. Ct.), an indirect-purchaser class action on behalf of an estimated fourteen million California consumers and businesses. Microsoft agreed to a settlement with a face value of $1.1 billion;

- Co-Lead Counsel in *Gordon v. Microsoft Corp.*, No. 00-5994 (Hennepin Co. Dist. Ct.), a class action brought on behalf of Minnesota indirect purchasers of Microsoft's operating systems, word processing and spreadsheet software. Microsoft agreed to a settlement with a face value of over $182 million after six weeks of trial;

- Co-Lead Counsel in *Bettendorf v. Microsoft Corp.*, No. 05-CV-010927 (Milwaukee Co. Dist. Ct.), a class action on behalf of Wisconsin indirect purchasers of Microsoft's operating systems, word processing and spreadsheet software. After defeating an inadequate settlement proposed by Microsoft and other plaintiffs' counsel, Zelle Hofmann and their co-counsel obtained a settlement from Microsoft with a face value of approximately $224 million;

- Co-Lead Counsel in *Comes v. Microsoft Corp.*, No. CL 82311 (Polk Co. Dist. Ct.), a class action on behalf of Iowa indirect purchasers of Microsoft's operating systems, word

67517                                                              8

processing and spreadsheet software. After three months of trial, Microsoft agreed to a settlement for close to $180 million for consumers and governmental entities;

- *Sullivan, et al. v. DB Investments, Inc., et al.*, No. 04-02819 SRC (D.N.J.), a class action brought on behalf of diamond purchasers in the United States – obtained a settlement of $272.5 million for consumers;

- *Smokeless Tobacco Cases I-IV*, J.C.C.P. Nos. 4250, 4258, 4259 & 4262 (San Francisco Super. Ct.), a class action brought on behalf of California consumers against manufacturers of leading brands of smokeless tobacco – obtained a settlement of $96 million for a class of California consumers;

- *California Natural Gas Antitrust Cases I, II, III, IV*, J.C.C.P. Nos. 4221, 4224, 4226 & 4228 (San Diego Co. Super. Ct.), a class action on behalf of California residential and commercial purchasers of natural gas – obtained partial settlements totaling approximately $160 million;

- *In re Brand Name Prescription Drugs Antitrust Litig.,* No. 94 C 897 (N.D. Ill.), a class action on behalf of retail pharmacies – a settlement of $696,667,000 in cash, together with additional benefits; and

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL 1486 PJH (N.D.Cal.), a nationwide class action brought on behalf of indirect purchasers of DRAM – obtained a partial settlement of $82.5 million.

Zelle Hofmann attorneys are currently serving as lead counsel, co-lead counsel, liaison counsel, or as members of executive committees in various complex antitrust cases, including *In re DRAM Antitrust Litigation*, MDL 1486 (N.D.Cal.) (Liaison Counsel); *In re SRAM Memory Products Antitrust Litigation*, MDL No. 07-1819 (N.D.Cal.) (Lead Counsel); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 07-1827 (N.D.Cal.) (Co-Lead Counsel); (8) *In re Flash Memory Antitrust Litig.*, MDL No. 1852 (N.D.Cal.) (Co-Lead Counsel) (9) *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 1717 (D.Del.) ("Intel") (member); and *In re Graphics Processing Units Antitrust Litig.*, MDL No. 1826 (N.D.Cal.) (Co-Lead Counsel). In addition, Zelle Hofmann is routinely retained by major companies to represent them individually as opt-outs in class antitrust lawsuits. The firm was also retained to defend ConocoPhillips and a major Chinese manufacturer of Vitamin C in currently-pending complex class actions.

