IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: AFTERMARKET AUTO FILTER ANTITRUST LITIGATION | ) Master File No. 1:08-cv-4883 <br> ) MDL No. 1957 <br> ) |
| This Document Relates to: <br> All Indirect-Purchaser Actions | ) Honorable Robert W. Gettleman |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO APPOINT LOVELL STEWART HALEBIAN LLP
LEAD COUNSEL AND MILLER LAW LLC LIAISON COUNSEL
FOR INDIRECT PURCHASER PLAINTIFFS**

**I.     INTRODUCTION**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiffs Justus Austin, David Stoll, Packard Automotive, Inc., David Carpenter, Barbara Cochran, Neil Freedman, Robert Hallowell, Luis Carlos Fuentes Lopez, Bernadette Martin, Samuel Scott Miller, Harry Obstar, Larry A. Penix, Jonathan P. Schiavone, Laura Schneider, Nelson Siegel, Marjorie Weeks, Janice Boone, and Washburn's Auto Body (collectively, "Plaintiffs")[1] respectfully move this Court to appoint the law firm of Lovell Stewart Halebian LLP ("Lovell Stewart" or the "Firm") as interim lead counsel for the indirect purchaser class in the action *In re Aftermarket*

---

[1] Plaintiffs represent the District of Columbia and the following 14 states: Arizona, California, Florida, Maine, Michigan, Montana, Nevada, New Hampshire, New Mexico, New York, Tennessee, Vermont, West Virginia, and Wisconsin.

1

*Auto Filter Antitrust Litigation* ("*Auto Filter* action"), and Miller Law LLC ("Miller Law") as liaison counsel for the indirect purchaser plaintiffs.

This Court has previously ordered that four firms serve as interim co-lead counsel representing the direct purchasers in this action, and set September 12 as the deadline for submission of papers seeking appointment as interim class counsel for indirect purchasers. Lovell Stewart believes there will be far more work to be done on behalf of the indirect purchaser plaintiffs, than the direct purchaser plaintiffs.

Lovell Stewart has extensive experience in complex antitrust actions. This includes achieving, as co-lead counsel, what was then the largest class action settlement in the history of the federal antitrust laws, *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998), winning and upholding a jury verdict on price fixing claims[2] and arguing antitrust issues before the U.S. Supreme Court. See *infra*.[3]

---

[2] *Strobl v. New York Mercantile Exch.*, 582 F.Supp. 770 (S.D.N.Y. 1984), *aff'd*, 708 F.2d 22 (2d Cir. 1985) (after the Department of Justice decided not to bring price-fixing claims under the federal antitrust laws and after the Commodity Futures Trading Commission lost a trial seeking to prove manipulation, Mr. Lovell tried and won claims for price fixing and manipulation in a three-week jury trial).

[3] Bloomberg Markets magazine has reported about Christopher Lovell of Lovell Stewart as follows: "To classify Pacific Investment Management Co. [managed by CEO and founder Bill Gross] as a large mutual fund family does it little justice. Its $747 billion in bond assets almost matches the gross domestic product of Australia. . . . Pimco has found itself up against a formidable opponent in [Christopher] Lovell. What [Bill] Gross is to the world of bonds, [Christopher] Lovell is to commodities-manipulation and price-fixing lawsuits." *Pimco Power in Treasuries Prompts Suit* by Seth Lubove and Elizabeth Stanton, February 20, 2008, April 2008 issue of *Bloomberg Markets* magazine.

In this action, the Lovell Stewart firm has:

(a) conducted an extensive fact investigation;

(b) filed the first indirect purchaser auto filter case in the District of Connecticut,[4]

(c) filed the first MDL papers on behalf of indirect purchasers,

(d) presented the sole argument before the Judicial Panel on Multidistrict Litigation on behalf of indirect purchasers,

(e) retained an expert economist,

(f) received the support of numerous law firms including the firm who filed the first case in this District,[5]

(g) filed claims on behalf of indirect purchasers in the District of Columbia and the following thirteen states: Arizona, California, Florida, Maine, Michigan, Montana, Nevada, New Hampshire, New Mexico, New York, Tennessee, Vermont, and West Virginia;[6] and

---

[4] *Austin v. Honeywell International Inc., et al.*, 308CV00711, was filed in the District of Connecticut on May 8, 2008.

[5] *Packard Automotive, Inc v. Honeywell, Inc et al.*, Civ. No. 08 C 1950 ("*Packard* action"), was filed in this District on April 4, 2008. The *Packard* action was subsequently voluntarily dismissed and transferred to the District of Connecticut.

