UNITED STATES DISTRICT COURT
DISTRICT OF NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 1:08-cv-4883<br><br>MDL No. 1957<br><br>OPPOSITION TO LOVELL STEWART'S AND TATP'S MOTIONS TO APPOINT THEM AS ADDITIONAL INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT PURCHASERS |

Heins Mills & Olson, P.L.C. ("Heins Mills") and Zelle, Hofmann, Voelbel, Mason & Gette LLP ("Zelle Hofmann") moved to be appointed Interim Co-Lead Class Counsel for the putative Indirect Purchaser Class(es). In the opening memorandum in support of their motion, Heins Mills and Zelle Hofmann detailed the extensive work they have done in this litigation. That work has included an investigation of the alleged conduct and the characteristics of the aftermarket filters industry, and the filing of cases for plaintiffs from 24 jurisdictions under those plaintiffs' state laws. The memorandum also explained the consensus organizational structure – with Heins Mills and Zelle Hofmann as Interim Co-Lead Counsel, supported by an Executive Committee – that was designed as a way to bring together, in an efficient and effective manner, all interested firms to contribute their experience and resources on behalf of indirect purchasers.

Private ordering is the preferred method of determining which qualified counsel should lead a case. Twenty-five law firms – including many prestigious class action firms – support a structure with Heins Mills and Zelle Hofmann as Interim Co-Leads, assisted by an Executive Committee to be chosen from the many talented firms involved in this litigation.

Lovell Stewart Halebian LLP ("Lovell Stewart") and Trump, Alioto, Trump & Prescott, LLP ("TATP") were not supported in their leadership desires by the vast majority of counsel who represent plaintiffs here. Rather than agreeing to be on the Executive Committee, as other firms have done in lieu of seeking interim co-lead status, Lovell Stewart and TATP seek to take advantage of the fact that other firms have agreed to the proposed structure and have stepped back from seeking co-lead status. Relying primarily on the agreement among counsel for the direct purchasers to have four Interim Co-Leads, Lovell Stewart and TATP argue that they should be added as the third and fourth Interim Co-Lead Counsel for indirect purchasers. That position is one that has been rejected by the consensus group, and is one that would permit Lovell Stewart and TATP to vault past other qualified firms that decided to support the consensus structure rather than seek Co-Lead positions for themselves. Heins Mills and Zelle Hofmann, if appointed by this Court as Interim Co-Leads, anticipate that both Lovell Stewart and TATP will actively contribute to the prosecution of this matter on behalf of indirect purchasers. Neither Lovell Stewart nor TATP, however, has provided a sufficient basis for disrupting the consensus leadership structure.

**I.  NEITHER LOVELL STEWART NOR TATP PROVIDES ANY COMPELLING RATIONALE FOR EXPANDING THE NUMBER OF CO-LEADS.**

The *Manual for Complex Litigation* ("*Manual*") recommends private ordering of leadership in class actions. *See Manual for Complex Litigation* at §10.22 (2008 ed.) (noting that coordination of plaintiffs' counsel is sometimes accomplished initially without the court's assistance and "such efforts should be encouraged"). Indeed, the desirability for plaintiffs' counsel to reach consensus among themselves about which firm or firms should be proposed for appointment as Interim Class Counsel is widely recognized. *See, e.g.*, 3 *Newberg on Class Actions* § 9:35 (4th ed., 2002) (noting that lead counsel may be designed by consensus of

2

interested counsel and that the court should always encourage the parties themselves to agree on lead counsel); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. MDL 05-1720, 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006) (holding that the support of a large and diverse plaintiff group was a significant factor in selecting between multiple leadership candidates).

Because the consensus group includes many firms that would be qualified to be Interim Co-Lead Counsel (*see, e.g.,* the Declarations of Daniel J. Mogin, John R. Wylie, Daniel Hume, Patrick C. Klingman and Daniel C. Girard, filed September 12, 2008), the group ultimately agreed to a leadership structure consisting of two Interim Co-Leads, to be assisted by an Executive Committee. The group concluded that this structure would provide an effective means for deploying the wealth of available talent in this matter. This structure is consistent with the *Manual*, which notes that "[t]he functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments." *Manual* at § 10.221 ("Organizational Structures").

