**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | ) Master File No. 1:08-cv-4883 )<br>) MDL No. 1957 )<br>) |
| **This document relates to:** | )<br>) |
| **ALL INDIRECT PURCHASER ACTIONS** | ) The Honorable Robert W. Gettleman ) |

**PLAINTIFFS CARLOS PONCE AND ARTHUR CORDISCO'S
RESPONSE RE: MOTIONS TO APPOINT INTERIM CLASS
COUNSEL FOR THE INDIRECT PURCHASER PLAINTIFFS**

## <u>TABLE OF CONTENTS</u>

I.      Introduction……. …………….…………………………………….      1

II.     Argument…………………………………………………………….      2

        A.  TATP Is Best Able To Represent The Class Because Its
            Experience In Handling Post-CAFA Indirect Purchaser Class
            Actions Is Second To None…………………………………………      2

        B.  In Appointing Interim Class Counsel, The *Manual* Advises
            That The Court Should Not Defer To Proposals By Counsel
            Without An Independent Examination……………………………..      7

        C.  The Appointment Of Interim Class Counsel Should Not Be Based
            Upon The Number Of Plaintiffs Or States Represented By An
            Applicant…………………………………………………………      9

        D.  All Of The Candidates For Interim Class Counsel Have Done
            Substantial Work To Advance This Litigation……………………..      12

        E.  In Appointing Interim Class Counsel, The Court Should Evaluate
            The Individual Lawyers Who Are Going To Work On This Case….      14

        F.  TATP Is Prepared To Serve As Interim Class Counsel Alone Or In
            Conjunction With Other Firms Designated By The Court………….      15

III.    Conclusion……..……………………………………………………….      15

## TABLE OF AUTHORITIES

**<u>Cases</u>**

<u>Page</u>

*Crown Oil v. Superior Court*,
  177 Cal. App. 3d 604 (1986) …………………………………………………………5

*Illinois Brick v. Illinois,*
  431 U.S. 720 (1977) ……………………………………………………………….1, 5

*In re Cathode Ray Tubes (CRT) Antitrust Litigation,*
  2008 WL 2024957 (N.D. Cal. 2008)……………………………………………....5

*In re OSB Antitrust Litigation,*
  Case No. 06-cv-00826 (PSD) (E.D. Pa. 2007)………………………………………..2, 3

*In re OSB Antitrust Litigation*,
  2007 U.S. Dist. LEXIS 56617 (E.D. Pa. Aug. 3, 2007) …………………………………6

**<u>Rules</u>**

  Fed. R. Civ. P. 23(g)………………………………………………………......…*passim*

**<u>Secondary Materials</u>**

  *Manual on Complex Litigation (Fourth)* …………………………………………....2, 4, 7

## I.    Introduction

The Court now has before it three motions for appointment of interim class counsel for the indirect purchaser class in the *In Re: Aftermarket Filters Antitrust Litigation* (hereinafter "*Filters Cases*").

Plaintiffs Carlos Ponce and Arthur Cordisco filed the first motion for appointment of its counsel, Trump, Alioto, Trump & Prescott, LLP ("TATP"), as interim class counsel for the indirect purchaser class on September 10, 2008. On September 12, 2008, Zelle Hofmann Voelbel Mason & Gette, LLP and Heins Mills & Olson P.L.C. ("Zelle/Heins") filed their motion to be appointed as interim class counsel. Zelle/Heins moves the Court to appoint them as two co-leads along with an Executive Committee of their choosing. Finally, on September 12, 2008, Lovell Stewart Halebian, LLP ("Lovell") also moved for appointment as interim class counsel and proposed that Marvin Miller of Miller Law LLC be appointed as Interim Liaison Counsel.

