UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
OCT 2 - 2008
Oct 2 2008
Judge Robert W. Gettleman
United States District Court

IN RE: AFTERMARKET FILTERS
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

Master Docket
No. 1:08-cv-04883
MDL No. 1957
Honorable Robert W. Gettleman

## STIPULATED AGREEMENT REGARDING PRESERVATION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE ITEMS

This Stipulated Agreement Regarding Preservation of Documents, Electronically Stored Information, and Other Tangible Items (the "Agreement") shall govern the parties in the above-captioned MDL Proceedings (the "Action").

I.  Document Preservation

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, all plaintiffs and defendants in this Action (collectively, the "parties," and singularly, a "party"), by and through their respective counsel of record, stipulate to the following preservation obligations in this litigation:

    A.    The parties shall, during the pendency of this Action, comply with their duty to preserve all documents, electronically stored information ("ESI"), and tangible objects that may be relevant to this action. Pursuant to Fed. R. Civ. P. 26(b)(1), the relevant information preserved need not be admissible at the trial if the discovery of the documents, ESI, or tangible objects appear reasonably calculated to lead to the discovery of admissible evidence. This duty to preserve extends to documents, ESI, and tangible objects in the possession, custody, and control of the parties to this Action, and any employees or agents reasonably expected to possess materials anticipated to be the subject of discovery in this action ("Custodian(s)"), *provided* that such persons have received notice of the preservation obligations under this Agreement. Nothing in this agreement is intended to broaden or diminish any

1

obligations imposed by the Federal Rules of Civil Procedure. Nothing herein relieves a party from its obligations under I.F.2.

B. The term "ESI" refers to any electronically stored information in the possession, custody or control of the parties to this action. ESI is to be interpreted broadly to include, without limitation, meta-data and information that is stored in an electronic medium and is retrievable in perceivable form.

C. The term "Document(s) is synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a) and to the terms "[w]ritings and recordings," "photographs," "original" and "duplicate" defined in Fed. R. Evid. 1001. Document means the original (or an identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved-including, but not limited to documents fixed in tangible media or electronically or digitally stored on disk or tape in a native format. This includes, without limitation, all ESI.

D. "Preservation" is to be interpreted in accordance with the Federal Rules of Civil Procedure to accomplish the goal of maintaining the integrity of all documents, ESI, and tangible objects reasonably anticipated to be the subject of discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this Action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

E. The Parties agree that the defendants' obligations to take reasonable steps to preserve documents, ESI, and tangible objects commenced when defendants became aware of the litigation or the potential for litigation, but no later than ten (10) business days after the date that the first complaint related to this Action was served on each defendant; the parties agree that the plaintiffs' obligations to take reasonable steps to preserve documents, ESI, and tangible objects commenced on the date of each plaintiff's first involvement in any preparation related to a complaint that is part of this Action; and the parties agree that these preservation obligations extend only to the time period between January 1, 1999 and March 31, 2008.

F. The Parties must take reasonable steps to preserve relevant documents in their original condition and ESI in its native format. This duty of preservation also extends to any subsidiary in which a party holds more than a 50% interest or to any successor of a party if that subsidiary or successor is involved in the business of manufacturing, selling, or purchasing aftermarket oil, air, fuel, transmission and cabin filters in the United States. Such steps include, without limitation:

1. Taking reasonable steps to identify all Custodians;

2

2. Directing custodians and appropriate IT personnel with possession, custody, and control over relevant documents and ESI to preserve potentially relevant information (This obligation does not require the parties to provide a copy of this Agreement to custodians so long as reasonable steps are taken to inform Custodians of the substantive provisions of this Agreement, as well as their individual obligations thereunder.);

3. Taking reasonable steps to cease all nonroutine defragmentation, compression, purging, or reformatting of digital media that may contain electronic data that may be subject to discovery unless all active files containing information within the scope of this Agreement have been copied and preserved;

4. Taking reasonable steps as of the date of this Agreement to preserve the oldest known complete backup of all files reasonably expected to contain potentially relevant information, to the extent that such a backup exists (once this obligation is satisfied, parties may continue to engage in the routine rotation of backup tapes going forward);

5. Taking reasonable steps to preserve in their current state all active files from electronic data sources that contain data that is within the scope of this Agreement;

6. Taking reasonable steps to preserve any existing transcripts or text files reflecting relevant contents of any voicemail systems owned by the Party; and

7. Taking reasonable steps to preserve all security keys, encryption/decryption information, and policies that exist or are related to any data contemplated by this Agreement for the sole purpose of accessing the data.

