IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL INDIRECT PURCHASER ACTIONS** | Master File No. 1:08-cv-4883<br><br>MDL No. 1957<br><br>Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED INDIRECT PURCHASER COMPLAINT** |

**DEFENDANTS' JOINT MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED INDIRECT PURCHASER COMPLAINT**

Defendants Champion Laboratories, Inc., Honeywell International Inc., Wix Filtration Corp LLC, Affinia Group Inc., Cummins Filtration, Inc., Donaldson Company, Inc., Baldwin Filters, Inc., ArvinMeritor, Inc., Purolator Products NA, LLC and Purolator Products Company LLC (collectively, "defendants") respectfully submit this Joint Motion to Dismiss the Second Amended Consolidated Indirect Purchaser Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). As set forth more fully in the accompanying memorandum of law, the grounds for this motion are as follows:

1.      Plaintiffs allege that the defendants, automotive filter manufacturers, engaged in a conspiracy to fix prices for replacement motor vehicle oil, fuel and air filters ("filters") in the U.S. The named plaintiffs are consumers or businesses who are suing on behalf of putative classes of persons or entities who purchased filters *indirectly* from defendants.

2. In its November 5, 2009 Opinion and Order ("Nov. 5 Order"), the Court granted, in part, defendants' motion to dismiss certain claims in the first Consolidated Indirect Purchaser Complaint, filed on December 1, 2008 (the "2008 Complaint"). The Court directed the indirect purchaser plaintiffs to file an amended complaint conforming to the order by November 30, 2009. The plaintiffs filed their first amended complaint as ordered on November 30 (the "FAC"). Thereafter, on December 17, 2009, the plaintiffs filed a motion for leave to file a second amended complaint (the "SAC"). The Court granted that motion on December 22, 2009, and also granted defendants permission to file a motion to dismiss based on the amended allegations. December 23, 2009 Minute Entry (Dkt. No. 335).

3. The SAC fails to cure several of the deficiencies in the indirect purchasers' 2008 Complaint that this Court identified in its Nov. 5 Order. First, the SAC still fails to allege facts sufficient to support standing under the consumer protection laws of New York and Rhode Island. Nov. 5 Order at 20-23.

4. Second, plaintiffs have failed to state separate unjust enrichment claims under the laws of certain individual states. Fundamental rules of equity prohibit plaintiffs from asserting "freestanding" unjust enrichment claims under the laws of New York, Rhode Island, New Jersey, Wyoming (prior to 2006) and New Hampshire (prior to 2008) because plaintiffs do not have valid antitrust or consumer protection claims in those states. Plaintiffs cannot try to obtain the same damages in equity that those states expressly preclude at law. Further, as *indirect* purchasers, plaintiffs cannot recover for unjust enrichment in Kansas, Maine, Michigan, New Jersey, New York, North Carolina, Utah, and Wyoming because those states' laws require plaintiffs to have *directly* conferred a benefit on defendants.

WHEREFORE, defendants respectfully request that the Court dismiss, in their entirety, (1) plaintiffs' claims under the consumer protections laws of New York and Rhode Island; and (2) plaintiffs' unjust enrichment claims under the laws of Kansas, Maine, Michigan, New Jersey, New York, North Carolina, Rhode Island, Utah and Wyoming. Defendants also respectfully request that the Court dismiss plaintiffs' unjust enrichment claim under New Hampshire law for all conduct that occurred prior to 2008.

Dated: January 19, 2010

Respectfully submitted,

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC, and Purolator Products Company LLC*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Fax: 212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/ Margaret M. Zwisler
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Laboratories, Inc.*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: 202-383-5300

Edward D. Hassi
Mark S. Germann
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: 212-326-2000

*Counsel for Honeywell International Inc.*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

*Counsel for Baldwin Filters Inc.*

/s/ Stephen D. Libowsky
Stephen D. Libowsky (#6187081)
HOWREY LLP
321 North Clark Street – Suite 3400
Chicago, Illinois 60654-2402
Telephone 312-595-2252
Fax: 312-264-0372

John DeQ. Briggs
AXINN VELTROP HARKRIDER
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and Affinia Group, Inc.*

4

**CERTIFICATE OF SERVICE**

I, Margaret M. Zwisler, hereby certify that on January 19, 2010, I caused the foregoing Defendants' Joint Motion to Dismiss The Second Amended Consolidated Indirect Purchaser Complaint to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

I further certify that I caused true and correct copies of the foregoing to be served via First Class United States Mail, postage pre-paid, upon the individual listed below:

>Peggy J. Wedgworth
>Lovell Stewart Halebian LLP
>500 Fifth Avenue
>58th Floor
>New York, NY 10110

/s/ Margaret M. Zwisler
Margaret M. Zwisler