IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL INDIRECT PURCHASER ACTIONS** | Master File No. 1:08-cv-4883<br><br>MDL No. 1957<br><br>Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED INDIRECT PURCHASER COMPLAINT** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS THE SECOND AMENDED CONSOLIDATED
INDIRECT PURCHASER COMPLAINT**

## TABLE OF CONTENTS

                                 **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.  PLAINTIFFS' AMENDED ALLEGATIONS STILL FAIL TO STATE A CLAIM UNDER THE CONSUMER PROTECTION LAWS OF NEW YORK AND RHODE ISLAND ............................................................................... 2

II. PLAINTIFFS FAIL TO PROPERLY PLEAD THE FACTUAL BASIS FOR UNJUST ENRICHMENT CLAIMS UNDER THE LAWS OF CERTAIN STATES ................................................................................................. 4

   A. Plaintiffs Cannot Pursue Unjust Enrichment As A Freestanding Claim in States Where They Do Not Have A Viable Antitrust Or Consumer Protection Claim ............................................................................ 5

   B. Plaintiffs Cannot Recover For Unjust Enrichment In States That Require The Plaintiff To Confer The Benefit Directly On The Defendant ............................................................................................................ 7

CONCLUSION ........................................................................................................................... 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

Page(s)

*In re Bayou Hedge Funds Inv. Litig.*,
    472 F. Supp. 2d 528 (S.D.N.Y. 2007) .................................................................................8

*Cooper v. Samsung Elecs. Am., Inc.*,
    No. 07-3853, 2008 U.S. Dist. LEXIS 75810 (D.N.J. Sept. 30, 2008) ................................7

*INS v. Pangilinan*,
    486 U.S. 875 (1988) ...........................................................................................................5

*Maniscalco v. Brother Int'l Corp. (USA)*,
    627 F. Supp. 2d 494 (D.N.J. 2009) ....................................................................................7

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    350 F. Supp. 2d 160 (D. Me. 2004) ...................................................................................5

*In re Potash Antitrust Litig.*,
    No. 08 C 6910, 2009 U.S. Dist. LEXIS 102623 (N.D. Ill. Nov. 3, 2009) .........................7

*Spires v. Adams*,
    289 Fed. Appx. 269 (10th Cir. 2008) .................................................................................7

*In re Terazosin Hydrochloride Antitrust Litig.*,
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) ..............................................................................6

### STATE CASES

*A&M Supply Co. v. Microsoft Corp.*,
    No. 274164, 2008 Mich. App. LEXIS 433 (Mich. Ct. App. Feb. 28, 2008) ......................7

*Baker Constr. Co. v. City of Burlington*,
    NO. COA09-13, 2009 N.C. App. LEXIS 1647 (N.C. Ct. App. Oct. 20, 2009) .................8

*Boyce v. Freeman*,
    39 P.3d 1062 (Wyo. 2002) .................................................................................................8

*Concrete Prods. Co. v. Salt Lake County*,
    734 P.2d 910 (Utah 1987) ..................................................................................................8

*Effler v. Pyles*,
    380 S.E.2d 149 (N.C. Ct. App. 1989) ................................................................................8

*ERI Max Entm't, Inc. v. Streisand*,
　　690 A.2d 1351 (R.I. 1997) ..................................................................................................2

*Rivers v. Amato*,
　　No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. June 22, 2001) .........................7

*Siena v. Microsoft Corp.*,
　　796 A.2d 461 (R.I. 2002) ....................................................................................................6

*Sperry v. Crompton Corp.*,
　　863 N.E.2d 1012 (N.Y. 2007) ..........................................................................................6, 8

*Wilson v. General Motors Corp.*,
　　921 A.2d 414 (N.J. 2007) ....................................................................................................6

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................1

**STATE STATUTES**

N.Y. Gen. Bus. Law § 349 .......................................................................................................2, 3

R.I. Gen. Laws § 6-13.1-1 *et seq* ............................................................................................2, 3

**MISCELLANEOUS**

ABA Section of Antitrust Law, *Indirect Purchaser Litigation Handbook* (2007) .........................8

Restatement (First) of Restitution § 1 (1937) ................................................................................5

Restatement (Third) of Restitution and Unjust Enrichment § 44
　　(Tentative Draft No. 4, 2005) .............................................................................................5

