**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | Master Docket No. 08-cv-4883 |
| | MDL Docket No. 1957 |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | Honorable Robert W. Gettleman |
| | Magistrate Judge Geraldine Soat Brown |

**JOINT STATUS & RULE 26(f) REPORT**

The parties submit this Joint Status and Rule 26(f) Report for all cases consolidated under the above-referenced Master Docket Number.

A.    **Pending Motions:** Four motions are pending before the Court.

a.    **Defendants' Motion to Dismiss the Indirect Purchaser Complaint:** On January 19, 2010, defendants filed a motion to dismiss (Dkt. #365) the indirect purchaser plaintiffs' second amended consolidated complaint (Dkt. #332).  By Order dated Dec. 23, 2009 (Dkt. #335), plaintiffs' response is due Feb. 2, 2010, defendants' reply is due February 16, 2010, and a status hearing is set for March 25, 2010 at 9:00 AM.

b.    **Baldwin's Motion for Reconsideration:**   On November 24, 2009, Baldwin Filters, Inc. ("Baldwin") filed a motion for reconsideration (Dkt. #310) of this Court's Nov. 5, 2009 Order (Dkt. #304) denying Baldwin's motion to dismiss (Dkt. #203) the complaints of the direct purchaser and indirect purchaser plaintiffs.  On January 8, 2010, the direct purchaser and indirect purchaser plaintiffs filed a joint response (Dkt. #362) to Baldwin's

motion.  Baldwin filed its reply on Jan. 22, 2010 (Dkt. #373).   By Order dated Dec. 23, 2009 (Dkt. #335), a status hearing is set for March 25, 2010 at 9:00 AM.

c.  **Wix, Affinia & Baldwin Motion for Interlocutory Appeal or Reconsideration:**  On Dec. 14, 2009, Wix Filtration Corp LLC ("Wix"), Affinia Group Inc. ("Affinia") and Baldwin filed a motion seeking interlocutory appeal (Dkt. #321) of this Court's Nov. 5, 2009 Order denying defendants' motions to dismiss.   In the alternative, Wix and Affinia seek reconsideration of the Court's Nov. 5 Order.  By Order dated Dec. 23, 2009 (Dkt. #334), the Court deemed Wix's and Affinia's motion as one for reconsideration and consolidated it with Baldwin's motion (Dkt. #310).   On January 8, 2010, the direct purchaser and indirect purchaser plaintiffs filed a joint response (Dkt. #362) on the issue of reconsideration. Wix and Affinia filed their replies on Jan. 22, 2010 (Dkt. #374).  By Order dated Dec. 23, 2009 (Dkt. #335), a status hearing is set for March 25, 2010 at 9:00 AM.

d.  **Direct Purchaser Plaintiffs' Motion for Leave to Amend:**  On May 5, 2009, direct purchaser plaintiffs filed a motion seeking leave to amend their complaint *nunc pro tunc* (Dkt. #273).  The purpose of the proposed amendment is to incorporate additional allegations concerning the successor liability of Affinia.  On May 21, 2009, Wix and Affinia filed a response (Dkt. #282) to the direct purchaser plaintiffs' motion, but did not oppose it.  *See* Dkt. #282 at 5 (stating that there is "no need to oppose"

2

plaintiffs' motion).  Direct purchaser plaintiffs filed a reply (Dkt. #291) on May 28, 2009.

**B.    Discovery Status:**  The parties have met and conferred in accordance with Federal Rule of Civil Procedure 26(f) and have been able to reach consensus on a majority of issues.  On January 11, 2010, the parties filed a Joint Discovery Plan (Dkt. #363) that included a proposed discovery schedule and explained the few areas of disagreement between the parties.  On January 13, 2010, the parties appeared before Magistrate Judge Brown to discuss their Joint Discovery Plan.  Judge Brown addressed various issues during the conference that are now reflected in Case Management Order No. 2 (Dkt. #369), entered on January 21, 2010.  The order covers, among other things: (1) the parties' joint stipulation concerning electronically stored information; (2) response dates for the discovery requests that already have been served by plaintiffs and by defendants (February 10, 2010 for plaintiffs; February 16, 2010 for defendants);[1] (3) the scope of document discovery (which will include merits and class issues); (4) the time frame for completion of the rolling document production (150 days); (5) limits on Fed. R. Civ. P. 30(b)(6) depositions relating to class certification; (6) the timing of a meet and confer to discuss the scheduling of merits depositions; and (7) lifting of the stay on third party depositions (not including William G. Burch and former employees of defendants).[2]

