## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** <br> _____ <br> **THIS DOCUMENT RELATES TO:** <br><br> **PEERALI/OYSTER ACTION** | Master Docket No. 08-cv-4883 <br><br> MDL Docket No. 1957 <br><br> Honorable Robert W. Gettleman <br> Magistrate Judge Geraldine Soat Brown <br><br> Docket No. 1:09- cv- 2330 |

### PEERALI PLAINTIFFS' STATUS REPORT

NOW COME the PEERALI Plaintiffs and respond to the Joint Status & Rule 26(f) report filed by the Parties (Document 375). On page 12, paragraph F (Document 375, page 12 of 17), the Status Report states as follows:

> "F. **The Peerali Plaintiffs:** The parties respectfully request guidance as to the status of the Peerali plaintiffs. In discussions with counsel for the Peerali plaintiffs relating to the filing of this Report, the Peerali plaintiffs expressed the belief that they 'do not think that [their] class claims are precluded at this point.' It is the belief of the direct purchaser and indirect purchaser plaintiffs that the Peerali plaintiffs many not assert any class claims on behalf of direct or indirect purchasers of Filters."

In response to of the invitation of the Direct and Indirect Purchaser Counsel, the Peerali plaintiffs show the Court that the language submitted to the drafters of the Joint Status report was to have been that the "Peerali plaintiffs do not think that their class claims are represented by the current direct or indirect classes or are precluded at this point." The reasons for this response are two-fold: (1) as a factual matter the direct and indirect purchaser classes do not represent the Peerali plaintiffs' class claims because the Peerali plaintiffs represent a separate and distinct

level of the distribution chain of automotive aftermarket filters (hereinafter "filters"), namely the gasoline retailers who typically purchase filters from their suppliers, the direct purchasers (wholesaler/distributors), and then install and sell the filters to their customers, the indirect purchaser consumers; and (2) as a legal and ethical matter, there is a conflict of interest existing between the representation of the Peerali gas retailer class plaintiffs by either the Direct or Indirect Purchaser Interim Co-Lead Counsel.

As the Court is aware, MDL 1957 was created by the JPML in August, 2008. The MDL litigation was consolidated before this Court who created the case structure for the Direct and Indirect Purchaser Class claims in September and October, 2008 by virtue of the Court's orders appointing Interim Co-Lead Counsel for the Direct and Indirect Purchaser Classes (Document Nos. 30 and 104). The Court also entered Case Management Order No. 1 on October 22, 2008. (Document No. 130).

The Direct Purchaser Class Consolidated Amended Complaint (Document No. 150 filed 11/26/08) and the Second Amended Consolidated Indirect Purchaser Complaint (Document No. 332 filed 12/22/09) do not allege as class members the class of plaintiffs represented by the Peerali plaintiffs, namely gas retailers. The direct purchasers allege they represent parties who are direct purchasers of filters from the Defendants, and the indirect purchasers allege they represent parties who indirectly purchased filters as consumers.

The Peerali plaintiffs' case was filed on January 12, 2009 as a class action in the Superior Court of the State of California, Los Angeles, Central District. (Document No. 1, Docket Sheet Case No. 1:09-cv-02330). The Peerali case was removed and ultimately transferred to be consolidated in MDL 1957 on April 20, 2009 (Document No. 23, Docket Sheet, Case No. 1-:09-cv-02330). Given that the Peerali plaintiffs' case was not filed until after CMO No. 1 was entered by this Court, this Court could not have been aware of the class claims being alleged by the Peerali plaintiffs in behalf of the proposed gas retailer class. For these reasons, the Peerali

plaintiffs show the Court that they represent a separate and distinct class of plaintiffs that are not able to be adequately represented by either the Interim Direct or Indirect Co-Lead Purchaser counsel currently appointed by the Court. As a result, additional Lead Counsel needs to be appointed by the Court for the gas retailer class which may ultimately be one of the most well defined and, perhaps largest classes in this case.

### The Deposition Testimony of William G. Burch Must Be Preserved and Taken Immediately.

On page 3 of the Joint Status Report, in footnote 1 (Document 375 at page 3 of 17) it is noted the defendants served a subpoena *duces tecum* on William G. Burch, the whistleblower who possesses personal knowledge about the alleged Filters conspiracy. Upon information and belief, this subpoena is returnable February 10, 2010. This witness is likely to be able to provide direct testimony about how the filters conspiracy was conceived; the manner in which it was discussed between executives of the various defendants either as a result of meetings or in the exchange of documents or price information before or after those meetings; when these meetings or information exchanges took place; who the participants were both directly and indirectly; how and by whom the price fixing conspiracy was implemented, policed and hidden so others could not discover the unlawful conspiracy. Due to the significance of this testimony it must be preserved and the Peerali plaintiffs suggest that Mr. Burch's deposition be taken within one (1) week after the documents called for in the subpoena are produced on February 10, 2010. The importance of this deposition compels it to be completed immediately and not held hostage by protracted class certification briefing or discovery plans that have not been as yet formulated and agreed upon by the parties.

In addition, the Defendants' Supplemental Status Report Regarding Closing a Grand Jury Proceedings (Document 376) provides another reason why the Burch deposition should be promptly taken. Since the Department of Justice closed its investigation, Mr. Burch may be able

3

to shed additional light on the information and documents he or other Defendants provided to the government as part of its investigation. Inasmuch as the Defendants have assembled and supposedly provided all relevant documents to the government for its investigation, document production can begin immediately following the completion of the Burch deposition without unnecessary delay or protected document production schedules.

The Peerali plaintiffs should respectfully request the Court to consider their Status Report and to grant leave to the Peerali plaintiffs to proceed as follows:

1. The Peerali plaintiffs be granted leave to file a motion to amend their complaint in order to more clearly define their proposed class claims and to file their application for the appointment additional Interim Co-Lead Counsel for the gas retailer class.

2. That the Court order the deposition of William G. Burch be taken within one week after February 10, 2010 in order to preserve the testimony of this critical witness.

Respectfully submitted,

By:_____/s/ *Gary D. McCallister*_____
  Gary D. McCallister.
  *One of the Attorneys for Peerali Plaintiffs*

Gary D. McCallister & Associates, LLC
120 North LaSalle Street, Suite 2800
Chicago, Illinois 60602
(312) 345-0611
(312) 345-0612 (Fax)