UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Master Docket No. 1:08-cv-04883<br>MDL No. 1957<br>Honorable Robert W. Gettleman |

**FIRST AMENDED STIPULATED PROTECTIVE ORDER**

In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following First Amended Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and the Court's Revised Standing Order, which binds all counsel of record in this action:

**I. Types of Discovery Materials Which May Be Designated Confidential or Highly Confidential**

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, initial disclosures produced pursuant to Fed. R. Civ. P. 26(a) and any other material or information produced in response to discovery requests in this litigation, including any such material initially produced in another litigation or produced to the State of Florida pursuant to Civil Investigative Demand under Chapter 542, Florida Statutes (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" in accordance with this First Amended Stipulated Protective Order.

2. "Confidential Information" shall include any Discovery Material that is not in the public domain which in the designating party's good faith judgment concerns or relates to: (1) personal information, the disclosure of which could violate individual privacy rights; or (2) information that contains a trade secret or is likely to rise to the level of a trade secret, which may or may not include: contracts or contract terms; pricing information; vendor, customer or distributor information; financial information, confidential research, development, or other competitive commercial information the disclosure of which could adversely affect the competitive advantages or position of a party.

3. "Highly Confidential Information" shall include any Confidential Information such as: current pricing information; customer and distributor information; contracts or contract terms; financial information; process or technological information; information regarding business processes, modes, techniques, forecasts, plans, or strategies; which is so competitively sensitive that it is entitled to extraordinary protections; and all information and documents produced to the State of Florida pursuant to Civil Investigative Demand under Chapter 542, Florida Statutes.

4. Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

II. **Designation of Discovery Material as Confidential or Highly Confidential**

5. Any Discovery Material produced in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or

non-party by (i) providing copies of the Discovery Material so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Discovery Material stamped or designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order; or (ii) furnishing a separate written notice to the counsel for the party receiving such Discovery Material at the time of their production or as soon thereafter as practicable specifically identifying the documents or materials as "Confidential," or "Highly Confidential," so long as the Producing Party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 5(i) within five (5) business days or as many days as the parties shall agree. However, any Discovery Material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

6. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform

the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

7. Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter re-designate such information as Confidential or Highly Confidential as appropriate. In the event a party or non-party re-designates information as Confidential or Highly Confidential, all parties will make their best efforts to retrieve any such information that party disclosed to persons other than those identified as appropriate recipients of that information in Paragraphs 13 and 14.

8. Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection in this action or in any other federal or state proceeding, and similarly will not be deemed a waiver as to persons or entities that are not parties to this Agreement. A party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production, within ten (10) business days of discovery of the inadvertent production. If a party or non-party requests the return pursuant to this Paragraph of such Inadvertently Produced Privileged Document then in

the custody of one or more parties, the possessing parties shall within ten (10) business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information derived solely from the Inadvertently Produced Privileged Document.  The receiving party may, within thirty (30) days of the request for return, challenge the assertion that the Inadvertently Produced Privileged Document is privileged.  If the receiving party challenges a claim that material has been inadvertently produced, the receiving party may, in connection with any good faith challenge, make reference to the contents of the Inadvertently Produced Privileged Document in a document filed with the Court only if such document is filed in connection to a motion challenging or opposing the assertion of privilege, provided the motion is made under seal in accordance with this Order.  The receiving party, however, may not assert as a ground for challenging the assertion of privilege the facts or circumstances of the inadvertent production.  If requested by the receiving party, the producing party shall provide the purportedly privileged material to the Court for an in-camera review.  If the Court sustains the producing party's privilege claim, the receiving party shall, within five (5) business days of the Court's Order, destroy any notes relating to the material and advise the producing party in writing of the destruction.  Nothing in this Order shall preclude a party from arguing that the production of the alleged Inadvertently Produced Privileged Document was not inadvertent or that conduct or circumstances constitute a waiver. Proposed Rule 502 of the Federal Rules of Evidence shall apply to this Agreement as of the date it became effective.

9.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

10.    Deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential for a period of thirty (30) days or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information. Such Highly Confidential or Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

## III.    Permissible Uses of Discovery Material

11.    All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of this litigation, i.e., MDL No. 1957 and constituent cases, and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this action.  Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

12.    Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such

documents, material or information are also obtained through discovery proceedings in this action.

