**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL INDIRECT PURCHASER ACTIONS** | Master File No. 1:08-cv-4883<br><br>MDL No. 1957<br><br>Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown<br><br>**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED INDIRECT PURCHASER COMPLAINT** |

**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS THE
SECOND AMENDED CONSOLIDATED INDIRECT PURCHASER COMPLAINT**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ..............................................................................................................................1

    I.    PLAINTIFFS CONTINUE TO IGNORE THE FATAL DEFICIENCIES OF THEIR ALLEGATIONS UNDER THE CONSUMER PROTECTION LAWS OF NEW YORK AND RHODE ISLAND..................................................1

    II.    PLAINTIFFS' ARGUMENTS DO NOT SAVE THEIR UNJUST ENRICHMENT CLAIMS UNDER THE LAWS OF CERTAIN STATES ...........3

        A.    Plaintiffs Concede That If The Court Dismisses Their New York And Rhode Island Consumer Protection Claims, It Should Also Dismiss Their New York And Rhode Island Unjust Enrichment Claims ..................................................................................................3

        B.    Plaintiffs Have Failed To Show That They Can Recover For Unjust Enrichment In States That Require The Plaintiff To Confer A Benefit Directly On The Defendant ........................................................3

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*In re Bayou Hedge Funds Investment Litigation*,
   472 F. Supp. 2d 528 (S.D.N.Y. 2007)...............................................................................10

*In re Cardizem CD Antitrust Litigation*,
   105 F. Supp. 2d 618 (E.D. Mich. 2000).............................................................................9

*In re DRAM Antitrust Litigation*,
   536 F. Supp. 2d 1129 (N.D. Cal. 2008) .............................................................................2

*In re Flonase Antitrust Litigation*,
   2010 U.S. Dist. LEXIS 4707 (E.D. Pa. Jan. 21, 2010) ...................................................5, 8

*In re K-Dur Antitrust Litigation*,
   338 F. Supp. 2d 517 (D.N.J. 2004) ....................................................................................9

*Martell v. Turcheck*,
   2008 U.S. Dist. LEXIS 51966 (E.D. Mich. July 7, 2008) ..................................................7

*In re Methyl Tertiary Butyl Ether Products Liability Litigation*,
   175 F. Supp. 2d 593 (S.D.N.Y. 2001)................................................................................2

*Munson v. Countrywide Home Loans, Inc.*,
   2008 U.S. Dist. LEXIS 105568 (E.D. Mich. Dec. 17, 2008)..............................................7

*Pisciotta v. Old National Bancorp*,
   499 F.3d 629 (7th Cir. 2007) ..........................................................................................5, 7

*In re Pharmaceutial Industry Average Wholesale Price Litigation*,
   MDL No. 1456, No. 01-12257-PBS, 2007 WL 1051642 (D. Mass. Apr. 2, 2007).............9

*Powers v. Lycoming Engines*,
   245 F.R.D. 226 (E.D. Pa. 2007).........................................................................................9

*Spires v. Adams*,
   289 Fed. Appx. 269 (10th Cir. 2008).................................................................................9

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
   586 F. Supp. 2d 1109 (N.D. Cal. 1008) .............................................................................2

## STATE CASES

*A&M Supply Co. v. Microsoft Corp.*,
    645 N.W.2d 572 (Mich. Ct. App. 2002) .................................................................. 6

*A&M Supply Co. v. Microsoft Corp.*,
    No. 274164, 2008 Mich. App. LEXIS 433 (Mich. Ct. App. Feb. 28, 2008) ............. 6, 7

*Baker Construction Co. v. City of Burlington*,
    No. COA09-13, 2009 N.C. App. LEXIS 1647 (N.C. Ct. App. Oct. 20, 2009) ............ 7

*Booe v. Shadrick*,
    369 S.E.2d 554 (N.C. 1988) ....................................................................................... 8

*Boyce v. Freeman*,
    39 P.3d 1062 (Wyo. 2002) ......................................................................................... 5

*Concrete Products Co. v. Salt Lake County*,
    734 P.2d 910 (Utah 1987) ......................................................................................... 5

*Cox v. Microsoft Corp.*,
    8 A.D.3d 39 (N.Y. App. Div. 2004) .......................................................................... 9

