IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION | ) ) ) | |
| THIS DOCUMENT RELATED TO: | ) ) | Lead Case No.  08 C 4883 MDL Docket No. 1957 |
| All Actions | ) | Judge Robert W. Gettleman |

## ORDER

In this multi-district litigation several putative plaintiff classes (the "direct purchasers" and the "indirect purchasers") have alleged that defendants, the leading manufacturers of automobile aftermarket filters, conducted a single conspiracy to fix filters prices beginning March 1, 1999.  On November 5, 2009, this court denied all defendants' motions to dismiss the consolidated amended direct purchaser complaint and consolidated amended indirect purchaser complaint.  Defendants Affinia Group, Inc. ("Affinia")  and Wix Filtration Corp., LLC ("Wix"), and defendant Baldwin Filters, Inc. ("Baldwin") have separately moved for reconsideration of the court's November 5, 2009 order as it pertains to them.  Those motions are denied.

First, Baldwin argues that neither complaint contains any allegations as to it, except as to identify it as a named defendant.  Each complaint alleges, however, that in February 1999 ArvinMeritor acquired Purolator and that shortly thereafter Marlen Silverii met with certain Purolator senior employees to discuss Purolator's profit margin.  Silverii wanted to increase prices and decided that to do so without losing market share he needed agreement of the other defendants to also raise prices.  He directed Purolator personnel to contact their counterparts at the other defendants (presumably including Baldwin) with the express purpose of obtaining that agreement.  The complaints further allege that Purolator personnel followed directions, and that defendants on several occasions met, discussed and otherwise coordinated the timing, amount,

and public justification for the price increases. The court infers from these allegations that defendant Baldwin was among the defendants who were contacted and participated in the meetings on price increases.[1] Coupled with the remaining allegations, as discussed in the court's November 5, 2009 opinion, the complaints state a claim against Baldwin for joining the alleged conspiracy. Whether the facts ultimately support the allegations can be tested in a motion for summary judgment or at trial.

Wix and Affinia argue that they were not in existence at the time they are alleged to have had discussions with Champion and Purolator regarding the conspiracy. As plaintiffs have pointed out, however, the transaction documents under which Affinia acquired the Wix filter operations from Dana Corporation on December 1, 2004, suggest that Affinia assumed the liabilities of the Dana/Wix Filter operation, including liability for the instant claims.[2]

Accordingly, defendants Wix and Affinia's (Docket No. 322) and Baldwin Filters' (Docket No. 310) motions for reconsideration are denied.

**ENTER:** March 23, 2010

_____
 Robert W. Gettleman
 United States District Judge

---

[1] If this inference is in any way incorrect, plaintiffs should notify the court immediately.

[2] To the extent that the current versions of the complaints do not contain allegations as to Affinia's acquisition of and/or assumption of the Dana/Wix filter operations liabilities, plaintiffs are granted leave to amend those complaints.