IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION | ) ) ) | |
| THIS DOCUMENT RELATED TO: | ) ) | Lead Case No.  08 C 4883 MDL Docket No. 1957 |
| ALL INDIRECT PURCHASER ACTIONS | ) | Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

In this multi-district litigation several putative plaintiff classes (the "direct purchasers" and the "indirect purchasers") have alleged that defendants, the leading manufacturers of automobile aftermarket filters, conducted a single conspiracy to fix filter prices beginning March 1, 1999.  On November 5, 2009, this court granted in part defendants' motion to dismiss the indirect purchasers consolidated complaint, dismissing, among other things, the claims alleged under the consumer protection laws of New York and Rhode Island, and an alleged nationwide unjust enrichment claim based on the laws of all 50 states excluding Ohio and Indiana but including Puerto Rico and the District of Columbia.  The indirect purchasers have filed a second amended consolidated complaint realleging claims under New York and Rhode Island's consumer protection statutes and alleging claims for unjust enrichment under the laws of 26 individual states.  Defendants have again moved to dismiss the indirect purchasers' New York and Rhode Island consumer protection claims and have also moved to dismiss the unjust enrichment claims brought pursuant to the laws of New York, Rhode Island, New Jersey, New Hampshire (prior to 2008) and Wyoming (prior to 2006).  Defendants' motion is granted in part and denied in part.

Consumer Protection Statutes

In its November 5, 2009 opinion, the court dismissed the claim under the New York Consumer Protection Law, N.Y. Gen. Bus. Law § 349 for two reasons.  First, a claim under that statute must "charge conduct of the defendant that is consumer oriented," and fraudulent transactions between business, such as alleged in the instant case, are not consumer oriented even if consumers are the ultimate end users.  In re: Automotive Finishing Paint Anti-Trust Litigation, 515 F. Supp.2d 544, 515-52 (E.D. Pa. 2007).  Consequently,  this court concluded that the indirect purchasers lacked standing to bring a claim under § 349.  The allegations in the second amended indirect complaint do nothing to alter this conclusion.

Additionally, plaintiffs[1] failed to allege that defendants had engaged in acts or practices that were deceptive or misleading and that plaintiffs had been injured as a result.  Absent something more, § 349 does not cover price fixing or other anti-trust violations.  Anti-competitive conduct alone does not constitute deceptive conduct under § 349.  Id.

To plead around this problem, the second amended complaint identifies certain statements defendants made to the public at large, including New York consumers.  These statements, according to plaintiff, were directly contrary to defendants' price fixing scheme and are materially deceptive.  Plaintiffs, however, could not have been injured by these acts because they have not alleged that any of them ever saw or heard the allegedly deceptive statements or acts.  Plaintiffs have allegedly been injured by the conspiracy to fix prices, and that injury occurred regardless of any allegedly deceptive statements.

---

[1]The term "plaintiffs" in this opinion refers to the indirect purchaser putative class only.

Plaintiffs argue that they need not have seen or heard the acts or statements because reliance is not an element of a claim under § 349. See In re: MTBE Products Liability Litigation, 175 F. Supp.2d 593, 631 (S.D. N.Y. 2001). Reliance, however, is not the issue. Plaintiffs need not have relied on the statement when making the decision to purchase a filter. But the allegedly deceptive act or statement must have "caused the injury." Id. There is nothing in the complaint to suggest that the statements caused the price of the filters sold to plaintiffs to increase. In essence, plaintiffs have alleged nothing more than a scheme to fix prices. "Because each New York consumer paid more for Filters because of defendants' collusion, they have been injured." (Plaintiffs' Response to Defendants' Joint Motion to Dismiss (Doc. 386) at 5 (emphasis added).) Accordingly, defendants' motion to dismiss the claim brought under the New York Consumer Protection Law is granted.[2]

Contrary to New York, however, allegations of a price fixing conspiracy have been held to be sufficient to state a claim under the Rhode Island Unfair Trade Practice and Consumer Protection Act ("RIUTPCPA"). See In re: Chocolate Confectionary Anti-Trust Litigation, 602 F. Supp.2d 538, 586-87 (N.D. Pa. 2009). Accordingly, defendants motion to dismiss the claim brought under the Rhode Island Consumer Protection Act is denied.

Unjust Enrichment

Defendants challenge plaintiffs' claims for unjust enrichment under the laws of New York, Rhode Island, New Jersey, Wyoming (prior to 2006) and New Hampshire (prior to 2008)

---

[2]Plaintiffs' argument that In re SRAM Anti-Trust Litigation, 536 F. Supp.2d 1129, 1145-49 (N.D. Cal. 2008) and In re TFT-LCD Anti-Trust Litigation, 586 F. Supp.2d 1109, 1127-28 (N.D. Cal. 2008), approved similar allegations is inapposite. Those cases hold only that the allegations were sufficient to allege "consumer-oriented" conduct. Neither case dealt with the causation argument presented in the instant case.

because they allege "free standing claims," meaning that they are not based on a violation of any other state law.  In response, plaintiffs have dropped their claims under the laws of New Jersey, Wyoming and New Hampshire, and agree that in the event the court dismisses the New York consumer protection claim (which it has), their claim for unjust enrichment must also be dismissed.  Therefore, the court grants defendants' motion to dismiss the unjust enrichment claims brought under the laws of New York, New Jersey, Wyoming (prior to 2006) and New Hampshire (prior to 2008).  Because the court has denied the motion to dismiss the Rhode Island consumer protection claim, it also denies the motion to dismiss the Rhode Island unjust enrichment claim.

Defendants also challenge plaintiffs' unjust enrichment claims brought under the laws of Kansas, Maine, Michigan, North Carolina, Utah and Wyoming, correctly arguing that each of these states require plaintiffs to plead that they have conferred a direct benefit on the defendant. See In re: Potash Anti-Trust Litigation, 667 F. Supp.2d 907, 948 (N.D. Ill. 2009) (applying Kansas law); Rivers v. Amato, 2001 WL 1736498 (Me. Super. June 22, 2001); A&M Supply Co. v. Microsoft Corp., 2008 WL 540883 at *2 (Mich. App. 2008); In re: Bayou Hedge Funds Investment Litigation, 472 F. Supp.2d 528, 532 (S.D. N.Y. 2007); Baker Const. Co. v. City of Burlington, 2009 WL 3350747 at *6 (N.C. App. 2009)(citing Effler v. Pyles, 38 S.E.2d 149, 152 (N.C. App. 1989); Concrete Products Co. v. Salt Lake County, 734 P.2d 910, 911 (Utah 1987); Boyce v. Freeman, 39 P.2d 1062, 1066 (Wyo. 2002).

In response, plaintiffs argue that privity is not required to bring an unjust enrichment claim.  Privity of contract, however, is not the same as a requirement that the plaintiff has conferred a benefit directly on the defendant that, absent payment, would be unjust for the

defendant to retain. In the instant case, plaintiffs are unable to allege that they have conferred a benefit on defendants except to argue that they are the ultimate end users. Any benefit that plaintiffs have conferred, however, would be on others in the chain of distribution from whom they purchased, not on defendants. Only the direct purchasers have conferred a direct benefit on defendants. Accordingly, the court grants defendants' motion to dismiss the unjust enrichment claims under the laws of Kansas, Maine, Michigan, North Carolina, Utah, and Wyoming.

## CONCLUSION

For the reasons set forth above the court denies defendants' motion to dismiss with respect to the Rhode Island consumer protection and unjust enrichment claims, and grants the motion in all other respects.

**ENTER:** April 1, 2010

_____
**Robert W. Gettleman
United States District Judge**