IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION ) | |
| ) | Lead Case No.  08 C 4883 |
| ) | MDL Docket No. 1957 |
| THIS DOCUMENT RELATED TO: ) | Judge Robert W. Gettleman |
| ) | |
| All Direct and Indirect Purchaser Actions ) | |

## MEMORANDUM OPINION AND ORDER

In this multi-district litigation, several putative plaintiff classes (the "direct purchasers"
and the "indirect purchasers") have alleged that defendants, the leading manufacturers of
automobile aftermarket filters, conducted a single conspiracy to fix filters prices beginning
March 1, 1999.  On November 5, 2009, the court denied all defendants' motions to dismiss the
consolidated amended direct purchasers' complaint and the consolidated amended indirect
purchasers 'complaint.  In re: Aftermarket Filters Antitrust Litigation, 2009 WL 3754041 (N.D.
Ill. 2009).  Defendants Affinia Group, Inc. ("Affinia") and Wix Filtration Corp., LLC ("Wix")
moved for reconsideration of that order, arguing that they were not in existence at the time they
were alleged to have had discussions with defendants Champion and Purilator regarding the
conspiracy.  The court denied that motion because the transaction documents under which
Affinia acquired the Wix filter operations from Dana Corp. on December 1, 2004, suggested that
Affinia had assumed the liabilities of the Dana/Wix filters operation, including liability for the
instant claims.  The court granted plaintiffs leave to amend the complaints to provide allegations
as to Affinia's acquisition of and/or assumption of the Dana/Wix filter operation liabilities.  In
re: Aftermarket Filters Antitrust Litigation, 2010 WL 1416259 (N.D. Ill. 2010).

On May 7, 2010, the Direct Purchaser plaintiffs filed an "Amendment Nunc Pro Tunc to Direct Purchaser's Consolidated Amended Complaint." The amendment replaced paragraphs 18 and 19 of the consolidated amended complaint in their entirety with new paragraphs 18 and 19, which set forth allegations relating to Affinia's December 1, 2004, purchase of Dana Corp.'s Wix Filtration Products division, as detailed in a purchase agreement dated July 8, 2004. According to the amendment, prior to December 1, 2004, Dana Corp. operated Wix Filtration Products through its Automotive Aftermarket Group. Wix Filtration Products manufactured and sold filters in the United States. Since December 1, 2004, Wix Filtration Products has been operating through Affinia Global Filtration Operating Group and Wix Filtration Corp., LLC, a wholly owned subsidiary of Affinia Group Inc. According to the amendment, the only change effected by the purchase agreement was ownership of Wix Filtration Products. The purchase agreement provides for continuity of the "Business" and "the continuity of employment for all Acquired Company Employees and Business Employees following the closing date." Thus, according to plaintiffs, "the same persons that allegedly engaged in conspiratorial communications, and the same persons who unlawfully set Wix's filter prices before December 1, 2004, remained to further the continuing conspiracy after the business was acquired."

Affinia and Wix have again moved to dismiss, arguing that the terms of the purchase agreement conclusively demonstrate that Affinia did not assume the instant liabilities when it purchased Wix Filtration Products. That motion is again denied.

Under New York law, which the parties agree governs the purchase agreement, the general rule is that a purchaser of corporate assets is not liable for the debts of the seller unless: (1) there is an expressed or implied assumption of such liability; (2) there is a consolidation or

merger of seller and purchaser; (3) the purchasing corporation is a mere continuation of the

selling corporation; or (4) the transaction was entered fraudulently to escape such obligations.

Schumacher v. Richards Shear Co., Inc., 459 N.Y.2d 239, 245 (N.Y. 1983).  The only exception

that arguably applies to the instant case is the first.  Plaintiffs allege that in the purchase

agreement Affinia contractually assumed Dana Corp.'s liabilities, including liability for the

claims alleged in the instant complaints.

Section 1.4 of the purchase agreement sets out the liabilities assumed by Affinia.  It

provides in relevant part:

> Section 1.4.  Assumed Liabilities.  Simultaneously with the Closing, on the terms
> and subject to the conditions set forth herein, Purchaser shall assume and be liable
> for, and shall pay, perform and discharge when due, all obligations and Liabilities
> of Seller . . ., whether occurring or accruing before, on or after the Closing date,
> whether known or unknown, fixed or contingent, asserted or unasserted, and not
> satisfied or extinguished as of the Closing date, primarily relating to, primarily
> arising out of or primarily resulting from the Business (collectively, and excluding
> the Excluded Liabilities, the "ASSUMED LIABILITIES"), including, by way of
> example and not limitation, all of the following obligations and Liabilities of
> Seller . . . .

The agreement then lists certain liabilities specifically assumed, including those arising

out of salaries of transferred employees, accounts and trade payables, utility costs, commitments

to sell, distribute or manufacture products, issue purchase orders or outstanding bids, and

violations of environmental laws.

Affinia and Wix argue that under the principles of ejusdem generis and inclusio unius est

exclusio alterius, the agreement must be interpreted to provide that Affinia assumed only those

routine commercial liabilities incurred "in the ordinary course of business."  They then rely on

Linens of Europe, Inc. v. Best Manufacturing, Inc., 2004 WL 2071689 (S.D. N.Y. 2004), for its

3

conclusion that such liabilities do not include tortious liability arising out of unlawful activity. Id at *8.

As plaintiffs point out, however, Linens of Europe is inapposite. The agreement in Linens of Europe, defines "assumed liabilities" very narrowly, setting out four categories of "assumed liabilities" and then expressly excluding all other liabilities. The court simply held that the liabilities asserted by the plaintiffs did not fall within the assumed liabilities specifically listed and were thus excluded. Id.

In contrast, the instant agreement defines "assumed liabilities" very broadly, to include all liabilities primarily relating to, primarily arising out of or primarily resulting from the Business, unless specifically excluded. Liabilities such as those alleged by the plaintiffs are not specifically excluded anywhere in the contract, and it is beyond dispute that any decision to set product prices, whether legal or illegal, primarily relates to the Business. Accordingly, the court concludes that plaintiffs have properly alleged successor liability, and Affinia's and Wix's motion to dismiss is denied.

## **CONCLUSION**

For the reasons explained above, defendants Affinia's and Wix's motion to dismiss (Doc. 443) is denied.

**ENTER:**        **September 14, 2010**

_____
**Robert W. Gettleman**
**United States District Judge**

4