# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4883 | **DATE** | 10/1/2010 |
| **CASE TITLE** | In Re: Aftermarket Filters et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, Direct Purchaser Plaintiffs' Motion to Preclude Discovery from Absent Class Members and to Stay Defendants' Subpoenas Pending Resolution of this Motion [511] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Defendants in this action have served, or intend to serve, subpoenas on a number of entities, like Wal-Mart Stores, Inc. and Mack Trucks, Inc., that purchase filters and thus would presumably be members of the proposed direct purchaser class if such a class is certified. (Mot. at 1-2.) The Direct Purchaser Plaintiffs ("Plaintiffs") object to those subpoenas on the ground that they are "expansive, burdensome and improper discovery requests on absent class members." (Pls.' Mem. at 2.) [Dkt 513.]

Discovery directed to unnamed members of a *certified* class is generally not permitted as a matter of course. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n. 2 (1985) (noting that burdens like discovery "are rarely imposed upon plaintiff class members"). But such discovery is permitted when the court determines that it is necessary or helpful to a proper preparation or adjudication of the lawsuit and that class members are not misled or confused. *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971).

Here, however, the subpoena recipients are not actually "class members" because no class has yet been certified. The subpoena recipients are more accurately characterized as *putative* class members. Defendants have recognized that fact by serving subpoenas rather than using a document request directed to a party pursuant to Federal Rule of Civil Procedure 34. Before certification, the lawyers for the proposed class do not have an attorney-client relationship with the putative class members. *See* ABA Formal Ethics Op. 07-445 at 3.

Federal Rule of Civil Procedure 23(d) authorizes the court to regulate communications with potential class members, even before certification. *Manual for Complex Litigation* § 21.12, 247 (4th ed., Federal Judicial Center 2004). Although some courts have required a showing before permitting discovery directed to putative class members (*see, e.g., In re Publication Paper Antitrust Litigation*, No. 3:04 MD 1631, 2005 WL 1629633 (D. Conn. 2005)), limitations on pre-certification communications "must be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

# STATEMENT

Here, the subpoenas serve a purpose other than obtaining discovery related to the merits of the direct purchaser claims. Defendants argue that the subpoenaed entities are not only putative members of the proposed direct purchaser class but also have evidence relevant to the issue of certification of the proposed indirect purchaser class, in particular, whether there is common proof that the alleged conspiracy had an impact on the prices charged to the indirect purchasers. (Defs.' Opp'n at 3.) [Dkt 532.] That argument is supported by the fact that the Indirect Purchaser Plaintiffs served their own subpoenas on most of the same entities before Defendants served their subpoenas. (Defs.' Opp'n at 4, Ex. A.) Thus, both sides of the dispute effectively acknowledge that the subpoena recipients have information that is relevant to the certification of an indirect purchaser class.

Plaintiffs did not bring a similar motion to protect their putative class members from subpoenas served by the Indirect Purchaser Plaintiffs, a fact that undermines their protests about Defendants' subpoenas. Plaintiffs defend the Indirect Purchaser Plaintiffs' subpoenas as "first and not adverse to Plaintiffs . . . ." (Pls.' Reply at 2.) [Dkt 552.] Taking those argument in order, the suggestion that the Indirect Purchaser Plaintiffs beat Defendants in a race to subpoena the witnesses is not a principled reason to cut off Defendants' access to that same information. The second argument is premised on Plaintiffs' belief that Defendants but not the Indirect Purchaser Plaintiffs are required to obtain prior approval before taking discovery of "absent class members." (*Id.* at 3.) In fact, the subpoena recipients are only putative class members, and they would not be members of the indirect purchaser class even if one is certified. More importantly, the argument suggests that, although the motion is posited on Plaintiffs' claimed duty to protect their putative class members from the burden of responding to discovery, Plaintiffs can forego that claimed duty when the discovery is sought by someone that Plaintiffs favor. Those are not compelling distinctions between the subpoenas served by Defendants and those served by the Indirect Purchaser Plaintiffs.

Plaintiffs also argue that Defendants' subpoenas are an undue burden on the recipients. Defendants claim that Plaintiffs lack standing to raise that issue. (Defs.' Opp'n at 9-11.) It is not necessary for purposes of this ruling to decide whether, as a theoretical matter, a named plaintiff of a putative class might have standing to object to subpoenas served on putative absent class members on the ground of burdensomeness. Here, assuming, *arguendo,* that Plaintiffs have standing, the facts do not support their undue burden argument. The subpoena recipients are, for the most part, large, sophisticated companies, including Wal-Mart, Sears & Roebuck, Quaker City Motor Parts, and Texaco. (Pls.' Mem. at 1 n. 1.) Those entities have the ability as well as the legal authority under Rule 45 to object to any undue burden imposed by the subpoenas, as some of them have. (*See* Pls.' Reply at 5 n. 9.)[1] Furthermore, Defendants' subpoenas seek substantially the same documents that the Indirect Purchasers Plaintiffs' subpoenas required. (Defs.' Opp'n at 6.) Part of Plaintiffs' "burdensomeness" argument is based on that fact. (Pls.' Reply at 2-3.) To the extent that is the case, much of the burden of production – locating and sorting the requested documents – came with the Indirect Purchasers Plaintiffs' subpoenas, not Defendants'. The subpoena recipients can presumably duplicate substantially what they produced in response to the earlier subpoenas.

Defendants have also subpoenaed thirteen entities that were not subpoenaed by the Indirect Purchaser Plaintiffs, arguing that the Indirect Purchaser Plaintiffs' selection of purchasers to subpoena was not broad enough. (Defs. Opp'n at 7.) Because it is undisputed that discovery from direct purchasers is necessary on the issue of certifying an indirect purchaser class, Defendants cannot be limited to the discovery the Indirect Purchaser Plaintiffs chose to take.

The court is not convinced that the discovery Defendants have sought from the subpoena recipients is unreasonable. The subpoenas served by the Indirect Purchaser Plaintiffs are also quite extensive. (*See* Defs.'

| STATEMENT |
|---|
| Opp'n, Ex. A.) One reason cited by Defendants for serving their own subpoenas was their belief that, contrary to an earlier agreement, they were not receiving all documents received by all plaintiffs (including presumably the Indirect Purchaser Plaintiffs) in response to subpoenas to third parties, as well as a concern that the Indirect Purchaser Plaintiffs might agree to limitations in the responses to the subpoenas that would eliminate some documents Defendants might want. (Defs.' Opp'n at 7.) To the extent that the parties can cooperate to minimize burdens on third parties, that cooperation is strongly encouraged.<br><br>    Accordingly, Plaintiffs' motion is denied. |

1.Plaintiffs state that some subpoena recipients have served objections and questioned "why they are being burdened with discovery . . . ." (Pls.' Reply at 5.) Notably, Plaintiffs do not state whether those entities objected to being burdened with Indirect Purchaser Plaintiffs' subpoenas as well as Defendants' subpoenas.