IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**ALL ACTIONS** | **Master Docket No. 1:08-cv-4883**<br><br>**MDL Docket No. 1957**<br><br>Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown |

**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY FIRST AMENDED
STIPULATED PROTECTIVE ORDER**

On December 16th, 2010, defendants moved the Court for a modification of the Stipulated

Protective Order in this case to permit them to provide an entire copy of the final version of the

transcript of the deposition of William G. Burch, including most of its exhibits[1] (notwithstanding

any confidentiality designation) and the video recording of the deposition, to the United States

Department of Justice and the Attorney General of the State of Washington.

Direct purchaser plaintiffs, indirect purchaser plaintiffs, and the gasoline retailer

plaintiffs do not oppose that motion.

Accordingly, this Court grants defendants' motion.

It IS HEREBY ORDERED that the First Amended Stipulated Protective Order is

modified to add a new Paragraph 34 as follows:

34. The provisions of Paragraphs 10 and 11 of this Order do not apply to defendants'

---

[1] This request is exclusive of Exhibits 95, 96, 97, 98, 128, 129, 130, 131, 132 and 133 to Burch's
deposition.  Those exhibits consist of the original tapes that Burch made and provided to the
government, copies of those tapes, the envelopes that show the chain of custody of those items,
and the tape recorder that Burch used to record conversations.

providing a complete copy of the final version of the transcript of the deposition of William G.

Burch, including its exhibits[2] (notwithstanding any confidentiality designation) and the video

recording of the deposition, to the United States Department of Justice and the Attorney General

of the State of Washington.  Documents produced to the State of Florida  in response to a Civil

Investigative Demand and marked as exhibits to the deposition of William G. Burch will

continue to be treated as Highly Confidential Information by the United States Department of

Justice and the Attorney General of the State of Washington in accordance with Florida Statute

542.28(9).

      IT IS SO ORDERED.

ENTERED:    January 3, 2011

 

_____
Geraldine Soat Brown
United States Magistrate Judge

---

[2] The materials that this paragraph addresses shall not include Exhibits 95, 96, 97, 98, 128, 129,
130, 131, 132 and 133 to Burch's deposition.