**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | Master Docket No. 08-cv-4883 |
| | MDL Docket No. 1957 |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | Honorable Robert W. Gettleman |
| | Magistrate Judge Geraldine Soat Brown |

## JOINT STATUS REPORT

Pursuant to the Court's January 10, 2011 Order, the parties met and conferred and agreed upon a plan for the completion of party depositions in all cases consolidated or coordinated under the above-referenced Master Docket Number. The parties respectfully submit their plan for the Court's review. In addition to the issues on which the parties reached agreement, there are some issues on which they could not agree. Thus, the parties are filing simultaneously with this Joint Status Report a Joint Motion For Resolution Of Outstanding Discovery Issues and separate proposed orders. Plaintiffs also are filing a motion seeking leave to depose four additional Champion witnesses.

> A. **Fact Discovery:**

> > a. Rule 30(b)(1) Depositions:

> > > i. The parties have scheduled the following depositions pursuant to Rule 30(b)(1) on the dates and in the locations indicated:

| Witness | Date | Location |
|---|---|---|
| **Gas Retailer Plaintiffs** | | |
| Loodvik Peerali | January 28, 2011 | Los Angeles, CA |
| **Direct Purchaser Plaintiffs** | | |

| William C. Bruene | TBD | Beaumont, TX |
|---|---|---|
| **Indirect Purchaser Plaintiffs** | | |
| Justus Austin | February 11, 2011 | Detroit, MI |
| Edward Colburn | February 22, 2011 | Kansas City, MO |
| Harold Miles | February 22, 2011 | Charleston, WV |
| Robert Collopy | February 24, 2011 | Maui, HI |
| Perry Piper | February 23, 2011 | Kansas City, MO |
| Christopher Papale | February 9, 2011 | Biloxi, MS |
| Charles Gregory | March 1, 2011 | Rapid City, SD |
| Francis Doll | February 24, 2011 | St. Louis, MO |
| **Champion** | | |
| John Evans | April 27, 2011 | Chicago, IL |
| Ty Nilsson | April 20, 2011 | Chicago, IL |
| Mark McDaniel | May 3, 2011 | Chicago, IL |
| Al Henager | April 5, 2011 | Chicago, IL |
| Al Tobin | March 15, 2011 | New York, NY |
| Ed James | April 7, 2011 | San Francisco, CA |
| Steve Schurman | TBD | TBD |
| Jerry Smith | April 19, 2011 | Chicago, IL |
| Julie Rigg | TBD | TBD |
| Gary Kauffman | TBD | TBD |
| Tom Mowatt | May 5, 2011 | Chicago, IL |
| **Honeywell** | | |
| Guy Andrysick | TBD | Danbury, CT or New York, NY |
| Tony Costa | June 8, 2011 | Providence, RI |
| Brad Hays | April 6, 2011 | Houston, TX |
| Mark Immen | TBD | Danbury, CT or New York, NY |
| Jeff Bye | June 29, 2011 | Danbury, CT or New York, NY |
| Brian Holliday | TBD | Atlanta, GA or New York, NY |
| Jim Simonitch | June 28, 2011 | Danbury, CT or New York, NY |
| **Arvin Meritor** | | |
| Valerie Collignon | TBD | TBD |
| Larry Curtis | May 19, 2011 | Tulsa, OK |
| Jeffrey Frey | May 31, 2011 | Brentwood, TN |
| Robert Malone | TBD | TBD |
| Paul McFall | TBD | TBD |
| James Burnham | June 1, 2011 | Brentwood, TN |

