IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | Master Docket No. 1:08-cv-4883<br><br>MDL Docket No. 1957<br><br>Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown |

**DEFENDANT CHAMPION LABORATORIES, INC.'S BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT THE
DEPOSITIONS OF FOUR CHAMPION EMPLOYEES**

Defendant Champion Laboratories, Inc. respectfully submits this opposition to Plaintiffs' Motion for Leave to Conduct Depositions of Four Champion Laboratories, Inc. Employees.

## INTRODUCTION

Despite Rule 30(d)(1)'s limit of 10 depositions per side, defendants have agreed to make 53 individual witnesses available for depositions in this case, and to identify company representatives in addition to those 53, if necessary, to address Rule 30(b)(6) topics. That is an overwhelming number of depositions for a case that revolves around four events: one in 1999, one in 2003, and two in 2004. It is particularly generous given that plaintiffs' case depends on the story of a single witness who admits that he fabricated evidence to support his claims.

Yet plaintiffs want more. Plaintiffs are seeking leave to depose four Champion witnesses in addition to the eleven current and former employees that Champion already has made available. Although plaintiffs' motion focuses on those four individuals, plaintiffs have indicated that there are an additional 35 defense witnesses that they may seek to depose before the close of discovery. Where does it end?

Defendants spent millions of dollars collecting and producing documents and data that

were responsive to plaintiffs' overwhelmingly broad document requests. They are poised to spend an enormous amount of time, resources, and money preparing for and defending the 53 depositions that are currently scheduled. But the Court should require plaintiffs to identify specific reasons why any depositions above and beyond those 53 are necessary to justify the additional burden and cost that they would impose. Plaintiffs have not done so with respect to any of the four witnesses that are the subject of their motion. The topics on which plaintiffs seek to interrogate these witnesses either are irrelevant or are duplicative of topics that other witnesses can and will cover. These additional depositions are duplicative, cumulative, and unduly burdensome. The Court should deny plaintiffs' motion.

## ARGUMENT

### A.  Plaintiffs Have Not Met Their Burden To Establish That Any Of The Four Depositions Is Necessary To Plaintiffs' Case

Plaintiffs claim that the burden is on Champion to demonstrate good cause as to why these depositions should not occur. Pltffs' Mot. at 6-7. Plaintiffs are wrong.[1] It is plaintiffs' burden to make a "particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999). Plaintiffs have not met their burden for any of these four depositions.

In *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578 (D. Minn. 1999) (*ADM*), the defendant, like the plaintiffs here, sought leave to take additional depositions before they had taken a single one. The court found that because no depositions had occurred, there was no basis to presume that the limits on depositions that the court had imposed were

---

[1] The case that plaintiffs cite to support their attempt to shift the burden to Champion, *Tramm v. Porter Memorial Hospital*, 128 F.R.D. 666 (N.D. Inc. 1989), does not apply. That case predated Rule 30(a)(2)(A)(i)'s presumptive limit of 10 depositions per side by 4 years. Fed. R. Civ. P. 30, *Advisory Committee Note* (1993).

2

"critically insufficient." *Id.* at 587. The fact that the witnesses might have relevant information was not sufficient. The court denied the defendant's motion because the defendant did not establish that each witness was essential to the defendant's case, and "not merely a replication of discovery that could be best accomplished with the number of deponents we previously allocated." *Id.*

As in *ADM*, plaintiffs have not yet deposed any Champion employee in this case. Thus, they have no basis to assert that the eleven individual depositions and the additional Rule 30(b)(6) deposition that Champion has agreed to provide are insufficient. *Id.* At most, plaintiffs explain why the four witnesses may have relevant information. But that is not sufficient. Plaintiffs have not made any showing that any of these four witnesses' depositions are necessary to plaintiffs' claims.

1. Lowell Cockrum

Plaintiffs claim that Lowell Cockrum is a relevant witness because documents suggest that he was involved in the 2003 Shell bid and discussions related to price increases in 2004. Pltffs' Mot. at 3-4. But the parties have already scheduled the depositions of John Evans and Mark McDaniel, who were both involved in the Shell bid, and the depositions of Ty Nilsson, Ed James, Al Henager and Al Tobin, who also participated in the same email correspondence and meetings regarding price increases in 2004. Plaintiffs will have numerous opportunities to examine Champion's witnesses about those events.

Plaintiffs claim that in addition to those events, Cockrum communicated directly with competitors regarding excess capacity, so he is uniquely situated to address that topic. Pltffs' Mot. at 4. The documents that plaintiffs cite, however, reveal internal discussions in late 2006 at Champion regarding the desire to sell round air filters to co-manufacturers because of falling demand for that specific type of filter. In March of 2007 Cockrum asked Wix whether it would

3

be interested in buying round air filters from Champion. Those emails reveal nothing but legitimate business discussions; they have nothing to do with plaintiffs' allegations that defendants conspired to raise prices.

