IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No.: 08-cv-4883<br>MDL Docket No.: 1957 |
| This Document Relates to:<br>All Actions | Judge Robert W. Gettleman<br>Magistrate Geraldine Soat Brown |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR LEAVE TO CONDUCT THE DEPOSITIONS OF
FOUR CHAMPION LABORATORIES INC, EMPLOYEES**

Champion's opposition to Plaintiffs' efforts to depose Mike Boyer, Lowell Cockrum, Art Demers and Scott Lewis is not surprising. Understandably, Champion would rather focus on any number of issues besides the damning evidence implicating it as the ring-leader in a multi-billion dollar price-fixing conspiracy.

Champion's response to Plaintiffs' motion is inaccurate, both as to the showing Plaintiffs have made with respect to the four disputed witnesses, and as to the case law. With respect to the latter, *Archer Daniels Midland Co. v. AON Risk Services, Inc.*, 187 F.R.D. 578 (D. Minn. 1999 ("*ADM*") – the sole case invoked by Defendants – is telling in multiple respects. First, *ADM* involved a single plaintiff and single defendant in a $50 million dollar dispute over insurance coverage. Here, there are five groups of plaintiffs and seven defendants in a multi-billion dollar conspiracy case that spans nine years. Second, even in *ADM*, AON (which sought leave of the court to take additional depositions) was permitted 20 depositions of ADM witnesses – five *more* than all Plaintiffs are seeking of Champion. Third, of the additional deponents requested by AON in *ADM*, a number had already been deposed in a prior ADM lawsuit dealing

with the same insurance coverage issue. Here, none of the deponents being pursued by Plaintiffs has testified on the disputed issues in this case – perhaps because Champion ▮▮▮▮▮▮ ▮▮▮▮▮▮ to settle the employment litigation before any of its employees could be deposed.

With respect to Plaintiffs' showing of need to depose Boyer, Cockrum, Demers and Lewis – this is not a close call. Champion preposterously suggests that Boyer, Bill Burch's direct supervisor for his last year of employment at Champion – including at the time of his termination – is not an appropriate deponent. Amazingly, Champion would deprive Plaintiffs the opportunity to examine a witness who Burch has explained, under oath, threatened the safety of his family because of the price-fixing allegations made in his lawsuit. Undoubtedly, Champion would prefer to impugn the integrity and credibility of Mr. Burch without having to address the compromising and potentially criminal conduct of its own employees.

Lowell Cockrum had a front-row seat to the price-fixing activities at Champion. Champion gamely characterizes Cockrum's knowledge as limited to "legitimate business discussions," which Plaintiffs fully expect to be a mantra from Defendants as the case proceeds – as it is from all price-fixing defendants, even those who end up in jail. *See, e.g., In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 661 & 664 (7th Cir. 2002) (counsel argued that the HFCS industry was "fiercely competitive" notwithstanding their executives' imprisonment for price-fixing a related product and invocation of the Fifth Amendment when questioned about HFCS price-fixing) (Posner, J.). In this case, Mr. Burch recorded a conversation with Ty Nilsson in which Nilsson describes Champion's plan to coordinate a price increase with competitors at a Filters Manufacturers' Council meeting that occurred in late September 2004. On September 29, 2004, Nilsson sent Cockrum an email confirming that he

2

had these discussions with his competitors. Cockrum is the only recipient (currently known to Plaintiffs) of this email. Again, we understand that Champion would rather keep such "legitimate business discussions" away from the Court and the jury. But they should not be afforded this protection.

With respect to Art Demers, Champion argues that it is entitled to tell the State of Florida how best to prosecute its case. The lone witness identified to date with specific and first-hand experience related to Florida purchases is Art Demers. Champion's refusal to produce him as a witness is suspicious and should not be allowed.

Scott Lewis was an executive at the two ring-leading conspirators at the key times of the conspiracy. No individual – other than Mr. Burch – is similarly situated. And Lewis was not merely present at Champion; he was an executive in regular contact with John Evans. Lewis contemporaneously observed or participated in numerous communications that will likely be an area of focus in this litigation. Again, not surprisingly, Champion would rather that Plaintiffs not have access to such a uniquely situated witness. Moreover, that Defendants may put forth a Rule 30(b)(6) witness to address certain topics of interest to Plaintiffs, does not lessen the import of the testimony that Lewis can offer as an experienced operations executive with knowledge gained from first-hand experience at two of the largest light duty Filters manufacturers in the world.

Accordingly, Plaintiffs respectfully request that their petition for leave to depose Mike Boyer, Lowell Cockrum, Art Demers and Scott Lewis be granted.

Dated: January 31, 2011

3

Respectfully submitted,

/s/ Roberta D. Liebenberg
Roberta D. Liebenberg
Adam J. Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Michael J. Freed
Michael J. Freed
Steven Kanner
Michael Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Stuart V. Kusin
Stuart V. Kusin
SUSMAN GODFREY LLP
Suite 5100
1000 Louisiana
Houston, TX 77002-5096
Telephone: (713) 651-9366

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Bernard Persky
Bernard Persky
Gregory Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Renae D. Steiner
Renae D. Steiner
James Anderson
Katherine Kelly
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: 612-338-4605

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Richard M. Hagstrom
Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Telephone: (612) 339-2020

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Mario N. Alioto
Mario N. Alioto
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Telephone : (415) 563-7200

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Christopher Lovell
Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
Telephone : (212) 608-1900

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Liz Brady
Liz Brady
Christopher R. Hunt
Assistant Attorney General
Office of the Attorney General, Antitrust Div.
PL-01, The Capitol Tallahassee, FL 32399-1050
Telephone: (850) 414-3300

*Counsel for the State of Florida, Office of the Attorney General*

/s/ Joseph M. Alioto
Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, Suite 3160
San Francisco, CA 94104
Telephone: 415-434-8900

*Counsel for Gas Retailer Plaintiffs*

/s/ Martin R. Fox
Martin R. Fox
BLEAU FOX, P.L.C.
3575 Cahuenga Blvd., Suite 580
Los Angeles, CA 90068
Telephone: 323-874-8613

*Counsel for Gas Retailer Plaintiffs*

/s/ Gary D. McCallister
Gary D. McCallister
GARY D. MCCALLISTER & ASSOC., LLC
120 North LaSalle Street, Suite 2800
Chicago, IL 60602
Telephone: 312-345-0611

*Counsel for Gas Retailer Plaintiffs*

/s/ Mark I. Labaton
Mark I. Labaton
Lance Oliver
Motley Rice LLP
1100 Glendon Avenue14th Floor
Los Angeles, CA 90024
Telephone: (310) 500-3540

*Counsel for Qui Tam Plaintiff*