# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 11-** |
| v. | : | **DATE FILED: June 21, 2011** |
| **WILLIAM G. BURCH** | : | **VIOLATIONS: 18 U.S.C. § 1001 (false statements – 1 count)** |

# INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES:**

1. At all times material to this information, defendant WILLIAM G. BURCH was a former employee of Champion Laboratories, Inc. ("Champion") and resided in Tulsa, Oklahoma. Champion was a manufacturer and seller of automobile aftermarket filters, including oil, air and fuel filters sold in the aftermarket for light duty vehicles, including automobiles and light trucks. Until on or about January 13, 2006, when defendant BURCH was fired by Champion, Champion employed defendant BURCH as a division sales manager.

2. On or about January 19, 2006, defendant WILLIAM G. BURCH filed a lawsuit against Champion, alleging wrongful discharge ("the wrongful discharge suit"). The wrongful discharge suit was later removed to federal court, transferred to the Southern District of Illinois, and consolidated with a lawsuit filed by Champion against defendant BURCH in which Champion alleged fraud and unjust enrichment.

3. On or about March 31, 2008, defendant BURCH filed a <u>qui tam</u> action against Champion and five other manufacturers of automobile aftermarket filters, alleging, among other things, that the manufacturers had conspired to fix filter prices, in violation of § 1 of the Sherman Act, 15 U.S.C. § 1 ("the <u>qui tam</u> suit").

4. Also on or about March 31, 2008, a class action lawsuit was filed in the United States District Court for the District of Connecticut, against Champion and other manufacturers of automobile aftermarket filters, alleging, among other things, that the manufacturers had conspired to fix filter prices, in violation of § 1 of the Sherman Act, 15 U.S.C. § 1. Many of the facts alleged in the complaint were based upon the alleged personal knowledge of defendant BURCH. More than 50 other class action lawsuits containing similar allegations were filed later ("the class action suits"). The class action suits were eventually consolidated in a multi-district litigation, In re Aftermarket Filters Antitrust Litigation, Case No. 08-0CV-4883, MDL Docket No. 1957, in the United States District Court for the Northern District of Illinois.

5. On or about April 24, 2008, defendant WILLIAM G. BURCH met with lawyers and investigators from the Antitrust Division of the United States Department of Justice ("Antitrust Division"), in Tulsa, Oklahoma, where he was interviewed concerning his claim that Champion and other manufacturers of automobile aftermarket filters had entered into a criminal price-fixing conspiracy. During this interview, defendant BURCH gave Antitrust Division personnel a number of documents that allegedly supported his claim that Champion and other manufacturers of automobile aftermarket filters had conspired to fix filter prices, including a Honeywell Consumer Products Group ("Honeywell") price increase letter dated October 11, 2004 that defendant BURCH had falsified by adding a facsimile header dated September 23,

2004 ("the price increase letter").

6. On or about May 6, 2008, defendant WILLIAM G. BURCH sent an e-mail to the Antitrust Division in Philadelphia, in the Eastern District of Pennsylvania, in which defendant BURCH made the false statement that he had received the price increase letter dated October 11, 2004 via facsimile transmission on or about September 23, 2004.

7. On or about June 7, 2008, the Antitrust Division in Philadelphia opened a grand jury investigation to determine whether manufacturers of automobile aftermarket filters had entered into a criminal price-fixing conspiracy. Had the Antitrust Division known that defendant WILLIAM G. BURCH had falsified the October 11, 2004 price increase letter by adding the fraudulent facsimile header predating the date on the price increase letter, the Antitrust Division would not have opened the grand jury investigation.

8. On or about September 5, 2008, defendant WILLIAM G. BURCH and Champion settled defendant BURCH's wrongful discharge suit against Champion by Champion's payment of approximately $450,000 to defendant BURCH.

9. On or about October 7, 2008, at a recorded interview with Champion's attorneys, defendant WILLIAM G. BURCH repeated the false statement that he had received the price increase letter via facsimile transmission on or about September 23, 2004.

10. On or about July 6, 2009, defendant WILLIAM G. BURCH sent an e-mail to the Antitrust Division in Philadelphia, in the Eastern District of Pennsylvania, in which defendant BURCH made false representations to the Antitrust Division purporting to explain why he had he had falsified the price increase letter by adding the facsimile header that predated the date on the letter.

11. On or about August 31, 2009, defendant WILLIAM G. BURCH sent an e-mail to the Antitrust Division in Philadelphia, in the Eastern District of Pennsylvania, in which defendant BURCH made additional false representations to the Antitrust Division purporting to explain why he had he had falsified the price increase letter by adding the facsimile header that predated the date on the letter.

12. From on or about April 24, 2008 through on or about May 6, 2008, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**WILLIAM G. BURCH,**

in a matter within the jurisdiction of the Antitrust Division of the United States Department of Justice, an agency of the executive branch of the United States ("Antitrust Division"), knowingly and willfully, with the intent to impede, obstruct and influence the investigation of a matter within the jurisdiction of the Antitrust Division, made materially false, fictitious, and fraudulent statements and representations in that defendant BURCH submitted to the Antitrust Division a Honeywell Consumers Product Group price increase letter dated October 11, 2004 that defendant BURCH had falsified by adding a facsimile header dated September 23, 2004 ("the price increase letter"), and made false representations to the Antitrust Division that he had received the price increase letter via facsimile transmission on or about September 23, 2004, while employed by Champion Laboratories, Inc., a competitor of Honeywell. At the times when he submitted the price increase letter and made these representations, defendant BURCH well knew that he had not received the price increase letter via facsimile transmission at any time prior to October 26, 2004, and that the facsimile header that he had placed upon the price increase letter was false. Defendant BURCH further well knew that his false claim – that the price increase letter had been

sent to him via facsimile transmission prior to the date on the letter – was material to the Antitrust Division. Defendant BURCH further well knew, and in fact intended, that his falsification of the price increase letter would have the effect of influencing the Antitrust Division's grand jury investigation into criminal price fixing.

In violation of Title 18, United States Code, Section 1001.

_____
**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**

5