# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11- 334 |
| WILLIAM G. BURCH | : | |

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One of an indictment or information, waiving prosecution by indictment, charging him with making material false statements and representations, in violation of 18 U.S.C. § 1001, all arising from his submission of a price increase letter to the Antitrust Division of the United States Department of Justice that he had falsified by adding a facsimile header predating the date on the letter, and his false representations to the government, made on or about May 6, 2008, as to when and how he had received the letter. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. At the time of sentencing, the government will:

   a. Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

   b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court

regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

        c.     Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

        3.     The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentence: Count One, making false statements to the government, five years' imprisonment, a three year period of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum Sentence is: five years' imprisonment, a three year period of supervised release), $250,000 fine, and a $100 special assessment.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to two years per count of conviction. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

        4.     The defendant agrees to pay a fine of $30,000 as directed by the court. The defendant further agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

2

5. The defendant agrees to pay the special victims/witness assessment in the amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

6. The defendant may not withdraw his plea because the Court *declines to* follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

7. The United States agrees that, other than the charge in the Information in this case, it will not bring any other criminal charges against the defendant for conduct which (A) falls within the scope of the criminal investigation in the Eastern District of Pennsylvania relating to the defendant's dealings with the Antitrust Division of the Department of Justice; or (B) was known to the United States Attorney's Office for the Eastern District of Pennsylvania or the Antitrust Division of the Department of Justice as of the date of the execution of this plea agreement, and which concerned the defendant's dealings with the Antitrust Division of the Department of Justice or his statements about those dealings made prior to the date of this plea agreement. The non-prosecution provisions of this paragraph are binding on the Office of the United States Attorney for the Eastern District of Pennsylvania, the Antitrust Division of the Department of Justice, and the United States Attorney's Offices for each of the other 93 judicial districts of the United States. The non-prosecution provisions are also binding on the Criminal Division of the United States Department of Justice. Attached as Exhibit B is a copy of the letter to United States Attorney Zane David Memeger from the Assistant Attorney General, Criminal Division, Department of Justice, authorizing this agreement.

8. <u>Other Crimes Stipulation</u>: Pursuant to USSG § 1B1.2, the parties stipulate that the defendant committed the following offenses in addition to the offense of conviction, and

3

the defendant understands and agrees that, for the purpose of determining the defendant's Sentencing Guidelines range, Section 1B1.2(c) provides that these additional offenses shall be treated as if the defendant had been convicted of additional counts charging this offense:

      a.    In or about April or May of 2008, the defendant knowingly submitted to the Antitrust Division of the U.S. Department of Justice a price increase letter dated October 11, 2004 that he falsely altered by placing on the document a facsimile header dated September 23, 2004, with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of an agency of the United States, in violation of 18 U.S.C. § 1519.

      b.    In or about early July and late August of 2009, the defendant knowingly and willfully made additional material false statements to the government purporting to explain why he had falsified the price increase letter by adding the facsimile header that predated the date on the letter, in a matter within the jurisdiction of an agency of the United States, in violation of 18 U.S.C. § 1001.

      9.    Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

      (A)    The parties agree and stipulate that because the Count One offense that is the subject of this agreement also constitutes a violation of 18 U.S.C. § 1519, the

4

obstruction of justice guideline, USSG § 2J1.2, applies via the cross-reference provision of USSG § 2B1.1(c)(3), yielding a base offense level of 14.

(B) The parties agree and stipulate that the Count One offense resulted in substantial interference with the administration of justice within the meaning of USSG § 2J1.2(b)(2), which adds 3 levels to the base offense level.

(C) The defendant understands that at sentencing, the government will argue that the Count One offense involved the alteration and fabrication of an especially probative record within the meaning of USSG § 2J1.2(b)(3)(B), which provision, if applicable, adds an additional 2 levels to the base offense level.

(D) The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

(E) The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

10. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C.

§ 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

    a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

    (1)    the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;

    (2)    the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or

    (3)    the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

    11.    The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

    12.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

13. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

14. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

ZANE DAVID MEMEGER
United States Attorney

_____
WILLIAM G. BURCH
Defendant

_____
PETER F. SCHENCK
Chief, Criminal Division
Assistant United States Attorney

_____
ROBERT R. NIGH, JR.
Counsel for Defendant

_____
MARY E. CRAWLEY
Assistant United States Attorney

Date: 5-19-11

7

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :

v.   :   CRIMINAL NO. 11-

WILLIAM G. BURCH   :

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

   a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

   b. that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

   c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

   d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

   e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

   f. that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

   g. that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

   h. that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4. I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5. I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6. I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7. Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8. I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

> (1) the nature and circumstances of the offense and my personal history and characteristics;
>
> (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

2

(5) the need to provide restitution to any victims of the offense.

_____
WILLIAM G. BURCH
Defendant

_____
ROBERT R. NIGH, JR.
Counsel for the Defendant

Dated: 5-19-11



U.S. Department of Justice

Criminal Division

*Office of the Assistant Attorney General*  *Washington, D.C. 20530*

JUN 2 0 2011

The Honorable Zane D. Memeger
United States Attorney for the
Eastern District of Pennsylvania
615 Chestnut Street, Ste. 1250
Philadelphia, Pennsylvania 19106

Attention:  Mary E. Crawley
 Assistant United States Attorney

Re:  *Global Non-prosecution Agreement for William G. Burch*

Dear Mr. Zane:

This is in response to your request for authorization to enter into a global plea agreement with defendant William G. Burch.

I hereby approve the terms of the Plea Agreement, including Paragraph 7, in which the United States agrees not to initiate further proceedings as set out therein.

You are authorized to make this approval a matter of record in this proceeding.

Sincerely,

Lanny A. Breuer
Assistant Attorney General

BRUCE C. SWARTZ
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION