UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | Master Docket No. 08-cv-4883 |
| | MDL Docket No. 1957 |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | Honorable Robert W. Gettleman |
| | Magistrate Judge Geraldine Soat Brown |

**DEFENDANTS' STATUS REPORT**

Pursuant to this Court's statements at the status hearing on July 14, 2011, defendants Champion Laboratories, Inc., Honeywell International Inc., Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company Inc., Baldwin Filters Inc., ArvinMeritor Inc., Purolator Productions NA, LLC and Purolator Products Company, LLC (collectively, "defendants") submit the following Status Report.

Defendants filed the following motions on August 17, 2011:

**A.  Defendants' Motion To Exclude William G. Burch's Tape Recordings From Evidence And For An Order Precluding Plaintiffs From Relying On Them In Discovery**

This motion requests that the Court exclude from evidence the tape recordings that William G. Burch created and prevent plaintiffs from using them for any pre-trial purpose or at any trial in this case. Plaintiffs have relied heavily on Burch's tapes to support their claims. However, a forensic analysis of the tapes proves that they are not authentic evidence. Burch doctored them, just as he fabricated the fax that later caused him to plead guilty to a felony. Defendants' motion provides evidence that Burch materially altered each of the tapes by erasing information or stopping and starting the recorder in the middle of key

portions of the conversations that are reflected on the tapes. Defendants' motion also establishes that significant portions of each tape are missing or inaudible.

**B.** **Defendants' Motion For Leave to File Oversized Brief**

This motion requests leave to exceed the page limit for briefs in this district in connection with the motion described in paragraph A above.

**C.** **Defendants' Motion For An Evidentiary Hearing On Defendants' Motion To Exclude William G. Burch's Tape Recordings From Evidence And For An Order Precluding Plaintiffs From Relying On Them In Discovery**

This motion requests an evidentiary hearing in support of defendants' motion to exclude the Burch tapes from evidence. Defendants' expert's forensic analysis is technical and complicated. Defendants respectfully submit that live testimony from that expert witness will assist the Court's understanding of the science that proves that Burch manipulated the tapes.

**D.** **Defendants' Motion To Exclude William G. Burch's Testimony From Evidence And For An Order Precluding Plaintiffs From Relying On It In Discovery**

This motion requests that this Court exclude William G. Burch's testimony from evidence and prevent plaintiffs from using that testimony for any pre-trial purpose or at any trial in this case. Defendants' motion provides evidence of Burch's perjury in his deposition in this case, willful destruction of relevant evidence, fabrication of evidence, and manipulation of the legal system, as well as evidence that plaintiffs have been aware of Burch's fraud since November 2009 and continue to rely on his evidence in this case.

E.     **Defendants' Motion To Continue The Stay Of All Cases Pending Resolution Of Defendants' Motions To Exclude William G. Burch's Tape Recordings And Testimony From Evidence And To Preclude Plaintiffs From Relying On Them In Discovery**

This motion requests that this Court continue the stay of all cases that this Court imposed on April 14, 2011 and continued on July 14, 2011 until it rules on the motions described above. William Burch pled guilty to committing a felony, admitting that he fabricated a key piece of evidence that he gave to the United States Department of Justice Antitrust Division, the very same evidence he gave to plaintiffs before they filed their first class action case against defendants. Burch's testimony and the tapes he created are the lynchpin of plaintiffs' entire case; they relied on his "personal knowledge" and his tapes to file their complaints, defeat defendants' motions to dismiss, and substantiate their demands for the discovery. If this Court grants defendants' motions, the case will be significantly changed in a manner that the parties cannot anticipate - possibly resulting in the case ending quickly, but certainly dramatically changing the scope of discovery.

Defendants have already spent tens of millions of dollars defending this lawsuit over the past three years. If discovery reopens before the Court has ruled on defendants' motion, defendants will face additional significant expense. Plaintiffs have requested additional documents (in addition to the 8 million pages that defendants have already produced), identified 57 fact witnesses for depositions under Rule 30(b)(1), and have served Rule 30(b)(6) deposition notices on defendants to make available company witnesses to testify about more than 100 topics covering a 16 year period. Allowing plaintiffs to continue with

3

discovery while the Court considers defendants' motions will continue the enormous burden on defendants, and this Court, to carry on this meritless litigation. Thus, as described more fully in defendants' motion to continue the stay, it is defendants' position that this Court should continue the current stay pending decisions on the rest of the motions filed on August 17, 2011.

Dated: August 19, 2011

Respectfully submitted,

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC and Purolator Products Company, LLC*

/s/ Margaret M. Zwisler
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Laboratories, Inc.*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Fax: 212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

/s/ Darrell Prescott
Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212-626-4100
Fax: 212-310-1600

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: 202-383-5300

/s/ Mark Racanelli

4

*Counsel for Baldwin Filters Inc.*

O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: 212-326-4403

*Counsel for Honeywell International Inc.*

/s/ John DeQ. Briggs
John DeQ. Briggs
AXINN VELTROP HARKRIDER
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and Affinia Group, Inc.*

## CERTIFICATE OF SERVICE

    I, Marguerite M. Sullivan, hereby certify that on August 19, 2011, I caused the foregoing Defendants' Status Report to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

                                                      /s/ Marguerite M. Sullivan
                                                      Marguerite M. Sullivan