**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | Master Docket No. 08-cv-4883 |
| | MDL Docket No. 1957 |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | Honorable Robert W. Gettleman |
| | Magistrate Judge Geraldine Soat Brown |

**DIRECT PURCHASER PLAINTIFFS, INDIRECT PURCHASER
PLAINTIFFS AND GAS RETAILER PLAINTIFFS' STATUS REPORT**

Pursuant to this Court's statement at the status hearing on July 14, 2011, the direct purchaser plaintiffs, indirect purchaser plaintiffs, and gas retailer plaintiffs (collectively, "plaintiffs") submit the following Status Report.

**I.    REPORT ON CASE STATUS**

While plaintiffs' counsel have pointedly reserved judgment in the past regarding misrepresentations and misstatements made by defendants to the Court, both orally and in writing, here they cannot. Numerous statements in defendants' recently-filed motions have crossed the line of decency and professionalism. They are replete with unfounded accusations impugning not only the integrity of plaintiffs' case, but also the integrity of plaintiffs' counsel.

For example, defendants state that one of their motions "provides evidence that plaintiffs were aware of Burch's fraud since November 2009…" *See* Defendants' Motion To Exclude William G. Burch's Testimony From Evidence And For An Order Precluding Plaintiffs From Relying On It In Discovery, at 2**.** This is false. In fact, in 2009 plaintiffs learned only that Mr. Burch told the Government that he had altered a Honeywell price increase letter by taping the fax

header from a different document onto it, purportedly to remind himself of the timeline of events.[1] In any event, from the point of Mr. Burch's disclosure, up until the time that he entered into a plea agreement with the Government, plaintiffs knew only that Mr. Burch maintained that he did not have an improper purpose in mind when he altered the price increase letter. More importantly, plaintiffs have never knowingly relied on any fabrications or untruths. In addition, plaintiffs have taken special care to confirm and corroborate other evidence provided by Mr. Burch.

Defendants' moving papers also suggest that plaintiffs somehow were complicit in the filing of Mr. Burch's *qui tam* action, which, according to defendants, was devised in order to manufacture a common interest privilege that would hide Mr. Burch's wrongdoing from defendants and the authorities. This too is false. For defendants to make such an unfounded statement is shameless.

Defendants further suggest that it is professionally inappropriate for plaintiffs to rely on any of the evidence provided by Mr. Burch since he has recently acknowledged that he falsified a document. This is not the law. Further, this case is not dependent solely on William Burch. Plaintiffs have undertaken a lengthy and detailed examination of all of the evidence produced to date and have determined that, in their judgment, there is substantial evidence wholly independent of Mr. Burch that supports their price-fixing allegations. In addition, there is documentary and other evidence which corroborates information provided by Mr. Burch. Indeed, in connection with Mr. Burch's guilty plea, even the Department of Justice acknowledged that *the Burch tapes and other documents produced by Mr. Burch* were "suggestive that prices among competitors in this industry were at times discussed…." Such

---

[1] The Gas Retailer Plaintiffs did not learn of this until August, 2010.

improper price communications may not have been sufficient to support a criminal conviction, but they are the bread and butter of civil conspiracy cases and provide strong evidence of price-fixing by Defendants. This and other supporting evidence will inevitably be presented to the Court at the appropriate stage of the litigation.

Through misrepresentations and slanderous attacks on plaintiffs' counsel, defendants are improperly seeking to persuade the Court that plaintiffs should be foreclosed from pursuing essential discovery in this litigation. It is an unseemly litigation tactic and should be rejected.

As to the substance of defendants' motions, plaintiffs state the following:

### A. Defendants' Motion To Exclude William G. Burch's Tape Recordings From Evidence And For An Order Precluding Plaintiffs From Relying On Them In Discovery

Plaintiffs will oppose this motion.

First, to the extent defendants' motion seeks to exclude Mr. Burch's tape recordings from use at trial, such a motion is plainly premature. Accordingly, plaintiffs will request that the Court defer adjudication of the motion until it is ripe for disposition. The appropriate time for the Court to make such a determination is on a fully developed record and, even then, only if a party seeks to introduce such evidence at summary judgment or trial. Defendants' motion is nothing more than an *in limine* motion with respect to the admissibility of substantive evidence, and to make such a motion at this stage of the litigation, where very few depositions have been taken and crucial discovery involving the tape recordings has yet to take place, is inappropriate. In addition, depending on the evidence developed in depositions, plaintiffs may not want or need to introduce the recordings into evidence, and the parties and the Court ought not to expend the resources to litigate the motion that might ultimately be unnecessary and which, in any event, cannot be resolved on the present, incomplete record.

