IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | **Master Docket No. 08-cv-4883**<br>**MDL Docket No. 1957** |
| **This Document Relates To:**<br>**All Purchaser Actions** | **Honorable Robert W. Gettleman**<br>**Magistrate Geraldine Soat Brown** |

## INDEX OF EXHIBITS

Exhibit A – Proposed Settlement Notice

Exhibit B – Proposed Summary Notice

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

# If You Directly Purchased Light Duty Aftermarket Filters Between from March 1, 1999 to \_\_\_\_, 2011, You Could be Affected by Proposed Class Action Settlements.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

This is to advise you that a class action lawsuit captioned as *In re Aftermarket Filters Antitrust Litigation* is pending in the United States District Court for the Northern District of Illinois against the following manufacturers of Aftermarket Filters (as defined below in Section 6): Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc. and Baldwin Filters, Inc. (collectively, "Defendants"). As explained below, the lawsuit alleges that Defendants engaged in illegal anticompetitive conduct with respect to the sale of light duty aftermarket automobile filters and that as a result, any person or entity that purchased Aftermarket Filters directly from any Defendant between March 1, 1999 to _____, 2011 paid a higher price than otherwise would have been the case in a competitive market.

**This Notice has been issued to inform you:**
   **(1)** that Proposed Settlements have been reached with Defendants Baldwin Filters, Inc., Cummins Filtration Inc. and Donaldson Company, Inc. (the "Settling Defendants") that will resolve the claims against the Settling Defendants on behalf of the Settlement Class (as defined below);
   **(2)** that the litigation is continuing against: Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, and Affinia Group Inc.. (the "Non-Settling Defendants");
   **(3)** that Class Counsel (as defined below in Section 15) intend to petition the Court for reimbursement of litigation expenses from the settlements; and
   **(4)** of your rights and options.

There are two Proposed Settlements in this lawsuit at this time. Under the **Baldwin Filters, Inc. Settlement**, Cummins Filtration Inc. has agreed to pay $406,250 to the Direct Purchaser Settlement Class
There are two Proposed Settlements in this lawsuit at this time. Under the **Cummins Filtration Inc. Settlement**, Cummins Filtration Inc. has agreed to pay $406,250 to the Direct Purchaser Settlement Class. Under the **Donaldson Company, Inc. Settlement**, the Donaldson Company, Inc. has agreed to pay $406,250 to the Direct Purchaser Settlement Class.
    The Settling Defendants have asserted a number of defenses to Plaintiffs' claims and deny any liability, but have settled to avoid the cost and burden of further litigation and trial. Further details relating to the Proposed Settlements can be obtained by contacting _____, as described below in Section 24.

**TO DETERMINE WHETHER YOU ARE AFFECTED BY ANY OF THE PROPOSED SETTLEMENTS REACHED IN THIS CASE, PLEASE READ THIS NOTICE CAREFULLY.** Your rights and options – **and deadlines for exercising them** – are explained in this Notice.

Please contact _____, as described in Section 24 below, for further information about the Proposed Settlements, answers to frequently asked questions, and more information.

**DO NOT CONTACT THE COURT OR DEFENDANTS
IF YOU HAVE QUESTIONS REGARDING THIS NOTICE.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: |
|---|

| YOU MAY: | | DUE DATE: |
|---|---|---|
| **OBJECT TO THE SETTLEMENTS** | Write to the Court about why you don't like the Proposed Settlements. | Postmarked by [date] |
| **ATTEND A HEARING** | Write to the Court to ask to speak at the hearing about the fairness of the Proposed Settlements. | Postmarked by [date] |
| **DO NOTHING AND REMAIN IN THE CLASS** | You will be considered part of the settlement class and will be bound by the terms of the settlements. You may be eligible to submit a claim form at a later date to receive money from the Proposed Settlements. | Not applicable |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT CLASS** | You will receive no payment or benefit from the settlement(s) from which you have excluded yourself. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. | Postmarked by [date] |

Your legal rights are affected whether you act or don't act. Read this Notice carefully.

