# EXHIBIT 1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-MDL-1317 SEITZ/BANDSTRA

| |
|---|
| IN RE: TERAZOSIN HYDROCHLORIDE ANTITRUST LITIGATION |
| THIS DOCUMENT RELATES TO: |
| *United Wisconsin Services, Inc., et al. v. Abbott Laboratories*, Case No. 99-C-7410 (N.D. Ill.) (JBZ) |
| *Grosskrueger, et al. v. Abbott Laboratories, et al.*, Case No. 99-C-7883 (N.D. Ill.) (JBZ) |
| *Reid, et al. v. Abbott Laboratories, et al.*, Case No. 00-342 (D.D.C.) |
| *Scafani v. Abbott Laboratories, et al.*, Case No. 00-00508-SBA (N.D. Cal.) |
| *Mednick v. Abbott Laboratories, et al.*, Case No. 2:00-3468 (C.D. Cal.) |
| *O'Keefe v. Abbott Laboratories, et al.*, Case No. _____ (S.D. Fla.) |
| *O'Neal v. Abbott Laboratories, et al.*, Case No. 00-J-1504-S (N.D. Ala.) |
| *Grund v. Abbott Laboratories, et al.*, Case No. _____ |
| *Blue Cross and Blue Shield of Alabama, Inc. v. Abbott Laboratories, et al.*, Case No. 00-1303-Civ-Lenard (S.D. Fla.) |
| *Bernstein v. Abbott Laboratories, et al.*, Case No. 2:00-CV-72974 (E.D. Mich.) |
| *Blue Cross and Blue Shield of Michigan v. Abbott Laboratories, et al.*, Case No. 5:01-CV-95 (W.D. Mich.) |
| *Hopper v. Abbott Laboratories, et al.*, E.D.N.C. 4:01-CV-160-H(3) |



**ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT**

Case No. 99-MDL-1317-SEITZ/GARBER

This matter having been heard on December 17, 2002 after proper notice, and the Court having considered each written submission presented, the arguments of counsel, and being fully ...sed in the premises;

The Court hereby finds:

1. On August 23, 2002, this Court ordered preliminary approval of a proposed class-wide settlement between Indirect Purchaser Plaintiffs ("Plaintiffs") and IVAX Pharmaceuticals, Inc. ("IVAX") (formerly Zenith Goldline Pharmaceuticals, Inc.). At that time, the Court certified a class comprised of two subclasses (the "Settlement Class"), found that the proposed settlement "falls within the range of reasonable approval," and ordered that notice of the proposed settlement be disseminated to the class through a detailed program of mail and publication. The Court-approved notices required class members to object or opt-out of the proposed class on or before December 2, 2002, and provided detailed instructions for doing so.

2. The Settlement Class consists of two subclasses defined, as follows: (a) All persons and entities who or which have at any time from March 31, 1998 through May 30, 2002 (the "Class Period") paid all or part of the purchase price of Hytrin or its AB-rated generic bioequivalents, including all forms of terazosin hydrochloride, other than for resale, in Alabama, California, the District of Columbia, Florida, Illinois, Kansas, Maine, Michigan, Minnesota, Mississippi, Nevada, New Mexico, New Jersey, New York, North Carolina, North Dakota, South Dakota, West Virginia or Wisconsin, or via mail order for residents of such states (hereafter the "19-State Sub-Class"), and (b) All persons and entities in the United States of America who or which have at any time during the Class Period paid all or part of the purchase price of Hytrin or its AB-rated generic bioequivalents including all forms of terazosin other than for resale (hereafter the "Nationwide

2

Case No. 99-MDL-1317-SEITZ/GARBER

Sub-Class"), but only to the extent of the Nationwide Sub-Class members' actual or potential claims of unjust enrichment against IVAX relating to their payments for terazosin hydrochloride. Excluded from the Class are all Defendants, their officers and directors, their direct and indirect parent and subsidiary corporations and their officers and directors, government entities other than Alabama Medicaid Agency, and direct purchasers of Hytrin and its generic bioequivalents from Defendants, to the extent of such direct purchases.

3. After considering all the facts and circumstances presented, the Court determines that the proposed settlement between the Indirect Purchaser Plaintiffs and IVAX is fair, reasonable and adequate. It provides for payment of $600,000 cash, up to $100,000 for class notice and administration costs, and the provision of significant cooperation to Plaintiffs in the pursuit of their claims against Abbott Laboratories, Inc. and Geneva Pharmaceuticals, Inc., the non-settling defendants.

