# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CHOCOLATE | : | **MDL DOCKET NO. 1935** |
| CONFECTIONARY ANTITRUST | : | **(Civil Action No. 1:08-MDL-1935)** |
| LITIGATION | : | |
| ＿＿＿＿＿＿＿＿＿＿＿＿＿ | : | **(Judge Christopher C. Conner)** |
| | : | |
| THIS DOCUMENT RELATES TO | : | |
| ALL DIRECT PURCHASER | : | |
| ACTIONS | : | |
| ＿＿＿＿＿＿＿＿＿＿＿＿＿ | : | |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## PROPOSED SETTLEMENT WITH THE CADBURY DEFENDANTS

It is hereby ORDERED AND DECREED as follows:

The motion (Doc. 983) of Plaintiffs for preliminary approval of the proposed settlement with Cadbury plc, Cadbury Holdings, Ltd., and Cadbury Adams Canada, Inc. (collectively, "the Cadbury Defendants") is hereby GRANTED.

1.     For purposes of the settlement with the Cadbury Defendants (and only for such purposes, without any impact upon the issues between any of the Plaintiffs and any of the non-settling Defendants), the Court preliminarily finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class. At this preliminary certification phase, and only for purposes of the settlement with the Cadbury Defendants, the

1

Settlement Class is defined as follows:

> All persons and entities who directly purchased chocolate candy, for re-sale, from any Defendant or any predecessor, controlled subsidiary, affiliates or division of any Defendant, in the United States or for delivery into the United States at any time from December 9, 2002 through and including December 20, 2007. The Class is comprised of two components of direct purchasers: the Wholesale Direct Purchaser Component (who directly purchased chocolate candy for re-sale) and the Consumer Direct Purchaser Component (who directly purchased chocolate candy for personal consumption and/or as gifts), as defined in Paragraph 37 of the Direct Purchaser Class Plaintiffs' Consolidated Class Action Complaint. Excluded from the Settlement Class are governmental entities, Defendants, or any present or former parent, subsidiary or affiliate thereof. Also excluded from the Settlement Class are Meijer, Inc. Meijer Distribution, Inc., Publix Supermarkets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs Corp., Longs Drug Stores California, Inc., The Kroger Co., Safeway, Inc., Walgreen Co., Hy-Vee, Inc., Giant Eagle, Inc., Affiliated Foods, Inc., Food Lion, LLC, Hannaford Bros. Co., and Kash N' Karry Food Stores, Inc., HEB Grocery Company, LP, Albertson's LLC, Great Atlantic & Pacific Tea Company (A&P), Supervalu Inc., Golub Corp. d/b/a Price Chopper, Brookshire Grocery Co., and United Supermarkets LLC.

2.    The Court concludes that, for the sole purpose of the settlement with the Cadbury Defendants, and without an adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval. Neither this Order nor any final order regarding the settlement with the Cadbury Defendants shall have any effect on the Court's consideration and determination of class certification or any other issue with respect to the non-settling Defendants.

3.    Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

2

4. For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Cadbury Defendants violated the Sherman Antitrust Act, 15 U.S.C. § 1, et seq., by engaging in an unlawful conspiracy to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

5. The Court hereby approves the following entities as Representative Plaintiffs of the Settlement Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the Settlement Class: Card & Party Mart II Ltd.; Diane Chiger; Jones Vend and OCS Distributing, Inc.; Marc and Jill Lavin; PITCO Foods; and The Lorain Novelty Co., Inc. The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

6. The Court preliminarily finds that the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Settlement Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the

other Settlement Class members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

7.     The Court preliminarily finds that, for purposes of this settlement only, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class under Rule 23(b)(3).  Further, a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the litigation with respect to the Cadbury Defendants.  In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

8.     At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

9.     The Court hereby also approves the following law firms as Settlement Class Counsel pursuant to Rule 23(g), and finds that, for settlement purposes only, these Settlement Class Counsel have and will fairly and adequately protect the interests of the Settlement Class: Berger & Montague, P.C. and Hausfeld, LLP.

10.     The Court finds that the proposed settlement with the Cadbury Defendants, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Settlement Class.

