# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST
LITIGATION

No. 04-MD-1616-JWL

This Order Relates to
the Polyether Polyol Cases

### ORDER PRELIMINARILY APPROVING SETTLEMENT WITH BAYER, CERTIFYING A SETTLEMENT CLASS, AND AUTHORIZING DISSEMINATION OF NOTICE

The Court, having reviewed the Settlement Agreement entered into between Plaintiffs and Defendants Bayer AG, Bayer Corporation, Bayer MaterialScience AG and Bayer MaterialScience LLC (collectively "Bayer"), and having held a hearing on March 27, 2006, hereby **ORDERS** that:

1.  The Settlement Agreement between Plaintiffs and Bayer dated January 31, 2006, appears, upon preliminary review, to be sufficiently fair and reasonable to warrant notice to the class. Accordingly, the proposed settlement is preliminarily approved, pending a final Fairness Hearing as provided for herein.

2.  The following settlement class (the "Settlement Class") is hereby certified:

    All persons and entities who purchased polyether polyols, monomeric or polymeric diphenylmethane diisocyanate ("MDI"), and/or toluene diisocyanate ("TDI"), whether sold separately or in a combined form with or without other chemicals added thereto, directly from a defendant at any time from January 1, 1999 through December 31, 2004 in the United States and its territories or for delivery in the United States and its territories (excluding all governmental entities, any defendants, their

employees, and their respective parents, subsidiaries and affiliates).

3. The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

(a) there are thousands of members of the class;

(b) the claims of the class representatives are typical of those of the other members of the class;

(c) there are questions of fact and law that are common to all members of the class; and

(d) the class representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

4. The Court finds this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the class predominate over any questions affecting only individual members.

5. Pursuant to Fed. R. Civ. P. 23, Seegott Holdings, Inc. and Industrial Polymers, Inc. shall serve as class representatives. This Court approves the following firms as Co-Lead and Class Counsel: Cohen, Milstein, Hausfeld & Toll, PLLC and Fine, Kaplan and Black, RPC.

6. The Court will hold a fairness hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) on **August 14, 2006 at 10:30 a.m.**

7. The Fairness Hearing will be held for the following purposes:

(a) to finally determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court pursuant to Fed. R. Civ. P. 23(e);

(b) to determine whether a final judgment should be entered dismissing the claims of the class against Bayer with prejudice, as required by the Agreement; and

(c) to rule upon other such matters as the Court may deem appropriate.

8. Pursuant to the Settlement Agreement, Complete Claim Solutions, Inc. shall serve as Settlement Administrator.

9. On or before May 1, 2006, Class Notice, substantially in the form attached hereto as Exhibit A, shall be sent by the Settlement Administrator via first class mail, postage prepaid, U.S. Mail, first class, to all members of the class at their last known address as reflected in the records of Bayer and the non-settling defendants, as updated based on the National Change of Address database or other similar database prior to mailing. Publication Notice substantially in the form attached as Exhibit B to this Order shall be published in <u>Chemical Week</u> during the week of May 15, 2006. On or before May 11, 2006, Plaintiffs' Co-Lead Counsel shall cause a copy of the Notice to be posted on the Internet at a readily accessible website to be created and maintained by the Settlement Administrator.

10. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. Plaintiffs' Co-Lead Counsel shall file by June 23, 2006, proof of mailing of the Notice and proof of publication of the Publication Notice.

12. As provided in the Class Notice, each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Plaintiffs' Co-Lead Counsel postmarked not later than June 9, 2006. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion. By June 23, 2006, Plaintiffs' Co-Lead Counsel shall file with the Court a list of all persons who have timely requested exclusion from the class.

13. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlement Agreement, be bound by all the terms and provisions of that agreement, including, but not limited to, the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the settlement and whether or not such person or entity made a claim upon the settlement fund.

14. As provided in the Class Notice, each class member who does not timely opt out of the class shall have the right to object to the settlement by filing written objections with the Court not later than July 5, 2006, copies of which shall be served on all counsel for the parties. Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement shall be filed not later than July 14, 2006.

16. All further class proceedings as to Bayer are hereby stayed except for any actions required to effectuate the Settlement Agreement.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED** this 6th day of April, 2006.

                                                      s/ John W. Lungstrum
                                                     John W. Lungstrum
                                                     United States District Judge