IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No. 08-cv-4883<br>MDL Docket No. 1957 |
| This Document Relates To:<br>All Purchaser Actions | Honorable Robert W. Gettleman |

**SETTLING DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENTS AND
CERTIFICATION OF THE SETTLEMENT CLASSES**

Defendants Baldwin Filters, Inc. ("Baldwin"), Cummins Filtration Inc. ("Cummins"), Donaldson Company, Inc. ("Donaldson") (collectively, the "Settling Defendants") respectfully submit this memorandum of law in support of preliminary approval of their settlement agreements with Plaintiffs and certification of the settlement classes.

Settling Defendants support preliminary approval of the settlement agreements they have reached with the various Plaintiff groups (collectively, the "Settlement Agreements"[1]) and certification of the settlement classes. Plaintiffs have previously articulated reasons for approval in Plaintiffs' Omnibus Motion (dkt. 833) and their separate Supplemental Memoranda (dkt. 830, 835, 836) and will provide further

---

[1] The "Settlement Agreements" are Exhibits A, B and C to Plaintiffs' Omnibus Motion for Preliminary Approval of Proposed Settlements; Certification of Settlement Classes; Appointment of Class Counsel for the Settlement Class; Authorization to Disseminate Notice to Settlement Classes; and Setting a Hearing on Final Settlement Approval (the "Omnibus Motion) (dkt. 833).

support in Plaintiffs' October 26, 2011 submission. The Settling Defendants respectfully submit this memorandum to note particularly compelling reasons for preliminary approval and certification of the classes for settlement purposes.

*First*, approval of partial settlement agreements is routine and that other defendants will remain in the case is not an impediment to preliminary approval. "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *see also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 U.S. Dist. LEXIS 77645, at *33-34 (E.D. Mich. Aug. 2, 2010) ("the law favors the settlement of class action lawsuits") (citing *UAW v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). And case law is clear: The disposition in favor of settlements "applies with equal force whether the settlement is partial, involving only some of the defendants, or complete." *In re Packaged Ice*, 2010 U.S. Dist. LEXIS 77645, at *33-34 (citing *In re Beef Ind. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979)); *see also Agretti v. ANR Freight System, Inc.*, 982 F.2d 242, 246 (7th Cir. 1992) (noting, *inter alia*, that partial settlements are authorized); *In re HealthSouth Corp. Sec. Litig.*, 334 Fed. Appx. 248 (11th Cir. 2009) (affirming approval of partial settlement where class was certified for settlement purposes only); *Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004) (affirming approval of partial settlement where classes were certified for settlement purposes only); *Manual for Complex Litig. (Fourth)* §21.651 (2004) (describing partial settlements as "not unusual"); 2 Herbert B. Newberg, Newberg on Class Actions § 11.54 (2d ed. 1985) (referring to class actions settlement issues involving partial settlements). So, here, that only three of the seven defendants are settling is not an obstacle to preliminary approval of the Settlement Agreements.

*Second*, in a partial settlement of a class action, a class or classes may be certified for settlement purposes only and notice sent for just the partial settlement. Such certifications are uncontroversial and routine. As the *Manual for Complex Litigation (Fourth)* explains, "[p]arties frequently settle before the judge has decided whether to certify a class. . . . Such settlements typically stipulate that the court may certify a class as defined in the agreement, but only for purposes of settlement." *Id.* at § 21.132 (2004). Case law is in accord. *See, e.g., In re Packaged Ice*, 2010 U.S. Dist. LEXIS 77645, at *40 ("the fact that a class has not been certified, and the issue of the appropriate class not yet litigated, does not bar preliminary approval of a proposed settlement class"); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("the potential confusion to class members of receiving multiple notices is not a significant concern. Any possibility of confusion can be allayed through careful wording of the class notice" (internal quotation marks and citation omitted)). And such settlement-purposes only certification does not in any way prejudice the ability to the non-settling defendants to later contest class certification, so they are in no way harmed. *See In re Packaged Ice*, 2010 U.S. Dist. LEXIS 77645, at *38 ("[W]ith respect to the preliminary approval of a settlement class in a proposed partial settlement, there is no prejudice to the non-settling defendants' right to challenge certification of a litigation class at a later stage of the case."). Therefore, here, again, there is no good reason to delay approval of the settlement classes.

