**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|   |   |   |
|---|---|---|
| **IN RE: AFTERMATH FILTERS ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) ) ) | **Master Docket No. 08 C 4883** <br> **MDL Docket No. 1957** <br><br> **Judge Robert W. Gettleman** |
| This Document Relates to the Direct Purchaser, Indirect Purchaser, Gas Retailer and Florida Actions | | |

**MEMORANDUM OPINION AND ORDER**

In this multi-district litigation, three putative classes of plaintiffs have claimed that seven manufacturers of automotive filters conspired to fix prices. The nature of the case is thoroughly discussed in this court's previous opinion denying defendants' motion to dismiss.[1]

Defendants have filed two motions concerning plaintiffs' former prime witness, William G. Burch ("Burch"). The first (docs. 792, 793) seeks to exclude Burch's testimony from evidence and to preclude plaintiffs from relying on it in discovery. The second (docs. 795, 796) seeks to bar Burch's tape recordings from evidence and to preclude plaintiffs from relying on them in discovery. All parties have filed extensive briefs and exhibits in support of and in opposition to these motions. Although the court had set the motions for hearing on January 20, 2012, after reviewing the voluminous materials submitted by the parties, the court concludes there is no need for a hearing. The motions are denied.

Defendants base their request to excise all mention of Burch from this case on his confessed criminal conduct in fabricating a "smoking gun" document, "doctoring" tape

---

[1] In re Aftermarket Filters Antitrust Litig., 2009 WL 3754041 (N.D. Ill.).

recordings he surreptitiously made of telephone conversations with representatives of certain defendants, perjuring himself in depositions and otherwise, and lying to the United States Department of Justice Antitrust Division ("Antitrust Division"), among other misdeeds[2] – apparently in a misguided attempt to extort money from his former employer, Champion Laboratories, Inc., that had fired him for embezzlement.

That Burch has made a number of what might charitably be called poor decisions is undisputed. Indeed, in May 2011 he pled guilty to a felony charge of making false statements to the Antitrust Division in violation of 18 U.S.C. § 1001. Equally undisputed is the inadmissability of some of the evidence Burch had previously alleged supported his claim of price fixing among the defendants, such as the "smoking gun" document and portions of the tapes, the integrity of which was destroyed by Burch's "doctoring." Plaintiffs disclaim any intention to offer these materials into evidence.

Nevertheless, plaintiffs intend to use the tapes and the leads provided by Burch to prove that defendants did in fact fix prices in the automotive filter market, despite the taint on the evidence supplied by what used to be their chief witness. Portions of the tapes appear to be unadulterated, and although Burch's apparently selective pauses and decisions to record only portions of certain conversations may result in the exclusion of some or even all the tapes from evidence, the parties and their forensic experts are in agreement that the tapes in fact represent portions of actual conversations between Burch and representatives of certain defendants. The "doctoring" (more like selective recording) of the tapes indicates the need for more rather than

---

[2]These include filing two fraudulent <u>qui tam</u> actions as well as a civil suit against Champion for retaliatory firing, along with destruction of evidence, and covering up his misdeeds after they were detected.

less discovery to determine whether any portion may be admitted into evidence and to examine the parties to the taped conversations as to the accuracy and completeness of the recordings. Even illegally obtained tape recordings, inadmissible under 18 U.S.C. § 2515, can be used in discovery. <u>Massaro v. Allington Fire Dist.</u>, 2003 WL 23511732, *1(D Conn. May 30, 2003).

In short, the fact that Burch may be a scoundrel and a duplicitous, opportunistic liar (and convicted felon) does not disqualify him as a witness or exclude the information he has provided from use in discovery and perhaps even the trial of this case. It is quite common, for example, in criminal proceedings for the government to base its case on the testimony of "flippers," co-defendants who admit complicity in all sorts of criminal activity. Indeed, "a conviction may rest solely on circumstantial evidence, . . . even when the evidence at trial is totally uncorroborated and comes from an admitted liar, convicted felon, large scale drug dealing paid government informant . . .." <u>United States v. Beverly</u>, 913 F.2d 337, 358 (7th Cir. 1990) (internal citations omitted). In white collar criminal cases, such witnesses are often admitted or convicted felons who participated in coverups and serious fraudulent conduct going to the heart of the case. <u>See</u>, <u>e.g.</u>, <u>United States v. Sanchez</u>, 2009 WL 5166230 (N.D. Ill. 2009).

Defendants appear to be arguing primarily that because plaintiffs had previously centered their case around Burch's testimony – indeed, this court relied on that testimony in denying defendants' motion to dismiss – plaintiffs should be sanctioned by excluding any evidence supplied by or through Burch from both discovery and trial. "No fraud is more odious than an attempt to subvert the administration of justice." <u>Hazel-Atlas Glass Co. v. Hartford-Empire Co.</u>, 322 U.S. 238, 251 (1944) (Roberts, J., dissenting). As this court has held in dismissing with prejudice a case in which the plaintiffs engaged in seriously fraudulent conduct in an attempt to

3

obtain favorable evidence, misconduct by a party constitutes "an affront to this court and the entire civil justice system," justifying severe sanctions. <u>Greviskes v. Universities Research Ass'n. Inc.</u>, 226 F.R.D. 595, 600 (N.D. Ill. 2004).

The fallacy of defendants' reliance on the rationale of these and similar cases lies in the fact that the courts in those cases were sanctioning <u>parties</u> who misbehaved, rather than witnesses who did so. As noted above, not all witnesses are squeaky clean; some are quite to the contrary. When discovery is complete and this case is being readied for dispositive motions or trial, the court will determine in the context of motions *in limine* what evidence will be allowed into the record, and the trier of fact will determine the credibility of all witnesses, perhaps including Burch himself. To do so now would be wholly premature.

For these reasons, the defendants' motions to exclude Burch's testimony and tapes and preclude plaintiffs from relying on them during discovery are denied. The stay of discovery that had previously been issued is hereby vacated.

**ENTER:** **January 20, 2012**

  Robert W. Gettleman
  United States District Judge