IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** <br><br> **This Document Relates to:** <br> **All Actions** | Master Docket <br> No.: 08-cv-4883 <br> MDL No.: 1957 <br> Honorable Robert W. Gettleman <br> Honorable Geraldine Soat Brown |

## ALL PLAINTIFFS' STATUS REPORT

After meeting and conferring with Defendants, the parties were unable to reach agreement about the scheduling of discovery and depositions. Defendants have indicated that they desire to file summary judgment motions prior to the completion of the depositions identified by Plaintiffs as essential. Moreover, they believe that Plaintiffs should be required to seek leave of the Court to take any depositions which, in Defendants' estimation, are not necessary in order to respond to their summary judgment motions. Plaintiffs, on the other hand, believe that the ordinary discovery rules contemplated by the Federal Rules of Civil Procedure ought to apply.

**Deposition Schedule**

In the January 26, 2011 joint status report, Plaintiffs identified 88 depositions that they believed should be taken in this case. After extensive meet and confers with Defendants and after prevailing on motions before this Court (Doc. No. 733), Plaintiffs worked with Defendants to schedule more than 50 of these depositions. When this case was stayed on April 14, 2011, Plaintiffs had completed only 3 of these depositions.

In light of the settlements reached with three of the initial seven Defendants coupled with additional work by Plaintiffs to refine and focus their cases during the stay, Plaintiffs have narrowed the list of remaining potential deponents from more than 80 to 38.  Of these 38 deponents, Plaintiffs have further sorted them into two tiers that are reflected in the accompanying Proposed Order.  In an effort to accommodate those Defendants who wish to seek summary judgment before the close of discovery, Plaintiffs have identified 23 "Tier 1" deponents who, in Plaintiffs view, are essential before any Defendant can seek summary judgment.

Plaintiffs propose that the parties meet and confer after the completion of the Tier 1 depositions to ascertain whether any of the Tier 2 depositions are no longer necessary.  In addition, any Defendant wishing to seek summary judgment after the completion of the Tier 1 depositions may seek to do so pursuant to Paragraph 2 of the Court's January 20, 2012 Order, which allows such defendants to serve Plaintiffs with a copy of their proposed motion and then to meet and confer with Plaintiffs about the scheduling of remaining discovery.

**Witness Documents**

The parties also disagree about the production of documents that are in the possession of witnesses. Defendants propose that documents in the possession of witnesses not be produced until three weeks before that person's deposition.  Plaintiffs believe that these documents should be produced no later than three weeks before the first scheduled deposition.  First, failure to produce these documents before depositions begin would be grossly inefficient.  For example, under Defendants' proposal, a communication between witnesses might not be produced until after one of those witnesses has been deposed, thus potentially necessitating a second deposition

2

of that witness. Second, with very limited exception, these deponents have been identified by Defendants as party witnesses. In other words, the documents in the possession of these witnesses were requested by Plaintiffs *years* ago and already should have been produced to Plaintiffs. There is no justification for further delay.

**Chris Boesel**

Honeywell has indicated that it objects to the deposition of Chris Boesel. Plaintiffs propose that the Court set the following expedited briefing schedule to resolve this issue. Plaintiffs' motion due Tuesday, February 7, 2012; Honeywell response due Friday, February 10, 2012; Plaintiffs' reply due Wednesday, February 15; argument (if necessary) Friday, February 17, 2012.

Date:   February 2, 2012                                    Respectfully submitted,

/s/ Roberta D. Liebenberg                         /s/ Michael J. Freed
Roberta D. Liebenberg                              Michael J. Freed
Adam J. Pessin                                          Steven Kanner
FINE KAPLAN & BLACK, R.P.C.              Michael Moskovitz
1835 Market Street, 28th Floor                 FREED KANNER LONDON & MILLEN LLC
Philadelphia, PA 19103                              2201 Waukegan Rd., Suite 130
Telephone: (215) 567-6565                       Bannockburn, IL 60015
                                                                    Telephone: (224) 632-4500

/s/ Bernard Persky
Bernard Persky
Gregory Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

*Counsel continued on following page*

/s/ Renae D. Steiner
Renae D. Steiner
James Anderson
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: 612-338-4605

/s/ Dan Hume
Dan Hume
KIRBY MCINERNEY, LLP
825 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600

/s/ Christopher Lovell
Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
Telephone : (212) 608-1900

/s/ Mario N. Alioto
Mario N. Alioto
TRUMP ALIOTO TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone : (415) 563-7200

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Martin R. Fox
Martin R. Fox
BLEAU FOX, P.L.C.
3575 Cahuenga Blvd., Suite 580
Los Angeles, CA 90068
Telephone: 323-874-8613

/s/ Gary D. McCallister
Gary D. McCallister
GARY D. MCCALLISTER & ASSOC., LLC
120 North LaSalle Street, Suite 2800
Chicago, IL 60602
Telephone: 312-345-0611

/s/ Joseph M. Alioto
Joseph M. Alioto
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: 415-434-8900

/s/ Daniel R. Shulman
Daniel R. Shulman
GRAY PLANT MOOTY
500 IDS Center, 80 South 8th St
Minneapolis, MN 55402
Telephone: 612-632-3335

*Counsel for Gas Retailer Plaintiffs*

/s/ Scott Palmer
Scott Palmer
Christopher R. Hunt
Office of the Atty. Gen., Antitrust Div.
PL-01, The Capitol
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300

*Counsel for the State of Florida, Office of the Attorney General*