**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Actions | Master Docket No.: 08-cv-4883<br>MDL No.: 1957<br>Honorable Robert W. Gettleman<br>Honorable Geraldine Soat Brown |

## DEFENDANTS' STATUS REPORT

Deposition and Summary Judgment Schedules

     Despite a good faith attempt to meet and confer, the parties are unable to reach agreement concerning certain aspects of the scheduling of depositions and summary judgment briefing. Specifically, defendants believe that the parties should follow the Court's January 20, 2012 Order, which permitted the defendants to "serve proposed summary judgment motions on plaintiffs" so that the parties could "meet[] and confer[] with respect to the discovery necessary to respond to such motions." (Jan 20, 2012 Order at ¶ 2.) Accordingly, the January 20 Order, by its terms, allows defendants to serve draft summary judgment papers on plaintiffs at any time. At that point, the parties would meet and confer about whether any additional depositions relevant to summary judgment need be taken, and if there is a dispute in that regard the court would resolve it and set an appropriate summary judgment schedule.

Deposition of Chris Boesel

     The parties are in agreement concerning the taking of all Tier 1 depositions except for that of Chris Boesel, a former Honeywell employee who was involved only in the heavy duty

filter business.  Plaintiffs have repeatedly told this Court that heavy duty filters are not relevant to their claims: *e.g.*, "This case involves a nationwide conspiracy among the largest manufacturers of ***light duty . . . oil, air, and fuel filters***…." (Direct Purchasers' Consolidated Amended Complaint at ¶ 1, Nov. 16, 2008, Dkt. # 150 (emphasis added).)  Notably, Boesel was not included among the 88 depositions plaintiffs originally requested and nothing has changed since then to make him a relevant witness now.  Honeywell respectfully submits that briefing is not necessary on this issue and the Court should deny plaintiffs demand for the deposition of Boesel.

Witness Documents

     Finally, the parties disagree about the production of documents in the possession of former employees, pursuant to Federal Rule of Civil Procedure 45.  Contrary to plaintiffs' assertion in their status report that defendants have withheld documents related to certain witnesses, defendants, in fact, did not possess any of the documents plaintiffs now seek:  Any documents responsive to plaintiffs' subpoenas belong to former employees, over whom defendants exercise no control.  Indeed, plaintiffs recognized this implicitly when they agreed during the meet and confer process to issue Rule 45 subpoenas for any documents in the possession of former employees.

     At the time that plaintiffs agreed to issue subpoenas for documents in the possession of former employees, plaintiffs also agreed that the former employees would produce documents in response to the subpoenas within a reasonable time before their respective depositions.  Plaintiffs did not serve their subpoenas until March 1, 2011.  The former employees served their written

objections and responses on plaintiffs on March 15, 2011, and, shortly afterward, this Court stayed all discovery.

At the time that the Court entered the stay, a number of the former employees that plaintiffs now designate as "Tier 1" were still far-off, and defendants had not collected documents from these individuals (nor did they do so during the stay). For example, Lowell Cockrum's deposition was months away, yet now plaintiffs wish for his deposition to be among the first taken. Others, such as Art Demers and Mike Boyer did not even have depositions scheduled, and, indeed plaintiffs still do not seem to know whether they want to take their depositions. Yet they insist on putting these individuals through the burden and expense of producing responsive documents now.

Plaintiffs should be held to their original agreement that former employees will produce documents responsive to plaintiffs' subpoenas a reasonable time in advance of their deposition. Three weeks in advance of a deposition is clearly reasonable and will provide plaintiffs with sufficient time to prepare for the witness's deposition.

Dated: February 2, 2012

Respectfully submitted,

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC and Purolator Products Company, LLC*

/s/ Margaret M. Zwisler
Margaret M. Zwisler
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304
Telephone: 202-637-1092
Fax: 202-637-2201

*Counsel for Champion Laboratories, Inc.*

/s/ John DeQ. Briggs
John DeQ. Briggs
AXINN VELTROP HARKRIDER
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202-721-5400
Fax: 202-912-4701

*Counsel for Wix Filtration Corp LLC and Affinia Group, Inc.*

/s/ Richard G. Parker
Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: 202-383-5300

Mark A. Racanelli
Brooke E. Cucinella
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: 212-326-2000

*Counsel for Honeywell International Inc.*

# CERTIFICATE OF SERVICE

I, Patrick M. Collins, hereby certify that on Thursday, February 2, 2012, I caused the foregoing **DEFENDANTS' STATUS REPORT** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

    /s/ Patrick M. Collins