# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | **Master Docket No. 08-cv-4883**<br>**MDL Docket No. 1957** |
| **This Document Relates To:**<br>**All Purchaser Actions** | **Honorable Robert W. Gettleman**<br>**Magistrate Geraldine Soat Brown** |

## ORDER PRELIMINARILY APPROVING SETTLEMENTS, CONDITIONALLY CERTIFYING THE DIRECT PURCHASER SETTLEMENT CLASS, APPOINTING CLASS COUNSEL FOR THE SETTLEMENT CLASSES, AND APPROVING NOTICE PLAN

WHEREAS, Plaintiffs Central Warehouse Sales Corporation, Neptune Warehouse Distributors, Inc., William C. Bruene d/b/a Lone Star Lube, and A&L Systems Inc. ("Direct Purchaser Plaintiffs"), by and through their counsel of record, have asserted claims for damages against Defendants Champion Laboratories, Inc., Purolator Products NA, LLC, Purolator Products Company, LLC, ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc., and Baldwin Filters, Inc. (collectively, "Defendants") alleging violations of federal antitrust law;

WHEREAS, desiring to resolve any and all disputes in this action, Direct Purchaser Plaintiffs have entered into and executed separate settlement agreements (collectively "the Settlement Agreements" and individually "the Settlement Agreement") with Defendants Baldwin Filters, Inc. ("Baldwin"), Cummins Filtration, Inc. ("Cummins"), and Donaldson Company, Inc. ("Donaldson") (collectively, "Settling Defendants"), which, if approved by the Court, will result in the settlement of all claims against the Settling Defendants;

WHEREAS, Settling Defendants deny any wrongdoing or liability for any of the allegations made by Direct Purchaser Plaintiffs, and it is agreed between and among the parties that the Settlement Agreements shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Settling Defendants or any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, each of the Settling Defendants has agreed to pay the sum of $625,000 (for a total of $1,875,000) of which $406,250 shall be paid to Direct Purchaser Plaintiffs from each Settlement (for a total of $1,218,750);

WHEREAS, the parties to the Settlement Agreements have filed the Settlement Agreements with the Court and request that the Court grant preliminary approval of the Settlement Agreements pursuant to Federal Rule of Civil Procedure 23(e);

WHEREAS, the parties to the Settlement Agreements have agreed to the certification of the Direct Purchaser Settlement Class as a condition of settlement;

WHEREAS, the proposed Direct Purchaser Plaintiffs' Settlement Class ("Settlement Class") in each of the Settlement Agreements is defined as "all persons and entities (excluding Defendants, their predecessors, successors, parents, subsidiaries, affiliates, original equipment manufacturers and government entities) who purchased Filters in the United States directly from one or more of the Defendants or any of their predecessors, successors, parents, subsidiaries, or affiliates at any time during the period from and including March 1, 1999 to and including the Execution Date of the Settlement Agreements";

WHEREAS, the proposed Settlement Class under each Settlement Agreement should be certified for the purposes of settlement only, because the proposed Settlement Class under each Settlement Agreement meets the numerosity, typicality, commonality and adequacy requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b);

WHEREAS, Interim Co-Lead Counsel have requested that they be appointed as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, Direct Purchaser Plaintiffs and each of the Settling Defendants have agreed to the entry of this Preliminary Approval Order (hereinafter, the "Order");

WHEREAS, the Court has considered the Settlement Agreements, the proposed Notice Plan, and the other documents submitted in connection with Direct Purchaser Plaintiffs' request for preliminary approval of the Settlement Agreements, certification of the Settlement Class and appointment of counsel for the Settlement Class, and good cause appearing therefor.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

## I. DEFINITIONS

1.1     As used in this Order, the same definitions shall apply as set forth in the Settlement Agreements.

## II. CERTIFICATION OF SETTLEMENT CLASS

2.1     This Court has jurisdiction over this action and the Settling Parties.

2.2     Upon review of the record, the Court finds that the proposed Settlement Class under each Settlement Agreement meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3):

2.2.1     The members of the proposed Settlement Class, under each Settlement Agreement, are sufficiently numerous to satisfy the numerosity requirement;

2.2.2     There are sufficient legal and factual issues common to the Settlement Class under each Settlement Agreement to meet the commonality requirement, including whether Defendants conspired or combined for the purpose and with the effect of fixing the price of Filters; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Direct Purchaser Plaintiffs and the members of the Settlement Classes;

2.2.3     The claims of the Settlement Class under each Settlement Agreement arise out of the same alleged illegal anticompetitive conduct and are based on the same legal theories and therefore satisfy the typicality requirement;

2.2.4     Direct Purchaser Plaintiffs have retained experienced counsel and do not have interests antagonistic to the Settlement Classes; and

2.2.5     Questions of law and fact common to the Settlement Class under each Settlement Agreement predominate over any individualized questions.

