# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

# If You Are A Gasoline Retailer in the state of California Who Operated a Service Station and Indirectly Purchased Aftermarket Filters from January 1, 1999 to March 8, 2012, You Could be Affected by Proposed Class Action Settlements.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer. You have not been sued.*

This is to advise you that a class action lawsuit captioned as *In re Aftermarket Filters Antitrust Litigation*, Master File No. 1:08-cv-4883, MDL No. 1957 is pending in the United States District Court for the Northern District of Illinois against the following manufacturers of light duty (*i.e.*, automotive and light truck) oil, air, fuel and transmission filters for sale in the aftermarket (*i.e.*, the market for replacement filters) ("Filters" or "Aftermarket Filters") (as defined below in Section 6): Champion Laboratories, Inc., Purolator Products N.A., L.L.C., Purolator Products Company, L.L.C., ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc. and Baldwin Filters, Inc. (collectively, "Defendants"). As explained below, the lawsuit alleges that Defendants engaged in illegal anticompetitive conduct with respect to the sale of aftermarket automobile filters and that as a result, any person or entity that purchased Aftermarket Filters indirectly from any Defendant from January 1, 1999 to March 8, 2012 paid a higher price than otherwise would have been the case in a competitive market.

This Notice has been issued to inform you:
   (1) that Proposed Settlements have been reached with each of the Defendants Baldwin Filters, Inc., Cummins Filtration Inc., Donaldson Company, Inc., (the "Original Settling Defendants") that will resolve the claims against the Original Settling Defendants on behalf of the Gas Retailers' Indirect Purchaser Settlement Class (as defined below);
   (2) that Proposed Settlements have been reached with each of the remaining Defendants, Affinia Group, Inc., Wix Filtration Corp LLC, Champion Laboratories, Inc., Honeywell International Inc. and Purolator Products N.A. L.L.C., Purolator Products Company and ArvinMeritor, Inc. (now known as Meritor, Inc.) (the "Later Settling Defendants") (the Original Settling Defendants and Later Settling Defendants are collectively referred to as "Settling Defendants") that will resolve all remaining claims against the Later Settling Defendants on behalf of the Gas Retailers' Indirect Purchaser Settlement Class (as defined below);
   (3) that Class Counsel (as defined below in Section 15) intend to apply to the Court for an award of attorneys' fees (not to exceed one-third of the Settlement Amounts paid to the Gasoline Retailers' Class), reimbursement of litigation expenses and Plaintiffs' incentive awards not to exceed $5,000 for each class representative from the settlements; and
   (4) of your rights and options.

This Notice is not an expression of any opinion by the Court. It is to notify you of the terms of the proposed Settlements and your rights related thereto. There are two groups of Proposed Settlements in this lawsuit at this time. The Original Settling Defendants each have agreed to pay $31,250 to the Gas Retailers' Indirect Purchaser Settlement Class, for a total of $93,750. The Later Settling Defendants have agreed to pay a total of $1,050,000 to the Gas Retailers' Indirect Purchaser Settlement Class. Affinia Group, Inc. and Wix Filtration Corp LLC have agreed to pay $100,000 of this amount; Champion Laboratories, Inc. has agreed to pay $387,500 of this amount; Honeywell International, Inc. has agreed to pay $162,500 of this amount and Purolator Products N.A.,

Questions? Visit www.aftermarketfilterssettlement.com

L.L.C., Purolator Products Company, L.L.C., ArvinMeritor, Inc. have agreed to pay $400,000.00 of this amount.

Each group of Settling Defendants has asserted a number of defenses to Plaintiffs' claims and deny any liability, but have settled to avoid the cost and burden of further litigation and trial.

**TO DETERMINE WHETHER YOU ARE AFFECTED BY ANY OF THE PROPOSED SETTLEMENTS REACHED IN THIS CASE, PLEASE READ THIS NOTICE CAREFULLY.** Your rights and options – **and deadlines for exercising them** – are explained in this Notice.

Please visit www.aftermarketfilterssettlement.com or contact the Claims Administrator, as described in Section 23 below, for further information about the Proposed Settlements, answers to frequently asked questions, and more information.

