IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No. 1:08-cv-4883<br><br>MDL No. 1957<br><br>Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown |

**PUROLATOR DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND LIMIT DEPOSITION DURATIONS TO SEVEN HOURS**

Defendants ArvinMeritor, Inc., Purolator Products NA, LLC, and Purolator Products Company LLC (collectively "Purolator Defendants"), through their undersigned counsel, hereby move this Court to enter an order modifying this Court's prior scheduling order regarding time limits on depositions, to limit the deposition time allotted for each witness to the seven hours prescribed by Fed. R. Civ. P. 30. In support of this motion, Purolator Defendants state as follows:

1. In an order dated February 14, 2011 [ECF #733] (attached hereto as Exhibit A), this Court set a discovery schedule, which set forth its rulings on deposition timing. The order indicated that the parties should meet and confer regarding deposition timing and allocation, and that if no agreement could be reached, the parties should contact the Court for a telephonic hearing. *See* Ex. A at I.D. When this order was entered, it was contemplated that five of the witnesses may require more than seven hours. However, at the time the Court made these rulings and entered this scheduling order, there were at least twelve parties in the case, comprised of four plaintiff groups, a *qui tam* plaintiff, and seven defendant groups, all represented by a multitude of lawyers.

2. The landscape of this case has changed dramatically since the entry of that order. On or about October 7, 2011, three defendants reached settlement agreements with all of the plaintiff groups. On or about November 18, 2011, the *qui tam* plaintiff dismissed that action with prejudice. On or about March 8, 2012, three additional defendant groups reached settlements with all of the plaintiff groups. Most recently, on or about April 19, 2012, the Purolator Defendants reached settlements with the Indirect Purchaser Plaintiffs, Gasoline Retailer Plaintiffs, and the State of Florida. As a result of these settlements and dismissals, only the Purolator Defendants and the Direct Purchaser Plaintiffs ("Plaintiffs") remain in this case. In light of the new one-on-one posture of this case, the circumstances that gave rise to the need for depositions in excess of the presumptive seven hours no longer exist.

3. There is no reason why the seven hour time limit set forth in the Federal Rules should not apply in this action, to be divided equitably between the two remaining parties. Purolator Defendants suggest that a reasonable division of time for all future fact witness depositions would be 5.5 hours allocated to Plaintiffs and 1.5 hours allocated to Purolator Defendants, subject to modification by agreement of the parties. Any party seeking relief from this presumptive allocation would be free to move the Court for relief pursuant to the standards set forth in the Federal and Local Rules.

4. In further support of this position, Purolator Defendants note that pursuant to the cooperation provisions of the settlement agreements with the settling defendants, Plaintiffs have the right to interview witnesses of each of the settling defendants prior to their depositions. *See, e.g.*, Settlement Agreement Between Plaintiffs and Defendants Affinia Group, Inc., Champion Laboratories, Inc., Honeywell International, Inc., and Wix Filtration Corp LLC [ECF # 895-1] (attached hereto as Exhibit B) at ¶¶ 49, 54. Upon information and belief, Plaintiffs have exercised this right with several individuals identified as Tier One witnesses in the February 3,

2

2012 scheduling order [ECF #877] (attached hereto as Exhibit C). Plaintiffs therefore already know what the testimony of these witnesses will be, which should further enable Plaintiffs to streamline their deposition questioning to fit within 5.5 hours.

5. Following the May 2, 2012 telephonic status conference, the Court instructed Purolator Defendants to seek relief on this issue by way of motion, should the parties be unable to resolve this issue during meet and confer sessions. *See* May 2, 2012 Minute Entry [ECF #944] (attached hereto as Exhibit D). Purolator Defendants advise the Court that the parties have conferred pursuant to Local Rule 37.2 and were able to reach agreement to allocate timing of 5.5 hours/1.5 hours for the upcoming deposition of former Champion employee Ty Nilsson. The undersigned conferred with Adam Pessin for the Plaintiffs by email on June 4 and 5, 2012 regarding the duration each side would be allotted to depose former Champion employee John Evans but were unable to reach an agreement. Plaintiffs claim the right to take the full seven hours with Mr. Evans, leaving Purolator Defendants to schedule a second day to examine the witness, thereby unnecessarily incurring additional expense. Counsel for Champion Laboratories and Mr. Evans informed Purolator Defendants that it takes no position on the issue of total duration but that Mr. Evans will not agree to be deposed for longer than seven hours in one day.

6. Because this issue is likely to recur through the remainder of the depositions, Purolator Defendants seek an order from this Court limiting the total deposition time for each witness to seven hours, as set forth in Fed. R. Civ. P. 30(d)(1), with the presumptive allocation of 5.5 hours for Plaintiffs and 1.5 hours for Purolator Defendants. Plaintiffs can articulate no valid basis for requiring additional time as a matter of right – Purolator Defendants note that the recent deposition of Larry Curtis lasted only approximately four hours total, despite Plaintiffs' protestations during the May 2, 2012 telephonic status conference that Mr. Curtis was one of the most important witnesses in the litigation and could be done in no less than a full seven hours

reserved to the Plaintiffs alone. Clearly, the Plaintiffs are capable of taking an efficient deposition of the most important witnesses in the litigation, and they should not be automatically entitled to additional time based solely on an outdated scheduling order.

WHEREFORE, the Purolator Defendants respectfully request that the Court enter an order modifying its prior scheduling orders, and limiting the deposition time of all fact witnesses to seven hours total, presumptively divided as 5.5 to Plaintiffs and 1.5 to Purolator Defendants, subject to modification by agreement of the parties or further order of this Court.

Dated: June 8, 2012                                         Respectfully submitted,

/s/ Peter J. Kadzik
Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: 202-420-2200
Fax: 202-420-2201

James A. Morsch (ARDC# 6209558)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660

*Counsel for ArvinMeritor Inc., Purolator Products NA, LLC and Purolator Products Company, LLC*

## CERTIFICATE OF SERVICE

I, Peter J. Kadzik, hereby certify that on June 8, 2012, I caused the foregoing Motion to Modify Scheduling Order and Limit Deposition Durations to Seven Hours to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

/s/ Peter J. Kadzik
Peter J. Kadzik