# EXHIBIT A

Order Form (01/2005) Case: 1:08-cv-04883 Document #: 733 Filed: 02/14/11 Page 1 of 4 PageID #:8565

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4883 | **DATE** | 2/14/2011 |
| **CASE TITLE** | In Re: Aftermarket Filters et al. | | |

### DOCKET ENTRY TEXT

This order sets out the parties' agreements as described in their Joint Status Report [711] and the court's rulings on the parties' discovery disputes as described in the Joint Motion For Resolution Of Discovery Disputes [708]. For the reasons stated on the record during the hearing on February 7, 2011: (a) the Joint Motion is granted, and the disputes are ruled upon as stated herein; and (b) Plaintiffs' Motion for Leave to Conduct the Depositions of Four Champion Laboratories, Inc. Employees [706] is granted.

■ [ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

### STATEMENT

Unless otherwise stated herein, the deadlines and provisions of this Order shall also apply to *United States ex rel. Burch v. Champion Laboratories, Inc., et al.*, No. 1:10-cv-05975 (N.D. Ill.) (the "*qui tam* case").

**I.  Fact Discovery:**

All fact discovery on merits and class certification issues, including discovery of third parties, shall be noticed in time to be completed by December 9, 2011.

    A.    Rule 30(b)(1) Depositions:
        1.    The parties have agreed to a schedule for certain depositions pursuant to Rule 30(b)(1), as set out on the Joint Status Report.
        2.    The parties may, by agreement, reschedule any deposition in the event that unforeseen circumstances arise, and, by agreement, may modify the proposed deposition schedule, including the alteration of dates and the substitution or removal of deponents, without seeking leave of court.
        3.    Defendants may cross-notice all defense witness depositions.
        4.    Following the filing of the indirect purchaser plaintiffs' motion for leave to file a third amended complaint, the parties will promptly meet and confer to schedule depositions for the new indirect purchaser plaintiffs, which shall be taken before December 9, 2011.
        5.    Plaintiffs motion to depose four additional Champion witnesses, Mike Boyer, Lowell Cockrum, Art Demers and Scott Lewis, is granted. The parties shall promptly confer

Case: 1:08-cv-04883 Document #: 733 Filed: 02/14/11 Page 2 of 4 PageID #:8566

## STATEMENT

          to schedule those depositions at a mutually agreed time and place.

6. In the event that defendants serve a subpoena for the deposition of G. Steven Stidham (counsel for plaintiff/relator William G. Burch), and Mr. Stidham objects, Mr. Stidham or his counsel will file a motion to quash the subpoena. The parties agree that before serving any such subpoena defendants will meet and confer with Mr. Stidham and his co-counsel in the *qui tam* case.

7. No additional 30(b)(1) depositions beyond those described in this Order may be taken without agreement or leave of court.

B. Rule 30(b)(6) Depositions:

1. The gasoline retailer plaintiffs have agreed to make a witness available for the Rule 30(b)(6) deposition of Oyster, Inc.

2. Defendants served Rule 30(b)(6) deposition notices on three direct purchaser plaintiffs (Central Warehouse, A&L Systems, and Neptune Warehouse) on December 22, 2010. The parties have resolved their disputes regarding those depositions.

3. Plaintiffs will serve Rule 30(b)(6) deposition notices that identify non-data related topics on defendants by February 18, 2011. Plaintiffs will serve Rule 30(b)(6) deposition notices that identify data-related topics on defendants by May 31, 2011. All plaintiff groups collectively will serve a single notice on each defendant that identifies all topics for which plaintiffs are seeking testimony from that defendant.

4. Defendants will serve a Rule 30(b)(6) notice on the State of Florida by February 18, 2011. All defendants will collectively serve a single notice on the State of Florida that identifies all topics for which defendants are seeking testimony from the State of Florida.

5. Defendants will serve Rule 30(b)(6) notices on any indirect purchaser plaintiff entities promptly after the indirect purchaser plaintiffs file their motion for leave to file an amended complaint on February 17, 2010.

6. Defendants agree that no less than ten business days before the deposition of William C. Bruene, defendants will serve a Rule 30(b)(6) notice on Lone Star Lube.

7. A recipient of a Rule 30(b)(6) notice must assert any objections to the topics identified in the notice within 8 business days of receipt of the notice. If a recipient of a Rule 30(b)(6) notice objects to a notice, or any portion of a notice, the parties will promptly meet and confer and attempt in good faith to resolve the dispute.

