**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | : : : : | Master Docket No.: 08-cv-4883 MDL Docket No.: 1957 |
| This Document Relates to: All Actions | : : : : | Judge Robert W. Gettleman Magistrate Geraldine Soat Brown |

**PLAINTIFFS' UNOPPOSED MOTION
TO MODIFY THE SCHEDULING ORDER TO ALLOW "TIER 1" DEPOSITIONS TO
OCCUR UP UNTIL THE CLOSE OF MERITS DISCOVERY**

Plaintiffs file this Unopposed Motion to Modify the Scheduling Order to Allow "Tier 1" Depositions to Occur up until the Close of Merits Discovery. In support of this Motion, Plaintiffs respectfully state as follows:

1. In an Order dated February 3, 2012, Doc. No. 877 (attached hereto as Exhibit A), the Court required that the deposition of certain individuals identified as "Tier 1" witnesses be completed by August 3, 2012.

2. The parties have been proceeding in good faith to schedule and take "Tier 1" depositions, some of which have already occurred and others of which are scheduled to occur over the coming months.

3. The parties originally proposed that the witnesses be segregated into tiers in order to accommodate the desire of certain Defendants that had expressed a desire to seek summary judgment at an early date, before the close of merits discovery. Those Defendants have since settled their claims. Thus, the original purpose of the August 3, 2012 deadline for Tier 1 depositions is now moot.

4.     In addition, Plaintiffs and Defendants have met and conferred and agree that completing all of the "Tier 1" depositions by August 3, 2012 as required by the Court's Order of Feb. 3, 2012 will give rise to a variety of scheduling challenges.

5.     Moreover, requiring that all Tier 1 depositions to be completed by August 3, 2012 will necessitate that the parties incur considerable expense, notwithstanding their ongoing, good-faith efforts to resolve this litigation via settlement.

6.     The parties have met and conferred and agree that it would be preferable to allow "Tier 1" depositions to occur through the October 31, 2012 close of merits discovery. This will alleviate scheduling challenges and provide the parties with added flexibility to accommodate settlement discussions while minimizing unnecessary expenditures.

7.     Modifying the Order to allow "Tier 1" depositions to occur up until October 31, 2012 will not prejudice any party.

8.     Modifying the Order to allow "Tier 1" depositions to occur up until October 31, 2012 will not require that the case schedule be altered in any other way.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order modifying its prior scheduling order to allow "Tier 1" witness depositions to occur up until the October 31, 2012 close of merits discovery.

Dated: June 8, 2012                          Respectfully submitted,

/s/ Roberta D. Liebenberg                    /s/ Michael J. Freed
Roberta D. Liebenberg                        Michael J. Freed
Adam J. Pessin                               Steven Kanner
FINE KAPLAN & BLACK, R.P.C.                  FREED KANNER LONDON & MILLEN LLC
1835 Market Street, 28th Floor               2201 Waukegan Rd., Suite 130
Philadelphia, PA 19103                       Bannockburn, IL 60015
Telephone: (215) 567-6565                    Telephone: (224) 632-4500

*Counsel continued on the following page*

/s/ Bernard Persky
Bernard Persky
Gregory Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No.: 08-cv-4883 MDL No.: 1957 |
| This Document Relates to: All Actions | District Judge Robert W. Gettleman Magistrate Judge Geraldine Soat Brown |

**SCHEDULING ORDER REGARDING DISCOVERY AND SUMMARY JUDGMENT**

Status hearing held by telephone conference on February 3, 2012. The parties advised the court that, in view of the likelihood that some, and perhaps all, of the defendants anticipate filing motions for summary judgment on the element of conspiracy, they agree that discovery relating to class certification and certain merits discovery going to elements other than conspiracy should be taken, to the extent necessary, after the conclusion of discovery on the conspiracy element and following disposition of motions for summary judgment on that element.

The following schedule shall govern discovery and summary judgment relating to the conspiracy element of Plaintiffs' claims in the above-captioned MDL proceedings.

**Production of Documents**

Defendants will substantially complete the production of non-privileged documents responsive to Plaintiffs' requests by March 5, 2012. Defendants will make their best efforts to produce documents responsive to Rule 45 subpoenas served on any of defendants' former employees also by March 5, 2012, but no later than March 20, 2102. Privilege logs, if any, will be served by March 19, 2012.

**Merits Depositions**

*Tier 1*

Plaintiffs will complete the depositions of the following Tier 1 witnesses no later than August 3, 2012:

- Paul McFall, Former Employee of ArvinMeritor
- Larry Curtis, Former Employee of ArvinMeritor
- James Burnham, ArvinMeritor
- Brad Hays, Former Employee of Honeywell
- Lowell Cockrum, Former Employee of Champion
- Jerry Smith, Former Employee of Champion
- Ed James, Former Employee of Champion
- Joe Lehman, Donaldson
- Jim Voeller, Donaldson
- Peggy Hermann, Donaldson
- Ron Gower, Former Employee of Wix
- Bill Fischer, Wix
- Tony Costa, Former Employee of Honeywell
- Al Tobin, Former Employee of Champion
- Mark McDaniel, Champion
- John Evans, Former Employee of Champion
- Ty Nilsson, Former Employee of Champion
- Marlen Silverii, Former Employee of ArvinMeritor
- Keith Wilson, Wix
- Curtis Draper, United Components Inc.
- Guy Andrysick, Former Employee of Honeywell
- Mark Immen, Former Employee of Honeywell
- Forensic Experts
- Potential Third Parties, to be identified as soon as practicable

*Tier 2*

The parties will meet and confer before August 3, 2012 regarding the need for any of the following Tier 2 witness depositions:

- Joe O'Brien, Wix
- Chris Greeson, Wix
- Terry Shively, Wix
- William Daniel, Former Employee of ArvinMeritor
- Jeff Frey, ArvinMeritor
- Rob Malone ArvinMeritor

- Al Henagar, Former Employee of Champion
- Mike Boyer, Former Employee of Champion
- Art Demers, Former Employee of Champion
- Julie Rigg, Former Employee of Champion
- Steve Schurman, Former Employee of Champion
- Scott Lewis, Former Employee of Champion
- Tom Mowatt, Former Employee of Champion
- Gary Kauffman, Former Employee of Champion
- Bruce Zorich, United Components Inc.

**Close of Discovery**

Discovery as to the conspiracy element of Plaintiffs' claims shall close on October 31, 2012.

**Summary Judgment Motions**

Pursuant to Paragraph 2 of the Court's January 20, 2012 Order, any defendant may serve a proposed summary judgment motion on plaintiffs at any time before the close of discovery. After such service, the parties will meet and confer about whether additional discovery is necessary before filing the summary judgment motion with the court. Plaintiffs advise the Court that they believe at least the Tier 1 depositions must be completed before they could respond to a motion for summary judgment. Accordingly, if any defendant serves a motion for summary judgment before the completion of the Tier 1 depositions, and, after the conference required by this paragraph, no agreement is reached as to the depositions that need to be completed before summary judgment motions are filed with the Court, the defendant shall move the court for leave to file the motion for summary judgment before the completion of Tier 1 depositions. Any summary judgment motions must be filed with supporting material and noticed before the District Judge, who shall set a briefing schedule for summary judgment that accommodates the need for any additional discovery.

**Additional Discovery**

If necessary, the parties will meet and confer regarding non-conspiracy discovery, including but not limited to class discovery and 30(b)(6) depositions, no later than 30 days after summary judgment has been decided.

**ENTER:** February 3, 2012

                                                  **Hon. Geraldine Soat Brown**
                                                  **United States Magistrate Judge**