**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  AFTERMARKET FILTERS ANTITRUST LITIGATION | : : : : | Master Docket No.: 08-cv-4883 MDL Docket No.: 1957 |
| This Document Relates to: All Actions | : : : : | Judge Robert W. Gettleman Magistrate Geraldine Soat Brown |

**PLAINTIFFS' OPPOSITION TO THE PUROLATOR DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER TO DENY PLAINTIFFS THE 7 HOURS OF DEPOSITION TIME CONTEMPLATED BY THE FEDERAL RULES**

Since the filing of complaints in this matter back in 2008, Defendants have endeavored to delay, limit and prevent the depositions of the relevant witnesses. With their motion, the Purolator Defendants ("Purolator") continue this trend.

Federal Rule of Civil Procedure 30(d)(2) establishes that a party is entitled to the "presumptive durational limit" of 7 hours for a deposition. *See* Fed. R. Civ. Proc. 2000 Amendments at Subdivision (d). Purolator, however seeks to undo this longstanding and well-established presumption. Instead, Purolator asks the Court to limit Plaintiffs to only 5.5 hours in every deposition, even of the central figures in the alleged conspiracy. In other words, in this complex and fact-laden antitrust conspiracy case, Purolator would have the Court deny Plaintiffs the deposition time that the Federal Rules presumptively provide to a party even in a simple tort case. The Court should deny this outrageous request.

**I. FACTS**

Plaintiffs have alleged a conspiracy among light duty automotive aftermarket filter ("Filters") manufacturers running from 1999 through at least 2006. Document discovery has been extensive. Defendants have produced approximately nine million pages of documents.

Based on this discovery, Plaintiffs have uncovered a number of key issues and documents and have identified more than 60 witnesses as potential deponents.

Faced with the weight of the evidence adduced by Plaintiffs to date, six of the seven Defendant Filters manufacturers opted to settle with Plaintiffs. Only Purolator remains. As part of the agreements with the settling Defendants, Plaintiffs have obtained cooperation from settling Defendants' counsel and access to pertinent witnesses. Plaintiffs have availed themselves of these opportunities and have learned a number of additional and helpful facts. For example, Plaintiffs expect that upcoming depositions of key witnesses will confirm the key allegations made by Plaintiffs relating to pricing communications between Defendants, including Purolator. Plaintiffs also expect that upcoming depositions will authenticate and confirm the conversations captured on the audio tapes produced by Bill Burch. In other words, the case against Purolator is getting stronger. Not surprisingly, Purolator would like to circumscribe Plaintiffs' ability to develop these facts on the record in the upcoming depositions.

Given the length and complexity of the conspiracy engaged in by Defendants, there are numerous witnesses who have relevant knowledge. Plaintiffs, however, have taken great efforts to focus and streamline their case. Whereas Plaintiffs anticipated taking approximately 60 depositions when all parties were still in the case, Plaintiffs now expect to take fewer than the 23 depositions identified as "Tier 1" witnesses. One benefit of the cooperation afforded by settling Defendants has been to allow Plaintiffs to focus on obtaining necessary testimony from the fewest number of witnesses possible by eliminating redundancy. For example, Plaintiffs hope to establish many of the relevant facts through the testimony of John Evans and Ty Nilsson from Champion, which we hope will obviate the need for a number of other Champion depositions. In order to attain this efficiency, however, Plaintiffs anticipate that they will need a full seven hours with at least some witnesses.

***To date*, *Plaintiffs have agreed to accept less than the presumptive seven hours of deposition examination time in every deposition of a conspiracy witness.*** Even with respect to Larry Curtis – one of the key figures in the conspiracy who is captured in extensive conversations on the Burch tapes – Plaintiffs agreed to less than seven hours after meeting and conferring with Purolator.[1] Similarly, Plaintiffs agreed to less than seven hours of examination time at the upcoming June 26th deposition of Ty Nilsson, another central figure in the conspiracy who is captured on the Burch tapes. For John Evans, however, Plaintiffs anticipate that they will need the full seven hours of examination time. Mr. Evans is a key figure whose tenure at Champion spans the entirety of the seven year class period.[2] Based on Plaintiffs' interview of Mr. Evans pursuant to Champion's cooperation agreement and the relatively rich document record tied to Mr. Evans (including telling calendar entries), Plaintiffs have good reason to believe that the full seven hours of deposition time will be needed. Even that is an aggressive estimation; indeed, the parties originally contemplated that Mr. Evans might need to sit for a full three days of deposition time. (Recall that Mr. Burch sat for five days.) Finally, Champion and Mr. Evans have already agreed that Mr. Evans will sit for more than one day of deposition examination as part of the settlement agreement with Plaintiffs. Thus, the issue here is not the burden on the witness, but simply whether Purolator should be allowed to circumscribe Plaintiffs' ability to create a full and fair record of Defendants' conspiratorial behavior. The Court should rebuff this effort.

---

[1] Plaintiffs did, however, object to Purolator's effort to limit Plaintiffs' examination time of Mr. Curtis when it was sprung on Plaintiffs during the May 2, 2012 Court conference without warning and in contravention to the Court's existing Order on depositions. Once the parties had an opportunity to meet and confer, a reasonable accommodation was reached – in which Plaintiffs agreed to less than 7 hours of examination time.

[2] Larry Curtis, by comparison, was employed at Purolator for approximately one year of the relevant time frame. And because Mr. Curtis's tenure in the industry was at the very start of the conspiracy period, few of his documents have been retained in the ordinary course of business. Similarly, Ty Nilsson worked at Champion during the conspiracy period for only 13 months.

