IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No. 08-cv-4883<br>MDL Docket No. 1957 |
| This Document Relates To:<br>All Gas Retailers' Indirect Purchaser Actions | Honorable Robert W. Gettleman |

## INDEX OF EXHIBITS

**Exhibit 1**   Declaration of Gary D. McCallister in Support of Gas Retailers' Indirect Purchaser Plaintiffs' Memorandum in Support of Their Motion for Final Approval of Settlements

**Exhibit 2**   Declaration of Jon M. Swift, Claims Administrator

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No. 08-cv-4883<br>MDL Docket No. 1957 |
| This Document Relates To:<br>All Gas Retailers' Indirect Purchaser Actions | Honorable Robert W. Gettleman |

### DECLARATION OF GARY D. McCALLISTER IN SUPPORT OF GAS RETAILERS' INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR FINAL APPROVAL OF SETTLEMENTS

I, Gary D. McCallister, hereby declare as follows:

1. I am an attorney with the law firm of Gary D. McCallister & Associates, LLC one of the co-lead counsel of the Gas Retailers' Indirect Purchaser Class Plaintiffs in the above captioned matter pending in the United States District Court for the Northern District of Illinois, Eastern Division. I have personal knowledge of the facts stated herein, and if called upon to testify, I would competently do so. I submit this declaration in support of Gas Retailers' Motion for Final Approval of Settlements.

2. I have previously provided to the Court as part of the Gas Retailers' Petition for Appointment of Interim Co-Lead Counsel a curriculum vitae (Dkt. No. 394, Exh. D) which describes my extensive experience in having practiced locally and nationally for over 37 years in complex litigation including antitrust, class actions, product liability and other personal injury litigation for which I have served as either lead, co-lead or class counsel in such litigation.

3. Based upon my experience in handling this case since January 2010, and based upon my considerable experience in antitrust litigation, I am of the opinion that the settlements

consummated with the Defendants are of great benefit to the Class and worthy of approval by the Court. The settlements were reached after years of contentious litigation, protracted discovery and numerous attempts to resolve the litigation through successful settlements with three heavy-duty Filter manufacturers following the Plaintiffs' defeating their dispositive motions, a settlement conference with United States Magistrate Judge Geraldine Soat-Brown, and thereafter by negotiations with the remaining Defendants through counsel as a group and then individually.

4. Throughout Gas Retailers' Plaintiffs' Memorandum in Support of Motion for Final Approval, references to the relevant history of the case are cited by reference to numerous docket entries reflecting contested milestones in the case in terms of motion practice, direct challenges by the Defendants to the viability of Plaintiffs' alleged antitrust price-fixing evidence, and in more detail with regard to attempts to completely exclude what Gas Retailers' Plaintiffs considered highly relevant and probative evidence relating to the alleged antitrust conspiracy which was implicated by the discredited and later convicted whistleblower, William G. Burch. In particular, Plaintiffs' Memorandum of Law and Opposition to Defendants' Extensive Papers (Dkt. No. 813) describe in detail the evidence in support of Gas Retailers' Plaintiffs' case which has been thoroughly reviewed by the Court in making its rulings and need not be repeated here.

5. After reviewing thousands of documents, and the analytical synthesis of millions of pages of materials produced by the Defendants, conducting depositions of Defendants' representatives on the merits of the case and fully assessing and analyzing the damages claimed by the Gas Retailers' Class and other Indirect Purchasers, assessments were able to be made with regard to the benefits and risks of continued litigation in terms of the size of potential recoveries, if successful on the merits, as compared to a potential complete loss in the case factoring in the effect William G. Burch's conduct and criminal conviction and whether antitrust injury and harm

2

had been caused to the Gas Retailers' Class in the context of the proper allocation of damages among multiple layers of Indirect Purchasers. These issues and the California law as described in Clayworth v. Pfizer, Inc., 233 P.3d. 1066 (Cal. 2010), impacted the decision making on the adequacy of the proposed cash settlements benefit a relatively small class of 1,016 gas service station operators during the relevant time period.

6. As stated above, after defeating dispositive motions filed by two of the three heavy-duty Filter manufacturers, Baldwin, Cummins and Donaldson, settlements were able to be negotiated with those Defendants for all Plaintiffs' Classes and the Attorney General for the state of Florida. The result of these settlements for the benefit of the Gas Retailers' Class was a cash payment of $31,250 from each of the Defendants for a total of $93,750.

7. A formal settlement conference/mediation was conducted over the course of a full day by the United States Magistrate Judge Geraldine Soat-Brown on January 19, 2012. This formal mediation was unsuccessful, but it spawned productive, continued settlement negotiation discussions with the four remaining Defendant groups of companies. After additional reflection of the relative risks and benefits of continued litigation against one or more of the remaining Defendants, following the settlement conference, settlement was able to be reached with Affinia/Wix, Champion and Honeywell. A settlement agreement with each of these Defendants became effective March 8, 2012, resulting in cash payments totaling $650,000 for the benefit of the Gas Retailers' Class by Affinia/Wix paying $100,000, Champion paying $387,500 and Honeywell paying $162,500.