67517                                               9

The Zelle Hofmann partners working on the present litigation are Richard M. Hagstrom, James S. Reece, and Michael E. Jacobs. In his more than 30 year career as a legal practitioner, Mr. Hagstrom has handled numerous antitrust matters on behalf of corporate and individual plaintiffs, including as Co-Lead Counsel in the Microsoft cases in Minnesota, Iowa, and Wisconsin. *See* Hagstrom Aff. ¶ 2. Mr. Hagstrom was chief of the antitrust section of the Utah Attorney General's Office from 1985 to 1988 where he authored a number of Utah Attorney General Opinions and was involved in the drafting of amendments to the current Utah antitrust law. *See Id.* Mr. Hagstrom was named a "Minnesota Attorney of the Year" in 2004 by Minnesota Lawyer. *See Id.*

Mr. Reece has tried numerous cases over the past 30 years. Mr. Reece was one of the principal attorneys in what has been described as the most complex insurance coverage case in Minnesota history (the 3M breast implant coverage litigation); he was a key attorney in the two indirect purchaser antitrust cases against Microsoft that have gone to trial (Minnesota and Iowa); he has organized and directed large litigation teams composed of attorneys and legal assistants from a number of firms in a number of cases; and he has worked extensively with world-renowned experts from a number of technical fields. Mr. Reece has also been a principal architect of nationwide settlements of multiple tort cases.

Mr. Jacobs has experience in both private practice and government service in the areas of antitrust and intellectual property litigation. Mr. Jacobs was an Assistant Attorney General in the antitrust division for the State of Minnesota. Since joining Zelle Hofmann, Mr. Jacobs has played an integral role in the firm's indirect purchaser actions against Microsoft in Minnesota, Iowa and Wisconsin.

67517                                          10

## Heins Mills

The law firm of Heins Mills & Olson, P.L.C., located in Minneapolis, is a premier advocate for businesses, consumers and investors in the nation's courts. Heins Mills has a practice exclusively in complex litigation, frequently serving as lead counsel for national classes of businesses, shareholders and consumers in actions to redress antitrust violations, securities fraud, deceptive trade practices and consumer fraud. Heins Mills' lawyers collectively have many decades of experience in complex litigation and have successfully handled more than 100 class actions, primarily in a leadership role.

*The Legal 500 US*, which ranks "the best of the best" law firms in the country based on comments from clients and peers, has ranked Heins Mills on its list of the six leading firms in antitrust class action litigation for the past three years consecutively. *See* Steiner Decl. ¶ 3. Heins Mills has served as lead or co-lead counsel in dozens of cases representing plaintiff classes alleging price-fixing, vertical trade restraints, monopolization and other anti-competitive conduct in diverse markets.[6] Heins Mills has represented both direct and indirect purchaser classes in antitrust litigation. Examples of those cases include:

- Co-lead counsel for classes of consumers in price-fixing actions brought in seventeen states against infant formula manufacturers. The ***Infant Formula*** cases were some of the earliest post-*Illinois Brick* cases brought on behalf of indirect purchasers. The case went to trial in Kansas and settled collectively on the eve of trial in Wisconsin for $64 million in cash and infant formula products.

- Co-lead counsel and co-lead trial counsel in ***In re Polyester Staple Antitrust Litigation*** (MDL No. 1516, W.D.N.C.), a price-fixing action on behalf of business purchasers of polyester staple fiber. The case was settled on the eve of trial, scheduled to begin in March 2008, bringing the total recovery from all defendants to $63 million – an amount exceeding single damages suffered by the class.

---

[6] In addition, as sole lead counsel, Heins Mills resolved the *In re AOL Time Warner, Inc. Securities Litigation* in 2006 for $2.65 billion, one of the largest securities action settlements of all time. *See* Steiner Decl. ¶ 4.

- As co-lead counsel and co-lead trial counsel in *In re High Pressure Laminates Antitrust Litigation* (MDL No. 1368, S.D.N.Y.), the firm tried a price-fixing case to verdict in 2007 on behalf of businesses that purchased high-pressure laminates. The firm ultimately recovered $40.5 million in settlement payments from several of the defendant manufacturers.