[6] Wisconsin indirect purchaser plaintiff Packard Automotive, Inc. also supports appointment of Lovell Stewart as lead counsel and Miller Law as liaison counsel. *See* fn 4 *supra*.

(h) sought out highly qualified, excellent counsel in Chicago, Marvin A. Miller, for appointment as liaison counsel for all indirect purchaser plaintiffs in this action.

Lovell Stewart is also serving as Co-Lead Counsel in many other nationwide antitrust class actions, including the following antitrust indirect purchaser cases: *In re Chocolate Confectionary Antitrust Litigation*, Case No. I:08-MDL-1935, MDL No. 1935 (CCC)(M.D.Pa.); *In re Digital Music Antitrust Litigation*, No. 1:06-MD-01780 (LAP) (S.D.N.Y.); *Dennison v. BP Products North America, Inc.*, No. 06 C 3541 (N.D. Ill.); *In re Rambus Antitrust Litigation*, No. C 06-4852-RMW (N.D. Cal.); *In re Rail Freight Surcharge Antitrust Litigation*, 07mc00489 (D.D.C.) (PLF); *see also* www.lshllp.com.

As required by Federal Rule of Civil Procedure 23, Lovell Stewart has the resources and is prepared to advance the costs and expenses necessary to vigorously pursue this litigation. The Firm has already invested in excess of $3 million in an action pending in the Southern District of New York and is prepared to invest a similar sum here.

Finally, Lovell Stewart has its own proprietary document review software. This software has saved the class hundreds of thousands of dollars in software vendor costs in other litigations. It will do so in this one as well.

**Other Applicants**

Lovell Stewart has no objection to the other well qualified applicants, particularly Trump, Alioto, Trump & Prescott LLP,[7] serving with our firm as co-lead counsel.

**Appointment of Liaison Counsel**

Plaintiffs further seek the appointment of Miller Law as liaison counsel for indirect purchaser plaintiffs. *See* III(C) *infra*.

## II.   BACKGROUND AND PROCEDURAL HISTORY

This multidistrict proceeding arises from the alleged price-fixing of auto filter products, including those for automotive filters sold as oil, fuel, engine air, cabin air, coolant, transmission, and hydraulic filters purchased indirectly from the Defendants.

Lovell Stewart began conducting an investigation into the aftermarket auto filters market on or about April 22, 2008, and subsequently the U.S. Department of Justice announced an investigation into the Defendants for the exact allegations in the complaint filed by Lovell Stewart. Lovell Stewart began performing informational searches on the pricing trends of aftermarket auto filters and the respective market shares of their manufacturers. The United States government

---

[7] On September 10, 2008, Trump, Alioto, Trump & Prescott, LLP filed a motion to appoint interim counsel for the indirect purchaser plaintiffs. Lovell Stewart understands that the two firms of Zelle Hoffman Voelbel & Gette LLP and Heins Mills & Olson will file a joint motion to appoint interim counsel for the indirect purchaser plaintiffs.

investigation into the United States aftermarket auto filter market was confirmed by news reports throughout various public media outlets.

On April 23, 2008, Lovell Stewart filed *Austin v. Honeywell Intl Inc et al.*, No. 3:08-cv-00711-JBA (D. Conn.), the second class action in the District, alleging a price-fixing conspiracy against the defendants on behalf of indirect purchasers.

On May 20, 2008, Lovell Stewart filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer all then filed actions to the District of Connecticut. Lovell Stewart was the only firm on behalf of the indirect purchasers to argue before the JPML.

Since the JPML Order dated August 18, 2008 transferring all related cases to this Court for coordinated and/or consolidated pretrial proceedings, Lovell Stewart has engaged in numerous conference calls with other indirect counsel in an attempt to come to an agreement with respect to leadership of the indirect purchaser actions. No agreement has been reached.

## III. ARGUMENT

### A. The Federal Rules of Civil Procedure Permit the Appointment of Interim Class Co-Lead Counsel as Proposed Herein.

Rule 23 does not explicitly state what standards apply when appointing interim counsel.[8] Rule 23(g) sets forth four factors a Court must consider when

---

[8] Rule 23(g)(3) states that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."

6

appointing Class Counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). No single factor is determinative; all factors should be considered. *See* Fed. R. Civ. P. 23 advisory committee notes (2003 Amendments) at ¶ (1)(C).