While Lovell Stewart and TATP explain in their motions why they – just like other firms in the consensus group – might be qualified to serve as Interim Co-Lead Counsel, neither provides any explanation for why their desire to be Interim Co-Lead Counsel should trump the reasoned judgment of a broad base of experienced class action firms with respect to a leadership structure on behalf of indirect purchasers.[1] Indeed, to permit Lovell Stewart and TATP to

---

[1] No one disputes that Lovell Stewart and TATP are capable firms. Indeed, the consensus group supporting Heins Mills and Zelle Hofmann suggested that both Lovell Stewart and TATP be selected for the Executive Committee. Even in the absence of formal leadership designations, both firms would be expected to contribute substantively on behalf of the putative Indirect Purchaser Class(es).

Heins Mills and Zelle Hofmann do take issue with TATP's claim that it is "one of the only firms in the country to have experienced first-hand the particular case management and legal issues

disrupt that consensus would be unfair to those firms that, in the interests of creating an efficient and effective structure, decided to forego leadership applications for themselves.

Lovell Stewart and TATP argue that, because the Court approved a consensus leadership structure for direct purchasers that includes four Interim Co-Leads, it should do the same for the indirect purchasers. In its brief, Lovell Stewart suggests that because (in its judgment) there will be more work to be done on behalf of indirect purchaser plaintiffs than direct purchaser plaintiffs, the putative Indirect Purchaser Class(es) should have at least as many Interim Co-Leads. *See* Lovell Stewart Br. at 2. But that position confuses the number of Co-Leads with the resources that all counsel can deploy on behalf of the Class(es). The consensus group will utilize all available resources – including contributions from Lovell Stewart and TATP – in an efficient and effective manner, whether or not a firm is part of the leadership structure.

## II. NEITHER LOVELL STEWART NOR TATP HAVE THE BROAD BASED SUPPORT THAT HEINS MILLS AND ZELLE HOFMANN ENJOY.

In terms of the private ordering recommended by the *Manual*, support for the structure proposed by the consensus group is broad and deep. The twenty-five firms – representing 44 plaintiffs – in the Heins Mills and Zelle Hofmann group include numerous firms that have extensive experience in complex class action litigation and have been involved in this litigation since this litigation was initiated.

Neither TATP nor Lovell Stewart claim that the firms supporting them have the extensive experience of firms supporting Heins Mills and Zelle Hofmann. TATP's motion for leadership

---

involved in post-CAFA antitrust cases in federal court." TATP Br. at 9. Heins Mills, Zelle Hofmann, and several of the firms in their group, have similar – if not more extensive – experience in that regard. *See* Affidavit of Richard M. Hagstrom in Support of Motion to Appoint Interim Co-Lead Class Counsel for Indirect Purchasers ("Hagstrom Aff.") at ¶¶ 4-7 (Sept. 12, 2008); Declaration of Renae D. Steiner in Support of Motion to Appoint Interim Co-Lead Class Counsel for Indirect Purchasers ("Steiner Decl.") at ¶¶ 5-9 (Sept. 12, 2008).

4

is supported only by two firms that have filed complaints, which complaints are on behalf of only California consumers. Lovell Stewart is supported by plaintiffs and counsel from only one other complaint, other than the complaints Lovell Stewart itself filed. While Lovell Stewart claims the support of 18 plaintiffs, it filed on behalf of 15 of those plaintiffs on September 12, 2008 ***the day*** the leadership motions were filed. *See Carpenter v. Honeywell, Int'l Inc*., No. 1:08-cv-05231 (N.D. Ill.). On the other hand, Heins Mills and Zelle Hofmann are supported, in total, by plaintiffs and their counsel from 13 of the 20 known indirect purchaser cases on file as of the status conference on September 4, 2008. In short, neither TATP nor Lovell Stewart have demonstrated the kind of support for an alternate leadership structure that would justify disrupting the consensus structure.

**III. THE CONSENSUS GROUP THAT SUPPORTS HEINS MILLS AND ZELLE HOFMANN HAS DONE THE MOST TO IDENTIFY AND INVESTIGATE POTENTIAL CLAIMS IN THIS LITIGATION.**

As detailed in their September 12, 2008 papers, Heins Mills and Zelle Hofmann have investigated available facts supporting Plaintiffs' claims, including relevant available information regarding the Defendants, the Filters industry (including the distribution chain to end-users), sales information, pricing and the relevant markets. Heins Mills and Zelle Hofmann retained consultants and also advanced the cases procedurally. *See* Hagstrom Aff. at ¶ 11; Steinar Decl. at ¶¶ 10-16.