As further demonstrated herein, TATP is the applicant *best able* to represent the interests of the indirect purchaser class in the *Filters Cases.* TATP is a highly experienced firm with particular expertise in post-CAFA indirect purchaser antitrust class actions.[1] TATP has already performed significant work which will be of great future benefit to the class. TATP now represents 22 named plaintiffs in 15 states. TATP has also

---

[1] As previously explained in TATP's opening brief, damages claims for antitrust violations on behalf of indirect purchasers are barred under federal law under the United States Supreme Court's decision in *Illinois Brick v. Illinois,* 431 U.S. 720 (1977) ("*Illinois Brick*"). Before the Class Action Fairness Act of 2005 ("CAFA"), indirect purchaser claims were litigated almost exclusively in state court. Now, for all practical purposes, state law indirect purchaser claims must be litigated in federal court in conjunction with direct purchaser claims brought under Section 1 of the Sherman Act.

already assumed a *de facto* leadership role in this case based on its experience in indirect purchaser cases and the large number of plaintiffs and law firms which support TATP for lead counsel. Accordingly, Plaintiffs Carlos Ponce and Arthur Cordisco's motion to appoint TATP as interim class counsel for the indirect purchaser plaintiffs should be granted.

## II.    Argument

In appointing interim class counsel under Rule 23(g), the Court must determine whether the applicant firm will fairly and adequately represent the interests of the proposed class. *See,* Fed. R. Civ. P. 23(g)(1)(B). The Court's determination of that question is informed by the criteria set forth in Fed. R. Civ. P. 23(g)(1). In considering these factors when there are multiple applicants for interim class counsel, the Court is obliged to pick the firm or firms that are "*best* able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

Before making its appointment, the Court should engage in an "independent examination" of the competing attorneys' submissions. This independent examination ensures the Court that counsel appointed to leading roles are qualified and responsible, will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. *See, Manual on Complex Litigation (Fourth),* § 10.224 ("*Manual*").

### A.    TATP Is Best Able To Represent The Class Because Its Experience In Handling Post-CAFA Indirect Purchaser Class Actions Is Second To None

TATP is the firm best able to represent the indirect purchaser class in this case because its experience in handling post-CAFA indirect purchaser class actions is second to none. TATP is the only firm among the applicants for lead counsel that has prosecuted a post-CAFA indirect purchaser case up to trial. TATP is currently serving as Co-Lead

Counsel in *In re OSB Antitrust Litigation,* Case No. 06-cv-00826 (PSD) (E.D. Pa., filed February 24, 2006) ("*OSB*"). TATP, in cooperation with Co-Lead Counsel in that case, prosecuted the *OSB* case up to trial. This experience in *OSB* will be invaluable in this case since many of the issues will be the same.

In *OSB,* TATP has demonstrated the ability to work cooperatively with direct purchaser counsel as well as defense counsel through motions to dismiss, massive document discovery, motions for judgment on the pleadings, class certification, experts (class certification and merits), motions for summary judgment, and Daubert motions. After a number of early settlements, the *OSB* case was set for trial of the direct purchaser claims against the remaining defendants in June of this year. The trial of the indirect purchaser claims was due to follow the trial of the direct purchaser claims. The remaining defendants settled with direct and indirect plaintiffs on the eve of trial.

This case will raise the same substantive and procedural issues raised in *OSB*. TATP will not have to reinvent the wheel when confronted with these issues in this case. It will be able to draw on its experience in handling these matters in *OSB*. This will aid in streamlining and efficiently prosecuting this action.

Thus, TATP is the only firm among the moving parties to have experienced first-hand the particular case management and legal issues involved in post-CAFA indirect purchaser cases in federal court. None of the other firms seeking a leadership position can point to this track record.

Moreover, a crucial phase of this case will be the certification of various classes of indirect purchasers. If classes are not certified, the indirect purchaser case will

3

probably be over. It will probably not be worthwhile to proceed with individual claims. In *OSB,* TATP successfully certified the following 17 state indirect purchaser classes:

- California

- The District of Columbia

- Florida

- Iowa

- Kansas

- Maine

- Michigan

- Minnesota

- Mississippi

- Nevada

- New York

- North Carolina

- North Dakota

- Tennessee

- Vermont

- West Virginia

- Wisconsin

Plaintiffs will seek to certify similar state classes in this case. TATP's experience in this regard should be afforded great weight in the Court's determination of interim class counsel. No other firm can claim to have certified this many state classes. TATP's

success in class certification, along with its other qualifications, makes it the firm best able to serve as interim class counsel here.