G. Notwithstanding any other provision of this Agreement, persons may generate business documents without preserving dictation, drafts, interim versions or other temporary compilations of information if such documents would not have been preserved in the ordinary course of business. A party need not preserve information electronically stored on servers, hard drives, or similar locations not reasonably likely to contain information within the scope of this Agreement.

H. Provided that the parties take reasonable steps to comply with this Agreement, the parties will not seek sanctions on a party for failing to provide ESI lost inadvertently or as a result of the routine, good-faith operation of an electronic information system.

I. By agreeing to preserve information in accordance with the terms of this Agreement, the parties do not waive any objection to the relevance, discovery, admissibility, or format of production of any document, ESI, or other tangible

3

        object. In particular, the parties agree that by preserving any document, ESI, or other tangible object, a party to this agreement does not concede that such document, ESI, or other tangible object is relevant, discoverable, or admissible, and no party hereto shall use the fact of such preservation in support of an argument that such document, ESI, or other tangible object is relevant, discoverable, or admissible.

    J.    The Parties agree to diligently and in good faith negotiate agreed protocols for production of the ESI preserved pursuant to this Agreement and to present their proposed stipulation(s) to the Court no later than 30 days prior to the commencement of discovery, or such other date as agreed to by the parties.

II.    This Agreement shall continue in full force and effect until order of the Court or until this litigation is terminated by a final judgment.

IT IS SO STIPULATED.

Dated: **Oct 2**, 2008

/s/ Margaret M. Zwisler
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Defendants Champion Labs., Inc. and United Components Inc.*

/s/ Bernard Persky
Bernard Persky
Gregory Asciolla
Benjamin D. Bianco
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Direct Purchaser Plaintiffs*

/s/ Daniel Sasse
Daniel Sasse
Jerome A. Murphy
John L. Cuddihy
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-624-2500
Fax: 202-628-5116

*Counsel for Purolator Filters N.A. L.L.C. and Robert Bosch LLC*

/s/ Michael J. Freed
Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Rd.
Suite 130
Bannockburn, IL 60015
Telephone: 224-632-4500
Fax: 224-632-4521

*Counsel for Direct Purchaser Plaintiffs*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: 202-383-5300

Edward Hassi
Gerald A. Stein
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: 212-326-2000

*Counsel for Honeywell International Inc.*

/s/ John DeQ. Briggs
John DeQ. Briggs
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-783-0800
Fax: 202-318-8574

*Counsel for Wix Filtration Corp LLC*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Fax: 212-474-3700
*Counsel for Cummins Filtration Inc.*

/s/ Roberta D. Liebenberg
Roberta D. Liebenberg
Donald L. Perelman
Adam Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: 215-567-6565
Fax: 215-568-5872

*Counsel for Direct Purchaser Plaintiffs*

/s/ Stephen E. Morrissey
Stephen E. Morrissey
Marc M. Seltzer
Vineet Bhatia
SUSMAN GODFREY LLP
Suite 950
1901 Avenue of the Stars
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150

*Counsel for Direct Purchaser Plaintiffs*

/s/ Renae D. Steiner
Renae D. Steiner
Vincent J. Esades
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
(612) 338-4605
(612) 338-4692 (facsimile)

/s/ Richard M. Hagstrom
Richard M. Hagstrom
James S. Reece
Michael E. Jacobs
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
(612) 339-2020
(612) 336-9100 (facsimile)

*Counsel for Indirect Purchaser Plaintiffs*

DSMDB-2506763v01

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

*Counsel for Baldwin Filters Inc.*

/s/ Alan Kanzer
Alan Kanzer
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Telephone: 212-210-9400
Fax: 212-210-9444

*Counsel for Mann + Hummel USA, Inc.*

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

James A. Morsch
BUTLER RUBIN SALTARELLI & BOYD LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602

*Counsel for ArvinMeritor Inc.*

/s/ Mario N. Alioto
Mario N. Alioto
Lauren C. Russell
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Proposed Interim Class Counsel for the Indirect Purchaser Plaintiffs*

/s/ Christopher Lovell
Christopher Lovell
Gary Jacobson
Peggy Wedgworth
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
(212) 608-1900

*Counsel for Indirect Purchaser Plaintiffs*

DSMDB-2506763v01

/s/ Edward J. Matushek, III
Edward J. Matushek III
MATUSHEK, NILLES & SINARS, LLC
55 West Monroe Street, Ste. 700
Chicago, Illinois 60603
Telephone (312) 750-1215
Fax: (312) 750-1273

*Counsel for UIS, Inc.*