Defendants Champion Laboratories, Inc., Honeywell International Inc., Wix Filtration Corp LLC, Affinia Group Inc., Cummins Filtration, Inc., Donaldson Company, Inc., Baldwin Filters, Inc., ArvinMeritor, Inc., Purolator Products NA, LLC, and Purolator Products Company LLC (collectively, "defendants") respectfully submit this memorandum of law in support of their joint motion to dismiss certain claims in the second amended consolidated indirect purchaser complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## INTRODUCTION

In its November 5, 2009 Opinion and Order ("Nov. 5 Order"), the Court granted, in part, defendants' motion to dismiss certain claims in the first Consolidated Indirect Purchaser Complaint, filed on December 1, 2008 (the "2008 Complaint"). The Court directed the indirect purchaser plaintiffs to file an amended complaint conforming to the order by November 30, 2009. The plaintiffs filed their first amended complaint as ordered on November 30 (the "FAC"). Thereafter, on December 17, 2009, the plaintiffs filed a motion for leave to file a second amended complaint (the "SAC"). The Court granted that motion on December 22, 2009, and also granted defendants permission to file a motion to dismiss based on the amended allegations. December 23, 2009 Minute Entry (Dkt. No. 335).

The SAC fails to cure several of the deficiencies in the indirect purchasers' 2008 Complaint that this Court identified in its Nov. 5 Order. First, the SAC still fails to allege facts sufficient to support standing under the consumer protection laws of New York and Rhode Island. Nov. 5 Order at 20-23. Second, plaintiffs have failed to state separate unjust enrichment claims under the laws of certain individual states. Fundamental rules of equity prohibit plaintiffs

---

[1] At the December 22, 2009 hearing on this motion, the Court stated that the defendants should not answer any claims in the second amended consolidated indirect purchaser complaint until after the Court resolves this motion. *See* Transcript of Proceedings (Dec. 22, 2009) at 8.

from asserting "freestanding" unjust enrichment claims under the laws of New York, Rhode Island, New Jersey, Wyoming (prior to 2006) and New Hampshire (prior to 2008) because plaintiffs do not have valid antitrust or consumer protection claims in those states. Plaintiffs cannot try to obtain the same damages in equity that those states expressly preclude at law. Further, as *indirect* purchasers, plaintiffs cannot recover for unjust enrichment in Kansas, Maine, Michigan, New Jersey, New York, North Carolina, Utah, and Wyoming because those states' laws require plaintiffs to have *directly* conferred a benefit on defendants.

## ARGUMENT

### I. PLAINTIFFS' AMENDED ALLEGATIONS STILL FAIL TO STATE A CLAIM UNDER THE CONSUMER PROTECTION LAWS OF NEW YORK AND RHODE ISLAND

The Court dismissed plaintiffs' claims under New York's consumer protection law, N.Y. Gen. Bus. Law § 349, and the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-2, because plaintiffs failed to allege that they have standing to assert such claims. Nov. 5 Order at 20-22. Plaintiffs' new allegations have not cured that fatal defect.

New York's Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . . in [New York]." N.Y. Gen . Bus. Law § 349(a). The Rhode Island statute similarly prohibits "deceptive acts" or conduct that "creates a likelihood of confusion or of misunderstanding." R.I. Gen. Laws § 6-13.1-1(6)(xii); *ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1353-54 (R.I. 1997) (finding of unfair competition must be based on conduct that "reasonably tended to confuse and mislead the general public into purchasing [defendant's] product when the actual intent of the purchaser was to buy the product of [someone else]") (quotations and citations omitted)). Both statutes expressly limit standing for private actions. The New York statute only confers a private right of action on a "person who has been

2

injured *by reason of*" a deceptive act or practice. N.Y. Gen. Bus. Law § 349(h) (emphasis added). Rhode Island only allows private claims by persons who have suffered a loss "*as a result of*" the alleged misconduct. R.I. Gen. Laws § 6-13.1-5.2(a) (emphasis added).

As this Court properly found, and as plaintiffs implicitly acknowledge, allegations of anticompetitive conduct alone are not sufficient to state a claim under the New York and Rhode Island statutes. Nov. 5 Order at 20-22. Rather, plaintiffs must allege something more. In their first complaint, plaintiffs tried to satisfy this burden by alleging that defendants made unspecified "public statements about the prices of Filters that Defendants knew, or should have known, would be seen by" New York and Rhode Island consumers. 2008 Compl. ¶¶ 157(e)(i), 158(d)(i), (ii). Plaintiffs further alleged that New York and Rhode Island class members were "misled" by these statements to "believe that they were paying a fair price for Filters, or that the price increases for Filters were imposed for valid business reasons." *Id.* ¶¶ 157(g), 158(e). However, plaintiffs did not allege that any New York or Rhode Island consumer, much less any of the named plaintiffs, actually saw defendants' purportedly misleading public statements.