---

[1] On December 10, 2009, direct purchaser plaintiffs, indirect purchaser plaintiffs and the State of Florida plaintiff served a set of joint document requests on defendants.  Also on December 10, direct purchaser plaintiffs served a set of interrogatories on defendants.  On January 11, 2010, defendants served two sets of document requests, the first set directed to all plaintiffs and the second set directed only to the State of Florida plaintiff.  Also on January 11, defendants served a subpoena *duces tecum* on William G. Burch.

[2] As contemplated by the Court's Order of December 18, 2008 (Doc. No. 174), document discovery from third parties has been ongoing.

Judge Brown informed the parties during the January 13, 2010 hearing that she did not intend to set the schedule for class certification briefing, and that the Court would determine that schedule at the hearing on January 26, 2010. Certain of the parties have not been able to reach an agreement on that schedule. The parties' respective positions are set forth below.

C.  **Class Certification Schedule – Direct Purchasers:**  The direct purchaser plaintiffs and defendants agree to the class certification briefing schedule set forth below. The parties further agree that the direct purchaser plaintiffs and defendants shall make experts on class certification available for depositions according to the schedule set forth in this Paragraph.

1.  The direct purchaser plaintiffs shall file their motion for class certification, expert report(s), if any, related to class certification issues, and Rule 26(a)(2) disclosures no later than 180 days after defendants have completed their production of documents. The direct purchaser plaintiffs' class certification expert witness(es) shall be available for deposition(s) as of the date on which the direct purchaser plaintiffs file their motion.

2.  Defendants shall file their memorandum in opposition to the direct purchaser plaintiffs' motion for class certification, expert report(s), if any, related to class certification issues, and Rule 26(a)(2) disclosures 90 days after the direct purchaser plaintiffs file their motion. Defendants' class certification expert witness(es) shall be available for deposition(s) as of the date on which defendants file their opposition brief.

3.  The direct purchaser plaintiffs shall file their reply in support of their motion for class certification and reply expert report(s) 60 days after defendants file their memorandum in opposition to the direct purchaser

plaintiffs' motion.  The scope of any reply expert report(s) shall be limited to responding to opinions expressed in defendants' expert report(s).

4.      If the direct purchaser plaintiffs submit any reply expert report(s), defendants may depose plaintiffs' expert(s) regarding any new opinions expressed in the reply report(s) within 30 days of the date on which the direct purchaser plaintiffs filed their reply brief.

5.      Summary of Direct Purchaser Class Certification Deadlines:

- Plaintiffs' motion & expert report(s): 180 days after completion of document production

- Defendants' response & expert report(s): 90 days after filing of plaintiffs' motion

- Plaintiffs' reply & expert report(s): 60 days after filing of defendants' response

- Expert depositions occur concurrently with briefing

**D.      Class Certification – Indirect Purchasers:**  The indirect purchaser plaintiffs and defendants do not agree on a class certification briefing schedule, and their competing proposals are presented below.

**Indirect Purchaser Plaintiffs' Position:**     The indirect purchaser plaintiffs propose a staggered schedule under which they will meet and confer with the defendants to decide a schedule for the indirect class certification motion after the Court issues a decision on the direct purchaser motion for class certification.  This proposal comports with the prevailing practice in federal courts. *See, e.g., In re Aspartame Antitrust Litigation*, Consolidation and Coordination Order for the Aspartame Indirect Purchaser Cases, Master Docket No. 06-1862-LDD (E.D. Pa. Nov. 21, 2006) (noting the differences in law and class certification issues regarding damages, and ordering separate discovery schedules for indirect and direct plaintiffs);