13. Unless otherwise ordered by the Court, Confidential Information may be disclosed only to the following persons:

(a) The Court and any Special Masters or Mediators engaged for this action;

(b) Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c) Consultants, experts or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that any retained consultant or expert is not, at the time Discovery Material is to be disclosed, a defendant in this action or an employee of a defendant in these actions (nor known to the engaging party to have accepted an offer to become an employee of a defendant in these actions).

(d) Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other person involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

7

(e) Any other person as to whom the party or non-party producing the Discovery Material has consented to disclosure in advance and in writing, on notice to each party hereto;

(f) During their depositions, witnesses in the action to whom the disclosure is reasonably necessary, consistent with the provisions of paragraphs 16 and 17 below;

(g) In-house counsel, legal assistants, and other legal staff for each of the parties. Parties which do not employ in-house counsel may each designate, and identify to the other parties, one officer, director or employee in the place of in-house counsel pursuant to this provision. No party shall disclose confidential information to a designated non-legal staff person pursuant to this paragraph until: (1) the proposed recipient has executed a confidentiality agreement in accordance with the procedures set forth in Paragraph 16, and (2) notice of the designation and intended disclosure has been provided to all parties without objection for at least five (5) business days. The Court will entertain any objection to the disclosure of confidential information pursuant to this paragraph that is made within five (5) business days of receipt of notice of the intended disclosure.

14. Unless otherwise ordered by the Court, Highly Confidential Information may be disclosed only to: (i) any persons falling within categories (a) through (e) in paragraph 13 above; and (ii) any person referenced in paragraph 17 below; and (iii) a designated in-house attorney with responsibility for overseeing this litigation, if such attorney does not participate directly in the oversight of the business units at issue in this litigation.

15. Notwithstanding the provisions in paragraphs 13 and 14 above, Confidential and Highly Confidential Information may be disclosed to any employee of the party or non-party producing such information.

16. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition provided that, prior to any examination of a witness with respect to such Confidential Information, the witness and court reporters are furnished with a copy of this Order, and are shown a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Court Order of [date entered] in *In re: Aftermarket Filters Antitrust Litigation*, MDL No. 1957. I have been given a copy of and have read this Order and agree to be bound by its terms."

Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their execution of the confidentiality agreement. Witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order. If a witness refuses to execute a copy of the confidentiality agreement, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the confidentiality agreement, and shall be sufficient to allow for examination of the witness as to Confidential Information. A copy of this Order (including a copy of the confidentiality agreement) shall be included with each subpoena

served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena.

17. In addition to persons identified in paragraphs 13 through 15, counsel for a party may disclose (i) Highly Confidential Information to any witness at a deposition or (ii) Confidential or Highly Confidential Information to a witness or potential witness outside a deposition, provided counsel has obtained consent of counsel for the producing party or non-party. Such consent shall not be unreasonably withheld. If consent is withheld and the party taking the deposition nonetheless intends to use the Confidential or Highly Confidential Information, the Court shall be asked to resolve the dispute. However, counsel need not obtain consent if (i) the person is an author, addressee, or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a current or former employee of the producing party or non-party and has or had lawful access to the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed; or (iv) the person is referred to in the material, or whose conduct is purported to be specifically identified in the document, but only as to the specific material in which such person is referenced, discussed, or mentioned.

18. Persons described in paragraph 13(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 13(c) (and associated personnel) or 13(e) or any person described in the first sentence of paragraph 17 must first: (i) advise the recipient that the

information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) attempt to obtain the recipient's execution of a confidentiality agreement in accordance with the procedures set forth in Paragraph 16.

19. Nothing in this Order shall prevent any counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

IV. **Challenges to Confidential or Highly Confidential Designations**

20. If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the disputing party may move the Court for a re-designation of the Discovery Material. Until the Court rules on the motion, the material shall be treated consistent with its existing designation. The producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) or those term(s) set forth above. Discovery Material shall not be entitled to a Confidential or Highly Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its

designation. Nothing in this Order precludes any party from challenging a confidentiality designation on any other ground.

21. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that new and unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source. In any instance where a producing party seeks a higher level of protection for Discovery Material after its initial production, the higher protection level shall apply to the materials beginning as of the time of their re-designation. Persons who obtained access to such materials prior to their re-designation shall, from the time of notice to them of the materials' re-designation, restrict their review or use of those materials in accordance with the higher protection level.

**V.** **Deposition Transcripts**

22. Any deposition testimony concerning a Confidential or Highly Confidential document produced by a party or a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition

transcript or videotape. The deponent may review the transcript in order to make changes as permitted by Fed. R. Civ. P. 30(e)(1).