*David Rivers v. Amato*,
    No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. June 22, 2001) ........... 4, 5, 6

*Donald Rivers v. Amato*,
    827 A.2d 827 (Me. 2003) ....................................................................................... 5, 6

*Effler v. Pyles*,
    380 S.E.2d 149 (N.C. Ct. App. 1989) ..................................................................... 7, 8

*Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*,
    910 P.2d 839 (Kan. 1996) .......................................................................................... 8

*Kammer Asphalt Paving Co. v. East China Township Schools*,
    504 N.W.2d 635 (Mich. 1993) ................................................................................... 6

*Sperry v. Crompton Corp.*,
    863 N.E.2d 1012 (N.Y. 2007) .......................................................................... 4, 9, 10

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1

**STATE STATUTES**

N.Y. Gen. Bus. Law § 349 ................................................................................................. 2

**MISCELLANEOUS**

Black's Law Dictionary 1237 (8th ed. 2004) ..................................................................... 4

Defendants Champion Laboratories, Inc., Honeywell International Inc., Wix Filtration Corp LLC, Affinia Group Inc., Cummins Filtration, Inc., Donaldson Company, Inc., Baldwin Filters, Inc., ArvinMeritor, Inc., Purolator Products NA, LLC, and Purolator Products Company LLC (collectively, "defendants") respectfully submit this reply in support of their joint motion to dismiss certain claims in the second amended consolidated indirect purchaser complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Mot.").

Plaintiffs have not cured the fatal defects in their consumer protection claims under New York and Rhode Island law. They have not established that they have standing to pursue damages for being deceived and misled by statements that they apparently never saw or heard. Further, plaintiffs have not shown that the laws of Kansas, Maine, Michigan, New York, North Carolina, Utah, and Wyoming permit *indirect* purchasers to pursue claims for unjust enrichment, and therefore those claims should be dismissed.

## ARGUMENT

### I. PLAINTIFFS CONTINUE TO IGNORE THE FATAL DEFICIENCIES OF THEIR ALLEGATIONS UNDER THE CONSUMER PROTECTION LAWS OF NEW YORK AND RHODE ISLAND

The issue before the Court on plaintiffs' New York and Rhode Island consumer protection claims is straightforward: Where, as here, plaintiffs claim injury as a result of being "deceived" and "misled" by defendants' public statements, do those plaintiffs have standing to pursue damages for such injury if they cannot allege that they ever saw or heard any of those statements? The answer is surely no, as this Court already properly found in its November 5, 2009 Opinion and Order ("Nov. 5 Order"). Nov. 5 Order at 21-22; Mot. at 2-4.

Plaintiffs make only two arguments in support of their position. First, they claim that neither the New York nor Rhode Island statute requires "reliance" in order to state a claim, and

that defendants "confuse[] the concepts of reliance and causation." Plaintiffs' Response to Defendants' Joint Motion to Dismiss the Second Amended Consolidated Indirect Purchaser Complaint at 2, 5 (Feb. 2, 2010) ("Opp."). But defendants have not argued on this motion that plaintiffs must allege that a consumer *relied* on the purportedly deceptive statements when making the decision to purchase a filter. Rather, the issue here is purely one of causation. As plaintiffs admit, they must allege "'that 'the defendant[s'] material deceptive act[s] caused the injury.'" Opp. at 3 (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab Litig.*, 175 F. Supp. 2d 593, 631 (S.D.N.Y. 2001)). Defendants' allegedly deceptive statements cannot have caused plaintiffs' injuries in any sense, if the plaintiffs never saw or heard them. Mot. at 2-4. Plaintiffs cannot have been misled or deceived by statements that they did not know about.

Plaintiffs' only other argument is to claim that other courts "have found similar or even less robust allegations to be sufficient under New York [and Rhode Island] law." Opp. at 5, 8. However, *none* of the cases in plaintiffs' string cites even discusses the issue presented here, much less resolves it.[1] *See* cases cited Opp. at 5-7, 8-9.

---

[1] The parties in the cases plaintiffs cite apparently never raised the issue defendants present here, and therefore those courts never had an opportunity to address it. *See, e.g.*, Opp. at 8 (citing *In re DRAM Antitrust Litig.*, 536 F. Supp. 2d 1129, 1144-45 (N.D. Cal. 2008) (limiting discussion of Rhode Island consumer protection act to whether plaintiff had alleged conduct that was unscrupulous or offended public policy)); Opp. at 6 (citing *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 586 F. Supp. 2d 1109, 1127-28 (N.D. Cal. 2008) (limiting discussion of New York Gen. Bus. Law § 349 to whether plaintiff had alleged "consumer-oriented" conduct)).

2

## II. PLAINTIFFS' ARGUMENTS DO NOT SAVE THEIR UNJUST ENRICHMENT CLAIMS UNDER THE LAWS OF CERTAIN STATES

### A. Plaintiffs Concede That If The Court Dismisses Their New York And Rhode Island Consumer Protection Claims, It Should Also Dismiss Their New York And Rhode Island Unjust Enrichment Claims

Plaintiffs concede that they are not pursuing "freestanding" unjust enrichment claims, but rather are merely pursuing "parasitic" unjust enrichment claims (*i.e.*, an alternative to a claim for damages under a state's antitrust and/or consumer protection laws). Opp. at 9-10. For this reason, plaintiffs are voluntarily withdrawing their unjust enrichment claims under the laws of New Jersey, New Hampshire (prior to 2008) and Wyoming (prior to 2006) because they do not have viable antitrust or consumer protection claims in those states. *Id.* at 9. Similarly, because plaintiffs do not have viable New York or Rhode Island consumer protection claims (*supra* Part I) and cannot assert antitrust claims under those states' laws (Mot. at 6 n.2), the Court should dismiss their New York and Rhode Island unjust enrichment claims.

### B. Plaintiffs Have Failed To Show That They Can Recover For Unjust Enrichment In States That Require The Plaintiff To Confer A Benefit Directly On The Defendant

Plaintiffs attack defendants' argument that the laws of Kansas, Maine, Michigan, New York, North Carolina, Utah, and Wyoming prohibit indirect purchasers from bringing unjust enrichment claims (Mot. at 7-8) on two grounds.

First, plaintiffs claim that "[d]efendants are arguing that only a party in privity with them can confer a 'direct benefit' and thus state a claim for unjust enrichment." Opp. at 11. Plaintiffs then cite a handful of cases holding that contractual privity is not required for an unjust enrichment claim (Opp. at 11 n.4) and ask the Court to conclude that if privity is not required then a direct benefit must not be required. Plaintiffs' reasoning fails both as a matter of law and as a matter of logic. Requiring parties to be in contractual privity is not the same as requiring

3

proof of a direct conferral of a benefit. Privity of contract is "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so." Black's Law Dictionary 1237 (8th ed. 2004). A plaintiff can directly confer a benefit on a defendant without being in contractual privity with that defendant. For example, a third party beneficiary to a contract can be found to have received a direct benefit even though he was not in contractual privity with any of the contracting parties. There is nothing inconsistent about refusing to require contractual privity, but still requiring the direct conferral of a benefit. For example, in *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007), the court noted that "[w]hile we agree . . . that a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment . . . the connection between the purchaser of tires and the producers of chemicals used in the rubber-making process is simply too attenuated to support such a claim." *Sperry* affirmed the dismissal of the indirect purchasers' unjust enrichment claims. *Id.* Similarly, even though Maine does not require privity of contract for an unjust enrichment claim (Opp. at 14), unjust enrichment claims still fail where the benefit was only indirect, and not direct. *See, e.g.*, *David Rivers v. Amato*, No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. June 22, 2001). Plaintiffs' entire privity argument is irrelevant.

Second, plaintiffs argue that none of defendants' authorities require dismissal of their unjust enrichment claims because the common law of Kansas, Maine, Michigan, New York, North Carolina, Utah and Wyoming allows them to assert unjust enrichment claims absent the direct conferral of a benefit. Opp. at 10-25. Plaintiffs' arguments for each state fail for the reasons set forth below.

**Utah and Wyoming:** The Utah Supreme Court and the Wyoming Supreme Court have both rejected unjust enrichment claims where the plaintiff could not show that it provided a

direct benefit to the defendant. Mot. at 8 (citing *Concrete Prods. Co. v. Salt Lake County*, 734 P.2d 910, 911-12 (Utah 1987) (affirming dismissal of plaintiff's unjust enrichment claim where court found that "[n]o direct benefit … is present here") and *Boyce v. Freeman*, 39 P.3d 1062, 1066 (Wyo. 2002) (affirming dismissal of plaintiff's unjust enrichment claim where defendant "received no direct benefit")). Plaintiffs have not cited any contrary authority from either state. Instead, plaintiffs merely argue that neither of these cases involved the exact facts presented here, and therefore both cases are irrelevant. Opp. at 21-25. However, this Court's duty "is to apply state substantive law, as [it] believe[s] the highest court of the state would apply it." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 634 (7th Cir. 2007). The highest courts of Utah and Wyoming have indicated that they would dismiss unjust enrichment claims premised solely on an indirect benefit. This Court should do so as well. *Cf. In re Flonase Antitrust Litig*., No. 08-CV-3301, 2010 U.S. Dist. LEXIS 4707, at *49-50 (E.D. Pa. Jan. 21, 2010) (dismissing unjust enrichment claims after concluding that "the Supreme Court of North Carolina would hold that a direct benefit is required in North Carolina").

**Maine:** Just as with Wyoming and Utah, plaintiffs have not cited any authority to support their indirect benefit theory under Maine law. Instead plaintiffs attack defendants' authority, ***David* Rivers *v. Amato***, No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. June 22 2001), which clearly requires a direct benefit, on the grounds that it was somehow limited by the Maine Supreme Court in ***Donald* Rivers *v. Amato***, 827 A.2d 827 (Me. 2003). Opp. at 14. Plaintiffs are simply mistaken. The ***Donald* Rivers** case is a related, but entirely separate litigation from the ***David* Rivers** case that defendants cite. The Maine Supreme Court did not discuss unjust enrichment in the ***Donald* Rivers** case because that claim was not at issue there. Donald Rivers sued Amato in quantum meruit for a lost real estate commission after Amato

5

cancelled his sales contract with Donald's brother, David. *Donald Rivers*, 827 A.2d at 829. David Rivers simultaneously sued Amato for unjust enrichment on an "indirect" theory that, due to his efforts, a higher bidder came forward, causing Amato to cancel their sales agreement. *David Rivers*, 2001 WL 1736498 at *4. In ***David Rivers***, the case cited by defendants, the Maine Superior Court rejected David's unjust enrichment claim because he had not directly conferred a benefit on the defendant, and because there was no support under Maine law for an "indirect benefit" theory of recovery. *Id.* This Court should dismiss plaintiffs' Maine unjust enrichment claim for the same reason.

**Michigan:** Plaintiffs ask this Court to ignore a recent Michigan Court of Appeals indirect purchaser case (*i.e.*, a case directly factually analogous to this case) and to instead apply a passing reference, taken out of context, from a 17-year old factually inapposite case. Opp. at 16-17. Plaintiffs argue that *Kammer Asphalt Paving Co. v. East China Township Schools*, 504 N.W.2d 635 (Mich. 1993), permits them to pursue an unjust enrichment claim on an indirect benefit theory. Opp. at 16. However, the Michigan Court of Appeals recently rejected that exact argument in an indirect purchaser case and dismissed plaintiffs' unjust enrichment claim. *A&M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 Mich. App. LEXIS 433, at *6-7 (Mich. Ct. App. Feb. 28, 2008). In *A&M*, the plaintiffs alleged that defendant Microsoft Corporation illegally monopolized the personal computer software market in Michigan, harming A&M and other Michigan consumers who purchased Microsoft's products indirectly. *See A&M Supply Co. v. Microsoft Corp.*, 645 N.W.2d 572, 574 (Mich. Ct. App. 2002). In dismissing the indirect purchasers' unjust enrichment claim, the *A&M* court properly distinguished *Kammer* as follows:

> Plaintiff relies on a passing reference in *Kammer* that "plaintiff indirectly provided defendant a benefit." However, the facts of that case clearly show that the defendant and the plaintiff were in contact with one another during the course of plaintiff's paving activities at athletic facilities owned by the defendant, and the

6

> defendant certainly benefited *directly* from plaintiff's work on those facilities…Plaintiff here can point to no similar direct contact between Microsoft and the indirect purchasers…Nor can they show that Microsoft received any direct payment or other benefit from those purchasers.  We conclude that the unjust enrichment doctrine does not apply under the facts alleged by plaintiff here.

*A&M*, 2008 Mich. App. LEXIS at *6-7 (emphasis added) (internal citations omitted).  Other Michigan federal courts have followed *A&M* on this issue.  *See, e.g., Munson v. Countrywide Home Loans, Inc.*, No. 08-13244, 2008 U.S. Dist. LEXIS 105568, at *24-25 (E.D. Mich. Dec. 17, 2008) (citing *A&M* and holding that "Michigan law requires that Plaintiffs allege they provided [the benefit] directly to [defendant]."); *Martell v. Turcheck*, No. 2:07-cv-14068, 2008 U.S. Dist. LEXIS 51966, at *30-32 (E.D. Mich. July 7, 2008) (same).

Plaintiffs' reliance on federal district court cases decided prior to *A&M* and outside of Michigan (Opp. at 16-17) is misplaced.  This Court should give "great weight" to the Michigan Court of Appeals decision in *A&M*, and not to other federal courts outside the state.  *Pisciotta*, 499 F.3d at 635.

**North Carolina:**     Plaintiffs ask this Court to ignore a decision issued by the North Carolina Court of Appeals less than four months ago that is directly on point because it is "unpublished."  Opp. at 20 (citing *Baker Constr. Co. v. City of Burlington*, No. COA09-13, 2009 N.C. App. LEXIS 1647 (N.C. Ct. App. Oct. 20, 2009)).  *Baker* expressly held that "th[e North Carolina Court of Appeals] has limited the scope of a claim of unjust enrichment such that the benefit conferred must be conferred directly from plaintiff to defendant, not through a third party."  2009 N.C. App. LEXIS 1647, at *17.  Published or not, the *Baker* decision merely reaffirms what that same court held nearly two decades ago in the published opinion *Effler v. Pyles*, 380 S.E.2d 149 (N.C. Ct. App. 1989).  In *Effler*, the court affirmed the denial of plaintiff's unjust enrichment claim because she did not satisfy her "burden of showing that she conferred a

benefit directly on defendant." *Effler*, 380 S.E.2d at 152.[2]  Just last month, in an analogous indirect purchaser case, a court relying on *Effler* concluded that "the Supreme Court of North Carolina would hold that a direct benefit is required [to establish an unjust enrichment claim] in North Carolina." *In re Flonase Antitrust Litig.*, 2010 U.S. Dist. LEXIS 4707, at *49-50.

Plaintiffs do not cite any authority from the North Carolina Court of Appeals or from the North Carolina Supreme Court that contradicts *Effler* and *Baker*. They cite federal cases, almost all outside of North Carolina, and one lower state court case. Opp. at 20-21. None of these cases controls. The Court should dismiss plaintiffs' unjust enrichment claim under North Carolina law.

**Kansas:** The only Kansas authority that plaintiffs cite in support of their Kansas unjust enrichment claim is *Haz-Mat Response, Inc. v. Certified Waste Services, Ltd.*, 910 P.2d 839 (Kan. 1996). Opp. at 12-13. But *Haz-Mat* supports dismissal. The issue in *Haz-Mat* was whether a subcontractor, who is not in contractual privity with the owner of the property, can bring an action for unjust enrichment against the owner when the prime contractor refuses to pay the subcontractor. *Id.* at 846-47. The court concluded that "[i]n the absence of evidence that the owner misled the subcontractor to his or her detriment, or that the owner in some way induced a change of position in the subcontractor to his or her detriment, or some evidence of fraud by the owner against the subcontractor, an action for unjust enrichment does not lie against the owner by a subcontractor." *Id.* at 847. Although the court did not use the words "direct benefit," the

---

[2] Plaintiffs claim that "*Effler* relied on the North Carolina Supreme Court's decision in *Booe v. Shadrick,* 322 N.C. 567 [369 S.E.2d 554] (N.C. 1988), which did not require that a benefit be direct to state an unjust enrichment claim." Opp. at 20-21. However, *Booe* did not address the direct benefit issue at all because it was clear that the plaintiff there, an electrical company, had conferred the benefit directly on the defendant construction company. 369 S.E.2d at 557.

8

clear import from the court's holding is that some type of direct relationship between the owner and the subcontractor is required to sustain an unjust enrichment claim.

The Tenth Circuit recognized as much in *Spires v. Adams*, 289 Fed. Appx. 269 (10th Cir. 2008). In *Spires*, after citing *Haz-Mat*, the Tenth Circuit concluded that the "'[p]laintiffs have pointed to nothing in Kansas law that supports an indirect unjust enrichment claim…". *Id.* at 273.[3]

This Court should dismiss plaintiffs' indirect unjust enrichment claim under Kansas law.

**New York:** Plaintiffs ask this Court to ignore a decision directly on point from the highest court in New York, *Sperry v. Crompton Corp.*, 863 N.E.2d 1012 (N.Y. 2007), and instead rely on an earlier decision from an intermediate New York appellate court and decisions from federal district courts outside of New York: *Cox v. Microsoft Corp.*, 8 A.D.3d 39 (N.Y. App. Div. 2004) (cited Opp. at 17-18) was decided three years before *Sperry* by an intermediate New York appellate court and *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, No. 01-12257-PBS, 2007 WL 1051642 (D. Mass. Apr. 2, 2007) (Opp. at 18) cites to *Cox* as its only New York authority on the issue of direct benefit. *In re Cardizem CD Antitrust Litigation*, 105 F. Supp. 2d 618 (E.D. Mich. 2000) and *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (cited Opp. at 18) do not cite any New York authority at all on direct benefit. *Sperry* controls here.

In *Sperry*, the New York Court of Appeals affirmed the dismissal of the indirect purchaser plaintiffs' claim for unjust enrichment because, "the connection between the purchaser of tires and the producers of chemicals used in the rubber-making process is simply too

---

3   The other cases on which plaintiffs rely, *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) and *In re K-Dur Antitrust Litigation*, 338 F. Supp. 2d 517 (D.N.J. 2004), are federal district court cases outside of Kansas and therefore do not control.

attenuated to support such a claim." *Sperry*, 863 N.E.2d at 1018. The indirect relationship between plaintiffs and defendants here is similarly too attenuated to support an unjust enrichment claim under New York law. *See also In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007) ("The benefit must be 'specific' and 'direct' in order to support an unjust enrichment claim.").

## CONCLUSION

For the reasons set forth above, and in defendants' opening brief, defendants respectfully request that the Court dismiss, in their entirety, (1) plaintiffs' claims under the consumer protections laws of New York and Rhode Island; and (2) plaintiffs' unjust enrichment claims under the laws of Kansas, Maine, Michigan, New York, North Carolina, Rhode Island, Utah and Wyoming.

Dated: February 16, 2010

Respectfully submitted,

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC, and Purolator Products Company LLC*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Fax: 212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/ Margaret M. Zwisler
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Laboratories, Inc.*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4001
Telephone:  202-383-5300

Edward D. Hassi
Mark S. Germann
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Telephone:  212-326-2000

*Counsel for Honeywell International Inc.*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

*Counsel for Baldwin Filters Inc.*

/s/ Stephen D. Libowsky
Stephen D. Libowsky (#6187081)
HOWREY LLP
321 North Clark Street – Suite 3400
Chicago, Illinois 60654-2402
Telephone 312-595-2252
Fax: 312-264-0372

John DeQ. Briggs
AXINN VELTROP HARKRIDER
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and Affinia Group, Inc.*

DC/1279513

## CERTIFICATE OF SERVICE

I, Margaret M. Zwisler, hereby certify that on February 16, 2010, I caused the foregoing Defendants' Reply In Support of Joint Motion to Dismiss The Second Amended Consolidated Indirect Purchaser Complaint to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

I further certify that I caused true and correct copies of the foregoing to be served via First Class United States Mail, postage pre-paid, upon the individuals listed below:

> Peggy J. Wedgworth
> Lovell Stewart Halebian LLP
> 500 Fifth Avenue
> 58th Floor
> New York, NY 10110

<u>/s/ Margaret M. Zwisler</u>
Margaret M. Zwisler