| William ("Dan") Daniel | TBD | TBD |
|---|---|---|
| Ramon Nunez | July 12, 2011 | Phoenix, AZ |
| Marlen Silverii | TBD | TBD |
| **Baldwin** | | |
| Sam Ferrise | March 2, 2011 | New York, NY |
| Phil Kommers | March 3, 2011 | New York, NY |
| Gordon Steele | May 10, 2011 | New York, NY |
| Kevin Connolly | TBD | New York, NY |
| Ken Stirn | May 11, 2011 | New York, NY |
| Theresa Yaw | May 12, 2011 | New York, NY |
| **Donaldson** | | |
| Peggy Herrmann | April 13, 2011 | Minneapolis, MN |
| Jim Voeller | April 14, 2011 | Minneapolis, MN |
| Rick Kashmerick | May 17, 2011 | Minneapolis, MN |
| Sal Miscio | June 21, 2011 | Toledo, OH |
| Frank Fabrizio | June 24, 2011 | Minneapolis, MN |
| Lowell Schwab | July 19, 2011 | Minneapolis, MN |
| ***Wix/Affinia*** | | |
| Bill Fischer | June 13, 2011 | Charlotte, NC |
| David Hogue | June 9, 2011 | Charlotte, NC |
| Keith Wilson | June 14, 2011 | Charlotte, NC |
| Ron Gower | July 14, 2011 | Fayetteville, NC |
| Jose Escandon | June 10, 2011 | Charlotte, NC |
| Wayne Hills | TBD | TBD |
| Jerry McCabe | TBD | TBD |
| John Washbish | TBD | TBD |
| Joe O'Brien | TBD | TBD |
| **Cummins** | | |
| Stella Dukes | March 29, 1011 | New York, NY |
| Doug Griffin | March 24, 2011 | New York, NY |
| Joe Marlow | March 22, 2011 | New York, NY |
| Jeff Harmann | TBD | TBD |
| Tom Veron | TBD | TBD |

ii. Nothing herein shall preclude the parties from meeting and conferring to reschedule any deposition in the event that unforeseen circumstances arise.

iii. Defendants intend to cross-notice all defense witness depositions.

iv. Following the filing of the indirect purchaser plaintiffs' motion for leave to file a third amended complaint, the parties will promptly meet and confer to schedule depositions for the new indirect purchaser plaintiffs to occur prior to the proposed deadline for the completion of fact discovery.

v. Plaintiffs and Champion were unable to agree to the scheduling of four additional Champion witnesses: Mike Boyer, Lowell Cockrum, Art Demers and Scott Lewis. Plaintiffs, concurrently with the filing of this status report, are filing a motion seeking leave to depose these individuals, as required by the Court's order of January 10, 2011.

vi. Plaintiffs have identified the following 35 individuals as candidates for potential additional depositions beyond those listed in Paragraph A(a)(i) above. Defendants object to any Rule 30(b)(1) depositions of defendants' current and former employees other than those listed above. In the event that plaintiffs wish to schedule any of these individuals for depositions, and the relevant defendant does not agree, the parties agree that plaintiffs must file a motion to compel the deposition(s).

<u>Champion</u>
Angela Bissey
Jack Cronin
Camilla Denison
John Gaither
Doug Raber
Sue Rhodes
Scott Simmonds
Kent Vinson
Melanie Wiseman

Gary Wood

Honeywell
Jake Fahsbender
Craig Hamilton
Natalie Hensley

Arvin Meritor
Frank Merrell
James Neelley
Michael Witkamp
William Overmyer

Baldwin
Rob Dusky
Thomas Feery
Jerry Garland
Greg Hopkins
Terry Makinster
Bill Osterbrock
Gary Rasmussen

Cummins
Nancy Krause
Charles Masters
Joe Norton
Pete Richard
Russell Smith

Wix/Affinia
Gordon Curren
Dave McColley

Donaldson
Kelly Larson
Kimberli Carr
Jim Shaw
Sheldon Wood

vii. Plaintiffs anticipate that they may want to depose additional witnesses

not identified on the above list. In the event that plaintiffs wish to

schedule additional depositions and the relevant defendant does not

agree, the parties agree that plaintiffs must file a motion to compel the deposition(s).

viii. Defendants anticipate that they may want to depose G. Steven Stidham, counsel for William G. Burch. Mr. Stidham has indicated that he intends to object to that deposition. In the event that defendants serve a subpoena, and Mr. Stidham objects, Mr. Stidham or his counsel will file a motion to quash the subpoena. The parties agree that before serving any such subpoena defendants will meet and confer with Mr. Stidham and his co-counsel in the *qui tam* case. Mr. Stidham's position is that as counsel for a named party, he is not properly subject to a traditional third-party subpoena and that Defendants should first seek leave of the Court to take his deposition.

ix. The parties agree that, notwithstanding paragraphs A(a)(1), (vi) and (vii) above, to the extent that Plaintiff/Relator William G. Burch wishes to notice additional witnesses for Rule 30(b)(1) depositions, he may do so by May 2, 2011. The parties agree that Mr. Burch will not re-depose any witness that the other parties have deposed, absent leave from the Court, and that his examination of any witness that he deposes will be limited to topics that are specific to his *qui tam* claims.

x. The parties may agree to modify the proposed deposition schedule, including the alteration of dates and the substitution or removal of deponents, without seeking leave of the Court.

b. Rule 30(b)(6) Depositions:

    i. The gasoline retailer plaintiffs have agreed to make a witness available for the Rule 30(b)(6) deposition of Oyster, Inc. Defendants have proposed several dates for the deposition, and the gasoline retailer plaintiffs are considering those dates.

    ii. Defendants served Rule 30(b)(6) deposition notices on three direct purchaser plaintiffs (Central Warehouse, A&L Systems, and Neptune Warehouse) on December 22, 2010. Plaintiffs served objections to defendants' notices on January 14, 2011. The parties met and conferred regarding plaintiffs' objections on January 18, 2011, and resolved their disputes. The parties are currently discussing dates for these depositions.

    iii. Plaintiffs will serve Rule 30(b)(6) deposition notices that identify non-data related topics on defendants by February 18, 2011. Plaintiffs will serve Rule 30(b)(6) deposition notices that identify data-related topics on defendants by May 31, 2011. All plaintiffs groups collectively will serve a single notice on each defendant that identifies all topics for which plaintiffs are seeking testimony from that defendant.

    iv. Defendants will serve a Rule 30(b)(6) notice on the State of Florida by February 18, 2011. All defendants will collectively serve a single notice on the State of Florida that identifies all topics for which defendants are seeking testimony from the State of Florida.

v.  Defendants will serve Rule 30(b)(6) notices on any indirect purchaser plaintiff entities that the indirect purchaser plaintiffs identify in their motion for leave to file their amended complaint on February 17, 2010 promptly after the indirect purchaser plaintiffs file their motion.

vi.  Defendants agree that no less than ten business days before the deposition of William C. Bruene, defendants will serve a Rule 30(b)(6) notice on Lone Star Lube.

vii.  A recipient of a Rule 30(b)(6) notice must assert any objections to the topics identified in the notice within 8 business days of receipt of the notice.  If a recipient of a Rule 30(b)(6) notice objects to a notice, or any portion of a notice, the parties will promptly meet and confer and attempt in good faith to resolve the dispute.

viii.  The parties agree and anticipate that plaintiffs and defendants may designate individuals whose depositions have been scheduled pursuant to Rule 30(b)(1) (listed above) as company representatives to testify regarding Rule 30(b)(6) topics.

c.  Third Party Discovery:

i.  The parties have been unable to agree on the timing for third party discovery.

1.  Defendants' position is that the parties may pursue third party discovery, including depositions, in advance of defendants' proposed deadline for fact discovery.

        2. Plaintiffs' position is that no deadline for third party discovery should be set at this time.

d. Time Allotted for Depositions:

    i. The parties agree that the depositions of John Evans, Mark McDaniel, Ty Nilsson, Al Tobin, and Marlen Silverii may require more than seven hours. The parties further agree that they will meet and confer in advance of each of these depositions to attempt in good faith to agree upon the amount of time that will be required for each.

    ii. Except for the specific depositions identified in Paragraph A(d)(i), the parties have been unable to reach an agreement regarding the duration of the remaining depositions.

        1. Defendants' position is that depositions shall last seven hours. For defense witnesses, if both plaintiffs and defendants notice a witness's deposition, plaintiffs collectively will have five hours, and defendants collectively will have two hours. For plaintiff witnesses, if both plaintiffs and defendants notice a witness's deposition, defendants collectively will have five hours and plaintiffs collectively will have two hours. This allotment of time also would apply to Rule 30(b)(1) witnesses designated to address Rule 30(b)(6) topics.

        2. Plaintiffs' position is that plaintiffs are entitled to examine every witness that they have noticed pursuant to Rule 30(b)(1) for seven hours. In the event that a Rule 30(b)(1) witness is

designated to address Rule 30(b)(6) topics, plaintiffs' position is that the parties should meet and confer to discuss whether additional time is necessary. Plaintiffs take no position on the amount of time that should be allotted to defendants for examination of their Rule 30(b)(1) witnesses, so long as it is seven hours or less.

e. Proposed deadline for completion of fact depositions:

    i. The parties have been unable to agree on the deadline for the completion of fact depositions.

        1. Defendants' position is that the deadline for all depositions, including party and third party depositions, should be September 30, 2011.

        2. Plaintiffs' position is that the deadline for party depositions should be December 31, 2011, and that no deadline for third party depositions should be set at this time.

**B.**    **Expert Discovery Relating To Class Certification:**

a. The parties have met and conferred regarding the schedule for expert discovery relating to class certification, and have agreed to propose the following dates:

        Plaintiffs' expert reports:  September 2, 2011

        Deposition notices for plaintiffs' expert witness(es):
        Served by September 16, 2011

        Plaintiffs shall make their expert witness(es) available for
        depositions as of October 3, 2011.

Defendants' expert reports: December 1, 2011

Deposition notices for defendants' expert witness(es):
Served by December 15, 2011

Defendants shall make their expert witness(es) available for
depositions as of January 3, 2012

Plaintiffs' rebuttal expert reports: February 1, 2012

Deposition notices for plaintiffs' expert witness(es) on
topics raised in rebuttal reports: Served by February 15,
2012

Plaintiffs shall make their expert witness(es) available for
depositions on topics raised in rebuttal reports as of
February 15, 2012

b. The parties agree that each party will provide its expert disclosures consistent
with the Stipulation and Consent Order Regarding Expert-Related Discovery
entered in this matter on July 20, 2010 within five business days of the
deadline for providing its expert report.

c. The parties reserve the right to seek additional discovery, including
depositions of non-expert witnesses, relating to new materials (such as data,
declarations, documents) incorporated or relied upon in an expert report.

**C.     Damages and Liability Expert Discovery:** The parties agree to conduct expert
discovery on damages and liability following a ruling from the Court on class
certification.

**D.     Written Discovery:**

a. Except as provided in Paragraph E(b) below, the parties have been unable to
agree on the timing and scope of written discovery.

i.  Document requests:

11

1. Defendants' position is that, except for Plaintiff/Relator William G. Burch, plaintiffs' deadline for requesting documents passed. The Court set a September 20, 2010 deadline for substantial completion of the parties' document productions, and the parties complied with that deadline. Defendants produced more than 8 million pages of documents. The focus of the remainder of discovery should be on depositions, interrogatories and requests for admission. There should not be any additional document discovery.

2. Plaintiffs' position is that the parties should be able to serve additional requests for documents until December 31, 2011. Plaintiffs believe that the parties should have the opportunity to pursue limited, additional document discovery to address issues that arise during the extensive testimonial discovery that will occur in the coming months.

ii. Interrogatories and Requests for Admission:

1. Defendants' position is that, consistent with the Federal Rules, the parties may serve requests for admission and interrogatories up to 33 days prior to defendants' proposed deadline for fact discovery.

2. Plaintiffs' position is that no deadlines for interrogatories and requests for admission should be set at this time.

3. The parties reserve their right to object to the scope or propriety of any requests for admission or interrogatories that are served.

E. *Qui Tam* **Discovery:**

a. Unless otherwise stated herein, defendants and Plaintiff/Relator William G. Burch agree that the deadlines for discovery that the parties propose herein shall apply to *United States ex rel. Burch v. Champion Laboratories, Inc., et al.*, No. 1:10-cv-05975 (N.D. Ill.) (the "*qui tam* case").

b. Burch has agreed to serve document requests pursuant to Rule 34 for documents that relate specifically to the *qui tam* case by February 23, 2011. Burch's requests will not be duplicative of requests for documents or data to which defendants have already responded. With respect to transaction data, Burch agrees to make good faith efforts to obtain the data that he believes he needs for the *qui tam* case from plaintiffs' expert witness(es). To the extent that Burch cannot obtain the data from plaintiffs' expert witness(es), Burch and defendants will meet and confer to address the issue. It is Burch's position that he is entitled under the Federal Rules to segregated data that relates only to indirect and direct government sales. Defendants' position is that to the extent that such data has been produced to plaintiffs already, defendants have no obligation to re-produce it to Burch.

c. Defendants agree to promptly produce to Burch the documents that they have produced to the other plaintiffs' groups.

d.   Defendants and Burch further agree that Burch may participate in any deposition that the parties have scheduled or intend to schedule pursuant to Rule 30(b)(1) or Rule 30(b)(6).  Burch has agreed to coordinate with plaintiffs' counsel to secure sufficient time to examine any witness on issues that relate to the *qui tam* case prior to that witness' deposition.  In no event may Burch re-depose any witness that any other party has noticed or notices for a deposition absent leave from the Court.

**F.**   **Class Certification:**  The parties have agreed to propose the following schedule for class certification briefing:[1]

Class Certification Motions:   April 13, 2012

Opposition Briefs:   June 8, 2012

Reply Briefs:   July 13, 2012

**G.**   ***Daubert* Motions Relating To Class Certification:**  The parties have agreed to propose the following schedule for *Daubert* motions relating to class certification:

*Daubert* Motions:  April 13, 2012

Opposition Briefs:  June 8, 2012

Reply Briefs:  July 13, 2012

Dated:  January 26, 2011                              Respectfully submitted,

/s/ Peter J. Kadzik                                  /s/ Margaret M. Zwisler
Peter J. Kadzik                                      Margaret M. Zwisler
DICKSTEIN SHAPIRO LLP                                LATHAM & WATKINS LLP
1825 Eye Street, NW                                  555 Eleventh Street, NW
Washington, DC 20006                                 Suite 1000

---

[1] Although the State of Florida and Burch will not be filing class certification motions, neither party objects to these proposed dates.

Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC and Purolator Products Company, LLC*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Fax: 212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

*Counsel for Baldwin Filters Inc.*

Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Laboratories, Inc.*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: 202-383-5300

Edward Hassi
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: 212-326-2000

*Counsel for Honeywell International Inc.*

/s/ John DeQ. Briggs
John DeQ. Briggs
AXINN VELTROP HARKRIDER
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and Affinia Group, Inc.*

  /s/  Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Rd.
Suite 130
Bannockburn, IL 60015
Telephone:  224-632-4500
Fax:  224-632-4521

*Co-Lead Counsel for Direct Purchaser Plaintiffs*
/s/  Roberta D. Liebenberg
Donald L. Perelman
Adam Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone:  215-567-6565
Fax:  215-568-5872

*Co-Lead Counsel for Direct Purchaser Plaintiffs*


/s/ Renae D. Steiner
Renae D. Steiner
Vincent J. Esades
Katherine Kelly
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN  55403
(612) 338-4605
(612) 338-4692 (facsimile)

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*


/s/ Mario N. Alioto
Mario N. Alioto
Lauren C. Russell
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Telephone :  (415) 563-7200

/s/  Bernard Persky
Gregory Asciolla
Benjamin D. Bianco
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/  Marc M. Seltzer
Marc M. Seltzer
Vineet Bhatia
Stuart V. Kusin
SUSMAN GODFREY LLP
Suite 950
1901 Avenue of the Stars
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3100
Fax:  (310) 789-3150

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

  /s/ Richard M. Hagstrom
Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
(612) 339-2020
(612) 336-9100 (facsimile)

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Christopher Lovell
Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY  10110
(212) 608-1900
clovell@lshllp.com

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Christopher R. Hunt
CHRISTOPHER R. HUNT
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL,
ANTITRUST DIVISION
PL-01, The Capitol Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-9134

*Counsel for the State of Florida, Office of the Attorney General*

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Martin R. Fox
Martin R. Fox
BLEAU FOX, A P.L.C.
3575 Cahuenga Blvd., Suite 580
Los Angeles, CA 90068
Tel: 323-874-8613
Fax: 323-874-1234

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, Suite 3160
San Francisco, CA 94104
Tel: 415-434-8900
Fax: 415-434-9200

Gary D. McCallister
GARY D. MCCALLISTER & ASSOCIATES, LLC
120 North LaSalle Street, Suite 2800
Chicago, Illinois 60602
Telephone: (312) 345-0611
Fax: (312) 345-0612
*Counsel for Loodvik Peerali and Oyster Incorporated*

/s/ Mark I. Labaton
Motley Rice LLP
1100 Glendon South Eighth Street
Los Angeles, CA 90024
Telephone: (310) 500-3540
Fax: (310) 824-2870

G. Steven Stidham
Sneed Lang Herrold, P.C.
1700 Williams Center Tower 1
One West Third Street
Tulsa, OK 74103-3552
Telephone: (918) 588-1313

*Counsel for William G. Burch*

17

## CERTIFICATE OF SERVICE

I, Marguerite M. Sullivan, hereby certify that on January 27, 2011, I caused the foregoing

Joint Status Report to be filed with the Clerk of the Court using the CM/ECF system, which will

send notification of such filing to all parties indicated on the electronic filing receipt.  I also

caused the foregoing Joint Status Report to be served on the following individual via electronic

mail:

> G. Steven Stidham
> Sneed Lang Herrold
> 1700 Williams Center Tower 1
> One West Third Street
> Tulsa, OK  74103-3552
> gstidham@sneedlangherrold.com

> /s/ Marguerite M. Sullivan_____
> Marguerite M. Sullivan