Plaintiffs have not identified anything about Cockrum that justifies imposing the burden and expense of his deposition on Champion.

2. Mike Boyer

Plaintiffs claim that Boyer is "a central witness for: (i) fact issues relating to the alleged conspiracy and Burch employment history, (ii) credibility issues relating to Burch, and (iii) numerous industry and Champion-specific Filter issues." Pltffs' Mot. at 3. That is precisely the type of broad relevancy showing that the court rejected in *ADM*. 187 F.R.D. at 587. Plaintiffs have not identified a specific event or document that only Boyer can address. They have not established that they cannot obtain testimony on any of those three topics from other witnesses that are scheduled currently or from a 30(b)(6) deposition.

Contrary to plaintiffs' assertion, Boyer did not work for Champion in 2004. He began his employment in 2005, and thus cannot possibly have any knowledge of the events that are at the heart of this lawsuit. Additionally, although he was Burch's supervisor for a short period of time, he did not play that role during the Shell online bid in 2003 or during the price increases in 2004 that Burch claims were coordinated. At most, Boyer would be able to testify about Burch's termination. But John Evans was also involved in the decision to terminate Burch, and Boyer reported to him. Evans can testify on that subject.

The only topic that plaintiffs have identified for Boyer that is not likely to be cumulative of other witness's testimony is Burch's allegation that Boyer contacted Burch during Burch's employment litigation with Champion and encouraged Burch to settle his lawsuit against the company. Pltffs' Mot. at 2-3. Plaintiffs have not explained why Boyer's testimony about that

4

phone call is critical to their price fixing case. Plaintiffs have not met their burden with respect to Mike Boyer, and the Court should deny plaintiffs' motion as to his deposition.

        3.      Scott Lewis

Plaintiffs' reason for demanding a deposition of Scott Lewis is that (a) he worked at two companies, Champion and Purolator, during the class period; (b) he received an email from Ty Nilsson in 2004 regarding price increases; and (c) he can testify about Champion's manufacturing processes and costs. Pltffs' Mot. at 5-6. None of these reasons justifies granting plaintiffs' motion to depose Lewis. The fact that Lewis worked at both companies is irrelevant because plaintiffs do not allege that he was involved in any price fixing activities at either company. The fact that Lewis received a relevant email also does not justify his deposition. Plaintiffs are scheduled to depose three other employees that were involved in the exact same email exchange. Plaintiffs have not shown that Lewis' testimony about the same email is critical to their case. Finally, Lewis' knowledge about Champion's manufacturing processes and costs may make him a good candidate for a Rule 30(b)(6) deposition, but it also is not a reason to grant plaintiffs' motion. Plaintiffs will obtain testimony on those topics either from the eleven witnesses who already are scheduled for depositions or from Rule 30(b)(6) company representatives.

        4.      Art Demers

Plaintiffs claim that the State of Florida should be entitled to depose Art Demers because he was involved in sales to Florida during the class period. Pltffs' Mot. at 4-5. The fact that Demers may have sold some products indirectly to Florida, however, is not a sufficient basis to take his deposition. Florida can establish that Champion sold filters indirectly to Florida, if true, through the transaction data and documents that Champion already has produced to it; plaintiffs do not need a deposition to establish that fact.

Demers is a heavy duty sales representative, and plaintiffs do not allege that defendants coordinated with respect to heavy duty filters. There is no allegation that Demers was involved in any conspiracy or even has knowledge of the alleged anticompetitive conduct. Moreover, Champion has offered to identify a witness to address a Rule 30(b)(6) topic covering sales to Florida. Plaintiffs do not need another individual deposition to cover the same topic.

## CONCLUSION

For the foregoing reasons, Champion respectfully requests that this Court deny plaintiffs leave to depose Mike Boyer, Lowell Cockrum, Art Demers and Scott Lewis.

Dated: January 28, 2011

Respectfully submitted,

/s/ Margaret M. Zwisler
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201


Counsel for Champion Laboratories, Inc.

**CERTIFICATE OF SERVICE**

I, Marguerite M. Sullivan, hereby certify that on January 28, 2011, I caused the foregoing Defendant Champion Laboratories, Inc.'s Brief in Opposition to Plaintiffs' Motion for Leave to Conduct the Depositions of Four Champion Employees to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt. I also caused the foregoing Defendant Champion Laboratories, Inc.'s Brief in Opposition to Plaintiffs' Motion for Leave to Conduct the Depositions of Four Champion Employees to be served on the following individual via electronic mail:

> G. Steven Stidham
> Sneed Lang Herrold
> 1700 Williams Center Tower 1
> One West Third Street
> Tulsa, OK  74103-3552
> gstidham@sneedlangherrold.com

> /s/ Marguerite M. Sullivan_____
> Marguerite M. Sullivan