In the event the Court determines to proceed and hear defendants' motion, plaintiffs should not be required to respond until after the parties have engaged in expert discovery, including the exchange of forensic expert reports and depositions of those experts. This process could take several months. In that event, plaintiffs request three weeks after the completion of such discovery to respond to defendants' motion.

Defendants also seek to exclude Mr. Burch's tape recordings from use during pre-trial discovery, claiming that the recordings are unreliable, inaccurate, and have various other deficiencies. This is utterly without merit. The best way to test the authenticity of the material caught on the tapes is to ask the people implicated: Is this your voice? Did you say this? Is it accurate? These types of inquiries are at the very core of discovery as contemplated by the Federal Rules.

Notably absent from defendants' motion is any denial of the identity of the speaker or of the words recorded on the tapes. There is no reason why plaintiffs should be denied essential discovery relating to these recorded conversations, including in depositions. Plaintiffs believe that this limited issue as to whether they can use the tape recordings during pre-trial discovery should be adjudicated by the Court. Plaintiffs request a response date of September 16, 2011.

**B.     Defendants' Motion For Leave to File Oversized Brief**

Plaintiffs do not oppose this motion.

**C.     Defendants' Motion For An Evidentiary Hearing On Defendants' Motion To Exclude William G. Burch's Tape Recordings From Evidence And For An Order Precluding Plaintiffs From Relying On Them In Discovery**

Plaintiffs will oppose this motion.

The evidentiary hearing is only relevant to the question of admissibility at trial, and, as stated above in Section II.A, plaintiffs respectfully request that any such motion and hearing be deferred until it is ripe.

4

In the event the Court determines to hear defendants' motion on the admissibility of the tape recordings at trial, plaintiffs believe that an evidentiary hearing in support of their motion to exclude the Burch tapes from evidence is unnecessary and unduly burdensome. The motion should be decided on the papers submitted by the parties. However, if the Court is inclined to permit an evidentiary hearing, the parties should be permitted to engage in expert discovery, including the exchange of forensic expert reports and depositions of those experts.

**D.  Defendants' Motion To Exclude William G. Burch's Testimony From Evidence And For An Order Precluding Plaintiffs From Relying On It In Discovery**

Plaintiffs will oppose this motion.

For the same reasons stated in Section II.A., this motion is both premature and meritless.

**E.  Defendants' Motion To Continue The Stay Of All Cases Pending Resolution Of Defendants' Motions To Exclude William G. Burch's Tape Recordings And Testimony From Evidence And To Preclude Plaintiffs From Relying On Them In Discovery**

While plaintiffs disagree in many respects with the reasons stated by defendants in support of their motion to continue the stay, plaintiffs do not oppose this motion.

Dated: August 19, 2011                                    Respectfully submitted,

| | |
|---|---|
| /s/ Michael J. Freed | /s/ Bernard Persky |
| Steven A. Kanner | Gregory Asciolla |
| Michael E. Moskovitz | LABATON SUCHAROW LLP |
| FREED KANNER LONDON & MILLEN LLC | 140 Broadway |
| 2201 Waukegan Rd. | New York, NY 10005 |
| Suite 130 | Telephone: (212) 907-0700 |
| Bannockburn, IL 60015 | Facsimile: (212) 818-0477 |
| Telephone: 224-632-4500 | |
| Fax: 224-632-4521 | *Co-Lead Counsel for Direct Purchaser Plaintiffs* |

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Roberta D. Liebenberg
Donald L. Perelman
Adam Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: 215-567-6565
Fax: 215-568-5872

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Christopher Lovell
Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
(212) 608-1900
clovell@lshllp.com

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Mario N. Alioto
Mario N. Alioto
Lauren C. Russell
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone : (415) 563-7200

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Renae D. Steiner
Renae D. Steiner
Vincent J. Esades
Katherine Kelly
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
(612) 338-4605
(612) 338-4692 (facsimile)

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Richard M. Hagstrom
Richard M. Hagstrom
ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
(612) 339-2020
(612) 336-9100 (facsimile)

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Martin R. Fox
Martin R. Fox
BLEAU FOX, A P.L.C.
3575 Cahuenga Blvd., Suite 580
Los Angeles, CA 90068
Tel: 323-874-8613
Fax: 323-874-1234

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, Suite 3160
San Francisco, CA 94104
Tel: 415-434-8900

Gary D. McCallister
GARY D. MCCALLISTER & ASSOC., LLC
120 North LaSalle Street, Suite 2800
Chicago, Illinois 60602
Telephone: (312) 345-0611

*Counsel for Loodvik Peerali and Oyster Inc.*

6

**CERTIFICATE OF SERVICE**

    I, Gregory Asciolla, hereby certify that on August 19, 2011, I caused the foregoing Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs and Gas Retailer Plaintiffs' Status Report to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

                                                                                    */s/ Gregory Asciolla* _____
                                                                                    Gregory Asciolla