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or your company may have purchased Light Duty Aftermarket Filters directly from one of the Defendants in the United States from March 1, 1999 to _____, 2011. This Notice explains the lawsuit, the Proposed Settlements, and your legal rights.

### 2. What is this lawsuit about?

The case is pending in the United States District Court for the Northern District of Illinois and is known as *In re Aftermarket Filters Antitrust Litigation*, Master File No. 1:08-cv-4883, MDL No. 1957.

The lawsuit claims that the Defendants conspired to illegally fix, raise, maintain, and/or stabilize prices and allocate customers for Light Duty Aftermarket Filters purchased in the United States in violation of Section 1 of the Sherman Act. The lawsuit claims that the Defendants engaged in this illegal activity from March 1, 1999 to _____, 2011 and that during this time period, any person or entity that purchased Light Duty Aftermarket Filters directly from any Defendant paid a higher price than they otherwise would have paid in a competitive market. The lawsuit seeks to recover three times the actual damages that Plaintiffs allege the Defendants' conduct caused, as well as injunctive relief, attorneys' fees and costs. The Settling Defendants deny any wrongdoing and deny any liability in the case.

For purposes of these settlements, the Court has certified a Direct Purchaser Settlement Class as defined in Section 6 below.

### 3. Who are the Defendants?

The Defendants are:

Champion Laboratories, Inc.,
Purolator Filters N.A. L.L.C.,
ArvinMeritor, Inc.,
Honeywell International,
Wix Filtration Corp. LLC,
Affinia Group Inc.,
Cummins Filtration Inc.,
Donaldson Company, Inc., and
Baldwin Filters, Inc.

To be a member of the Direct Purchaser Settlement Class you must have purchased Light Duty Aftermarket Filters <u>directly</u> from one of these companies in the United States from March 1, 1999 to _____, 2011.

### 4. Why is this a class action?

In a class action, one or more people or entities called Class Representatives (in this case Central Warehouse Sales Corporation, Neptune Warehouse Distributors, Inc., William C Bruene d/b/a Lone Star Lube, and A&L Systems Inc.) sue on behalf of people or entities who have similar claims. All of these people and entities are settlement class members and make up the Proposed Direct Purchaser Settlement Class. One court resolves the issues for all class members, except for those who exclude themselves from the class. U.S. District Judge Robert W. Gettleman is in charge of this class action.

### 5. Why are there Proposed Settlements?

The Defendants have denied any wrongdoing in this case, and the Court did not decide in favor of the Plaintiffs or the Defendants. Instead, Plaintiffs and the Settling Defendants agreed to the Proposed Settlements. That way, the Settling Defendants avoid the cost and burdens of further litigation and a trial. The Class Representatives and Class Counsel think the Proposed Settlements are best for all proposed class members.

Only three of the Defendants have agreed to settle the litigation. The Non-Settling Defendants have not agreed to settle, so the litigation is continuing against them. Additional money may become available in the future as a result of additional settlements and/or a trial, but there is no guarantee this will happen.

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To see if you are affected by these Proposed Settlements, you first have to determine if you are a settlement class member.

### 6. How do I know if I am part of the Proposed Settlements?

Any person or business that fits the following description is affected by the Proposed Settlements and therefore a member of all of the Direct Purchaser Settlement Class, defined as:

3

*All persons and entities that, from March 1, 1999 to _____, 2011, purchased Light Duty Aftermarket Filters directly from Defendants in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities.*

Aftermarket Filters is defined as light duty (*i.e.*, automotive and light truck) oil, air and fuel filters for sale in the aftermarket (*i.e.*, the market for replacement filters).

For purposes of determining whether you are affected by the Proposed Settlements and therefore a member of the Direct Purchaser Settlement Class, it does not matter from which Defendant you purchased Aftermarket Filters, so long as you purchased it directly from at least one Defendant during the applicable time period.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR WILL RECEIVE PROCEEDS FROM ANY OF THE PROPOSED SETTLEMENTS.**

### 7. I'm still not sure if I'm included.

If you are still not sure whether you are a class member, you can ask for free help. See Section 24 below.

## WHAT THE PROPOSED SETTLEMENTS MEAN TO YOU

### 8. What do the Proposed Settlements provide?

Under the **Baldwin Filters, Inc. Settlement**, Baldwin Filters, Inc. has agreed to pay $406,250. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **Cummins Filtration Inc. Settlement**, Cummins Filtration Inc. has agreed to pay $406,250. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **Donaldson Company, Inc. Settlement**, Donaldson Company, Inc. has agreed to pay $406,250. That amount will not be reduced in the event that class members exclude themselves from the class.

In exchange for these settlement amounts, Direct Purchaser Settlement Class members give up all legal rights to sue the Settling Defendants for the released claims, which include any and all claims, demands, actions, suits, and causes of action for any kind of relief whatsoever and liabilities of any nature whatsoever that the Direct Purchaser Settlement Class members ever had, now have, or hereafter can, shall, or may have against the Settling Defendants, whether known or unknown, relating in any way to any conduct prior to the date of the Proposed Settlements arising under or relating to any federal, state, or common law, or the law of any nation or domestic or foreign governmental entity which relate to or arise out of any alleged unlawful conspiracy to fix, raise, maintain or stabilize prices and allocate customers for Aftermarket Filters, or any other allegedly collusive, conspiratorial or aiding and abetting practice between or among manufacturers with respect to the sale of Aftermarket Filters, including but not limited to, any conduct that relates in any way to the facts, occurrences, transactions, other matters alleged in the Class Action, or that could have been asserted in the Class Action under federal or state statutory, regulatory or common law antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, fraudulent misrepresentation, trade practice or civil conspiracy laws. The settlement agreements, which are part of the Court documents in this case precisely describe the legal claims that you give up if you stay in the class.

Any reimbursement of litigation expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. If you wish to object to the petition for reimbursement of litigation expenses you may do so, but only in accordance with the procedures set forth below.

## DISTRIBUTION OF THE SETTLEMENT PROCEEDS

### 9. How will the funds from the settlements be distributed?

It is not anticipated that settlement funds will be distributed to Direct Purchaser Class members. Rather, after the court grants final approval to the Proposed Settlements, plaintiffs' counsel intend to seek an order of court authorizing payment from the settlement funds to them in reimbursement of previously incurred expenses incurred in connection with this litigation.

### 10. How do I receive payment from one or more of future settlements or judgments?

No money will be distributed to the Direct Purchaser Settlement Class at this point. The attorneys will pursue the litigation against the Non-Settling Defendants. Members of the Direct Purchaser Settlement Class may receive distributions in the future in the event there are any settlements obtained from or judgments against, any of the Non-Settling Defendants.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENTS

If you don't want to be included in the Proposed Settlements, but you want to keep the right to sue or continue to sue the Defendants, on your own, about the legal issues in this case, then you must take steps to remove yourself from the class. This is called excluding yourself or "opting out" of the class.

### 11. How do I get out of the Proposed Settlements?

To exclude yourself from one or more of the Proposed Settlements, you must send a letter saying that you want to be excluded from the class. The letter must include the following information:

- A statement that you want to be excluded from the class.
- Which of the following Proposed Settlements you want to be excluded from: the Baldwin Filters, Inc., **Cummins Filtration Inc. Settlement, and/or the Donaldson Company, Inc. Settlement**. **Your request for exclusion may not be effective unless you specify from which Proposed Settlement(s) you are seeking exclusion**.
- The case name: *In re Aftermarket Filters Antitrust Litigation.*
- Your name, address, telephone number, and your signature.
- All trade names or business names and addresses you or your business have used, as well as the names of any subsidiaries or affiliates of your business that also are requesting to be excluded from the class.

Your letter must be postmarked by [ ], 2011 and sent to:

Aftermarket Filters Antitrust Litigation
[insert name/address]

If you ask to be excluded from any of the Proposed Settlements, you will not get any potential payments from the settlements from which you exclude yourself, and you cannot object to those particular settlements. You may be able to sue (or continue to sue) the Settling Defendants from whose settlement you asked to be excluded in the future.

**12. Can I remain as part of the class for one of the Proposed Settlements and exclude myself from others?**

Yes. Because there are three separate Proposed Settlements (the Baldwin Filters, Inc. Settlement, **Cummins Filtration Settlement** and the **Donaldson Company, Inc. Settlement**), you will need to decide, for each of the Proposed Settlements, whether to exclude yourself from the class, or whether to remain in the class for any or all of them.

**13. If I do not exclude myself, can I sue the Settling Defendants later?**

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants for the claims that the Proposed Settlements resolve. If you have a pending lawsuit against the Settling Defendants involving the issues in this case, speak to your own lawyer in that case immediately. It may be necessary for you to exclude yourself from the class in order to continue your own lawsuit.

**14. If I exclude myself, can I get money from the Proposed Settlements?**

No. If you decide to exclude yourself, you will not be eligible to request money from the Proposed Settlements. If you exclude yourself from some, but not all, of the Proposed Settlements, in the future you may be eligible to request payment from the Proposed Settlements for which you remain in the class.

## THE LAWYERS REPRESENTING YOU AS A CLASS MEMBER

**15. Do I have a lawyer in this case?**

The Court has appointed Michael J. Freed of Freed Kanner London & Millen, LLC, Roberta D. Liebenberg of Fine Kaplan & Black, R.P.C., and Bernard Persky of Labaton Sucharow LLP to represent the class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How will the lawyers be paid?**

To date, Class Counsel have not been paid any attorneys' fees and are prosecuting the litigation on a wholly contingent fee basis; they do not intend to seek any payment of attorneys' fees from these settlements. In the future, in the event of any further settlements with or judgments against any of the remaining Non-Settling Defendants, Class counsel may seek compensation for their time and risk. In this event, Class counsel will petition the Court for an award from the settlement funds of attorneys' fees and for reimbursement of litigation expenses.

Any fees and expenses approved by the Court will be paid out of the settlement funds.

## OBJECTING TO THE PROPOSED ATTORNEYS' EXPENSE REQUESTS

### 17. How do I tell the Court that I don't like the Proposed Settlements or expense requests?

If you are a class member, you can object to the Proposed Settlements. You may also object to Class Counsel's request for reimbursement of litigation expenses. You can give reasons why you think the Court should not approve one or all of the Proposed Settlements or expenses requests. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement saying what you object to: one or more of the Proposed Settlements and/or the request for reimbursement of litigation expenses. If you object to fewer than all of the Proposed Settlements, you must specify to which one(s) you object.
- Your name, address, telephone number, and your signature.
- The reasons you object to the Proposed Settlement(s).
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your objection must identify this case and case number and must be filed with the Court at the following address, **postmarked by [ ], 2011**.

> Clerk of Court
> United States District Court
> For the Northern District of Illinois
> Everett McKinley Dirksen
> United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

You must also mail copies of the objection to all of the following attorneys, **postmarked by [ ], 2011**:

Michael J. Freed
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Rd. – Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Roberta D. Liebenberg
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street – 28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Fax: (215) 568-5872

Bernard Persky
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

### 18. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Proposed Settlements. If you exclude yourself, you have no basis to object because the Proposed Settlements no longer affect you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlements and the request for litigation expenses. You may attend, but you are not required to do so. If you attend, you may ask to speak, but you don't have to participate.

### 19. When and where will the Court decide whether to approve the Proposed Settlements?

The Court will hold a Fairness Hearing at [time] on [date], in Courtroom [number] at the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At this hearing the Court will consider whether the Proposed Settlements are fair, reasonable, and adequate and whether to approve the request for litigation expenses. If there are objections, the Court will consider them. Judge Gettleman will listen to people who have asked to speak at the hearing (see Question 21). After the hearing, the Court will decide whether to approve the Proposed Settlements.

The Court may change the time and date of the Fairness Hearing. Notice of any change will be posted at the courthouse or on the Court's website.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Gettleman may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re Aftermarket Filters Antitrust Litigation*."
- The position you will take on the Proposed Settlements and your reasons.
- Your name, address, telephone number, and your signature.
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must identify this case and case number and must be filed with the Court at the following address, **postmarked by [date]**:

> Clerk of Court
> United States District Court
> For the Northern District of Illinois
> Everett McKinley Dirksen
> United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 17 above.

8

## IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you do nothing, you will remain in the class for each of the Proposed Settlements, but you will not receive any proceeds from the settlements at this time.

## GETTING MORE INFORMATION

**23. Are there more details about the Proposed Settlements?**

This Notice summarizes the Proposed Settlements. More details are in the settlement agreements. You can get a copy of the settlement agreements by contacting _____.

**24. How do I get more information?**

If you have questions or want more information, you can contact _____.

You may also write to any of Class Counsel at the following addresses:

Michael J. Freed
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Rd. – Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Roberta D. Liebenberg
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street – 28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Fax: (215) 568-5872

Bernard Persky
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

**25. Can I update my address?**

Yes. If your address changes, please contact _____.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Exhibit B

## Legal Notice

## If you purchased Light Duty Aftermarket Filters in the United States from March 1, 1999 to _____, 2011, your rights could be affected by Proposed Settlements

**What are the Settlements about?**

Plaintiffs claim that Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc., and Baldwin Filters, Inc. conspired to fix the prices of Light Duty Aftermarket Filters in violation of U.S. antitrust laws. Settlements have been reached with Baldwin Filters, Inc., Cummins Filtration Inc., and Donaldson Company, Inc. ("settling defendants"). The litigation is continuing against the remaining non-settling defendants: Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, and Affinia Group Inc. The settlement with Baldwin Filters, Inc. provides $406,250 to the direct purchaser settlement class. The settlement with Cummins Filtration Inc. provides $406,250 to the direct purchaser settlement class. The settlement with Donaldson Company, Inc. provides $406,250 to the direct purchaser settlement class. The settling defendants deny liability but have settled to avoid the cost and burdens of litigation.

**Who is a Class Member?**

You are a class member if, at some point between March 1, 1999 to _____, 2011, you purchased Light Duty Aftermarket Filters directly from Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc., or Baldwin Filters, Inc. in the United States. Additional information is contained in the full Notice, including information on who is or is not a class member. Aftermarket Filters is defined as light duty (*i.e.*, automotive and light truck) oil, air and fuel filters for sale in the aftermarket (*i.e.*, the market for replacement filters).

**Will I get a payment?**

It is not anticipated that any distribution will be made to Class members from the proceeds of these settlements. Rather, it is anticipated that plaintiffs' counsel will petition the court for reimbursement of expenses incurred by them in prosecuting the case to date. If you are a class member you may be entitled at a later date to a distribution depending on whether any additional funds are obtained for the Class through settlement with or judgment against any of the remaining defendants. If you are a class member and do not opt out, you will release certain legal rights against the settling defendants, as set forth in the settlement agreements.

**What are my rights?**

If you do not want to take part in the settlements, you have the right to opt out. To opt out of the settlements, you must do so by _____. Class members have the right to object to the settlements. If you object, you must do so by _____. Additional information is contained in the full Notice as to how you may opt out or object to the settlements. You may speak to your own attorney at your own expense for help.

A Final Approval Hearing to consider approval of the settlements and request for litigation expenses is scheduled to be held at the United States District Court for the Northern District of Illinois in Courtroom _____ on _____. The date and location for this hearing may be changed on further Order of the Court.

**This is a Summary, where can I get more information?**

You can get complete Settlement information, including a copy of the full Notice, by writing to _____.