4. The Settlement is the result of arm's-length negotiations between experienced counsel. Throughout the litigation, Class Counsel and counsel for IVAX aggressively represented the interests of their respective clients.

5. The settlement, as provided for by the Settlement Agreement, is in all respects fair, reasonable, and adequate and in the best interests of the Settlement Class.

6. The form and method of notice to potential members of the Settlement Class required by Fed. R. Civ. P. 23(c), including the form of notice and the means of identifying and giving notice to potential members of the Settlement Class, have been given in an adequate and sufficient manner and constitute the best notice practicable, complying in all respects with such rule and the requirements of due process.

3

Case No. 99-MDL-1317-SEITZ/GARBER

7. Not only is the settlement fair, reasonable and adequate under all the circumstances, but Rule 23 provides an appropriate vehicle to effect the settlement on a class-wide basis. The Settlement Class satisfies each of the requirements of Fed. R. Civ. P. 23(a) and the requirements of Fed. R. Civ. P. 23(b)(3).

For all these reasons and the entire record presented herein,

NOW THEREFORE, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that

(a) All persons within the definition of the Class, other than those excluded from the Class by paragraph (b) of this Order, are hereby determined to be the "Class Members." The term Class Members includes, without limitation, the Plaintiffs.

(b) Plaintiffs have submitted an affidavit from the Settlement Administrator identifying any persons and entities that submitted timely and valid requests for exclusion. Two entities requested exclusion. One of those entities, Community Health Plan of Washington, withdrew its request for exclusion in a letter dated December 9, 2002. Counsel confirm that the second entity requesting exclusion, Preferred One Administrative Services, Inc., is not a member of the Settlement Class.

(c) The Class Members, and all and each of them, are hereby bound by the terms of the settlement set forth in the Settlement Agreement.

(d) The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth in this Order.

(e) In approving the Settlement Agreement, the Court has considered (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate

4

recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. The Court has also considered the submissions and arguments of the parties.

(f) This Class Action is complex with many intricate factual and legal issues and the results of litigation, including this one, can never be predicted with absolute accuracy.

(g) In addition to the risks associated with proving the alleged conspiracy as to the other defendants, the Court observes that IVAX has agreed to provide facts and information to assist in prosecuting the remaining claims against the non-settling Defendants. Without commenting on whether the facts and information provided by IVAX would be established at trial, Plaintiffs have indicated that IVAX has provided substantial assistance in the on-going litigation against Abbott and Geneva.

(h) The judgment of the Class Co-Lead Counsel is that this settlement is fair, reasonable and adequate.

(i) The Class Members are deemed to have released and forever discharged each and all of the Released Parties with respect to the Released Claims as set forth in the Settlement Agreement, which is incorporated by reference herein.

(j) The dismissal and all releases provided hereby apply only in favor of IVAX and the Released Parties and are without prejudice to the claims of Plaintiffs and the Class against all other Defendants in this litigation.

(k) The Class Members are hereby permanently barred and enjoined from instituting or prosecuting, either directly, representatively, derivatively or in any other capacity, any other action asserting any of the claims released by the Settlement Agreement.

Case No. 99-MDL-1317-SEITZ/GARBER

(l)   Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement is or may be deemed to be or may be used as an omission of, or evidence of, any fault or omission of any Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any Released Party may file the Settlement Agreement or the Order for Final Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction of any theory or claim preclusion or issue preclusion or similar defense or counterclaim.

(m)   In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

(n)   The Court, without affecting the finality of this Order, hereby retains and reserves jurisdiction over (a) implementation of the Settlement; (b) disposition of any Settlement Fund; (c) this litigation until (i) the date upon which this Order for Final Judgment becomes not subject to further appeal or review, and (ii) each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits annexed thereto; (d) this class action, for any other purpose related to the Settlement; (e) the parties for the purpose of enforcing and administering the Settlement Agreement; and (f) any award of costs.

6

Case No. 99-MDL-1317-SEITZ/GARBER

(o) Plaintiffs' Motion for Final Approval of the Proposed Settlement with Defendant IVAX is hereby GRANTED. The settlement is hereby approved under the Court's supervisory authority and Fed. R. Civ. P. 23(e).

(p) All claims of the Class Members in the captioned action against IVAX, the Settling Defendant, are hereby DISMISSED WITH PREJUDICE.

(q) That there is no just reason for delay of entry of a final judgment of dismissal with prejudice as to the Settling Defendant, and that, pursuant to Fed. R. Civ. P. 54(b), the Clerk is therefore directed to enter this judgment, which shall be final and appealable.

(r) Plaintiffs' application to apply the remaining proceeds of the IVAX settlement to reimburse Counsel for reasonable expenses incurred to date and in support of the ongoing litigation against remaining defendants Abbott and Geneva is also GRANTED.

(s) Pursuant to the terms of the Settlement Agreement, when the final judgment is no longer subject to further appeal or review, the funds in the Settlement Fund should be transferred to the Hytrin Litigation Fund, administered by Cohen, Milstein, Hausfeld & Toll and used to pay expenses incurred or to be incurred in the prosecution of this litigation. Plaintiffs shall file with the Court an *in camera* monthly accounting on the 15th day of each month reporting the use that has been made of the Settlement monies.

**DONE AND ORDERED** this _18th_ day of _December_, 2002.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies provided:

All Counsel on Attached Service List

7

In Re: TERAZOSIN HYDROCHLORIDE     Case No. 99-MDL 1317-SEITZ/BANDSTRA
ANTITRUST LITIGATION

## SERVICE LIST

:d B. Drubel, Esq.
;. SCHILLER & FLEXNER, LLP
outh Main Street
.over, NH 03755
.: 603/643-9090
x: 603/643-9010

Daniel Berger, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 215/875-3026
Fax: 215/875-4671

Barry S. Taus, Esq.
GARWIN BRONZAFT GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036
Tel: 212/398-0055
Fax: 212/764-6620

Aubrey B. Calvin, Esq.
THE CALVIN LAW FIRM, P.C.
808 Travis Street, Suite 2300
Houston, TX 77002
Tel: 713/224-5771
Fax: 713/225-0038

Scott E. Perwin, Esq.
KENNY NACHWALTER SEYMOUR ARNOLD
CRITCHLOW & SPECTOR, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327
Tel: 305/373-1000
Fax: 305/372-1861

Steve D. Shadowen, Esq.
SCHNADER HARRISON SEGAL & LEWIS, LLP
30 North Third Street
Suite 700
Harrisburg, PA 17101-1713
Tel: 717/231-4000
Fax: 717/231-4012

Jeffrey I. Weinberger, Esq.
David M. Rosenzweig, Esq.
MUNGER, TOLLES & OLSON, LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: 213/683-9530
Fax: 213/683-4030

Gerson A. Zweifach, Esq.
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: 202/434-5000
Fax: 202/434-5029

Robert C. Gilbert, Esq.
ROBERT C. GILBERT, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134
Tel: 305/529-9100
Fax: 305/529-1612

Sharon A. Snyder, Esq.
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3964
Tel: 202/408-4600
Fax: 202/408-4699

1.1

Case No. 99-MDL 1317-SEITZ/BANDSTRA

Stephen Lowey, Esq.
LOWEY DANNENBERG BEMPORAD &
  SELINGER, P.C.
The Gateway, 11th Floor
One North Lexington Avenue
White Plains, NY 10601-1714
Tel: 914/997-0500
Fax: 914/997-0035

Mitchell W. Berger, Esq.
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel: 954/525-9000
Fax: 954/523-2872

James R. Dugan, II, Esq.
GAUTHIER DOWNING, LABARRE, BEISER & DEAN
3500 North Hullen Street
Metairie, LA 70002
Tel: 504/456-8600
Fax: 504/456-8624

Wayne A. Cross, Esq.
Robert A. Milne, Esq.
WHITE & CASE, LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: 212/819-8200
Fax: 212/354-8113

Barbara B. Smithers, Esq.
OFFICE OF THE ATTORNEY GENERAL
135 West Central Boulevard
Suite 1000
Orlando, FL 23801
Tel: 407/999-5588 ext. 1113
Fax: 407/316-3584

Devin Laiho, Esq.
OFFICE OF THE ATTORNEY GENERAL
1525 Sherman Street, 5th Floor
Denver, CO 80203
Tel: 303/866-5079
Fax: 303/866-5443

Rex G. Beasley, Esq.
Shelley H. King, Esq.
OFFICE OF THE ATTORNEY GENERAL
120 SW Tenth Avenue, 2nd Floor
Topeka, KS 66612-1597
Tel: 785/296-3751
Fax: 785/291-3699

Jon W. Zeder, Esq.
Leon N. Patricios, Esq.
FERRELL SCHULTZ CARTER ZUMPANO & FERTEL
201 South Biscayne Boulevard
Miami Center - 34th Floor
Miami, FL 33131
Tel: 305/371-8585
Fax: 305/371-5732

F:\Clients\Hyland\Pleadings\Service List (Revised 11-22-02).wpd

1.2