11.     The Court approves the form and content of the Notice of Pendency of Class Action, Proposed Partial Settlement of Class Action, Settlement Hearing, and Right to Appear ("Notice"), attached hereto as Exhibit A, and the summary notice to those purchasing for resale, ("Summary Notice To Purchasers For Resale"), attached hereto as Exhibit B, to be directed to the Wholesale Direct Purchaser Component of the Settlement Class.

12.     The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances and is due and sufficient notice to the Wholesale Direct Purchaser Component of the Settlement Class and complies fully

with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13. The Court approves the form and content of the summary notice to those purchasing for personal consumption and/or as gifts, attached hereto as Exhibit C ("Summary Notice to End User Consumers") to be directed to the Consumer Direct Purchaser Component of the Settlement Class.

14. The Court finds that the publication of the Consumer Summary Notice in the manner set forth herein constitutes the best notice practicable under the circumstances and is due and sufficient notice to the Consumer Direct Purchaser Component of the Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

15. Within thirty (30) days of this Order, or by Monday, September 12, 2011, the Notice, in substantially the form attached hereto as Exhibit A, shall be mailed by first class mail, postage prepaid, to all members of the Wholesale Direct Purchaser Component of the Settlement Class identified from the transactional records produced by Defendants ("Notice Date"). The Notice shall also be provided to all persons who request it in response to the published Summary Notice provided for herein.

16.    Within fifty (50) days of this Order, or by Monday, October 3, 2011, Plaintiffs' counsel are hereby directed to cause the websites for *Candy and Snacks Today*, *Professional Candy Buyer*, *VendingMarketWatch.com, AutomaticMerchandiser.com*, *Convenience Store News*, and *Vending Times* to post a web banner with a message alerting the reader to the settlement and providing a link to an Internet website dedicated to this litigation, www.ChocolateSettlementDirect.com.  The www.ChocolateSettlementDirect.com website will contain the Summary Notice to Purchasers for Resale, substantially in the form attached hereto as Exhibit B.  Each of the above-listed websites will maintain the web banners on their websites for a period of one month.

17.    Within fifty (50) days of this Order, or by Monday, October 3, 2011, Plaintiffs' counsel are hereby directed to cause the Summary Notice to End User Consumers, substantially in the form attached hereto as Exhibit C, to be published as soon as reasonably practicable in *USA Weekend, USA Today, Maui News, Guam Pacific Daily News* and *PR Newswire*.

18.    All requests for exclusion from the Settlement Class must be postmarked no later than Friday, October 21, 2011  [within seventy (70) days of this Order], and must otherwise comply with the requirements set forth in the Notice.

19.    Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than the Cadbury Defendants, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

20.    Within eighty-four (84) days of this Order, by Friday, November 4, 2011, Plaintiffs' Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement.

21.    Within one hundred and five (105) days of this Order, or by Monday, November 28, 2011, Plaintiffs' Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice and Consumer Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

22.    Any member of the Settlement Class who objects to the settlement must do so in writing.  The objection must include the caption of this case, be signed, and be sent to the Court, Plaintiffs' Counsel, and Counsel for the Cadbury Defendants postmarked no later than Monday, November 28, 2011  [or within one hundred and five (105) days of this Order] and shall otherwise comply with the requirements set forth in the Notices.  Any member of the Settlement Class who wishes to speak at the Fairness Hearing must submit a letter notifying the Court,

Plaintiffs' Counsel, and Counsel for the Cadbury Defendants postmarked no later than Monday, November 28, 2011 [or within one hundred and five (105) days of this Order] and shall otherwise comply with the requirements set forth in the Notices.

23.     Within one hundred and fifteen (115) days of this Order, Plaintiffs' Counsel shall file with the Court and serve on the parties their responses to any objections to the settlement.

24.     The Court will hold a Fairness Hearing on Monday, December 12, 2011 at 10:30 a.m. [after 120 days from this Order], to determine the fairness, reasonableness, and adequacy of the proposed settlement with the Cadbury Defendants. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice to the Settlement Class.

25.     The Court approves the establishment of two escrow accounts, as set forth in the Settlement Agreement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow accounts. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and administration costs, as set forth in the Settlement Agreement.

26.     The Court grants Plaintiffs' counsel the right to make withdrawals from the Notice and Administration Fund for payment of the cost of notice(s) to potential members of the Settlement Class regarding the Settlement Agreement and related matters, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Administrative Expenses"), without the approval of the Court in each instance, so long as (a) the Administrative Expenses incurred or contracted for are reasonable and necessary to carry out the transactions contemplated by the Settlement Agreement, and (b) counsel for the Cadbury Defendants shall receive from Settlement Class Counsel a full accounting of all expenditures made from the Notice and Administration Fund in the event such funds are returned to the Cadbury Defendants under the terms of the Settlement Agreement.

27.     Heffler, Radetich & Saitta LLP is approved to serve as Settlement Administrator for the Direct Purchaser Class Actions.

28.     The litigation against the Cadbury Defendants in this action is hereby stayed, pending further order of the Court.

SO ORDERED this 12th day of August, 2011.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE | : | MDL DOCKET NO. 1935 |
| CONFECTIONARY ANTITRUST | : | (Civil Action No. 1:08-MDL-1935) |
| LITIGATION | : | |
| _____ | : | (Judge Christopher C. Conner) |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| | : | |
| ALL DIRECT PURCHASER | : | |
| ACTIONS | : | |
| _____ | : | |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, <u>SETTLEMENT HEARING, AND RIGHT TO APPEAR</u>

**If you bought chocolate candy directly from Cadbury Adams Canada, Inc., Cadbury Holdings, Ltd., Cadbury plc, Hershey Canada, Inc., The Hershey Company, Mars, Inc., Mars Snackfood US, LLC or Nestlé U.S.A., Inc., a Class Action Lawsuit May Affect You.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit brought by, and on behalf of, direct purchasers of chocolate candy, is currently pending. Plaintiffs allege that, beginning as early as December 9, 2002 and continuing through and including December

20, 2007, Defendants engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of chocolate candy in violation of federal antitrust laws. Plaintiffs allege that, as a result of the unlawful conspiracy, they and other direct purchasers paid more for chocolate candy than they would have paid absent the conspiracy. Defendants deny Plaintiffs' allegations.

- A settlement has been reached with Cadbury. The settlement reflects that the vast majority of sales of Cadbury's chocolate candy products in the United States are made and sold by the Hershey Company, pursuant to a trademark license agreement. Pursuant to that agreement, the Hershey Company manufactures, prices and sells Cadbury's chocolate candy products.

- The litigation is continuing against The Hershey Company, Hershey Canada, Inc., Mars, Inc., Mars Snackfood US, LLC, and Nestlé U.S.A., Inc. (collectively, "the Non-Settling Defendants").

- Your legal rights will be affected whether you act or don't act. **This Notice includes information on the settlement and the litigation. Please read the entire Notice carefully.**

YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| DO NOTHING | You do not have to take any action now to remain part of the continuing litigation. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| EXCLUDE YOURSELF | You can exclude yourself from the settlement with Cadbury. However, you may remain a member of any future Settlement Class or litigation class which may be certified in this case. |
| HIRE YOUR OWN ATTORNEY | You can choose to be represented by your own attorney instead of counsel for the Settlement Class. |

- The Court in charge of this case still has to decide whether to finally approve of the settlement and whether to certify the Settlement Class.

### 1. Why did I get this notice?

This legal notice is to inform you of the Cadbury Settlement that has been reached in the class action lawsuit, *In re Chocolate Confectionary Antitrust Litigation*, Case No. 08-1935, pending in the United States District Court for the Middle District of Pennsylvania. You are being sent this Notice because you have been identified as a potential direct purchaser from one of the Defendants in the lawsuit.

### 2. What is this lawsuit about?

In this lawsuit, Plaintiffs allege that Defendants, producers of chocolate candy, conspired to fix, maintain or stabilize prices for chocolate candy. Plaintiffs allege that this conspiracy caused direct purchasers to pay more for chocolate candy than they would have otherwise paid.

In late 2007 and early 2008, lawsuits were filed in several federal courts generally alleging this conspiracy to fix, maintain or stabilize prices of chocolate candy. On April 7, 2008, the Judicial Panel on Multidistrict Litigation transferred those cases for coordinated proceedings before the Honorable Christopher C. Conner, United States District Judge in the United States District Court for the Middle District of Pennsylvania. On August 13, 2008, Plaintiffs filed their consolidated amended complaint alleging a conspiracy to fix chocolate candy prices that injured direct purchasers.[1]

Plaintiffs represent both themselves (the named plaintiffs) and the entire Class of direct purchasers of chocolate candy. Plaintiffs brought this lawsuit as a class action because they believe, among other things, that a class action is superior to filing individual cases and that the claims of each member of the proposed Class present and share common questions of law and fact. Plaintiffs claim that Defendants' actions violated the Sherman Antitrust Act, a federal statute that prohibits any agreement that unreasonably restrains competition.

### 3. Who is included in the Settlement?

Plaintiffs and Cadbury have agreed that for purposes of the settlement, the Settlement Class is defined as follows:

---

[1] Separate cases are pending on behalf of indirect purchasers of chocolate candy.

All persons and entities who directly purchased chocolate candy from any Defendant or any predecessor, subsidiary, affiliate or division of any Defendant, in the United States or for delivery into the United States at any time from December 9, 2002 through and including December 20, 2007. The Class is composed of two components of direct purchasers: the Wholesale Direct Purchaser Component (who directly purchased Chocolate Candy for re-sale) and the Consumer Direct Purchaser Component (who directly purchased Chocolate Candy for personal consumption and/or as gifts), as defined in Paragraph 37 of the Direct Purchaser Class Plaintiffs' Consolidated Class Action Complaint. Excluded from the Settlement Class are governmental entities, Defendants, or any present or former parent, subsidiary or affiliate thereof. Also excluded from the Settlement Class are Meijer, Inc. Meijer Distribution, Inc., Publix Supermarkets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs Corp., Longs Drug Stores California, Inc., The Kroger Co., Safeway, Inc., Walgreen Co., Hy-Vee, Inc., Giant Eagle, Inc., Affiliated Foods, Inc., Food Lion, LLC, Hannaford Bros. Co., and Kash N' Karry Food Stores, Inc., HEB Grocery Company, LP, Albertson's LLC, Great Atlantic & Pacific Tea Company (A&P), Supervalu Inc., Golub Corp. d/b/a Price Chopper, Brookshire Grocery Co., and United Supermarkets LLC.

For purposes of the Settlement, chocolate candy includes chocolate bars and other chocolate confectionery products packaged to be sold at retail.

**The Court has preliminarily certified this Settlement Class. However, the Settlement Class is being preliminarily certified solely for the purposes of settling potential claims against Cadbury. The Settlement Class is distinct from any other class that may be certified in this case. Regardless of whether you decide to remain in the Settlement Class or exclude yourself from the Settlement Class, your rights are fully preserved with respect to any and all claims against all remaining Defendants other than Cadbury.**

Settlement classes have also been preliminarily certified relating to a Cadbury settlement on behalf of (1) indirect purchasers who are consumers and (2) indirect purchasers who are resellers. An indirect purchaser purchased chocolate candy manufactured by Defendants from someone other than a Defendant. If you are also a member of one or both of the two indirect purchaser settlement classes, you may participate in that settlement class or classes.

Subsequent to this Settlement, Direct Purchaser Class Plaintiffs moved to certify a litigation class against the remaining non-settling Defendants which is more limited than the Cadbury Settlement Class in the following ways: (1) it limits the products involved to standard single and king size chocolate candy; and (2) the litigation class includes only direct purchasers who purchase for resale and does not include consumers who directly purchase from Defendants. However, consumers who purchase indirectly will be included in an Indirect End User class against the remaining Defendants if that class is eventually certified by the court.

### 4.      What does the Cadbury Settlement provide?

After extensive settlement negotiations, Plaintiffs and Cadbury reached a Settlement on April 28, 2011. The Settlement is between Plaintiffs and Cadbury only. The Cadbury settlement reflects that the vast majority of sales of Cadbury chocolate candy products in the United States are made and sold by The Hershey Company pursuant to a trademark license agreement. This settlement does not affect any of the remaining Non-Settling Defendants, against whom this case continues.

Under the Settlement Agreement, Cadbury has paid $1,312,500.00 (the "Settlement Fund") into an account to be administered in accordance with the provisions of the Settlement Agreement. Class Counsel will seek approval of the Court to use the entire Settlement Fund to pay such expenses as may reasonably be incurred in the prosecution of this lawsuit against the remaining Defendants. If the Settlement Fund is utilized for that purpose, there will not be any payments to members of the Settlement Class from the Settlement Fund. In addition, Cadbury has paid $250,000.00 into a Notice and Administration Cost Fund, which will be shared by the three proposed classes: the Direct Purchaser Class Plaintiffs, the Indirect End User Plaintiffs, and the Indirect Purchaser for Resale Plaintiffs. Cadbury has the right to terminate the Settlement Agreement based on the occurrence of certain conditions set forth in the Settlement Agreement and in a separate letter agreement.

The settlement payments by Cadbury will be the sole source of payment for the costs of notice and administration of this settlement, the payment of attorneys' fees, and for satisfaction of the Settlement Class members' claims against Cadbury.

In addition to the monetary component of the settlement, Cadbury has also agreed to and has provided certain cooperation in the prosecution of the litigation against the Non-Settling Defendants. This cooperation included Cadbury using reasonable efforts to make Canadian and British witnesses available for interviews

and depositions without the need to issue subpoenas or comply with any applicable foreign legal requirements.  Cadbury has similarly agreed to use reasonable efforts to voluntarily produce witnesses at trial, if necessary.

On August 12, 2011, the Court granted preliminary approval of the Cadbury Settlement, finding it sufficiently fair, reasonable and adequate to warrant notifying the Settlement Class.

The complete terms of the proposed Settlement Agreement are on file and may be examined or copied during regular business hours at the office of the Clerk of the United States District Court for the Middle District of Pennsylvania, 228 Walnut Street, Harrisburg, PA 17108, and may be printed from the Internet website dedicated to this lawsuit, www.ChocolateSettlementDirect.com

The Cadbury Settlement should not be taken as an admission by Cadbury of any allegation by Plaintiffs or of wrongdoing of any kind.

**5.     What is the effect of the Court's final approval of the Cadbury Settlement?**

If the Court grants final approval, the Cadbury Settlement will be binding upon you and all other members of the Settlement Class.  By remaining part of the Cadbury Settlement Class, if approved, you will give up any claims against Cadbury relating to the claims made or which could have been made in this lawsuit.  Paragraph 36 of the Settlement Agreement, which is available at www. ChocolateSettlementDirect.com, provides the complete terms of the release of claims against Cadbury.  By remaining a part of the Settlement Class, you will retain all claims against all other Defendants, named and unnamed.

**6.     Who represents the Settlement Class?**

The Settlement Class is represented by the following attorneys:

| | |
|---|---|
| H. Laddie Montague, Jr. | Michael D. Hausfeld |
| Ruthanne Gordon | Bruce J. Wecker |
| **BERGER & MONTAGUE, P.C.** | **HAUSFELD LLP** |
| 1622 Locust Street | 1700 K Street, N.W., Suite 650 |
| Philadelphia, PA 19103 | Washington, DC 20006 |
| Telephone: (215) 875-3072 | Telephone: (202) 540-7200 |
| E-Mail: hlmontague@bm.net | E-Mail: mhausfeld@hausfeldllp.com |
| rgordon@bm.net | bwecker@hausfeldllp.com |

**7. When and where will the Court hold a hearing on the fairness of the Settlement?**

The Court will hold a hearing at the United States District Court for the Middle District of Pennsylvania, Courtroom #2, 228 Walnut Street, Harrisburg, Pennsylvania 17108, on December 12, 2011 at 10:30 a.m., to determine whether the proposed settlement should be approved as fair, reasonable and adequate ("Fairness Hearing"). If you wish to speak at the Fairness Hearing, you must send a letter saying that it is your "Notice of Intention to Appear". Your letter must be postmarked no later than November 28, 2011 [or within 105 days of the Preliminary Approval Date] and sent to the Clerk of Court, Class Counsel, and Counsel for Cadbury Defendants at the addresses listed under Questions No. 8. The Fairness Hearing may be continued without further notice. It is not necessary for you to appear at the Fairness Hearing. You do not need to attend this hearing. You or your own lawyer may attend the hearing if you wish, at your own expense.

**8. How do I object to the Settlement?**

If you are a member of the Settlement Class and do not elect exclusion from the Settlement Class, you may object to the terms of the Settlement Agreement prior to final approval. If you wish to object to the Settlement Agreement, you must mail such written objection, including proof of membership in the Settlement Class and a statement of the nature and grounds for your objection, to the Clerk of the Court at the following address: 228 Walnut Street, Harrisburg, PA 17108. The written objection must be received and filed with the Court no later than November 28, 2011 [or within 105 days of the Preliminary Approval Date]. Copies of any objections must be sent to counsel for the Plaintiffs and Cadbury Defendants as well as the Court at the addresses listed below.

Counsel for Plaintiffs:

H. Laddie Montague, Jr.
Ruthanne Gordon                          Michael D. Hausfeld
**BERGER & MONTAGUE, P.C.**              Bruce J. Wecker
1622 Locust Street                       **HAUSFELD LLP**
Philadelphia, PA 19103                   1700 K Street, N.W., Suite 650
Telephone: (215) 875-3072                Washington, DC  20006
E-Mail: hlmontague@bm.net                Telephone: (202) 540-7200
     rgordon@bm.net          E-Mail: mhausfeld@hausfeldllp.com
                          bwecker@hausfeldllp.com

Counsel for Cadbury:

Dennis P. Orr
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 468-8161
E-Mail: dorr@mofo.com

The Court:

United States District Court
Federal Building & U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

### 9.     How do I exclude myself from the Settlement?

If you elect to exclude yourself from the Settlement Class, you must mail a written request to be excluded to the Clerk of the Court c/o Settlement Administrator at 228 Walnut St., Harrisburg, PA 17108, and to Counsel for Plaintiffs at the addresses listed under Question No. 8.  The written request for exclusion must include your name, address, and telephone number.  Each request for exclusion must also contain a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re Chocolate Confectionary Antitrust Litigation*."  The written request for exclusion must be received no later than October 21, 2011 [within 70 days of the Preliminary

Approval Date].  If you elect to be excluded from the Settlement Class, you will remain free to pursue any legal rights you may have against Cadbury.

**10.    May I hire my own attorney?**

If you are a member of the Settlement Class and do not wish to be represented by the Plaintiffs and their counsel, you may enter an appearance through your own attorney.  To do so, you must file an Entry of Appearance with the Clerk of the Court for the United States District Court for the Middle District of Pennsylvania, 228 Walnut Street, Harrisburg, PA 17108, and send a copy of the Entry of Appearance to counsel for the Plaintiffs and Cadbury identified under Question No. 8.  Such Entry of Appearance must be filed with the Court no later than November 28, 2011 [or within 105 days of the Preliminary Approval Date].  You will then continue, as a member of the class with representation by your own attorney, and you will be responsible for the fees and costs of that attorney.

**11.    What happens if I do nothing?**

If you are a member of the Settlement Class described above, and wish to remain a member, you do not have to do anything.  If you choose to take no action, your interests as a member of the Settlement Class will be represented by the Plaintiffs and their counsel. You will be bound by the terms of the Settlement Agreement and any final judgment that may be entered.

As a member of the Settlement Class, you will not be responsible for attorneys' fees or litigation expenses.

In addition, if the Court grants final approval of the Settlement Agreement, you will be bound by the terms of that agreement and by any judgment entered in accordance with that agreement.

If you choose to remain a member of the Settlement Class, please advise Plaintiffs' counsel identified under Question No. 8 of any change in your address.

**Your decision with respect to the Settlement Class does not affect your right to remain in or exclude yourself from any other class that may be certified in this case against Defendants other than the Cadbury Defendants.**

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THIS LAWSUIT.**

_____

Clerk of Court
United States District Court
for the Middle District of Pennsylvania