*Third*, approval of partial settlements, like the Settlement Agreements, is particularly appropriate where, as is the case here, the potential total recovery of the plaintiffs is in no way diminished. As this class action alleges price-fixing in violation of

3

the antitrust laws, the non-settling defendants that remain in the case are jointly and severally liable for any damages awarded to Plaintiffs. *See* Section 1 of the Sherman Act, 15 U.S.C. § 1. In fact, not only will Plaintiffs still be able to recover the maximum amount of damages that would be available to them if the Settling Defendants remained in the case and the alleged conspiracy were ever proved, they also will benefit from the various forms of cooperation (which vary by defendant) that the Settling Defendants agreed in the Settlement Agreements to provide. *See* Baldwin Settlement Agreement ¶¶ 44-53; Donaldson Settlement Agreement ¶¶ 44-53; Cummins Settlement Agreement ¶¶ 44-53. Such cooperation is regularly recognized as valuable. *See Agretti*, 982 F.2d at 245 (rejecting non-settling defendants' challenge to settling defendant's agreement to cooperate with plaintiffs and pay no money); *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 733 F. Supp. 2d 997, 1009 (E.D. Wis. 2010) (finding settlement by one of several defendants in exchange for cooperation and no monetary relief was fair and adequate settlement); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697 (approving settlement by two of five defendants in exchange for cooperation and payment of a fraction of plaintiffs' damages claim); *In re Chocolate Confectionary Antitrust Litig.*, Case No. 1:08-mdl-01935, Docket No. 1023 (M.D. Penn. Aug. 12, 2011) (order approving settlement of one defendant in exchange for $250,000 and cooperation); *In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616-JWL-JPO, Docket No. 380 (D. Kan. June 13, 2003) (order approving settlement in exchange for monetary relief and cooperation against remaining defendants).

*Fourth*, the Settling Defendants have been party to this class action litigation for over the past three years, with each expending millions of dollars on legal

fees and devoting hundreds, if not thousands, of employee hours to assisting counsel, even though they are not meaningful participants in the light duty filters market.[2] As this Court is well aware from numerous Settling Defendant submissions, each has long maintained that it is a heavy duty filter manufacturer with minimal sales of the automotive and light duty filters at issue in this case. Further, each Settling Defendant has produced its price lists and announcements, hundreds of thousands (collectively millions) of pages of documents and transactional data to plaintiffs' counsel for their review and analysis. The Settling Defendants do not belong in this litigation and each believes that it would prevail on summary judgment regardless of how the Court decides the current motions on the Burch tapes and testimony. After extensive and vigorous arms-length negotiations with experienced plaintiffs' counsel, the Settling Defendants have reached agreements with the various plaintiff groups to finally dispose of the claims against the three Heavy Duty Filter defendants in this litigation. Having reached a fair settlement, it cannot be the case that the three Settling Defendants must remain in this case and incur the sizable expense of litigating the case because one or more other defendants has not settled. That outcome would be flatly inconsistent with the recognized rule that the law favors settlements of class actions, including partial settlements. *See Isby v. Bayh*, 75 F.3d at 1196; *In re Packaged Ice*, 2010 U.S. Dist. LEXIS 77645, at *33-34; *Agretti*, 982 F.2d at 246 (noting, *inter alia*, that partial settlements are authorized). Preliminary approval of the Settlement Agreements is

---

[2] As Plaintiffs noted in their Omnibus Motion, the Settling Defendants are "relatively small players, representing in the aggregate approximately 5% of [light duty f]ilters' sales during the Class Period". Omnibus Motion at 4 (Dkt. 833).

needed therefore to prevent the continued wasting of the Settling Defendants' resources and to effect the negotiated compromise that they have reached with the plaintiffs.

## Conclusion

For the foregoing reasons, Baldwin, Cummins and Donaldson respectfully request that the Court preliminarily approve the Settlement Agreements and certify the contemplated classes for settlement purposes.

Dated: October 26, 2011

/s/ Darrell Prescott
Darrell Prescott
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: 212-626-4100
Fax: 212-310-1637

*Counsel for Baldwin Filters, Inc.*

/s/ Michael A. Paskin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212-474-1000
Fax: 212-474-3700

*Counsel for Cummins Filtration Inc.*

/s/ James T. McKeown
James T. McKeown
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414-297-5530
Fax: 414-297-4900

*Counsel for Donaldson Company, Inc.*

**CERTIFICATE OF SERVICE**

      I, Christopher J. Bouchoux, hereby certify that on October 26, 2011, I caused the foregoing Settling Defendants' Memorandum of Law in Support of Preliminary Approval of the Settlement Agreements and Certification of the Settlement Classes to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

                                                               /s/ Christopher J. Bouchoux
                                                                 Christopher J. Bouchoux