2.3     Therefore, the Court hereby conditionally certifies the Baldwin Settlement Class, the Cummins Settlement Class, and the Donaldson Settlement Class. For purposes of the Settlements, each of the three Settlement Classes is defined as:

All persons and entities (excluding Defendants, their predecessors, successors, parents, subsidiaries, affiliates, original equipment manufacturers and government entities) who purchased Filters in the United States directly from one or more of the Defendants or any of their predecessors, successors, parents, subsidiaries, or affiliates at any time during the period from and including March 1, 1999 to and including the Execution Date of the Settlement Agreements.

2.4     In the event that the Settlement Agreements are ultimately disapproved, rescinded or otherwise fails to become effective, nothing in this Order shall prevent Settling Defendants from contesting class certification in the Actions.

## III.    PRELIMINARY APPROVAL OF SETTLEMENT

3.1     This Court has jurisdiction over this action and each of the parties to the Settlement Agreements.

3.2     Upon review of the record, the Court finds that the Settlement Agreements were arrived at by arm's-length negotiations by highly experienced counsel, and fall within the range of possible approval. Therefore, each of the Settlement Agreements is hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court preliminarily finds that the Settlements encompassed by the Settlement Agreements raise no obvious reasons to doubt their fairness and raise a reasonable basis for presuming that the Settlements and the terms of the Settlement Agreements satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlements should be given as provided in this Order.

## IV.    CLASS COUNSEL AND CLASS REPRESENTATIVES

4.1      Pursuant to the Court's Orders in this case, the following counsel have been

designated as co-lead counsel for the Settlement Classes ("Settlement Class Counsel"):

| | |
|---|---|
| Michael J. Freed<br>Steven Kanner<br>FREED KANNER LONDON & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL 60015<br>(224) 632-4500 | Bernard Persky<br>Gregory Asciolla<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700 |

Roberta D. Liebenberg
Adam Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street –28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565

4.2      The following entities have been designated as proposed Class Representatives:

Central Warehouse Sales Corporation, Neptune Warehouse Distributors, Inc., William C. Bruene

d/b/a Lone Star Lube, and A&L Systems Inc.

## V.    NOTICE OF SETTLEMENT

5.1      The Court finds that the Notice Plan submitted in connection with the motion for

preliminary approval constitutes the best notice practicable under the circumstances as well as

valid, due and sufficient notice to all persons entitled thereto.  The Court approves the Notice

Plan, subject to the submission of revised forms for Mail Notice and Publication Notice and a

revised schedule for notice to be determined in accordance with the provisions below.

5.2     The Court orders that the parties are to submit proposed revised Mail Notice and Summary Notice by March 12, 2012, in conjunction with the filing of Direct Purchaser Plaintiffs' motion for preliminary approval of settlements with Defendants Champion Laboratories, Inc., Honeywell International, Wix Filtration Corp. LLC and Affinia Group Inc. (collectively, the "Newly Settling Defendants").  It is anticipated by Co-Lead Counsel and Settling Defendants that the revised Mail Notice and Summary Notice will combine notice of the three Settling Defendants' settlements with notice of the Newly Settling Defendants' settlements. In the event that Direct Purchaser Plaintiffs do not move for preliminary approval of settlements with the Newly Settling Defendants, for any reason, by March 12, 2012, Co-Lead Counsel and the Settling Defendants will file by March 19, 2012 a revised proposed schedule (as described in paragraph 5.3) and Mail Notice and Summary Notice.  The revised Mail Notice and Summary Notice are to be consistent with the Notice Plan approved in paragraph 5.1 of this Order.

5.3     Settlement Class Counsel and the Settling Defendants shall submit a proposed notice and final approval schedule when they submit the revised Mail Notice and Summary Notice referenced in Paragraph 5.2 above, together with a proposed order.  Following receipt of the revised Mail Notice and Summary Notice and proposed schedule, and upon its approval, the Court will authorize dissemination of notice to the Settlement Classes and set the schedule for deadlines for mailing the Mail Notice, publishing the Summary Notice, and for giving notice of exclusion or objection to the settlements by any member of the Settlement Classes.  The Court will also set a hearing date on final approval of the proposed settlements.

## VI. OTHER PROVISIONS

6.1     The Court approves the establishment of separate escrow accounts under each of the three the Settlement Agreements as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF.

6.2     Settlement Class Counsel are hereby authorized to withdraw without further order of the Court and prior to this Court's disposition of any motion for final settlement approval funds in proportionate amounts from each of the three Settlement Funds for payment of costs of administering the Settlements and providing notice to members of the Settlement Classes.  In the event any of the Settlement Agreements shall terminate or be canceled or shall not become effective for any reason, Settlement Class Counsel are not obligated to refund the amount(s) withdrawn from the Settlement Funds for payment of costs of providing notice to members of the Class and of administering that notice.

6.3     In the event that the Baldwin Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Baldwin the Baldwin Settlement (including accrued interest), less any amount that Settlement Class Counsel has withdrawn from the Baldwin Settlement Fund for payment of costs of providing and administering notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 6.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Baldwin is entitled to a refund of any portion of the Baldwin Settlement, for any

reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to Baldwin from the Baldwin Settlement Fund. Pursuant to the terms of the Baldwin Settlement Agreement, upon completion of the payments set forth in the Baldwin Settlement Agreement, Baldwin shall have no further obligations or liabilities with respect to the Baldwin Settlement Fund.

6.4     In the event that the Cummins Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Cummins the Cummins Settlement (including accrued interest), less any amount that Settlement Class Counsel has withdrawn from the Cummins Settlement Fund for payment of costs of providing and administering notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 6.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Cummins is entitled to a refund of any portion of the Cummins Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to Cummins from the Cummins Settlement Fund. Pursuant to the terms of the Cummins Settlement Agreement, upon completion of the payments set forth in the Cummins Settlement Agreement, Cummins shall have no further obligations or liabilities with respect to the Cummins Settlement Fund.

6.5     In the event that the Donaldson Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Donaldson the Donaldson Settlement (including accrued interest), less any amount that Settlement Class Counsel has withdrawn from the Donaldson Settlement Fund for payment of costs of providing and administering notice to members of the

Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 6.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Donaldson is entitled to a refund of any portion of the Donaldson Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to Donaldson from the Donaldson Settlement Fund. Pursuant to the terms of the Donaldson Settlement Agreement, upon completion of the payments set forth in the Donaldson Settlement Agreement, Donaldson shall have no further obligations or liabilities with respect to the Donaldson Settlement Fund.

6.6     In the event that the Baldwin Settlement is terminated in accordance with the provisions of the Baldwin Settlement Agreement, the Baldwin Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Baldwin Settlement Agreement, and such termination shall be without prejudice to the rights of the Direct Purchaser Plaintiffs, the Class, and Baldwin, including the rights of each to contest class certification and merits issues.

6.7     In the event that the Cummins Settlement is terminated in accordance with the provisions of the Cummins Settlement Agreement, the Cummins Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Cummins Settlement Agreement, and such termination shall be without prejudice to the rights of the Direct Purchaser Plaintiffs, the Class, and Cummins, including the rights of each to contest class certification and merits issues.

6.8     In the event that the Donaldson Settlement is terminated in accordance with the provisions of the Donaldson Settlement Agreement, the Donaldson Settlement and all

proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Donaldson Settlement Agreement, and such termination shall be without prejudice to the rights of the Direct Purchaser Plaintiffs, the Class, and Donaldson, including the rights of each to contest class certification and merits issues.

6.9     Neither this Order nor the Settlement Agreements shall constitute any evidence or admission of liability by Settling Defendants, nor shall any documents relating to the Settlements be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreements or the terms of this Order or if offered by Settling Defendants in responding to any action purporting to assert Released Claims.

6.10    All proceedings as to the Settling Defendants in this litigation are hereby stayed pending further order of the Court, except for proceedings provided for or required by the Settlement Agreements, such as proceedings relating to the determination of whether the Settlement Agreements will be finally approved.

SO ORDERED.

Dated this 16th day of February, 2012.


_____
Robert W. Gettleman
United States District Court Judge