**DO NOT CONTACT THE COURT, THE CLERK OF THE COURT OR DEFENDANTS IF YOU HAVE QUESTIONS REGARDING THIS NOTICE.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | | |
|---|---|---|
| **YOU MAY:** | | **DUE DATE:** |
| **OBJECT TO THE SETTLEMENTS** | Write to the Court about why you don't like the Proposed Settlements, the Plan of Allocation, applications for attorneys' fees, reimbursement of litigation expenses or Plaintiffs' incentive awards. | Postmarked and received by August 13, 2012 |
| **ATTEND A HEARING** | Write to the Court to ask to speak at the hearing about the fairness of the Proposed Settlements. | Postmarked and received by August 13, 2012 |
| **DO NOTHING AND REMAIN IN THE CLASS** | You will be considered part of the settlement class and will be bound by the terms of the settlements and have to submit a Claim Form to receive money from the Proposed Settlements. | None |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT CLASS** | You will receive no payment or benefit from the settlement(s) from which you have excluded yourself. This is the only option that allows you to be part of any other lawsuit against the Settling Defendants about the legal claims in this case. | Postmarked and received by August 13, 2012 |

Your legal rights are affected whether you act or don't act. Read this Notice carefully.

Questions? Visit www.aftermarketfilterssettlement.com

# BASIC INFORMATION

## 1. Why did I get this notice package?

You or your company may have operated a gasoline service station in the state of California and indirectly purchased Aftermarket Filters from one of the Defendants in the United States from January 1, 1999 to March 8, 2012. This Notice explains the lawsuit, the Proposed Settlements, and your legal rights.

## 2. What is this lawsuit about?

The case is pending in the United States District Court for the Northern District of Illinois and is known as *In re Aftermarket Filters Antitrust Litigation*, Master File No. 1:08-cv-4883, MDL No. 1957.

The lawsuit claims that the Defendants conspired to illegally fix, raise, maintain, and/or stabilize prices and allocate customers for Aftermarket Filters purchased in the United States in violation of the Cartwright Act and the Unfair Business Practices Act under §382 of the California Code of Civil Procedure. The lawsuit claims that the Defendants engaged in this illegal activity since January 1, 1999 to March 8, 2012, and that during this time period, any person or entity that purchased Aftermarket Filters directly from any Defendant paid a higher price than they otherwise would have paid in a competitive market. The lawsuit seeks to recover three times the actual damages that Plaintiffs allege the Defendants' conduct caused, as well as injunctive relief, attorneys' fees and costs.

A potential witness in the litigation pleaded guilty to making a false statement to the government based on the fabrication of a document purporting to be evidence of price-fixing among certain Defendants. This individual was convicted and sentenced to 24 months in prison and fined $30,000. Both the Settling Defendants and Non-Settling Defendants deny Plaintiffs' allegations and deny that they engaged in any illegal activity.

For purposes of these settlements, the Court has certified a Gas Retailers' Indirect Purchaser Settlement Class as defined in Section 6 below.

## 3. Who are the Settling Defendants?

The Settling Defendants are:

Champion Laboratories, Inc.,
Honeywell International,
Affinia Group Inc.,
Wix Filtration Corp LLC,
Cummins Filtration Inc.,
Donaldson Company, Inc., and
Baldwin Filters, Inc.
Purolator Products N.A., L.L.C.,
Purolator Products Company, L.L.C. and
ArvinMeritor, Inc. (now know as Meritor, Inc.)

To be a member of the Gas Retailers' Indirect Purchaser Settlement Class you must have operated a service station in the state of California and indirectly purchased Aftermarket Filters from one of these companies in the United States from January 1, 1999 to March 8, 2012.

## 4. Why is this a class action?

In a class action, one or more people or entities called Class Representatives (in this case Loodvik Peerali and Oyster Incorporated) sue on behalf of people or entities who have similar claims. All of these people and entities are settlement class members and make up the Proposed Gas Retailers' Indirect Purchaser Settlement Class. One court resolves the issues for all class members, except for those who exclude themselves from the class. U.S. District Judge Robert W. Gettleman is in charge of this class action.

## 5. Why are there Proposed Settlements? Why did the Plaintiffs Agree to Settle? Why did the Defendants Agree to Settle?

**Why did the Plaintiffs Agree to Settle with the Settling Defendants?**
Plaintiffs' Counsel have investigated and prosecuted claims of alleged price-fixing between the Defendants and have analyzed the underlying events and transactions alleged in the Lawsuit. The evidence obtained by Plaintiffs' Counsel has been evaluated and the applicable law has been researched with respect to the claims and defenses that apply in this case. Witness interviews and depositions have been taken in order to further evaluate the merits and value of this case. As a result, the Settlements described in this Notice were reached through arms' length negotiations between counsel for the parties. These negotiations included a full-day mediation session with a United States Magistrate Judge. Among the factors taken into consideration by the parties in agreeing to the Settlements were: (a) the risks and benefits of litigation, including: statute of limitations issues which could bar the Plaintiff's claims, the potential outcome of dispositive motions, class certification issues, and the nature and extent of potential collectible damage under California law; (b) the continued commitment of attorneys' fees and expenses to pursue the litigation against the Settling Defendants; and (c) the criminal prosecution, conviction and imprisonment of a key witness for Plaintiffs in the litigation for falsifying a document important to Plaintiffs' case.

**Why did the Settling Defendants Agree to Settle with the Plaintiffs?**
Litigation presents inherent risks. The Settling Defendants have not admitted any wrongdoing in this case and the Court did not decide in favor of the Plaintiffs or the Settling Defendants. After investigation of the underlying facts, transactions and discovery completed in the case to date, as well as analyzing the applicable law, the Settling Defendants believe the arm's length settlement negotiated with the Plaintiffs is appropriate under the circumstances. This way the Settling Defendants avoid the uncertainty, cost and burdens of further litigation and a trial, and the settlements bring about a prompt, certain and final resolution of this case for them.

The Class Representatives and Class Counsel think the Proposed Settlements are best for all proposed class members.

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To see if you are affected by these Proposed Settlements, you first have to determine if you are a settlement class member.

### 6. How do I know if I am part of the Proposed Settlements?

Any person or business that fits the following description is a member of the Gas Retailers' Indirect Purchaser Settlement Class, and is therefore affected by the Proposed Settlements:

*All California gas retailers who operated service stations (excluding Defendants, their predecessors, successors, parents, subsidiaries, affiliates and government entities) and who indirectly purchased Filters for resale from one or more Defendants or any of their predecessors, successors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1999 to March 8, 2012, the Execution Date of the Settlement Agreements.*

Aftermarket Filters is defined as light duty (*i.e.*, automotive and light truck) oil, air, fuel and transmission filters for sale in the aftermarket (*i.e.*, the market for replacement filters).

For purposes of determining whether you are affected by the Proposed Settlements and therefore a member of the Gas Retailers Indirect Purchaser Settlement Class, it does not matter from which Settling Defendant you purchased Aftermarket Filters, so long as you purchased it indirectly from at least **one** of the Settling Defendants during the applicable time period.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR WILL RECEIVE PROCEEDS FROM ANY OF THE PROPOSED SETTLEMENTS.**

### 7. I'm still not sure if I'm included.

If you are still not sure whether you are a class member, you can ask for free help. See Sections 22 and 23 below.

## WHAT THE PROPOSED SETTLEMENTS MEAN TO YOU

### 8. What do the Proposed Settlements provide?

Under the **Baldwin Filters, Inc. Settlement,** Baldwin Filters, Inc. has agreed to pay $31,250.00. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **Cummins Filtration Inc. Settlement,** Cummins Filtration Inc. has agreed to pay $31,250.00. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **Donaldson Company, Inc. Settlement,** Donaldson Company, Inc. has agreed to pay $31,250.00. That amount will not be reduced in the event that class members exclude themselves from the class.

The **Later Settling Defendants'** settlements provide for a total payment of $1,050,000 to the Gas Retailers' Indirect Purchaser Settlement Class, of which (a) **Affinia Group, Inc. and/or Wix Filtration Corp LLC** has agreed to pay $100,000.00; (b) **Champion Laboratories, Inc.** has agreed to pay $387,500.00; (c) **Honeywell**

**International, Inc.** has agreed to pay $162,500.00; and **Purolator Products N.A., L.L.C., Purolator Products Company, L.L.C. and ArvinMeritor, Inc. (now known as Meritor, Inc.)** have agreed to pay $400,000.00. These amounts will not be reduced in the event that class members exclude themselves from the class.

In exchange for these settlement amounts, Gas Retailers' Indirect Purchaser Settlement Class members give up all legal rights to sue the Settling Defendants for the Released Claims. The Settling Defendants, their respective predecessors, successors, past and present parents, subsidiaries, affiliates, divisions, and departments, and of their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives ("Released Parties"), shall be completely released, acquitted, and forever discharged, to the extent permitted by law, from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that members of the Gas Retailers' Indirect Purchaser Settlement Class, their predecessors, successors, heirs, devisees, assigns, past and present parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives ("Releasing Parties") ever had, now have, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Released Parties, whether known or unknown, suspected or unsuspected, in law or equity, concerning the pricing, selling, discounting, or marketing of Filters in the United States, including the volume of production, which arise under and/or relate to any United States federal or state antitrust, business and professions, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, unjust enrichment, disgorgement, consumer protection or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Cartwright Act and the Unfair Business Practices Act under §382 of the California Code of Civil Procedure based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in the Actions, provided however, that nothing herein shall release: (1) claims involving any negligence, breach of contract (other than a claim of breach of contract based on any of the conduct alleged in the Actions), bailment, failure to deliver lost goods, damaged or delayed goods or similar claim relating to Filters; and (2) claims under laws other than those of the United States and/or of any individual state, territory, protectorate, enclave or district of the United States, or any political subdivision thereof. The settlement agreements, which are part of the Court documents in this case precisely describe the legal claims that you give up if you stay in the class, and more specifically details the impact of the settlements on Releasing Parties and Released Parties, including but not limited to the impact due to Section 1542 of the California Civil Code.

## DISTRIBUTION OF THE SETTLEMENT PROCEEDS

### 9. How will the funds from the settlements be distributed and how do I receive payment from the *Settlement Fund*?

Settlement funds will be distributed only after the Court has granted final approval to the Proposed Settlements, and has awarded attorneys' fees, reimbursement of litigation expenses, Plaintiffs' Incentive Awards, Settlement Administration Costs and taxes and expenses of the *Settlement Fund*.

It is anticipated that settlement funds will be distributed to the Gas Retailers' Indirect Purchaser Class members according to the Plan of Distribution and Allocation of the *Settlement Fund* described below. If you do not exclude yourself from the Class and the Court approves the Plan, you will be entitled to file a claim to share in the Settlement Fund.

Questions? Visit www.aftermarketfilterssettlement.com

Plaintiffs' counsel will file an application with the Court for attorneys' fees (not to exceed one-third of the settlement amounts paid to the Gasoline Retailers' Indirect Purchaser Class Settlement Funds) and for reimbursement of litigation expenses.

Plaintiffs' counsel will file an application for Plaintiffs' Incentive Awards not to exceed $5,000 for each Class Representative.

You should retain all documents to the extent they exist that may substantiate the purchases of Aftermarket Filters that you made during the Class Period from each of the Settling Defendants. To obtain funds from any of the Proposed Settlements, you will need to complete and submit a Claim Form which is attached to this Notice. Even though there are a number of settlements, you will only need to submit one Claim Form. Any member of the Settlement Class that does not complete and timely return the Claim Form within the time period specified will not be entitled to share in any settlement proceeds.

The Plan of Distribution and Allocation of the *Settlement Fund* anticipates that the *Settlement Fund*, after deduction of amounts approved by the Court for attorneys' fees, reimbursement of litigation expenses, Plaintiffs' Incentive Awards, Settlement Administration Costs, and taxes and expenses of the *Settlement Fund*, will be distributed to eligible Gasoline Retailers' Indirect Purchaser Settlement Class members based on a pro-rata amount of the net *Settlement Fund* determined by the total amount of eligible aggregate purchases of *Aftermarket Filters* made by the Class Member during the Class Period as compared to the total amount of eligible aggregate purchases made by all Class Members during the Class Period who file claims which are approved by the Claims Administrator.

If you change your address, or if this Notice was not mailed to your correct address, you should immediately provide your correct address to the Claims Administrator identified in Section 23. If the Claims Administrator or Class Counsel do not have your correct address, you may not receive important information or other important documents in this litigation.

**WARNING: There are companies that may contact you upon learning of a pending class action distribution and offer to help you file your Claim Form in exchange for a share of the money that you may ultimately recover or for other compensation. Please be aware that you do not need to use these companies. Assistance is available from the Claims Administrator at no cost to you.**

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENTS

If you don't want to be included in the Proposed Settlements, but you want to keep the right to sue or continue to sue the Settling Defendants, on your own, about the legal issues in this case, then you must take steps to remove yourself from the class. This is called excluding yourself or "opting out" of the class.

### 10. How do I get out of the Proposed Settlements?

To exclude yourself from one or more of the Proposed Settlements, you must send a letter saying that you want to be excluded from the class. The letter must include the following information:

- A statement that you want to be excluded from the class. Which of the following Proposed Settlements you want to be excluded from: the **Baldwin Filters, Inc. Settlement, the Cummins Filtration Inc.**

Settlement, the **Donaldson Company, Inc. Settlement** the **Affinia Group, Inc. and Wix Filtration Corp LLC Settlement**, the **Champion Laboratories, Inc. Settlement**, the **Honeywell International, Inc. Settlement** and/or the **Purolator Products N.A., L.L.C., Purolator Products Company, L.L.C. and ArvinMeritor, Inc. Settlement. Your request for exclusion may not be effective unless you specify from which Proposed Settlement(s) you are seeking exclusion.**

- The case name: *In re Aftermarket Filters Antitrust Litigation,* Master File No. 1:08-cv-4883, MDL No. 1957.
- Your name, address, telephone number, and your signature.
- All trade names or business names and addresses you or your business has used, as well as the names of any subsidiaries or affiliates of your business that also are requesting to be excluded from the class.

Your letter must be postmarked by August 13, 2012, and sent to:

> Aftermarket Filters Antitrust Litigation
> Gary D. McCallister
> Gary D. McCallister & Associates, LLC
> 120 N. LaSalle Street, Suite 2800
> Chicago, IL 60602
> (312) 345-0611 – Telephone
> (312) 345-0612 – Facsimile

If you ask to be excluded from any of the Proposed Settlements, you will not get any potential payments from the settlements from which you exclude yourself, and you cannot object to those particular settlements. You may be able to sue (or continue to sue) the Settling Defendants from whose settlement you asked to be excluded in the future.

### 11. Can I remain as part of the class for one of the Proposed Settlements and exclude myself from others?

Yes. Because there are separate Proposed Settlements (the **Baldwin Filters, Inc. Settlement**, the **Cummins Filtration Settlement**, the **Donaldson Company, Inc. Settlement**, the **Affinia Group, Inc. and Wix Filtration Corp Inc. Settlement**, the **Champion Laboratories, Inc. Settlement**, the **Honeywell International, Inc. Settlement**, and **Purolator Products N.A., L.L.C., Purolator Products Company, L.L.C. and ArvinMeritor, Inc. Settlement**, you will need to decide, for each of the Proposed Settlements, whether to exclude yourself from the class, or whether to remain in the class for any or all of them.

### 12. If I do not exclude myself, can I sue the Settling Defendants later?

No. Unless you exclude yourself from one or more of the Proposed Settlements, you give up any right to sue the corresponding Settling Defendant(s) for the claims that the Proposed Settlement(s) resolve. If you have a pending lawsuit against the Settling Defendants involving the issues in this case, speak to your own lawyer in that case immediately. It may be necessary for you to exclude yourself from the class in order to continue your own lawsuit.

Questions? Visit www.aftermarketfilterssettlement.com

### 13. If I exclude myself, can I get money from the Proposed Settlements?

No. If you decide to exclude yourself from all of the Proposed Settlements, you will not be eligible to request money from the Proposed Settlements. If you exclude yourself from some, but not all, of the Proposed Settlements, in the future you may be eligible to request payment from the Proposed Settlements for which you remain in the class.

## THE LAWYERS REPRESENTING YOU AS A CLASS MEMBER

### 14. Do I have a lawyer in this case?

The Court has appointed Joseph M. Alioto, of The Alioto Law Firm, Daniel R. Shulman of Gray Plant Mooty Mooty & Bennett, P.A., Gary D. McCallister of Gary D. McCallister & Associates, LLC and Martin R. Fox of Bleau Fox, A P.L.C. to represent the class. These lawyers are called Class Counsel. You will not be charged for these lawyers, subject to the Court awarding attorneys' fees and reimbursement of litigation expenses in the event the Proposed Settlements are finally approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

To date, Class Counsel have not been paid any attorneys' fees and are prosecuting the litigation on a wholly contingent fee basis. Plaintiffs' counsel intend to file an application with the Court for attorneys' fees (not to exceed one-third of the settlement amounts paid to the Gasoline Retailers' Indirect Purchaser Class Settlement Funds) and for reimbursement of litigation expenses. Any fees and expenses approved by the Court will be paid out of the settlement funds.

## OBJECTING TO THE PROPOSED SETTLEMENTS, PLAN OF ALLOCATION, ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND PLAINTIFFS' INCENTIVE AWARD REQUESTS

### 16. How do I tell the Court that I don't like the Proposed Settlements, Plan of Allocation, Attorneys' Fees, Reimbursement of Litigation Expenses or Plaintiff's Incentive Awards requests?

If you are a class member, you can object to the Proposed Settlements, Plan of Allocation and Distribution of *Settlement Fund*, attorneys' fees, reimbursement of litigation expenses or Plaintiffs' Incentive Awards. You can give specific reasons why you think the Court should not approve one or all of the Proposed Settlements, the Plan of Allocation or the other application requests. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement saying what you object to: one or more of the Proposed Settlements, the Plan of Allocation, attorneys' fees and reimbursement of litigation expenses, or the Plaintiffs' Incentive Awards. If you object to fewer than all of the Proposed Settlements, you must specify to which one(s) you object.
- Your name, address, telephone number, and your signature.
- The specific reasons you object to the Proposed Settlement(s), Plan of Allocation, or other requests.

Questions? Visit www.aftermarketfilterssettlement.com

- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your written objection must be mailed to the Court and mailed or faxed to the attorneys listed below so that the Court and the attorneys receive your objection no later than **August 13, 2012**. Your written objection must also reference this case and case number as follows: *In Re: Aftermarket Filters Antitrust Litigation*, Master File No. 1:08-cv-4883; MDL No. 1957.

Clerk of Court
United States District Court
For the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Gary D. McCallister
GARY D. McCALLISTER & ASSOCIATES, LLC
120 North LaSalle Street
Suite 2800
Chicago, Illinois 60602
Telephone: 312-345-0611
Fax: 312-345-0612

Martin R. Fox
Bleau Fox. A P.L.C.
3575 Cahuenga Blvd. West
Suite 580
Los Angeles, CA, 90068
Telephone: 323-874-8613
Fax: 323-874-1234

### 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Proposed Settlements. If you exclude yourself, you have no basis to object because the Proposed Settlements no longer affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlements, the Plan of Allocation, application for attorneys' fees and reimbursement of litigation expenses and Plaintiffs' Incentive Awards. You may attend, but you are not required to do so. If you attend, you may ask to speak, but you don't have to participate.

### 18. When and where will the Court decide whether to approve the Proposed Settlements?

The Court will hold a Fairness Hearing at 10:00 A.M. on October 4, 2012, in Courtroom 1703 at the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At this hearing the Court will consider whether the Proposed Settlements and Plan of Allocation are fair, reasonable, and adequate and whether to approve the application for attorneys' fees, reimbursement of litigation expenses and Plaintiffs' Incentive Awards. If there are objections, the Court will consider them. Judge Gettleman will listen to people who have

asked to speak at the hearing (see Question 21). After the hearing, the Court will decide whether to approve the Proposed Settlements.

The Court may change the time, date and courtroom where the Fairness Hearing will take place. Notice of any change will be posted at the courthouse or on the Court's website.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Gettleman may have. But you are welcome to come at your own expense. If you file an objection, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re Aftermarket Filters Antitrust Litigation, Master File No. 1:08-cv-4883, MDL No. 1957.*"
- The position you will take on the Proposed Settlements, Plan of Allocation and Distribution of *Settlement Fund*, attorneys' fees, reimbursement of litigation expenses and Plaintiffs' Incentive Awards and your specific reasons.
- Your name, address, telephone number, and your signature.
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must identify this case and case number as follows: *In Re: Aftermarket Filters Antitrust Litigation*, Master File No. 1:08-cv-4883, MDL No. 1957. This Notice must be filed and received by the Court at the following address by August 13, 2012:

> Clerk of Court
> United States District Court
> For the Northern District of Illinois
> Everett McKinley Dirksen
> United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 17 above, postmarked by August 13, 2012.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will remain in the class for each of the Proposed Settlements, and will be notified of how to file the Claim Form.

## GETTING MORE INFORMATION

### 22. Are there more details about the Proposed Settlements?

This Notice summarizes the Proposed Settlements. Full details of the Settlements are set forth in the Settlement Agreements. You may obtain a copy of the Settlement Agreements and other important information concerning the settlements by going to www.aftermarketfilterssettlement.com, or by making a written request to one of Class Counsel listed under Section 23 below.

### 23. How do I get more information?

If you have questions or want more information, you can contact the Claims Administrator, Aftermarket Filters Settlement, c/o Centurion Risk Associates, LLC, P.O. Box 750723, New Orleans, LA 70175, 800-657-0376, AMFilters@CentRisk.com.

You may also write to any of Class Counsel at the following addresses:

| | |
|---|---|
| Gary D. McCallister<br>GARY D. McCALLISTER & ASSOCIATES, LLC<br>120 North LaSalle Street<br>Suite 2800<br>Chicago, Illinois 60602<br>Telephone: 312-345-0611<br>Fax: 312-345-0612 | Martin R. Fox<br>Bleau Fox<br>3575 Cahuenga Blvd. West<br>Suite 580<br>Los Angeles, CA, 90068<br>Telephone: 323-874-8613<br>Fax: 323-874-1234 |

**PLEASE DO NOT CALL, WRITE OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE.**

### 24. Can I update my address?

Yes. If your address changes, please contact the Claims Administrator at Aftermarket Filters Settlement, c/o Centurion Risk Associates, LLC, P.O. Box 750723, New Orleans, LA 70175, 800-657-0376, AMFilters@CentRisk.com.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
In re Aftermarket Filters Antitrust Litigation
Master File No. 1:08-CV-4883, MDL No. 1957
Gasoline Retailers' Indirect Purchaser Settlement Class

# Proof of Claim Form

To make a claim related to your purchases of aftermarket filters (oil, air, fuel and transmission filters) from the Gasoline Retailers' Indirect Purchaser Class Antitrust Settlement Fund, please complete the following information.

Name _____ Business Name _____

Address _____ City, State, Zip Code _____

SSN/FEIN of Settling Party _____

**Please enter the approximate value of the following aftermarket filters purchased between January 1, 1999 and March 8, 2012 from each of the following companies.**

Champion Laboratories, Inc. (Brand/Trade Names: Champ, Luber-finer, Ecore)
$_____

Purolator Products N.A., L.L.C (Brand/Trade Names: Purolator, Pure One, Group 7, Shell, Pennzoil/Quaker State)
$_____

Purolator Products Company, L.L.C. (Brand/Trade Names: Purolator, Pure One, Group 7, Shell, Pennzoil/Quaker State )
$_____

Arvin Meritor, Inc. (Brand/Trade Names: Purolator, Pure One, Group 7, Shell, Pennzoil/Quaker State)
$_____

Honeywell International (Brand/Trade Names: Fram, MileGuard, ToughGuard and AirHog)
$_____

Wix Filtration Corp LLC and/or Affinia Group Inc. (Brand/Trade Names: Private label filters for NAPA Auto Parts and CARQUEST Auto Parts)
$_____

Cummins Filtration Inc. (Brand/Trade Names: Fleetguard)
$_____

Donaldson Company, Inc. (Brand/Trade Names: None)
$_____

Baldwin Filters, Inc. (Brand/Trade Names: None)
$_____

**Proof of Purchases:**

If you have purchase or inventory records maintained in the normal course of your business at any time from January 1, 1999 through March 8, 2012, including but not limited to purchase orders, invoices, receipts or any proof of payment reflecting the purchase or purchases of aftermarket filters, please include this documentation with your claim form.

If you do not have documentation of your purchases, then state "NO PROOF OF PURCHASE" and please check one of the boxes below.

☐ I declare under penalty of perjury that the total of the purchase amounts for the filter brands listed above are: $_____.

☐ I declare under penalty of perjury "NO PROOF OF PURCHASE"

**Signature**                                **Date Signed**

_____    _____

An Authorized Representative

2