8. Plaintiffs and defendants may designate individuals whose depositions have been scheduled pursuant to Rule 30(b)(1) as company representatives to testify regarding Rule 30(b)(6) topics.

C. Burch may participate in any deposition that the parties have scheduled or intend to schedule pursuant to Rule 30(b)(1) or Rule 30(b)(6). In no event may Burch re-depose any witness that any other party has noticed or notices for a deposition absent leave of court. To the extent that Burch wishes to notice additional witnesses for Rule 30(b)(1) depositions, he may do so by May 2, 2011. His examination of any witness will be limited to issues in the *qui tam* case.

## STATEMENT

- D. Time Allotted for Depositions:
    1. The parties agree that the depositions of John Evans, Mark McDaniel, Ty Nilsson, Al Tobin, and Marlen Silverii may require more than seven hours. The parties will meet and confer in advance of each of these depositions to attempt in good faith to agree upon the amount of time that will be required for each.
    2. The duration of other depositions:
        a. With respect to the depositions scheduled for a given week, counsel for the parties shall confer no later than a week prior to that week (*e.g.*, no later than April 4, 2011 for depositions to be taken the week of April 11, 2011) to attempt to reach agreement on the duration of the deposition and allocation of time among the parties. If no agreement can be reached as to a specific deposition, the parties shall jointly contact the court to schedule a telephonic hearing on the issue.
        b. Burch has agreed to coordinate with plaintiffs' counsel to secure sufficient time from the plaintiffs' allotted time to examine any witness on issues that relate to the *qui tam* case.

II. **Written Discovery:**

- A. Document requests:
    1. Plaintiff/Relator William G. Burch shall serve initial document requests pursuant to Rule 34 for documents that relate specifically to the *qui tam* case by February 23, 2011. Burch's requests will not be duplicative of requests for documents or data to which defendants have already responded. With respect to transaction data, Burch agrees to make good faith efforts to obtain the data that he believes he needs for the *qui tam* case from plaintiffs' expert witness(es). To the extent that Burch cannot obtain the data from plaintiffs' expert witness(es), Burch and defendants will meet and confer to address the issue.
    2. Defendants agree to promptly produce to Burch the documents that they have produced to the other plaintiffs' groups.
    3. Deadlines for serving document requests: Burch may serve additional document requests no later than May 23, 2011. All other parties may serve additional document requests no later than February 28, 2011. Any party seeking to serve additional document requests after those dates must obtain leave of court.
- B. No interrogatories or requests for admission may be served after November 7, 2011.

III. **Expert Discovery Relating To Class Certification:**

- A. Schedule for expert discovery relating to class certification:
    1. Plaintiffs' expert reports: September 2, 2011.
    2. Deposition notices for plaintiffs' expert witness(es): Served by September 16, 2011.
    3. Plaintiffs shall make their expert witness(es) available for depositions as of October 3, 2011.

Case: 1:08-cv-04883 Document #: 733 Filed: 02/14/11 Page 4 of 4 PageID #:8568

| STATEMENT |
|---|

    4. Defendants' expert reports: December 1, 2011.

    5. Deposition notices for defendants' expert witness(es): Served by December 15, 2011.

    6. Defendants shall make their expert witness(es) available for positions as of January 3, 2012.

    7. Plaintiffs' rebuttal expert reports: February 1, 2012.

    8. Deposition notices for plaintiffs' expert witness(es) on topics raised in rebuttal reports: Served by February 15, 2012.

    9. Plaintiffs shall make their expert witness(es) available for depositions on topics raised in rebuttal reports as of February 15, 2012.

    B. Each party will provide its expert disclosures consistent with the Stipulation and Consent Order Regarding Expert-Related Discovery entered in this matter on July 20, 2010 [dkt 483] within five business days of the deadline for providing its expert report.

    C. Any party may move for leave to take additional discovery, including depositions of non-expert witnesses, relating to new materials (such as data, declarations, documents) incorporated or relied upon in an expert report.

**IV. Damages and Liability Expert Discovery:** The parties agree to conduct expert discovery on damages and liability following a ruling from the Court on class certification.

**V. Class Certification:** The schedule for class certification briefing, including the schedule for any *Daubert* motions relating to class certification, will be set by the District Judge to follow the completion of all discovery.