To date, Plaintiffs have been enormously accommodating of Purolator's desire to encroach of the seven hours of deposition examination time presumptively afforded to Plaintiffs under the Federal Rules. Indeed, every conspiracy witness with the exception of Mr. Burch has been deposed in a single day. Plaintiffs, however, will require 7 full hours of examination time with Mr. Evans. Plaintiffs also will require at least seven full hours of examination time with Marlen Silverii. With respect to the remaining deponents, Plaintiffs expect that they will be able to reach agreements on sharing deposition time with Purolator.

In sum, Plaintiffs respectfully request that the Court leave in tact the Federal Rule presumption that Plaintiffs will have seven hours of deposition time. In the event that the parties after meeting and conferring cannot reach agreement on whether Plaintiffs should be afforded less than seven hours with respect to a particular witness, the burden should remain on Purolator to seek relief from the Court.

## II. ARGUMENT AND AUTHORITIES

Under Federal Rules of Civil Procedure 30(d)(2), a party is entitled to seven hours of deposition from a fact witness. *Hollen v. USCO Distribution Services, Inc.*, No. Civ. 02–1119, 2004 WL 234408, *3 (D.Minn. Feb. 3, 2004) (holding that party was "entitled" to a full seven hours of deposition time with fact witness where opposing party attempted to limit the examination to "only four hours"). A party seeking to shorten a deposition examination to less than the presumptive seven hours must show good cause to justify such an order. *See* Advisory Committee Note to 2000 Amendment to Federal Rule of Civil Procedure 30(d) ("Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition.... The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise

4

alter the limitations, is expected to show good cause to justify such an order.").[3] Thus, Purolator must show good cause to limit Plaintiffs to less than seven hours of deposition time.

To establish good cause to deviate from the default rule that provides Plaintiffs with seven hours of examination time, Purolator must show with particularity the facts which justify such a modification. *See, e.g., City of Goodlettsville, Tenn. v. Priceline.com*, Inc., No. 3–08–0561, 2011 WL 2491572, *3, (M.D.Tenn. June 22, 2011) (Magistrate J.) ("The defendants . . . suggest that the time should be less than seven hours, as provided by Rule 30(d)(1) of the Federal Rules of Civil Procedure. The Court finds it inappropriate to make a sweeping limitation of all such depositions in a vacuum."). Here, however, Purolator has not offered even a single fact that would justify alteration of the *de facto* rule. Instead, Purolator offers conclusory and perfunctory arguments in urging the Court to overrule the presumption in Rule 30(d). *See Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 WL 2177064, *4 (E.D.N.Y.) (E.D.N.Y. July 27, 2007) (Magistrate J.) ("The movants have made an inadequate showing of good cause to warrant the requested relief . . . . Their request is conclusory and perfunctory.").

If anything, the presumption of seven hours for examining witnesses like Mr. Evans and Mr. Silverii – key figures in this complex, fact-laden antitrust conspiracy spanning a number of years – may well be inadequate. *See, e.g., Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936, 2008 WL 1752254, *2 (S.D.N.Y. April 16, 2008) (Lynch, J.) ("The presumptive length of depositions provided in Rule 30, which are more than adequate for the general run of simpler litigation, was not designed for a witness of this significance in a case of this magnitude.").

---

[3] *See, e.g., Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D.Cal. 2010) (Magistrate J.) (denying motion to limit deposition to less than the presumptive hours where movant failed to show good cause); *Barnett v. Norman*, No. 1:05-cv-01022, 2010 WL 3220122, *2 (E.D.Cal. August 10, 2010) (denying motion to limit deposition to less than 7 hours where movant "failed to demonstrate any persuasive reason to shorten the default time limit") (Magistrate J.); *Globe Savings Bank, F.S.B. v. U.S.*, 61 Fed.Cl. 91, 102 (Fed.Cl. 2004) ("The government's request for curtailment of deposition time for Mr. Potter is not justified. It has not shown good cause for altering the presumptive duration of seven hours for a deposition.").

Nonetheless, and without citing any case law or facts in support, Purolator seeks to circumscribe these depositions. But expansion of these depositions would be far more justified. *See* Fed.R.Civ.P. 30(d)(1) ("The Court *must* allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent.") (emphasis added). Indeed, the depositions of these witnesses were originally contemplated to last multiple days.

Purolator has not carried its burden of showing good cause to discard the Federal Rule presumption that Plaintiffs are entitled to seven hours of deposition time with respect to John Evans or any other witness.

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Purolator's motion to limit Plaintiffs' deposition time to 5.5 hours.

Dated: June 11, 2012                                    Respectfully submitted,

/s/ Roberta D. Liebenberg                               /s/ Michael J. Freed
Roberta D. Liebenberg                                   Michael J. Freed
Adam J. Pessin                                          Steven Kanner
FINE KAPLAN & BLACK, R.P.C.                             FREED KANNER LONDON & MILLEN LLC
1835 Market Street, 28th Floor                          2201 Waukegan Rd., Suite 130
Philadelphia, PA 19103                                  Bannockburn, IL 60015
Telephone: (215) 567-6565                               Telephone: (224) 632-4500

                                                        /s/ Bernard Persky
                                                        Bernard Persky
                                                        Gregory Asciolla
                                                        LABATON SUCHAROW LLP
                                                        140 Broadway
                                                        New York, NY 10005
                                                        Telephone: (212) 907-0700

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | : : : : | Master Docket No.: 08-cv-4883 MDL Docket No.: 1957 |
| This Document Relates to: All Actions | : : : : | Judge Robert W. Gettleman Magistrate Geraldine Soat Brown |

**CERTIFICATE OF SERVICE**

I, Adam J. Pessin, hereby certify that on June 11, 2012, I caused the foregoing brief to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Adam J. Pessin
Adam J. Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565