8. Thereafter, following additional discovery and after having received the benefits cooperation provisions of the settlement agreements with the settling Defendants, a final

3

resolution with Purolator in exchange for a cash payment of $400,000 was accomplished effective March 8, 2012.

9. Ultimately, the cash settlements in favor of the Gas Retailers' Class Plaintiffs totaled $1,143,750 representing approximately five percent (5%) of the entire settlements accomplished by all the Plaintiffs groups and consistent with the settlements made by the Attorney General for the state of Florida. These settlements will provide cash payments to eligible Class members, which could total as many as 1,016 and who submit bona fide claims.

10. Depending on the number of claims and the dollar volume of Filters purchased, this could result in distributions of several hundred dollars to Class members. The names and addresses of Class members in the state of California were ascertained by searches of the California Bureau of Automotive Repair Licensed Code Descriptions obtained from the Office of Information and Services in Sacramento, California. This data was cross-referenced with and compared to underground storage tank licensing data maintained by the State of California in order to identify the names and addresses of licensed service station operators within the State of California.

11. On June 5, 2012, the summary notice approved by the Court was published in the California Service Station and Automotive Repair Association's newsletter, *Auto$ense*. On June 18, 2012, Centurion Risk Associates, LLC, the Claims Administrator for the Gas Retailers' Class, mailed, via first-class mail, postage prepaid, the long form notice to 1,016 Class members in accordance with the Court's order. In addition, the claims administrator has established an information website located at *www.aftermarketfilterssettlement.com* and a toll-free number, 800-657-0676, for purposes of answering questions from any interested person or Class member. (See. Exh. 2 to Gas Retailers' Indirect Purchaser Plaintiffs' Memorandum in Support of Motion

4

for Final Approval of Settlements) All relevant documents including key dates, contact information, the long form settlement notice, summary notice claim form, settlement agreements and all pleadings filed with regard to the final approval process together with applications for attorneys' fees, reimbursement of litigation costs and Plaintiffs' incentive awards either have been or will be posted to the website.

12. The plan of allocation, as preliminarily approved by the Court, is described in the notices and the Memorandum in Support of the Motion for Final Approval of Settlements at Section V. The distribution and allocation is simple, fair and should be approved by the Court as it applies for a pro-rata distributable share of the net *Settlement Fund* based upon the amount of Filters purchased and number of Class members who file bona fide claims which are approved by the Claims Administrator.

13. Class representative Plaintiffs, Loodvik Peerali and Robert A. Oyster on behalf of Oyster, Incorporated, have been involved in numerous aspects of this case including the initial investigation of the Class, direct participation in responding to written discovery, the production of business records and documents maintained in the ordinary course of their service station businesses in response to Defendants' document requests, they have given lengthy depositions and have been involved in the settlement process throughout the negotiations leading to the consummation of the settlement agreements. The Class representatives are in agreement with the settlements presented to the Court.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration was executed on July 13, 2012, in Chicago, Illinois.

Respectfully submitted,

/s/ Gary D. McCallister
Gary D. McCallister
Gary D. McCallister & Associates, LLC
120 N. LaSalle St., Suite 2800
Chicago, IL 60602
(312) 345-0611

6

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: Aftermarket Filters Antitrust Litigation | Master Docket No.08-cv-4993<br>MDL Docket No. 1957 |
| This Document Relates To:<br>All Gas Retailers' Indirect Purchaser Actions | Honorable Robert W. Gettleman |

DECLARATION OF JON M. SWIFT, CLAIMS ADMINISTRATOR

Pursuant to the Court Order Thereon filed in this action, Centurion Risk Associates, LLC (the "Administrator") provides this Court with the following Report:

1. I am the Claims Administrator for the Gas Retailers; Indirect Purchaser Class in the above matter. I submit this declaration in support of the Gas Retailer's Motion For Final Approval of Settlements. If called to testify, I am competent to testify to the following based on personal knowledge.

2. On June 4, 2012, Administrator setup the informational website www.aftermarketfilterssettlement.com which contains access to key dates, contact information, the long form settlement notice, the claim form, and settlement agreements.

3. On June 4, 2012, Administrator setup the 800 number 1(800)657-0376 and its auto attendant to answer basic questions about the case with a voicemail for more complex questions.

4. On June 5, 2012, the court approved summary notice was published by the California Service Station & Automotive Repair Association in its newsletter to the Court Order entered April 20, 2012.

5.  On June 18, 2012, Administrator mailed the Long Form Class Notice and Claim Form to 1,016 Class Members at the addresses provided to Administrator by Class Counsel. The Class Notice was in the form approved by the Court in the foregoing court order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 12, 2012          CENTURION RISK ASSOCIATES, LLC

By: _____
JON M. SWIFT, President