- One of two lead firms representing a class comprising business purchasers of food additives in *In re Monosodium Glutamate Antitrust Litigation* (MDL No. 1328, D. Minn.). This case was resolved for $123.4 million – an amount exceeding the single damages suffered by the class.

- In *In re Universal Service Fund Telephone Billing Practices Litigation* (MDL No. 1468, D. Kan.), the firm is one of three co-lead counsel representing business and residential customers nationwide alleging a conspiracy among long-distance telephone companies to fix USF surcharges. The case is set for trial in October 2008.

- Co-lead counsel for a class of cable subscribers in *Comcast Cable cases*, alleging unlawful restraint of trade and monopoly practices in several cable TV markets. The United States District Court for the Eastern District of Pennsylvania certified classes in the Philadelphia and Chicago areas, both of which were affirmed by the United States Court of Appeals for the Third Circuit.

- As co-lead counsel in *In Re Bulk Graphite Antitrust Litigation* (D.N.J.), the firm represented a nationwide class of business purchasers alleging price-fixing claims against manufacturers of bulk graphite. The firm recently reached a settlement exceeding the amount of single damages sustained by the class.

- Lead trial counsel for a class of travel agents in *In re Travel Agency Commission Antitrust Litigation* (MDL No. 1058, D. Minn.), which alleged that major domestic airlines conspired to fix agent commissions. The claims were settled on the eve of trial for a total of $86 million.

The senior Heins Mills attorneys working on this case include Renae Steiner and Vince Esades, who collectively have nearly 30 years experience in litigating antitrust class actions. Renae Steiner has a national practice in the field of complex litigation, primarily in the areas of antitrust actions (both direct purchaser and indirect purchaser cases) and in consumer fraud. Over the course of her career, Ms. Steiner has worked on novel issues of antitrust law, including some of the first post-*Illinois Brick* state law class actions, in establishing antitrust standing under Florida's consumer protection statues, as a trial team member in the *Infant Formula* and *Thermal Fax Paper* matters, in establishing the co-conspirator theory of state court jurisdiction in

Florida, and on issues related to CAFA (Class Action Fairness Act) and standing arguments for indirect purchasers of price-fixed goods. *See* Steiner Decl. ¶ 7. She has worked cooperatively with many state Attorneys General in their related litigation against antitrust defendants. *Id*. Ms. Steiner was selected by her peers for inclusion as a "Super Lawyer" in *Minnesota Law & Politics* for 2008 in the areas of antitrust litigation and class actions. *Id*.

Indirect purchaser cases on which Ms. Steiner has worked include *In re DRAM Antitrust Litigation*, (N.D. Cal.) (multiple federal and state court actions; as co-lead counsel while a partner at a former firm; settlements to date of over $80 million from two of the defendants); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against producers of LCD panels); *In re Flash Memory Products Antitrust Litigation* (N.D. Cal) (price-fixing claims against the producers of flash memory); *In re SRAM Memory Products Antitrust Litigation* (N.D. Cal.) (price-fixing claims against the producers of SRAM memory, a type of computer memory); *In re Graphics Cards Antitrust Litigation* (N.D. Cal.) (price-fixing claims against the producers of graphics cards); *Infant Formula Antitrust Litigation* (price-fixing of infant formula; multiple state court actions; Wisconsin trial team); and *In re Thermal Facsimile Paper Antitrust Litigation* (multiple state court actions). *See* Steiner Decl. ¶ 8.

Vince Esades also practices in the field of complex litigation, primarily in the areas of antitrust and consumer fraud. *The Legal 500 US* identified Mr. Esades as the firm's "star litigator" in its 2008 Edition. *See* Steiner Decl. ¶ 9. Mr. Esades recently served as one of the trial counsel in one of the few nationwide MDL class action price-fixing cases to go to verdict in the *In re High Pressure Laminates Antitrust Litigation* matter. *Id*. Mr. Esades was also a member of the *Travel Agency* trial team, a case in which Heins Mills was Lead Trial Counsel and which settled for $86 million on the morning of jury selection. *Id*. Mr. Esades was recently

appointed as co-lead counsel in *Katz v. Fidelity National Title Insurance Co.* (N.D. Ohio) which involves antitrust claims against the largest title insurers in Ohio for fixing and controlling the price of title insurance in Ohio and has been selected by the Court-appointed liaison counsel to serve as Co-Lead Counsel in *In re: Puerto Rican Cabotage Antitrust Litigation* (MDL 1960 D.P.R.). *Id.* In the indirect purchaser arena, Mr. Esades served as Lead Counsel of the *North Dakota Microsoft (Howe) case*, and argued the propriety of class certification under North Dakota law at the North Dakota Supreme Court (he won) and as a member of the Executive Committee in the *Minnesota Microsoft (Gordon)* case, which settled for $182 million after six weeks of trial. *Id.*

A more complete listing of Heins Mills' work and the curriculum vitae of Ms. Steiner and Mr. Esades is set forth in the firm's resume attached as Exhibit A to the Steiner Declaration.

### 4. Proposed Interim Class Counsel Have the Requisite Knowledge and Expertise to Prosecute this Litigation.

As discussed at length above, Heins Mills and Zelle Hofmann have extensive experience handling complex antitrust class actions on a national scale, including many indirect purchaser class action cases. They have led dozens of antitrust class actions to resolution (including trial). Heins Mills and Zelle Hofmann have repeatedly demonstrated their extensive knowledge of antitrust law, class action procedure, and litigation skill and strategy in prosecuting antitrust class actions. Without doubt, Heins Mills and Zelle Hofmann possess the requisite knowledge of antitrust law and class action procedure to prosecute this antitrust class action.[7]

---

[7] Furthermore, Zelle Hofmann's representation of defendants in antitrust class actions provides a unique advantage because they are very conversant with the ways in which both plaintiffs and defendants view these types of claims and prepare their cases.

**5.    The Proposed Interim Co-Lead Class Counsel Have the Resources Necessary to Prosecute this Litigation.**

Heins Mills and Zelle Hofmann possess the resources necessary to prosecute this litigation through trial.    Heins Mills and Zelle Hofmann present a credible ability and demonstrable willingness to take defendants to trial to achieve the best result possible for the class.    Heins Mills and Zelle Hofmann have repeatedly demonstrated that they are ready and willing to commit vast financial and personnel resources to effectively advocate for the best possible results for the classes they represent, including taking cases to trial against huge corporations with limitless litigation funds.    Indeed, Zelle Hofmann and co-counsel took Microsoft to trial on two occasions – in Minnesota and Iowa.    Heins Mills recently tried the *Laminates* case, and settled the *Travel Agent*, *Poly Staple* and *Infant Formula* cases only on the eve of trial.[8]

In addition, the firms that support the Heins Mills and Zelle Hofmann application have the experience and resources to assist in the prosecution of this litigation.    As exemplified by the Declarations of attorneys from Girard Gibbs, Shepard Finkelman, Kirby McInerney, Mogin Law Firm and Futterman Howard, many firms with experience and resources are committed to the prosecution of this case, with Heins Mills and Zelle Hofmann at the helm.

**IV.    CONCLUSION**

For the foregoing reasons, the Indirect Purchaser Plaintiffs identified in Hagstrom Aff. Ex A respectfully request the appointment of Richard M. Hagstrom of Zelle Hofmann and Renae D. Steiner of Heins Mills as Interim Co-Lead Class Counsel in these related class actions.

---

[8] The *USF* case will be tried in the District of Kansas in October, 2008.  Heins Mills serves as Co-Lead counsel with Susman Godfrey partner Mark Seltzer, who was appointed by this Court as one of the Co-Lead Counsel for the direct purchasers.

67517                                                    15

September 12, 2008

Respectfully submitted

**HEINS MILLS & OLSON, P.L.C.**


/s/Vincent J. Esades
Renae D. Steiner
Vincent J. Esades
310 Clifton Avenue
Minneapolis, MN  55403
(612) 338-4605
(612) 338-4692 (facsimile)

*Attorneys for Francis Doll, III, Perry Piper, John Foster, Ben Hammer, Dale Bentley, Dan Gordon, Charles Gregory, Wesley Frame, Jason Matthys and Karen Gorton v. Champion Laboratories, Inc., et al.; Jerry Vandiver, William Jaworski and La Salsa Chilena v. Champion Laboratories, Inc., et al.; Scott Friedson, Susan Dolan, Doug Shellington, Heidi von Weiss and Patrick Torrey v. Champion Laboratories, Inc., et al.; David Faircloth, Dan T. McKittrick, Jack Rindlisbacher, Gilbert Romero and Norman L. Wallin v. Champion Laboratories Inc., et al.*

and

**ZELLE, HOFMANN, VOELBEL,
MASON & GETTE LLP**


/s/Richard M. Hagstrom
Richard M. Hagstrom
James S. Reece
Michael E. Jacobs
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
(612) 339-2020
(612) 336-9100 (facsimile)

*Attorneys for Boardman v. Champion Laboratories, Inc., et al.; Thomas Lown v. Champion Laboratories, Inc., et al.; Edward Colburn, Doug Girres and Douglas Whitehouse v. Champion Laboratories, Inc., et al.; Bettendorf Transfer & Excavating, Inc., Mark Uglem, Timothy A. St. Cyr and Leslie Working v. Champion Laboratories, Inc., et al.; David Faircloth, Dan T. McKittrick, Jack Rindlisbacher, Gilbert Romero and Norman L. Wallin v. Champion Laboratories Inc., et al.*

**ATTORNEYS FOR INDIRECT PURCHASER PLAINTIFFS
AND ALL OTHERS SIMILARLY SITUATED**

Russell Ingebritson
Charle Hvass
**INGEBRITSON & ASSOCIATES**
Medical Arts Building
825 Nicollet Mall, #1025
Minneapolis, MN 55402
Telephone: (612) 340-8290
Facsimile: (612) 342-2990
russinge47@aol.com

*Attorneys for David E. Boardman v.
Champion Laboratories, Inc., et al.; Thomas
Lown v. Champion Laboratories, Inc., et al.*

Rodney Olsen
**MORRISON FROST OLSEN & IRVINE,
LLP**
323 Poyntz Avenue
Manhattan, KS 66502
Telephone: (785) 776-9208
Facsimile: (785) 776-9212
olsen@mfoilaw.com

*Attorneys for Jerry Vandiver, et al. v.
Champion Laboratories, Inc., et al.*

Daniel Hume
David Kovel
**KIRBY MCINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600
(212) 751-2540
dhume@kmllp.com

*Attorneys for Robert A. Nilsen v. Champion
Laboratories, Inc., et al.*

Avi Wagner
**THE WAGNER FIRM**
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067
Telephone: (310) 491-7949
avi@thewagnerfirm.com

*Attorneys for Mark Moynahan v. Champion
Laboratories, Inc., et al.*

Daniel Mogin
Chad McManamy
**THE MOGIN LAW FIRM, PC**
110 Juniper Street
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610
dan@moginlaw.com
chad@moginlaw.com

*Attorneys for Jerry Vandiver, William
Jaworski and La Salsa Chilena v. Champion
Laboratories, Inc., et al.*

Gregory Semanko
**GREGORY J. SEMANKO, P.A.**
P.O. Box 440
Dassel, MN 55325
Telephone: (320) 275-3311
gregoryjsemankopajr@embarqmail.com

*Attorneys for David E. Boardman v.
Champion Laboratories, Inc., et al.; Thomas
Lown v. Champion Laboratories, Inc., et al.*

Paul Weiss
William Sweetnam
**FREED & WEISS, LLC**
111 West Washington Street, Suite 1331
Chicago, IL 60602
Telephone: (312) 220-0000
paul@freedweiss.com

*Attorneys for Mark Moynahan v. Champion
Laboratories, Inc., et al.*

Brian Barry
**LAW OFFICES OF BRIAN BARRY**
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067
Telephone: (310) 788-0831
bribarry@yahoo.com

*Attorneys for Mark Moynahan v. Champion
Laboratories, Inc., et al.*

67517

17

Ronald L. Futterman
Charles R. Watkins
John R. Wylie
William Thomas
**FUTTERMAN HOWARD WATKINS
  WYLIE & ASHLEY, CHTD.**
122 S. Michigan Ave., Suite 1850
Chicago, IL  60603
(312) 427-1850
Telephone:  (312) 427-3600
Facsimile:  (312) 427-1850
rfutterman@futtermanhoward.com

*Attorneys for Michael J. Ehrhardt, Thomas J.
Potter, Nicholas R. Tuberville, Eric O. Loyd,
Kathryn A. Skinner, Ryan B. White, David H.
Sink, JDR Transportation, Inc. and S & J of
North Florida, Inc. v. Champion
Laboratories, Inc., et al.; David Faircloth,
Dan T. McKittrick, Jack Rindlisbacher,
Gilbert Romero and Norman L. Wallin v.
Champion Laboratories Inc., et al.*

Patrick Klingman
**SHEPHERD, FINKELMAN, MILLER &
SHAH, LLP**
65 Main Street
Chester, CT  06412
Telephone:  (860) 526-1100
Facsimile:  (860) 526-1120
pklingman@sfmslaw.com

*Attorneys for David E. Boardman v.
Champion Laboratories, Inc., et al.; Francis
Doll, III, Perry Piper, John Foster, Ben
Hammer, Dale Bentley, Dan Gordon, Charles
Gregory, Wesley Frame, Jason Matthys and
Karen Gorton v. Champion Laboratories,
Inc., et al.; Jerry Vandiver, William Jaworski
and La Salsa Chilena v. Champion
Laboratories, Inc., et al.; Thomas Lown v.
Champion Laboratories, Inc., et al.; Scott
Friedson, Susan Dolan, Doug Shellington,
Heidi von Weiss and Patrick Torrey v.
Champion Laboratories, Inc., et al.; Edward
Colburn, Doug Girres and Douglas
Whitehouse v. Champion Laboratories, Inc.,
et al.; Bettendorf Transfer & Excavating,
Inc., Mark Uglem, Timothy A. St. Cyr and
Leslie Working v. Champion Laboratories,
Inc., et al.*

Timothy Peters
**PETERS LAW FIRM**
2116 Second Avenue South
Minneapolis, MN  55404
Telephone:  (612) 746-1475
Facsimile:  (612) 874-9793
peters.timothy.james@gmail.com

*Attorneys for Francis Doll, III, Perry Piper,
John Foster, Ben Hammer, Dale Bentley,
Dan Gordon, Charles Gregory, Wesley
Frame, Jason Matthys and Karen Gorton v.
Champion Laboratories, Inc., et al.; Jerry
Vandiver, William Jaworski and La Salsa
Chilena v. Champion Laboratories, Inc., et
al.; Scott Friedson, Susan Dolan, Doug
Shellington, Heidi von Weiss and Patrick
Torrey v. Champion Laboratories, Inc., et al.*

Christian Sande
**CHRISTIAN SANDE, LLC**
2116 Second Avenue South, Suite 300
Minneapolis, MN 55404
Telephone:  (612) 387-1430
Facsimile:  (612) 677-3078
christian.sande@gmail.com

*Attorney for Francis Doll, III, Perry Piper,
John Foster, Ben Hammer, Dale Bentley,
Dan Gordon, Charles Gregory, Wesley
Frame, Jason Matthys and Karen Gorton v.
Champion Laboratories, Inc., et al.; Jerry
Vandiver, William Jaworski and La Salsa
Chilena v. Champion Laboratories, Inc., et
al.; Scott Friedson, Susan Dolan, Doug
Shellington, Heidi von Weiss and Patrick
Torrey v. Champion Laboratories, Inc., et al.*

67517

Brian D. Brooks
Lee Albert
**MURRAY FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892
bbrooks@murrayfrank.com
lalbert@murrayfrank.com

*Attorneys for Sepher Torabi (d/b/a Protec Auto) v. Champion Laoratories, Inc., et al.*

Andrew Phillips
**CENTOFANI & PHILLIPS, SC**
10140 N. Port Washington Road
Mequon, WI 53092
Telephone: (262) 241-1900
Facsimile: (262) 241-1910
atp@centofaniphillips.com

*Attorneys for Bettendorf Transfer & Excavating, Inc., Mark Uglem, Timothy A. St. Cyr and Leslie Working v. Champion Laboratories, Inc., et al.*

S. Thomas Wienner
**WIENNER & GOULD, P.C.**
950 W. University Drive, Suite 350
Rochester, MI 48307
Telephone: (248) 841-9401
Facsimile: 248-652-2729
twienner@wiennergould.com

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

Daniel Girard
Alex Turan
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94104
(415) 981-4800
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
DCG@girardgibbs.com

*Attorneys for Bay Area Trucking Services v. Champion Laboratories, Inc., et al.*

Michael D. Braun
**BRAUN LAW GROUP, PC**
12304 Santa Monica Boulevard, Suite 109
Los Angeles, CA 90025
Telephone: (310) 442-7755
Facsimile: (310) 442-7756
info@braunlawgroup.com

*Attorneys for Sepher Torabi (d/b/a Protec Auto) v. Champion Laoratories, Inc., et al.*

Mart Vehik
**MCMATH WOODS, P.A.**
711 West 3rd Street
Little Rock, AR 72201
Telephone: (501) 396-5408
Facsimile: (501) 374-5118
mart@mcmathlaw.com

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

67517

Allan O. Walsh
**MCKAY, BURTON & THURMAN**
170 South Main Street, Ste 800
Salt Lake City, UT  84101
Telephone:  (801) 521-4135
Facsimile:  (801) 521-4252
allan@mbt-law.com

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

Norman B. Smith
**SMITH, JAMES, ROWLETT & COHEN, LLP**
101 South Elm Street, Ste 310
P.O. Box 990
Greensboro, NC  27402
Telephone:  (336) 274-2992
Facsimile:  (336) 274-8490
normanbsmith@earthlink.net

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

Richard Coffman
**THE COFFMAN LAW FIRM**
First City Building
505 Orleans Street, Ste 505
Beaumont, TX  77701
Telephone:  (409) 833-7700
Facsimile:  (866) 835-8250
rc@cofflaw.com

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

Theodore Orson
**ORSON AND BRUSINI, LTD.**
325 Angell Street
Providence, RI  02906
Telephone:  (401) 223-2100
Facsimile:  (401) 861-3103
torson@orsonandbrusini.com

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

Christopher McRae
David J. Metcalf
**MCRAE & METCALF, P.A.**
306 S. Plant Avenue
Tampa, FL  33606
Telephone:  (850) 386-8000
Facsimile:  (850) 386-8342
dmetcalf@mcraemetcalf.com
cmcrae@mcraemetcalf.com

*Attorneys for Michael J. Ehrhardt, Thomas J. Potter, Nicholas R. Tuberville, Eric O. Loyd, Kathryn A. Skinner, Ryan B. White, David H. Sink, JDR Transportation, Inc. and S & J of North Florida, Inc. v. Champion Laboratories, Inc., et al.*

67517

20