As set forth below, Lovell Stewart satisfies each of these criteria and is committed to fairly and adequately representing the interests of the class of indirect purchaser plaintiffs. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see also* pp. 2-6 *supra*.

### B. The Lovell Stewart Firm Satisfies Each Of The Factors To Be Considered Pursuant To Federal Rule Of Civil Procedure 23(g).

#### 1. Rule 23(g)(1)(A)(i): Work Counsel Has Done In The Action

With regard to Rule 23(g)(1)(A)(i), Lovell Stewart has contributed substantially to this action. This includes the investigation and filing of the first indirect purchaser case in Connecticut, filing the first MDL papers on behalf of indirect purchasers, arguing the motion before the MDL panel on behalf of all indirect purchaser plaintiffs, retaining an expert economist, and other services. See p. 2 *supra*.

### 2. Rule 23(g)(1)(A)(ii): Experience In Handling Antitrust And Other Complex Class Actions

With regard to Rule 23(1)(A)(ii), Lovell Stewart, as sole or co-lead counsel, has achieved what were the then largest class action recoveries under three separate statutes: the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, and the Investment Company Act, 15 U.S.C. § 80a-1 *et seq.*[9]

The Lovell Stewart attorneys who handled the cases described above have more than one hundred years of antitrust litigation experience. The Honorable Milton H. Pollack, a former class-action lawyer, had been on the bench for more than thirty-five years in the Southern District of New York when he made the following comments about the Firm's efforts:

---

[9] *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998)(a class action resulting in an "all-cash [$1.027 billion] settlement, achieved through 'four years of hard-fought litigation,' apparently is [at that time] the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws");

*In re Sumitomo Copper Litigation*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999), a class action that led to a $134.6 million recovery which provided each claiming class member with more than 100¢ on the dollar of each investor's losses on a purchase-sale differential basis] "is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act");

*Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.), a $76.5 million settlement in 1997 of impermissible investment and related claims under the Investment Company Act, 15 U.S.C. §80a-1 et seq., providing one hundred cents on the dollar exclusive of interest on plaintiffs' purchase-sale differential losses constituted "by far the largest settlement" of class claims under the Investment Company Act according to Securities Class Action Alert letter dated August 17, 2000).

> The unprecedented effort of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, skill and persistence. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved under trying circumstances in the face of natural, virtually overwhelming, resistance.

*In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396 (S.D.N.Y. 1999).[10]

The same "skill and persistence" will be brought to bear in the instant litigation.

### 3. Rule 23(g)(1)(A)(iii): Knowledge Of The Applicable Law

With regard to Rule 23(g)(1)(A)(iii), Lovell Stewart and its predecessors (the "Firm") have tried more than 100 cases, including winning a jury trial for antitrust price fixing (see fn 1 *supra*), and has extensive experience in nationwide antitrust class actions. *E.g.*:

- *In re Nasdaq, supra,* (a class action resulting in an "all-cash [$1.027 billion] settlement, achieved through 'four years of hard-fought litigation,' apparently is [at that time] the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws"); *see also*:

---

[10] Marvin A. Miller was also a co-lead counsel in the *Sumitomo* litigation.

9

- *In re Air Cargo Shipping Services Antitrust Litigation*, 06 MD 1775 (CBA) (E.D.N.Y.), Lovell Stewart was appointed U.S. indirect purchaser co-lead counsel on claims alleging price fixing in violation of antitrust and consumer protection laws; so far, one of the thirty-seven defendants has agreed to settle claims for $85,000,000);

- *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897 (N.D. Ill.), a partner from Lovell Stewart served on the Executive Committee and the Firm performed extensive work on claims alleging price fixing in violation of antitrust laws which resulted in a settlement of $696,667,000 in cash, together with additional benefits, which constituted the second largest class action settlement to that point in the history of the federal antitrust laws);

- *In re Auction Houses Antitrust Litigation*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.), Lovell Stewart prepared the initial complaint, prepared successful class motion and reply papers, and obtained certification of price-fixing claims in violation of the antitrust laws. This action later resulted in a settlement of $512,000,000;

- *In re DRAM Antitrust Litigation*, MDL-02-1486 PJH (N.D. Cal.). Lovell Stewart served on the Executive Committee in this class action

which produced $312,000,000 in settlements for direct-purchaser class members;

- *Leider v. Ralfe*, No. 01 CV 3137 (S.D.N.Y., transferred to D.N.J.). Lovell Stewart filed the first action alleging price fixing and monopolization by DeBeers in violation of the antitrust laws. The Firm prosecuted the certified class action through the conclusion of an evidentiary hearing on injunctive relief. Settlements totaling $295,000,000 and substantial injunctive relief were recently approved. *See Sullivan, et al. v. DB Investments, Inc.*, No. 04-cv-02819-SRC-MAS (D.N.J. May 22, 2008).

### 4. Rule 23(g)(1)(A)(iv): Resources Counsel Will Commit To Represent The Class

With regard to Rule 23(g)(1)(A)(iv), Lovell Stewart has previously advanced in excess of $3,000,000 in expenses in a case. If selected as co-lead counsel, the Firm is prepared to do the same here.

Further, Christopher Lovell, Gary Jacobson, Peggy Wedgworth, Craig Essenmacher, and Imtiaz Siddiqui will be the attorneys handling this litigation for the Firm.

Finally, in cases like this, there typically are millions of pages of electronic document production. Lovell Stewart has proprietary document review software.

11

If Lovell Stewart is selected as lead or co-lead counsel, such software will be available to all Plaintiffs' counsel.

### C. This Court Should Appoint Miller Law LLC As Liaison Counsel.

Christopher Lovell of Lovell Stewart has previously tried cases in Chicago, Detroit, Boston, New York, Philadelphia, Washington D.C., and other venues. Based on this and other experience, Lovell Stewart believes that it is very beneficial to the class to have an excellent Chicago counsel representing it.

Miller Law is eminently qualified to serve a liaison counsel in this litigation.[11] As this Court has previously noted, "Mr. Miller, with all due respect... If I were to decide right now whether or not you were qualified to be lead counsel either in the cases pending in this district or in any other district, I would find that you are more than qualified... ."[12]

The Lovell Stewart Firm has worked with Marvin Miller, Esq. for over 28 years, including on previous price fixing cases and a previous trial in Chicago.

---

[11] Liaison counsel is "[c]harged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court." Manual for Complex Litigation (Fourth), § 10.221.

[12] *McGovern, et al. v. AMR Corporation, et al*. (N.D. Ill., No. 06-C-3444 et al.), August 15, 2006, p. 3.

Mr. Miller's expertise and abilities will efficiently and effectively serve the interests of the indirect purchaser class.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Lovell Stewart respectfully requests appointment as Lead Counsel and requests the appointment of Miller Law LLC as liaison counsel for the indirect purchaser plaintiffs in the *Auto Filter* action.

Dated: September 12, 2008          Respectfully submitted,

<u>*/s/ Marvin A. Miller*</u>
Marvin A. Miller
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle St., Suite 2910
Chicago, Illinois 60603
(312) 332-3400
mmiller@millerlawllc.com

*Proposed Liaison Counsel for Indirect Purchaser Plaintiffs*

<u>*/s/ Christopher Lovell*</u>
Christopher Lovell
Peggy Wedgworth
Imtiaz A. Siddiqui
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
(212) 608-1900
clovell@lshllp.com

*Attorneys for Plaintiffs and the Proposed Lead Counsel for Indirect Purchaser Plaintiffs*

13

Guri Ademi
Shpetim Ademi
David Syrios
ADEMI & O'REILLY, LLP
3620 E. Layton
Cudahy, WI 53110
(414) 482-8000

Gary Mason
Donna Solen
THE MASON LAW FIRM, LLP
1225 19th Street NW, Suite 500
Washington, DC 20036
(202) 429-2290

Dennis J. Johnson
JOHNSON & PERKINSON
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont 05403
(802) 862-0030

Karl Barth
LOVELL MITCHELL & BARTH, LLP
11542 NE 21st Street
Bellevue, WA 98004
(425) 452-9800

Christopher Smith
HOYER, HOYER & SMITH PLLC
22 Capitol Street
Charleston, West Virginia 25301
(304) 344-9821

Edward W. Cochran (0032942)
20030 Marchmont Road
Shaker Heights, Ohio 44122
(216) 751-5546

        Robert W. Bishop
        BISHOP & ASSOCIATES, P.S.C.
        6520 Glenridge Park Place, Suite 6
        Louisville, Kentucky 40222
        (502) 425-2600

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

      I, Marvin A. Miller, hereby certify that on September 12, 2008, service of the foregoing document was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                          */s/ Marvin A. Miller*
                                              Marvin A. Miller