Lovell Stewart cannot point to anything it might have done to advance this litigation that would justify disrupting the leadership structure put together by the consensus group. Lovell Stewart claims that it "conducted an extensive fact investigation," Lovell Stewart Br. at 3, yet its own motion papers suggest that it filed its first complaint the day after it began that investigation. *Id*. at 5-6. Because it has neither broad plaintiff nor counsel support, Lovell Stewart points instead to the hearing before the Judicial Panel on Multidistrict Litigation ("JPML"), noting that

5

it was "the only firm on behalf of the indirect purchasers to argue before the JPML." *Id*. at 6. Yet as Lovell Stewart is clearly aware, arguments before the JPML are extremely brief, others presented argument in favor of the same jurisdiction as Lovell Stewart, and other counsel for indirect purchaser plaintiffs necessarily deferred to having a single presenter before the panel.

TATP, for its part, has participated in organizational meetings and conference calls organized by Heins Mills, Zelle Hofmann and the consensus group. Like other firms, it has done the work it has committed to doing. Heins Mills and Zelle Hofmann fully anticipate that TATP – like Lovell Stewart – would continue playing a substantive role in this case, regardless of position in the leadership structure. But just as with Lovell Stewart, TATP cannot point to anything it has done to advance this litigation that would justify disrupting the leadership structure crafted by the consensus group.

### IV. THE CONSENSUS GROUP DOES NOT BELIEVE LIAISON COUNSEL IS NEEDED.

The consensus group does not believe liaison counsel is necessary in this case. Because of electronic filing, and because Chicago-based firms who have filed indirect purchaser actions are available to speak for the proposed Interim Co-Lead Counsel if necessary, no liaison counsel is needed here. Neither the direct purchaser structure nor defense counsel seek to have liaison counsel.[2]

### V. CONCLUSION

For the foregoing reasons, the Indirect Purchaser Plaintiffs identified in Hagstrom Aff. Ex. A respectfully oppose the Lovell Stewart and TATP motions for appointment as Interim Co-

---

[2] If the Court believes that a liaison counsel would be useful to it, we respectfully suggest that a firm based in Chicago that has filed an indirect purchaser class action case, such as Freed & Weiss or Futterman Howard be appointed. As the Miller Law Firm represented to the Court at the September 4, 2008, hearing, its complaint is on behalf of a non-purchaser trade organization. In addition, that complaint does *not* seek damages under state laws for indirect purchasers, but rather seeks only an injunction under federal law.

Lead Counsel and reiterate their support for the appointment of Richard M. Hagstrom of Zelle Hofmann and Renae D. Steiner of Heins Mills as Interim Co-Lead Class Counsel in these related class actions.

September 19, 2008            Respectfully submitted

    __/s/ Richard M. Hagstrom_____
    Richard M. Hagstrom
    James S. Reece
    Michael E. Jacobs
    **ZELLE HOFMANN VOELBEL MASON & GETTE LLP**
    500 Washington Avenue South, Suite 4000
    Minneapolis, MN 55415
    (612) 339-2020
    (612) 336-9100 (facsimile)

    - and -

    Renae D. Steiner
    Vincent J. Esades
    **HEINS MILLS & OLSON, P.L.C.**
    310 Clifton Avenue
    Minneapolis, MN 55403
    (612) 338-4605
    (612) 338-4692 (facsimile)

**ATTORNEYS FOR INDIRECT PURCHASER PLAINTIFFS
AND ALL OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I, Richard M. Hagstrom, certify that I caused true and correct copies of the foregoing **OPPOSITION TO LOVELL STEWART'S AND TATP'S MOTIONS TO APPOINT THEM AS ADDITIONAL INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT PURCHASERS** to be served via the CM/ECF system which will send notification of such filings to all registered parties. In addition, true and correct copies of the papers were served via electronic mail on known counsel of record in the related actions consolidated in *In re Aftermarket Filters Antitrust Litigation,* MDL No. 1957.

**ZELLE HOFMANN VOELBEL MASON & GETTE LLP**

  /s/ Richard M. Hagstrom
Richard M. Hagstrom