The Honorable Samuel Conti of the United States District Court for the Northern District of California recognized TATP's unique experience in prosecuting post-CAFA indirect purchaser cases, and selected TATP as sole interim lead counsel in *In re Cathode Ray Tubes (CRT) Antitrust Litigation.* 2008 WL 2024957 (N.D. Cal. May 9, 2008) ("*CRT*"). TATP is currently serving as sole lead counsel for the indirect purchasers in the *CRT* case. If appointed interim class counsel in this case, TATP will also be able to draw on its experience in *CRT* to aid in prosecuting this action efficiently and economically.

In addition to TATP's experience in the *OSB* and *CRT* cases, TATP has over 30 years experience in prosecuting multidistrict litigation and class actions in state and federal court throughout the country. Since its founding, TATP has specialized in representing plaintiffs in antitrust class actions involving allegations of price-fixing, monopolization, predatory pricing and group boycott under the Sherman Act, the Clayton Act, the California Cartwright Act and Unfair Competition Law, as well as numerous antitrust and consumer protection statutes of other States.

Mr. Alioto, one of TATP's founding partners, will lead TATP in their prosecution of this litigation. Mr. Alioto has represented plaintiffs and defendants in antitrust and other commercial matters for 34 years. Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Law. He was counsel in the landmark decision *Crown Oil v. Superior Court*, 177 Cal. App. 3d 604 (1986), which upheld the right of indirect purchasers to sue under the Cartwright Act after their claims had been

5

barred under federal law by the decision in *Illinois Brick.* As a result of the *Crown Oil* decision, California consumers and businesses have recovered millions of dollars in relief which would otherwise have been barred under *Illinois Brick*. *Crown Oil* has paved the way for recoveries in other states throughout the nation as well. These recoveries are in the billions of dollars. In all, Mr. Alioto has been involved in over 50 antitrust cases, a number of antitrust trials (2 as lead plaintiffs' counsel), and over 30 appeals.

Courts have recognized TATP's success and expertise in prosecuting these cases. In granting class certification in *OSB* and appointing TATP Co-Lead Counsel for the class in the indirect purchaser case, the Honorable Paul S. Diamond of the Eastern District of Pennsylvania stated that TATP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so." *OSB,* 2007 U.S. Dist. LEXIS 56617, * 12 (E.D. Pa. Aug. 3, 2007).

In another recent case, TATP obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by Mr. Alioto and TATP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that TATP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

In sum, TATP is a highly experienced firm with particular expertise in indirect purchaser class action antitrust cases such as this one. In appointing TATP interim class counsel for the indirect purchaser plaintiffs, this Court can be safe in the knowledge that

not only is it appointing a firm with "experience in handling class actions, other complex litigation, and the types of claims asserted in the action," with extensive "knowledge of the applicable law," (Fed. R. Civ. Pro. 23(g)(1)(C)), but also that it is appointing the firm "*best able* to represent the interests of the class." Fed. R. Civ. Pro. 23(g)(2)(B).

### B. In Appointing Interim Class Counsel, The *Manual* Advises That The Court Should Not Defer To Proposals By Counsel Without Independent Examination

The *Manual* provides that, in appointing interim lead counsel, "the judge is advised to take an active part in the decision…. Deferring to proposals by counsel without independent examination, even those that seem to have the concurrence of the majority of those affected, invites problems down the road…." *Manual,* § 10.224. Moreover, "[t]he court's responsibilities are heightened in class action litigation, where the judge must approve counsel for the class." *Id.*

Thus, while private ordering may be preferable in terms of short term gains in time, the *Manual* recognizes that more often "the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel…." *Id.* at § 10.22. This is such a case.

In this case, the Zelle/Heins group presented their proposed leadership structure to TATP and Lovell as a "fait accompli." TATP and their clients were allowed no input and the Zelle/Heins group refused all offers to compromise or negotiate alternatives to their proposed structure. TATP could not agree to the Zelle/Heins proposal because it excluded the TATP and Lovell firms, the two best qualified firms to lead this case. Also, TATP did not believe that an Executive Committee was necessary in this case.

According to the *Manual*, "[c]ommittees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Manual,* § 10.221. The *Manual* goes on to warn that "[c]ommittees of counsel can sometimes lead to substantially increased costs, and they should try and avoid unnecessary duplication of efforts and control fees and expenses." *Id.*

The interests and positions of the indirect purchaser class members in this case are not sufficiently dissimilar to justify giving them representation in decision-making through an Executive Committee. For example, the differences in the manner of purchasing Filters, the "do-it-for-me" ("DIFM") purchasers versus the "do-it-yourself" ("DIY") purchasers, are not sufficient to warrant an Executive Committee. In *OSB,* the indirect purchaser market for oriented strand board (OSB) was also made up of DIFM purchasers and DIY purchasers, as well as several other types of purchasers. TATP successfully prosecuted that case and addressed these differences along with three co-lead counsel. There was no need for an Executive Committee.

In TATP's experience in cases such as this, which is supported by the *Manual*, committees of counsel lead to duplication of effort and higher fees and costs for the class. Therefore, TATP could not support the Zelle/Heins proposal and chose instead to file its own motion.

Certain counsel have filed declarations in support of the Zelle/Heins motion stating that, although they have the experience to serve in a leadership position in this case, they chose not to file their own motion and instead support Zelle/Heins. They also state that if the Court does not accept the Zelle/Heins leadership structure, then they too

will move to be appointed interim class counsel. *See, e.g.,* Declarations of Daniel J. Mogin, Daniel C. Girard, and Daniel Hume.

At the September 4, 2008 status conference, this Court ordered that counsel should file their motions for interim class counsel for the indirect purchaser plaintiffs by September 12, 2008. Messrs. Mogin, Girard, and Hume did not file motions for appointment as interim lead counsel under Fed. R. Civ. P. 23(g). Therefore, their requests that the Court consider them as candidates for interim class counsel are not properly before the Court and should not be considered.

TATP requests that the Court conduct an independent evaluation of the four firms applying for interim class counsel. The Court should not be influenced by declarations of support filed by counsel which are the product of "side agreements among attorneys." *Manual,* § 10.224. Particularly when those "side agreements" could lead to duplicative work, inefficiency, and higher fees for class members. The Court should determine the best applicant(s) for interim class counsel, as well as the most efficient structure for the prosecution of these cases.

### C. The Appointment Of Interim Class Counsel Should Not Be Based Upon The Number Of Plaintiffs Or States Represented By An Applicant

Zelle/Heins are incorrect that the Court's appointment of interim class counsel should be based upon the number of plaintiffs or states they represent, or the number of law firms supporting their motion. Fed. R. Civ. P. 23(g) makes no mention of these criteria.

In addition, in TATP's experience, plaintiffs named in the initial complaints in these cases are often vetted by plaintiffs' counsel to select the best possible class

9

representatives. For example, plaintiffs' counsel will analyze whether a particular plaintiff has sufficient proof that he purchased the product in question and make sure he or she has no conflicts with the other class members. As a result, some of these plaintiffs may not be named as plaintiffs in the Consolidated Amended Complaint ("CAC").

Similarly, when the CAC is filed, certain state law claims which have been alleged in initial complaints may not be included. Finally, many of the law firms listed on initial complaints will play only a limited or no role in this case going forward. Thus, these numbers (numbers of plaintiffs, numbers of states, and numbers of lawyers) are moving targets and cannot be a basis for the appointment of interim class counsel.

However, if the Court is going to give some weight to Zelle/Heins's argument, then the Court should consider the present numbers. Zelle/Heins state that they represent 44 plaintiffs, in 24 States, and have the support of 25 law firms. They assert that this constitutes 80 percent of the indirect purchaser plaintiffs. These numbers do not reflect the present state of the indirect purchaser actions.

Since the filing of TATP's initial complaint, TATP has been retained by a number of other plaintiffs. In order to avoid the expense and delay of filing separate cases in various districts and going through the multi-district transfer proceedings, TATP decided to wait for the Judicial Panel on Multidistrict Litigation to assign the *Filters Cases* and file a single complaint for its additional plaintiffs in the transferee forum. During the meetings of indirect counsel, TATP informed the Zelle/Heins group that it had been retained by additional plaintiffs, from various different states, and that TATP would be filing for additional plaintiffs once the MDL proceedings had been settled.

With the addition of these plaintiffs and states, TATP now represents 22 named plaintiffs[2] located in 15 separate states.[3]  TATP also has the support of 13 associate law firms located throughout the country, including counsel located in Chicago, to aid in the prosecution of this case. Eleven of these firms have been or presently are involved in indirect purchaser cases and will bring this experience to this case. These firms also support the selection of TATP as lead counsel and are listed on the signature page.

Moreover, the Lovell firm represents 19 plaintiffs located in 15 separate states. The Lovell firm also has the support of 9 associate law firms throughout the country. If the numbers of plaintiffs and states represented by TATP and Lovell are combined, in the same way that Zelle/Heins have combined their numbers, TATP and Lovell together represent a total of 41 plaintiffs and 22 separate states, and have the support of 22 law firms. Moreover, TATP and Lovell represent plaintiffs in 6 states for which Zelle/Heins do not have a plaintiff.[4] Thus, Zelle/Heins do not represent over 80 percent of the indirect purchaser plaintiffs. Instead, Zelle/Heins represent approximately 50 percent of the plaintiffs, with TATP and Lovell representing the other 50 percent.

Thus, the Zelle/Heins proposed two firm lead counsel is not the result of "private ordering" at all. Private ordering may be a basis to select lead counsel when all, or

---

[2] Those plaintiffs are Carlos Ponce, Arthur Cordisco, G.S.G. Excavating, Inc., Bobbi Cooper, Gertha Wilkerson, Christopher Papale, Cynthia Saia, Sean Elefante, Jerome Rocker, Kathy Scarale, Patrick Nasto Sr., Hans Hagg, Craig Stephenson, Robert Schiff, Raymond Barbush, Jeffrey Kraus, Maciek Piotroski, Wendy K. Bergan, Richard W. Engen, Willard Shapira, Julie Kenner and Frank Warner.

[3] Arkansas, Arizona, California, Florida, Hawaii, Michigan, Minnesota, Mississippi, Nevada, New Mexico, New York, North Dakota, Rhode Island, South Dakota, and Wisconsin.

[4] Hawaii, Mississippi, Maine, District of Columbia, New Hampshire, and Montana.

substantially all, of the parties are in agreement.[5] But that is not the case here, where Zelle/Heins have the support of only half of the parties. TATP and Lovell have the support of the other half. In order to be all inclusive, and to account for 100 percent of the parties, TATP and Lovell would have to be included in the leadership structure.

### D. All Of The Candidates For Interim Class Counsel Have Done Substantial Work To Advance This Litigation

Zelle/Heins argue that they have done more work in investigating the Filters market, filing complaints on behalf of plaintiffs in various states, and organizing the indirect purchaser actions than the other applicants for interim class counsel. This is not the case. All of the candidates for interim class counsel have done substantial work.

As set forth in its moving papers, TATP has also spent substantial time conducting a detailed analysis of the Filters market, and specifically the chain of distribution and pass through of the alleged overcharge to indirect purchaser class members. For TATP, this is a standard factual investigation which its attorneys undertake before the filing of any indirect purchaser antitrust complaint. This work product will assist TATP in prosecuting this case against the defendants and confers a substantial benefit on the class.

As discussed in Section C. above, TATP now represents 22 plaintiffs in 15 different states. TATP has invested considerable time and effort into investigating the claims of each of their plaintiffs and working with local counsel to gather evidence in support of their claims. Defendants will likely oppose class certification of those state classes for which there is no class representative. The existence of additional class

---

[5] There have been meetings of counsel at which lead counsel has been discussed and certain firms indicated they would be seeking lead counsel positions. However, all interested parties were not present at these meetings. Moreover, there was never any binding agreement reached or any binding vote.

plaintiffs will moot this opposition. Therefore, TATP has already conferred a substantial benefit on the indirect purchaser class as a whole by mooting defense arguments and expanding the potential scope of recovery in this case.

Zelle/Heins are also not the only firms to have advanced these cases procedurally. As discussed in its opening brief, TATP participated in the proceedings before the Judicial Panel on Multidistrict Litigation, and Lovell was the only firm to present oral argument before the Panel on behalf of indirect purchasers. TATP was the primary spokesman at the meetings of indirect purchaser counsel and contributed significantly to those meetings. TATP suggested agenda items for the meetings and was involved in the allocation of work assignments, and undertook significant work assignments, including the review of the various proposed class representatives.

TATP has also been active in organizing and working cooperatively with other plaintiffs' counsel, as evidenced by the 13 geographically diverse plaintiffs' firms which support TATP's appointment as interim class counsel. In addition, TATP has made repeated overtures to the other candidates for interim class counsel an attempt to resolve the issue of lead counsel informally.

Most recently, TATP has been in contact with interim class counsel for the direct purchaser class regarding coordination of our efforts to prosecute this litigation. In accordance with this Court's request at the September 4, 2008 status conference, TATP has coordinated with other indirect plaintiffs' counsel, direct plaintiffs' counsel, and defendants to draft a Case Management Order No. 1, and negotiate the terms of the Protective Order, and a Stipulation And Order Regarding Preservation Of Communications, Documents, Electronically Stored Information, And Other Tangible

13

Items ("Preservation Order"). The parties have been unable to reach agreement on the Preservation Order. A Joint Status Report was submitted to the Court in this regard. The other Orders will be submitted to the Court on September 19, 2008.[6]

In short, all of the candidates for interim class have done substantial work in identifying or investigating claims and organizing these cases. Thus, this factor does not favor any of the applicant firms over the other.

### E. In Appointing Interim Class Counsel, The Court Should Evaluate The Individual Lawyers Who Are Going To Work On This Case

In evaluating the various applicants for interim class counsel, the Court should look to the experience and qualifications of those lawyers who are going to work on this case. Accomplishments by "law firms" are not as important as accomplishments by the individual lawyers who will actually be working on this case. Similarly, résumés listing a long string of multimillion dollar recoveries may be misleading. Oftentimes these recoveries were obtained by many plaintiffs' firms and the individual lawyer touting the recovery actually played a small role in the case. TATP has set forth the experience and qualifications of the <u>individual lawyers</u> who will work on this case, and that experience and those qualifications must be measured against the experience and qualifications of the other <u>individual lawyers</u> who have put themselves forward for lead counsel.

Finally, TATP has indicated that its most senior attorney, Mr. Alioto, will lead his firm's role as interim lead counsel. The Honorable Samuel Conti found this persuasive in the *CRT* case:

---

[6] Unfortunately, TATP has been unable to coordinate with Zelle/Heins in drafting a joint Case Management Order No. 1 for the indirect action. Zelle/Heins submitted a case management order to the Court along with its motion for appointment as interim class counsel which provides for their appointment as interim class counsel. TATP has drafted a neutral Case Management Order No. 1 for the indirect actions which it will submit to the Court on September 19, 2008.

14

> [W]hile two of the firms indicated that their top attorneys would be involved, only one firm made it clear that its top attorney would lead, rather than merely participate, in his firm's role as interim lead counsel. For this reason, this factor [counsel's experience] favors the Trump firm.

*CRT,* 2008 WL 2024957, at * 2. This is in contrast to the Heins firm, where the applicants are not the most senior members of the firm. This is further reason why TATP should be appointed lead counsel.

### F. TATP Is Prepared To Serve As Interim Class Counsel Alone Or In Conjunction With Other Firms Designated By The Court

TATP and its attorneys are well-qualified to manage and lead this litigation, alone or in conjunction with other firms designated by the Court. TATP acknowledges the talent and experience of all the other applicants for interim class counsel. TATP has previously worked collegially with all of the other applicants for interim class counsel, as well as interim class counsel for the direct purchaser plaintiffs, and counsel for the defendants.

In particular, TATP would welcome the opportunity to work with the Lovell firm. TATP and Lovell are currently working together in leadership roles in other indirect purchaser cases, and have a strong working relationship. TATP also has no objection to working with Marvin Miller as Liaison Counsel.

### III. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint TATP to serve as interim class counsel for the indirect purchaser plaintiffs.

//

//

Dated: September 19, 2008  Respectfully submitted,

/s/ Mario N. Alioto
Mario N. Alioto (malioto@tatp.com)
Lauren C. Russell (laurenrussell@tatp.com)
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

***Proposed Interim Class Counsel for the Indirect Purchaser Plaintiffs***

Joseph M. Patane
**LAW OFFICE OF JOSEPH M. PATANE**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Mark R. Valley
**STATLAND & VALLEY**
111 E. Wacker Drive
Suite 2601
Chicago, IL 60601
Telephone: (312) 228-1200
Facsimile: (312) 228-1201
E-mail: mvalley@statvall.com

Lawrence G. Papale
**LAW OFFICES OF LAWRENCE G. PAPALE**
1308 Main Street #117
St. Helena, CA 94574
Telephone: (707) 963-1704
Facsimile: (707) 963-0706
E-mail: lgpapale@papalelaw.com

Kenneth L. Valinoti
**VALINOTI & DITO LLP**
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231
E-mail: kvalinoti@valinoti-dito.com

Sherman Kassof
**LAW OFFICES OF SHERMAN KASSOF**
954 Risa Road, Suite B
Lafayette, CA 94549
Telephone: (510) 652 2554
Facsimile: (510) 652 9308
E-mail: heevay@att.net

Seymour J. Mansfield
Jean B. Roth
Lawrence P. Schaefer, Of Counsel
**MANSFIELD, TANICK & COHEN, P.A.**
1700 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 339-4295
Facsimile: (612) 339-3161
E-mail: smansfield@mansfieldtanick.com

Joel Flom
**JEFFRIES, OLSON & FLOM, P.A.**
1202 27th Street South
Fargo, N.D. 58103
Telephone: (701) 280-2300
Facsimile: (701) 280-1800
E-mail: joel@jeffrieslaw.com

Michael G. Simon
M. Eric Frankovitch
**FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON**
337 Penco Road
Weirton, WV  26062
Telephone: (304) 723-4400
Facsimile: (304) 723-5892
E-mail: msimon@facslaw.com

17

Robert Gerard
**GERARD & ASSOCIATES**
2840 South Jones Blvd.
Building D, Unit 4
Las Vegas, NV 89146
Telephone: (702) 251-0093
E-mail: rgerard@gerardlaw.com

Reginald Terrell
**TERRELL LAW GROUP**
223 25th Street
Richmond, CA 94804
E-mail: Reggiet2@aol.com

Donald Amamgbo
**AMAMGBO & ASSOCIATES**
7901 Oakport Street, Suite 4900
Oakland, CA 94621
Telephone: (510) 615-6000
Facsimile: (510) 615-6025
E-mail: damamgbo@aol.com

Robert G. Methvin, Jr.
Philip W. McCallum
James Terrell
**MCCALLUM, METHVIN & TERRELL, P.C.**
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone: (205) 939-3006
Facsimile: (205) 939-0399
E-mail: rgm@mmlaw.net

Tim O'Keefe
**KENNELLY & O'KEEFE, LTD.**
P.O. Box 2105
109 Roberts Street
Fargo, ND 58102
Telephone: (701) 235-8000
Facsimile: (701) 235-8023

*Counsel for the Indirect Purchaser Plaintiffs*