In their motion to dismiss, defendants explained that because plaintiffs claim to have been deceived and confused by these public statements and because plaintiffs' injuries purportedly arise from being misled, the only way that plaintiffs could have standing is if they actually saw defendants' purported public statements. Defendants' Joint Motion to Dismiss the Consolidated Indirect Purchaser Complaint at 18 (Feb. 2, 2009). If plaintiffs never saw any of the allegedly misleading statements, then they cannot have been injured (*i.e.*, deceived or misled) "by reason of" or "as a result of" those statements. *Id.* (citing N.Y. Gen. Bus. Law § 349(h); R.I. Gen. Laws § 6-13.1-5.2). The Court agreed. The Court held that plaintiffs lacked standing to assert their New York and Rhode Island claims because, among other things, they had failed to

3

allege whether any plaintiff "actually saw or heard" any of the purportedly deceptive statements. Nov. 5 Order at 21-22.

In the SAC, plaintiffs do nothing to cure this deficiency. Although they have added a handful of specific statements that they claim were deceptive (SAC ¶¶ 158, 160), they still do not allege any facts demonstrating that any New York or Rhode Island consumer actually saw any of them. This is not an oversight. Plaintiffs had full knowledge of this Court's order when they filed the SAC. The only plausible inference is that plaintiffs—indirect purchasers who admittedly have no direct dealings with the defendants (SAC ¶¶ 12-52, 71-73)—cannot allege facts sufficient to support standing. The Court should dismiss plaintiffs' New York and Rhode Island claims with prejudice.

## II.  PLAINTIFFS FAIL TO PROPERLY PLEAD THE FACTUAL BASIS FOR UNJUST ENRICHMENT CLAIMS UNDER THE LAWS OF CERTAIN STATES

The Court's November 5 Order also rejected plaintiffs' attempt to bring a national unjust enrichment claim based on the laws of all 50 states excluding Ohio and Indiana, but including Puerto Rico and the District of Columbia. Nov. 5 Order at 22. The Court held that "[g]iven the admitted differences in the states' legal theories of unjust enrichment, it is impossible for [an unjust enrichment] claim to be brought as a nationwide class." *Id.* The Court further stated that the complaint failed "to plead the required factual basis of an unjust enrichment claim on a state by state basis," and therefore dismissed Count II in its entirety. *Id.*

In the SAC, plaintiffs attempt to cure this deficiency by alleging unjust enrichment claims under the laws of 26 individual states. SAC ¶ 151. However, plaintiffs' allegations fail to state a claim under a number of these states' laws.

### A. Plaintiffs Cannot Pursue Unjust Enrichment As A Freestanding Claim in States Where They Do Not Have A Viable Antitrust Or Consumer Protection Claim

As this Court is aware, unjust enrichment claims can take one of two forms. A "parasitic" unjust enrichment claim is one that arises when a plaintiff seeks restitution from the defendant as an alternative to a claim for his or her own damages under a statute or some other substantive law. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 207-08 (D. Me. 2004). A plaintiff may, in some circumstances, also bring a claim for restitution even if that plaintiff cannot prove that the defendant violated any law. *Id.* This is known as a "freestanding" unjust enrichment claim. The SAC purports to allege "freestanding" unjust enrichment claims under the laws of 5 states (*i.e.*, states where plaintiffs have no viable antitrust or consumer protection claims): New York, Rhode Island, New Jersey, Wyoming (prior to 2006) and New Hampshire (prior to 2008). Each of these state law claims should be dismissed.

The remedy of unjust enrichment is intended to deprive a defendant of a benefit that he has obtained at the expense of the plaintiff, but to which he is not entitled. Restatement (First) of Restitution § 1 (1937). Unjust enrichment is an equitable remedy; however, where a plaintiff is precluded from seeking damages under a claim at law, that plaintiff cannot seek those same damages through an equitable claim for restitutionary relief. Restatement (Third) of Restitution and Unjust Enrichment § 44 cmt. d (Tentative Draft No. 4, 2005) (disgorgement "is not available where the claim would conflict with limits imposed by other law on the defendant's liability or on the claimant's remedies for the wrong"); *INS v. Pangilinan*, 486 U.S. 875, 883 (1988) (stating that "it is well established that [c]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law" (internal quotations and citation omitted)).

For this reason, plaintiffs' freestanding unjust enrichment claims are barred as follows:

**New York and Rhode Island:** Plaintiffs cannot pursue individual state unjust enrichment claims under the laws of New York or Rhode Island because they have no standing to bring state consumer protection claims (*see supra* Section I) and they do not assert any state antitrust claims, presumably because they recognize that such claims would be barred.[2]

**New Jersey:** Plaintiffs cannot pursue a freestanding claim under the laws of New Jersey because New Jersey adheres to *Illinois Brick*'s prohibition on indirect purchaser standing, *Wilson v. General Motors Corp.*, 921 A.2d 414, 416 (N.J. 2007), and plaintiffs have not even attempted to state a consumer protection claim under New Jersey law. Other federal courts have previously rejected similar efforts to use common law unjust enrichment claims to make an end-run around federal or state *Illinois Brick* rules. *See* Defendants' Joint Motion to Dismiss the Consolidated Indirect Purchaser Complaint at 23 (Feb. 2, 2009) (citing *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1380 (S.D. Fla. 2001) ("State legislatures and courts that adopted the *Illinois Brick* rule against indirect purchaser antitrust suits did not intend to allow 'an end run around the policies allowing only direct purchasers to recover.'")).

**New Hampshire and Wyoming:** Plaintiffs cannot pursue a freestanding unjust enrichment claim under New Hampshire law prior to 2008 or under Wyoming law prior to 2006. Plaintiffs have not alleged consumer protection claims under the laws of New Hampshire and Wyoming and this Court held that plaintiffs' antitrust claims are barred in each of those states prior to the effective date of their respective antitrust statutes: 2008 for New Hampshire and 2006 for Wyoming. Nov. 5 Order at 12.

---

[2] Rhode Island adheres to *Illinois Brick*'s prohibition on indirect purchaser standing. *Siena v. Microsoft Corp.*, 796 A.2d 461, 465 (R.I. 2002). New York's Donnelly Act prohibits private persons from bringing class actions for treble damages. *Sperry v. Crompton Corp.*, 863 N.E.2d 1012 (N.Y. 2007).

### B. Plaintiffs Cannot Recover For Unjust Enrichment In States That Require The Plaintiff To Confer The Benefit Directly On The Defendant

Many states, including eight of the states on whose laws plaintiffs purport to rely, hold that an unjust enrichment claim is only available to compensate a plaintiff who has incurred the loss of a benefit he *directly* conferred on a defendant:

> **Kansas:** *In re Potash Antitrust Litig.*, No. 08 C 6910, 2009 U.S. Dist. LEXIS 102623, at *112-13 (N.D. Ill. Nov. 3, 2009) ("Here, Indirect Purchaser Plaintiffs allege that they purchased potash 'indirectly,' i.e. not from Defendants, but by purchasing potash containing fertilizer from third party 'retailers.' . . . These allegations of 'indirect' purchases, and Defendants subsequent alleged 'indirect' enrichment, however, will not support an unjust enrichment claim under Michigan, Florida or Kansas law." (citing *Spires v. Adams*, 289 Fed. Appx. 269, 273 (10th Cir. 2008));
>
> **Maine:** *Rivers v. Amato*, No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. June 22, 2001) (rejecting unjust enrichment claim where plaintiffs' theory was based on indirect conferral of a benefit, not direct conferral);
>
> **Michigan:** *A&M Supply Co. v. Microsoft Corp.,* No. 274164, 2008 Mich. App. LEXIS 433, at *6-7 (Mich. Ct. App. Feb. 28, 2008) (dismissing unjust enrichment claim because "there was no direct receipt of any benefit by defendant here from the persons seeking class certification . . . Plaintiff here can point to no similar direct contact between [defendant] and the indirect purchasers in the class they seek to have certified. Nor can they show that [defendant] received any direct payment or other benefit from those purchasers."); *In re Potash Antitrust Litig.*, 2009 U.S. Dist. LEXIS 102623, at *112-13 ("These allegations of 'indirect' purchases, and Defendants subsequent alleged 'indirect' enrichment, however, will not support an unjust enrichment claim under Michigan, Florida or Kansas law.");
>
> **New Jersey:** *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 506 (D.N.J. 2009) ("New Jersey law requires a direct relationship between the parties" to support an unjust enrichment claim; no unjust enrichment where plaintiff indirect purchaser conceded that he purchased product from Office Depot and not directly from defendant, and "therefore his benefit is not directly conferred upon [defendant]"); *Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853, 2008 U.S. Dist. LEXIS 75810, at *10 (D.N.J. Sept. 30, 2008) (rejecting unjust enrichment claim because "there was no relationship conferring any direct benefit on [defendant] through [plaintiff's] purchase, as the purchase was through a retailer");

**New York:** *Sperry*, 863 N.E.2d 1012 at 1018 (affirming dismissal of indirect purchaser plaintiff's claim for unjust enrichment because, although plaintiff need not be in privity with defendant to state an unjust enrichment claim, "the connection between the purchaser of tires and the producers of chemicals used in the rubber-making process is simply too attenuated to support such a claim"); *In re Bayou Hedge Funds Investment Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007) ("The benefit must be 'specific' and 'direct' in order to support an unjust enrichment claim.");

**North Carolina:** *Baker Constr. Co. v. City of Burlington*, NO. COA09-13, 2009 N.C. App. LEXIS 1647, at *17 (N.C. Ct. App. Oct. 20, 2009) ("[T]his Court has limited the scope of a claim of unjust enrichment such that the benefit conferred must be conferred directly from plaintiff to defendant, not through a third party." (citing *Effler v. Pyles*, 380 S.E.2d 149, 152 (N.C. Ct. App. 1989));

**Utah:** *Concrete Products Co. v. Salt Lake County*, 734 P.2d 910, 911 (Utah 1987) (unjust enrichment claim failed because there was no evidence of a "direct benefit" conferred on the defendant);

**Wyoming:** *Boyce v. Freeman*, 39 P.3d 1062, 1066 (Wyo. 2002) (rejecting unjust enrichment claim because, among other things, defendant "received no direct benefit" from the action).

Indirect purchasers, like the plaintiffs here, confer a benefit directly on others in the chain of distribution, but not on the defendants. Only direct purchasers supply a direct benefit to the defendants. ABA Section of Antitrust Law, *Indirect Purchaser Litigation Handbook* 55 (2007). Accordingly, plaintiffs cannot recover for unjust enrichment under the laws of Kansas, Maine, Michigan, New Jersey, New York, North Carolina, Utah, or Wyoming.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court dismiss, in their entirety, (1) plaintiffs' claims under the consumer protections laws of New York and Rhode Island; and (2) plaintiffs' unjust enrichment claims under the laws of Kansas, Maine, Michigan, New Jersey, New York, North Carolina, Rhode Island, Utah and Wyoming.  Defendants also respectfully request that the Court dismiss plaintiffs' unjust enrichment claim under New Hampshire law for all conduct that occurred prior to 2008.

Dated:  January 19, 2010

Respectfully submitted,

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC, and Purolator Products Company LLC*

/s/ Margaret M. Zwisler
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Laboratories, Inc.*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  212-474-1000
Fax:  212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4001
Telephone:  202-383-5300

Edward D. Hassi
Mark S. Germann
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Telephone:  212-326-2000

*Counsel for Honeywell International Inc.*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

*Counsel for Baldwin Filters Inc.*

DC\1272270

/s/ Stephen D. Libowsky
Stephen D. Libowsky (#6187081)
HOWREY LLP
321 North Clark Street – Suite 3400
Chicago, Illinois 60654-2402
Telephone 312-595-2252
Fax: 312-264-0372

John DeQ. Briggs
AXINN VELTROP HARKRIDER
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and Affinia Group, Inc.*

10

## CERTIFICATE OF SERVICE

I, Margaret M. Zwisler, hereby certify that on January 19, 2010, I caused the foregoing Memorandum of Law in Support of Defendants' Joint Motion to Dismiss The Second Amended Consolidated Indirect Purchaser Complaint to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

I further certify that I caused true and correct copies of the foregoing to be served via First Class United States Mail, postage pre-paid, upon the individuals listed below:

>Peggy J. Wedgworth
>Lovell Stewart Halebian LLP
>500 Fifth Avenue
>58th Floor
>New York, NY 10110

/s/ Margaret M. Zwisler
Margaret M. Zwisler