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, Order Re: Discovery Plan, MDL No. 1486 (N.D. Cal. Feb. 27, 2006) (ordering that indirect plaintiffs file class certification briefs six months after direct plaintiffs).[3]

Indeed, courts that have ordered direct and indirect plaintiffs to proceed on the same schedule have later amended the schedule to give the indirect plaintiffs more time to file their motion for class certification. *Compare In re Static Random Access Memory (SRAM) Antitrust Litig.*, Order, No. 07-1819 (N.D. Cal. June 7, 2007) (ordering a single class certification schedule for both the direct and indirect purchaser plaintiffs), *with* Stipulation & Order Extending Time to File Class Certification and Case Management Order (N.D. Cal. Mar. 10, 2008) (providing a separate, delayed schedule for indirect plaintiffs' class certification briefs).

As other courts have recognized, a staggered class certification schedule is both necessary and efficient. Before the enactment of the Class Action Fairness Act of 2005 ("CAFA"), indirect purchaser claims were litigated almost exclusively in their respective state courts. Now, for all practical purposes, state-law indirect purchaser claims are litigated in federal court, often in conjunction with direct purchaser claims brought under federal law.[4] This

---

[3] *See also In re Chocolate Confectionary Antitrust Litig.*, Case Management Order No. 11 Re: Class Certification And Merits Discovery, Case No. 1:08-mdl-01935-CCC (M.D. Pa. Sept. 30, 2009) (ordering that the indirect plaintiffs file their motion for class certification ninety (90) days after the court issues a summary judgment order in the direct plaintiffs' action); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Special Master's Report and Recommendation No. 2, Case No. M 07-1827 (N.D. Cal. Nov. 19, 2008) (recommending schedule in which indirect plaintiffs file class certification briefs nine weeks after direct plaintiffs); *In re Hydrogen Peroxide Antitrust Litig.*, Order, MDL Docket No. 1682 (E.D. Pa. Oct. 20, 2006) (ordering separate discovery schedules for indirect and direct plaintiffs); *In re Methyl-Methacrylate (MMA) Antitrust Litig.*, Second Direct Purchaser Action Case Management Order (Feb. 14, 2007) and Second Indirect Purchaser Case Management Order (Apr. 30, 2007), Case No. 06-md-1768 (E.D. Pa. 2007) (ordering that indirect plaintiffs file class certification briefs eight weeks after direct plaintiffs).

[4] Under the Supreme Court's decision in *Illinois Brick v. Illinois*, 431 U.S. 720 (1977), indirect purchasers may not sue for damages under the federal antitrust laws. In response to

permits parties to coordinate all related litigation in a single forum. Because the direct and indirect class actions are predicated on the same liability allegations, discovery on this issue (whether the defendants price-fixed) overlaps substantially. Coordination of this common discovery creates efficiencies for both the parties and the court.

The indirect purchaser plaintiffs must, however, prove an additional element to establish injury and damages: here, that additional element is the overcharge pass through from prior purchasers of Filters to the ultimate consumer. (Indirect Purchaser Plaintiffs allege that, as the ultimate consumers of Filters, they bear the brunt of the alleged illegal overcharge.[5]) This "pass through" or "downstream" discovery requires substantial, additional discovery from third parties in the chain of distribution (such as Wal-Mart or Jiffy Lube) as well as extensive expert analysis. If past is prologue, this pass-through issue will be the main focus of the indirect purchaser plaintiffs' motion for class certification.

The process of gathering and analyzing third party data is extremely time-consuming. The third parties whose data is subpoenaed are often reluctant to disclose their

---

*Illinois Brick*, a number of states enacted legislation that allows indirect purchasers to sue for damages under state antitrust and consumer protection laws for price fixing violations. The indirect purchaser plaintiffs in this case have brought claims under the antitrust and/or consumer protection laws of twenty-five states.

[5] *See* 2 Areeda, Hovenkamp & Blair, *Antitrust Law* ¶ 346, at 378 (2d ed. 2000) ("consumers buying from an intermediary . . . are injured, *often more than the intermediary,* who may also be injured but for whom the entire overcharge is a windfall" due to pass-ons of the overcharge) (emphasis added). *See also* Benston, *Indirect Purchasers' Standing to Claim Damages in Price Fixing Antitrust Actions: A Benefit/Cost Analysis of Proposals to Change the Illinois Brick Rule,* 55 Antitrust L. J. 213, 217 (1986) ("It is true that, in the long run, the final consumers are victims of the price fixers."); Robert G. Harris & Lawrence A. Sullivan, *Passing on the Monopoly Overcharge: A Comprehensive Policy Analysis,* 128 U. Pa. L. Rev. 269, 292 (1979) ("[g]iven what is known about the nature of cost functions in most industries, we can state categorically that, as a general rule, all monopoly overcharges to direct purchasers who simply resell the manufactured product will in the long run be passed on to the indirect purchasers who consume the product").

purchasing and pricing policies without substantial safeguards. The result of this reluctance is that it often takes many months to negotiate these productions.

In light of the foregoing, the indirect purchaser plaintiffs propose a staggered schedule that both provides the time needed for the additional work the indirect purchaser plaintiffs must undertake and efficiently manages the significant mileposts in this case. Under the currently-proposed schedule, all plaintiffs have or will jointly request and review common evidence documents. Then, after reviewing the documents relevant to class certification issues, the direct purchasers will file their class certification motion. During that briefing and the pendency of that motion, all plaintiffs will continue to review defendants' documents. At the same time, indirect purchaser plaintiffs will use those documents to precisely identify the chain of distribution and begin the work of obtaining third party documents. Only after the direct purchaser plaintiffs' class certification motion is decided will indirect purchaser plaintiffs know the scope of the direct class (if any), and the contours of the downstream market.

Defendants' proposal that the direct and indirect purchaser cases should proceed on the same schedule is unworkable because it fails to account for the additional time and analysis required by the indirect plaintiffs to prove their case. It is logical to tie the direct purchaser class certification motion to the date that defendants complete their production of documents, because this is all the transactional evidence the direct plaintiffs will need for their class certification motion. By contrast, the indirect plaintiffs must also gather additional evidence from third parties, and perform an additional layer of analysis not required of the direct purchasers' expert.

In addition, the defendants here have expressed an interest in phasing discovery so that significant mileposts are first reached before the next phase of the case goes forward. For

example, defendants have proposed, on the basis of efficiency and conservation of resources, that written discovery and depositions not go forward until the direct purchaser plaintiffs' class certification motion has been completed.  Defendants seek that phased discovery on their stated belief that they will defeat the direct purchasers' class certification motion.  Such a result will likely moot the indirect purchaser class certification motion.  Thus, the indirect purchaser plaintiffs' proposal for staggered class certification deadlines has the additional advantage of conserving judicial and party resources.

**Defendants' Position:**   Defendants' position is that briefing on the indirect purchaser plaintiffs' motion for class certification should occur simultaneously with briefing on the direct purchaser plaintiffs' motion.  The indirect purchaser plaintiffs argue that they need more time because they must prove an additional element to satisfy Rule 23 that the direct purchaser plaintiffs do not have to prove.  The indirect purchaser plaintiffs are correct that they have an additional hurdle to overcome, but it does not justify the schedule that they propose.

First, the Court will need to consider many of the same issues in ruling on each group's motion.  To satisfy the requirements of Rule 23, the direct purchaser plaintiffs must establish that they can prove that they were impacted by the alleged conspiracy on a class-wide basis through common proof.  The indirect purchaser plaintiffs also must make that showing. The indirect purchaser plaintiffs have the additional burden of establishing that there is a common, formulaic method of proving that they were impacted by the pass through, but they do not get to the second step without first establishing that impact on direct purchasers is susceptible to common proof.    Thus, the threshold issue that the Court must consider when it rules on each group's motion is the same.

To determine whether that showing has been met, the Court will need to consider, among other things, the thousands of different types of filter products that defendants sell, the various channels into which filters are sold, the market conditions in each channel for each type of filter, and the individualized nature of pricing negotiations between defendants and their customers. It would be inefficient for the Court to consider these same issues twice in the same case. Briefing on class certification in this case will be incredibly complicated and time consuming, and should only occur once.

Second, the indirect purchaser plaintiffs are not requesting extra time for class-related discovery or longer periods of time for briefing itself. Either request might be consistent with the indirect purchaser plaintiffs' assertion that their motion is more complicated and burdensome than the direct purchaser plaintiffs'. They merely ask that the Court permit them to wait until after the Court rules on the direct purchaser plaintiffs' motion before even setting a due date for theirs. As a practical matter, the indirect purchaser plaintiffs' proposal would mean that defendants and the direct purchaser plaintiffs would engage in six months of briefing, followed by a hearing and rulings from the Court that likely will take several additional months, and some point thereafter, there would be a second six month briefing period, followed by a separate hearing and a ruling from the Court. There is simply no reason to draw this case out, at a minimum, an additional six months.

The indirect purchaser plaintiffs' assertion that staggered class certification briefing schedules for direct purchaser plaintiffs and indirect purchaser plaintiffs is the norm in multidistrict antitrust cases is not correct. To the contrary, courts in these cases typically schedule briefing concurrently, and rule on both direct and indirect purchaser motions for class certification simultaneously. *See, e.g.*, *In re Graphics Processing Units (GPU) Antitrust Litig.*,

No. 07-1826, Dkt. #247 (N.D. Cal. Nov. 7, 2007) (setting a consolidated briefing schedule for class certification); *In re Graphics Processing Units (GPU) Antitrust Litig.*, 253 F.R.D. 478 (N.D. Cal. 2008) (ruling on direct and indirect purchaser motions simultaneously); *In re Oriented Strand Board (OSB) Antitrust Litig.*, No. 06-826, Dkt. #78 (E.D. Pa. May 25, 2006) (rejecting proposed bifurcated briefing schedule); *In re Oriented Strand Board (OSB) Antitrust Litig.*, No. 06-826, 2007 WL 2253418 (E.D. Pa. Aug. 3, 2007) and 2007 WL 2253425 (ruling on the direct purchaser plaintiffs' motion and the indirect purchaser plaintiffs' motion on the same day); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-897, 1994 U.S. Dist. LEXIS 16658, at *16 n.3 (N.D. Ill. Nov. 15, 1994) (deciding direct and indirect purchaser class certification simultaneously).

Moreover, none of the cases that the indirect purchaser plaintiffs cite are informative because, in each case, the parties agreed to separate briefing schedules. That is not the case here. The indirect purchaser plaintiffs' assertion that courts that order consolidated class certification briefing often amend their orders to allow for bifurcated briefing is also not accurate. The only case that the indirect purchaser plaintiffs cite for this proposition, *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-1819 (N.D. Cal.), is inapposite. In that case, the district court modified its initial consolidated class certification briefing schedule because it granted the defendants' motion to dismiss the day before the indirect purchasers' class certification motion was due, and the indirect purchasers needed additional time to file a new complaint. *Id.*, Dkt. #380 (N.D. Cal. March 10, 2008). The court did not alter its briefing schedule because of any inherent difficulty in ruling on the indirect purchasers' motion for class certification simultaneously with the direct purchasers' motion.

The indirect purchaser plaintiffs' desire to sit on the sidelines until after the Court rules on the direct purchaser plaintiffs' motion is nothing more than a transparent attempt to "piggy-back" on the direct purchaser plaintiffs' class certification briefing and to benefit from the Court's analysis of the issues.  The Court should see this for what it is, and reject the indirect purchaser plaintiffs' proposed schedule.

**E.     Class Certification – Other Plaintiffs:**  The State of Florida plaintiff takes no position on this issue.

**F.     The Peerali Plaintiffs:**  The parties respectfully request guidance as to the status of the Peerali plaintiffs.  In discussions with counsel for the Peerali plaintiffs relating to the filing of this Report, the Peerali plaintiffs expressed the belief that they "do not think that [their] class claims are precluded at this point."  It is the belief of the direct purchaser and indirect purchaser plaintiffs that the Peerali plaintiffs may not assert any class claims on behalf of direct or indirect purchasers of Filters.

**G.     ECF Service:**  The Court's October 22, 2008 Case Management Order No. 1 (Dkt. #130) contemplates that attorneys seeking to appear in this case will, among other things, comply with "the court's registration procedures with respect to electronic filing."  Nonetheless, the Court's service list in this case includes a number of attorneys who must be served with paper copies by U.S. Mail.  The parties respectfully request that the Court issue an Order clarifying that documents filed in accordance with the Court's electronic filing procedures will satisfy the filing party's service obligations and that service of paper copies is not required.

Dated: January 25, 2010

Respectfully submitted,

/s/ Margaret M. Zwisler
Margaret M. Zwisler
E. Marcellus Williamson
Marguerite M. Sullivan
Jennifer L. Giordano
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Labs., Inc.*

/s/ John D. Briggs
John D. Briggs
AXINN VELTROP HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and*
*Affinia Group Inc.*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4001
Telephone:  202-383-5300

 /s/  Edward Hassi
Edward Hassi
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Telephone:  212-326-2000

*Counsel for Honeywell International Inc.*

/s/  Bernard Persky
Gregory Asciolla
Benjamin D. Bianco
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/  Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Rd.
Suite 130
Bannockburn, IL 60015
Telephone:  224-632-4500
Fax:  224-632-4521

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

 /s/  Roberta D. Liebenberg
Donald L. Perelman
Adam Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone:  215-567-6565
Fax:  215-568-5872

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  212-474-1000
Fax:  212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/  Marc M. Seltzer
Marc M. Seltzer
Vineet Bhatia
Stuart V. Kusin
SUSMAN GODFREY LLP
Suite 950
1901 Avenue of the Stars
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3100
Fax:  (310) 789-3150

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Renae D. Steiner
Renae D. Steiner
Vincent J. Esades
Katherine Kelly
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN  55403
(612) 338-4605
(612) 338-4692 (facsimile)

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

*Counsel for Baldwin Filters Inc.*

/s/ Richard M. Hagstrom
Richard M. Hagstrom
James S. Reece
Michael E. Jacobs
Aaron M. McParlan
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
(612) 339-2020
(612) 336-9100 (facsimile)

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200

/s/ Mario N. Alioto
Mario N. Alioto
Lauren C. Russell
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123

Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator
Products NA, LLC, and Purolator Products
Company, LLC*

Telephone :  (415) 563-7200

*Co-Lead Counsel for Indirect Purchaser
Plaintiffs*

*/s/ Christopher Lovell*
Christopher Lovell
Gary Jacobson
Peggy Wedgworth
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY  10110
(212) 608-1900
clovell@lshllp.com

*Co-Lead Counsel for Indirect Purchaser
Plaintiffs*

/s/  Christopher R. Hunt
CHRISTOPHER R. HUNT
Assistant Attorney General
PATRICIA A. CONNERS
Associate Deputy Attorney General
R. SCOTT PALMER
Special Counsel for Antitrust
LIZABETH A. LEEDS
Chief, Multistate Antitrust Enforcement
Office of the Attorney General, Antitrust Division
PL-01, The Capitol Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-9134

*Counsel for the State of Florida, Office of the
Attorney General*

/s/ Martin R. Fox_____
Martin R. Fox
BLEAU FOX, A P.L.C.
3575 Cahuenga Blvd., Suite 580
Los Angeles, CA 90068
Tel: 323-874-8613
Fax: 323-874-1234

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, Suite 3160

San Francisco, CA 94104
Tel: 415-434-8900
Fax: 415-434-9200

*Counsel for Loodvik Peerali and Oyster*
*Incorporated*

## CERTIFICATE OF SERVICE

I, Marguerite M. Sullivan, hereby certify that on January 25, 2010, I caused the foregoing Joint Status Report to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.  I hereby certify that on January 25, 2010 I caused the Joint Status Report to be mailed to the following non-CM/ECF participant via First-Class Mail:

> Peggy J. Wedgworth
> Lovell Stewart Halebian LLP
> 500 Fifth Avenue
> 58th Floor
> New York, NY 10110

                                    __/s/ Marguerite M. Sullivan_____
                                         Marguerite M. Sullivan