**VI.** **Efforts by Non-Parties to Obtain Confidential or Highly Confidential Information**

23. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information such party shall notify the producing party or non-party no later than five (5) business days following receipt of the subpoena. Within five (5) business days of receipt of notification, the producing party or non-party shall inform the subpoenaed party either that it does not object to production of the Information or that it will seek court protection to prevent the production. If the original producing party or non-party fails to provide the subpoenaed party with a response, the subpoenaed party may produce the Information after five (5) business days following the subpoenaed party's notification of the subpoena to the producing party or non-party. In the event the producing party or non-party files such a motion for a protective order, the subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena or Public Records Request without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

24. Although not required by statute, the State of Florida shall provide reasonable notice to the producing party or non-party if served with a request under the Florida Public Records Act, section 119.01 Fla. Stat., et seq. ("Public Records Request"), for Confidential or Highly Confidential Information, together with a copy of the

document calling for disclosure if requested by the producing party or non-party. Upon receipt of notification, the producing party or non-party shall inform the State of Florida either that it will not seek to oppose production of the Information or that it will seek court protection to prevent the production. In the event the producing party or non-party files a motion for a protective order, the State of Florida shall not produce any Confidential or Highly Confidential Information in response to the Public Records Request without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the State of Florida, Office of the Attorney General, constitute a violation of any law, rule or regulation.

25.     The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

### VII. Procedures Concerning Third-Party Materials

26.     To the extent a party to this action is required to produce Discovery Material that was initially produced in a prior litigation, or which otherwise contains information supplied by a non-party to this action, or which is covered by a non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this action of such Third-Party Materials, the producing party must, within twenty (20) business days of becoming aware that a discovery request hereinafter served seeks production of Third-Party Materials, initiate the steps necessary to comply with any pre-production notice

requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements"). Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials in this action, the producing party shall promptly re-produce such Third-Party Materials. The Parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights with respect to the production of this material.

27. In the event a producing party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the producing party may request the return of the Inadvertently Produced Third-Party Materials, and the possessing parties shall within five (5) business days return or destroy such Inadvertently Produced Third-Party Materials, except that, in the event a possessing party expects to move for an order allowing continued retention and use of the recalled Inadvertently Produced Third-Party Materials, the possessing party may retain one copy of such materials, solely for use in connection with such a motion. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the producing party shall comply with any applicable Third-Party Notice Requirements.

## VIII. Filing Under Seal

28. All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to this Court's Revised Standing Order and the following procedures:

    (a) No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval (*see*

*Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999)). Unless the Court denies the motion to file under seal with respect to any document or collection of documents, documents filed under seal shall remain "Confidential" or "Highly Confidential" until 63 days after the close of this matter in the District Court. Parties may obtain the return of any previously-sealed or previously restricted documents by a motion filed within 63 days after the case is closed in the District Court. Any documents that are not so withdrawn will become part of the public case file.

(b) Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in a sealed envelope, accompanied by a cover sheet with the title to this action, the title of the document, the signature of the attorney of record filing the document, and the attorney's name, address, and email address, the words "RESTRICTED DOCUMENT PURSUANT TO LR 26.2," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court dated _____ and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons *authorized* to have access to such information pursuant to paragraph 13 or 14, as applicable, which person(s) shall return the information to the Clerk in a sealed envelope. Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where

documents filed under seal are transmitted between the parties, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet. A full and unredacted copy of any such submission may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

 (c) As soon as practicable, but in no event later than ten (10) calendar days after having filed paper copies of the submitted materials, the submitting party shall electronically file with the Court, for its public file, a copy of the submitted materials with the Confidential Information and/or Highly Confidential Information redacted.

 (d) If any party objects to identified portions of the materials remaining under seal, it shall, within ten (10) business days of submission of the materials, state its objections in a faxed letter to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute.

## IX. Use of Confidential or Highly Confidential Information at Hearings and Trial

29. In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court hearing or proceeding in those actions, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute.

30. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

**X.** **Procedures upon Termination of Action**

31. Within thirty (30) days after the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), which request shall be honored within sixty (60) days. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a party's retention of any Discovery Material. To the extent any person retains copies of Discovery Material pursuant to the terms of this paragraph, such Discovery Material shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any

person of information or knowledge obtained from Discovery Material shall continue even after such Discovery Materials is returned or destroyed.

## XI. **Miscellaneous**

32. This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

33. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

SO ORDERED:

                                        ROBERT W. GETTLEMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: