**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION** | **Master Docket No. 08-cv-4883<br>MDL Docket No. 1957** |
| **This Document Relates To:<br>All Gas Retailers' Indirect Purchaser Actions** | **Honorable Robert W. Gettleman<br>Magistrate Judge Geraldine Soat Brown** |

**GAS RETAILERS' MEMORANDUM IN SUPPORT OF MOTION TO REVISE THE COURT'S ORDER PRELIMINARILY APPROVING THE GAS RETAILERS' PLAINTIFF CLASS SETTLEMENT (DOCUMENT NO. 941)**

NOW COME, the Gas Retailers' Indirect Purchaser Settlement Class (hereafter "Gas Retailers'") by and through co-lead counsel, and submit this Memorandum in support of its motion to amend the Preliminary Approval Order (Document No. 941) entered by the Court on April 20, 2012 granting preliminary approval to the Gas Retailers' Class Settlements.

**INTRODUCTION**

Pursuant to the Preliminary Approval Order relating to the Gas Retailers' Class Settlement (Document No. 941), the Court preliminarily approved the notice plan and ordered and directed the long-form mail notice (identified as Exhibit A in Document No. 941) be mailed on or before June 19, 2012 by first-class mail to all Gas Retailers' class members who class counsel had identified. (See Document No. 941, Paragraph 5.2 at Page 7) By the same date, class counsel was ordered to publish the summary notice in the form attached as Exhibit B to Document No. 941 once in the California Service Station and Automotive Repair Association newsletter *Auto$ense*. (See Document No. 941, Paragraph 5.3 at Page 8) The deadlines for

requests for exclusion from the Settlement Class and objections were set for August 13, 2012. (See Document No. 941, Paragraph 5.4 at Page 8) Briefing schedules in support of final approval and with regard to any application for attorneys' fees, reimbursement of litigation expenses and for Plaintiffs' incentive awards were established and the final approval hearing was scheduled to be held before this Honorable Court on October 4, 2012, at 10:00 a.m. (See Document No. 941, Paragraph 6.1 at Page 8)

The mailings and publication were performed as ordered by the Court on or before June 19, 2012, and the date for receipt of requests for exclusion and objections to the Settlements, the Plan of Distribution and Allocation, the application for attorneys' fees and reimbursement of litigation expenses and Plaintiffs' incentive awards came and went without receipt of any opt-out notice or objections to the Gas Retailers' Class settlements.

However, on September 12, 2012, it was determined for the first time by the class administrator, Centurion Risk Associates, LLC, and co-lead counsel that a sorting error in the data contained in the California Bureau of Automotive Repairs list from which the class members were identified through licensure designations had occurred. As a result, it was learned that a large percentage of the direct-mail long-form notices were erroneously sent to either an incorrectly identified gas service station owner or an incorrectly identified address resulting in potentially insufficient notice to the Gas Retailers' class members which can only be corrected by the re-mailing of a revised long form mail notice similar in form to Document No. 941 with new deadlines included therein by first-class mail to class members, the rescheduling of deadlines for exclusions from the Settlement Class and/or objections to the Settlements, the Plan of Distribution and Allocation, the application for attorneys' fees and reimbursement of litigation expenses and Plaintiffs' incentive awards, a new abbreviated briefing schedule in support of final

approval following the exclusion/objection deadlines and a new date for the final approval hearing solely for the Gas Retailers' Class settlement.

**ARGUMENTS AND AUTHORITIES**

The Court's Order preliminarily approving the Gas Retailers' Class settlements (Document No. 941) approved the notice plan, the content of the long-form mail notice marked as Exhibit A to that order and the summary publication notice marked as Exhibit B to that order. The Court found that such notices and notice plan were in full compliance with the requirements of the Federal Rule of Civil Procedure 23 and satisfied due process. The Court further found that the proposed notice plan and Plan of Distribution and Allocation submitted in connection with the Motion for Preliminary Approval constituted the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto. (See Document No. 941, Paragraph 5.1 at Page 7)

As the Court is familiar, Rule 23(c)(2) guarantees the rights for each member of a class certified under Rule 23 (b)(3). *Lemon v. International Union of Operating Engr's Local No. 139, AFL-CIO*, 216 F. 3d 577, 580 (7th Cir. 2000). The due process inquiry in a Rule 23(b)(3) class is whether the requirements of Rule 23(c)(2) have been met. Rule 23(c)(2)(B) explains that for Rule 23(b)(3) class actions, such as this one, "the Court must direct class members the best notice that is practicable under the circumstances including individual notice to all members who can be identified through reasonable effort," and explain the details of the action to those members, including the opportunity to opt-out. *Fed R. Civ. P. 23(c)(2)(B).*

This Court retains, however, "broad discretion in fashioning the notice program in each particular case." *Mangone v. First USA Bank*, 206 F.R.D. 222, 232 (S. D. Ill. 2001)(Rule 23(b)(3) class) "subject only to the broad 'reasonableness' standards imposed by due process."

*Simer v. Rios*, 661 F.2d 655,686 (7th Cir. 1981)(Rule 23(b)(3) class) quoting *Grunin v. International House of Pancakes*, 513 F.2d 114,121 (8th Cir. 1975).

The publication of the summary notice requirement through the California Service Station and Automotive Repair Association newsletter, *Auto$ense*, was completed on or before the deadline of June 19, 2012, and need not be repeated as the intended audience of the notice plan will be better notified through a direct mailing. However, because of the sorting error in which the business entity name and address were scrambled and corrupted from the California BAR mailing list, a re-mailing of a revised long-form mail notice substantially in the same form, except as to new deadline dates, as previously approved by the Court as Exhibit A in its Order dated April 20, 2012, will need to occur in order for the Class to be directly notified of the Settlements. This re-mailing can occur in no more than seven (7) days from the entry of the requested Court's order modifying the Gas Retailers' Preliminary Approval Order. The validity of the contents of the California Bureau of Automotive Repair list, when properly sorted, has been re-confirmed and verified as accurate. This listing will continue to serve as an appropriate means of identifying Gas Retailers' class members.

New deadlines need to be established for class member exclusion from the Gas Retailers' Class Settlement and for the filing of objections to the Settlements, the Plan of Distribution and Allocation, the application made by class counsel for attorneys' fees, reimbursement of litigation expenses and Plaintiffs' incentive awards, together with notices of appearance by counsel for any objectors in the same fashion as the deadlines were established in the Court's original order preliminarily approving the Gas Retailers' settlement (Document No. 941). The suggested deadlines for objections and exclusion from the Gas Retailers' Settlement Class is November 9,

2012 which will be more than thirty (30) days following the re-mailing of the long-form mail notice.

Thereafter, an abbreviated briefing schedule in support of final approval can be established as briefing has already occurred with regard to the Gas Retailers' Settlement Class Memorandum in Support of Final Approval, the application for attorneys' fees, reimbursement of expenses and Plaintiffs' incentive awards which were filed and posted to the website created for the Gas Retailers' Class Settlement on June 4, 2012. In addition, a new date will need to be scheduled for the final approval hearing before this Honorable Court following Gas Retailers Indirect Purchaser Plaintiffs' filing of court affidavits or declarations of the persons under whose general direction the mailing of the notices was made, showing that the mailing was made in accordance with the Court's order by no later than October 5, 2012, an opportunity for the Defendants to file any pleadings or memorandum in support of the final approval of the settlement agreements as well as the Gas Retailers' counsel supplementing its papers in support of final approval of the settlement agreements, the Plan of Distribution and Allocation and the application by class counsel for attorneys' fees, reimbursement of litigation expenses and Plaintiffs' incentive awards.

All other requirements of the Preliminary Approval Order (Document 941) have been fulfilled and notice of the Gas Retailers' settlement, the application by class counsel for attorneys' fees, reimbursement of litigation and Plaintiffs' incentive awards together with the relevant orders of the Court have been posted to the Gas Retailers' website since June 4, 2012.

**Requested Relief.**

1. Based upon the above and foregoing, class counsel requests the Court enter an order that a revised long-form mail notice substantially in the form as was previously approved

by the Court as Exhibit A to the Preliminary Approval Order (Document No. 941), be approved by the Court upon insertion of new dates in said notice and that the same be mailed, in the form approved by the Court, by first-class mail to all Class Members whom class counsel have identified within seven (7) days of the entry of the Court's order.

2. That no further publication notice be required as the summary publication notice was accomplished pursuant to the Court's April 20, 2012 order.

3. That the deadline for exclusion from the Settlement Class or for the filing of objections to the settlement be received by November 9, 2012.

4. That the requirements of the Preliminary Approval Order (Document No. 941) as set forth in Paragraphs 6.3, 6.4 and 6.5 remain the same with the exception of new deadlines which should be established as November 9, 2012.

5. That the Gas Retailers' Indirect Purchaser Plaintiffs shall file with the Court affidavit(s) or declaration(s) of the person(s) under whose general direction the mailing was made, showing that the mailing was made in accordance with the revised order no later than October 5, 2012; that the Defendants may file with the Court any pleadings or memorandum in support of final approval of the settlement agreements and that the Gas Retailers' and their counsel may file with the Court any additional papers in support of final approval of the settlement agreements, the Plan of Distribution and Allocation, the application by class counsel for attorneys' fees, reimbursement of litigation expenses and Plaintiffs' incentive awards no later than November 19, 2012; and that the Court schedule the final approval hearing with regard to the Gasoline Retailers' Class settlements to be held on the 28th day of November, 2012, or at such other time as the Court's schedule permits, in Courtroom 1703, U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois, to consider the fairness, reasonableness and adequacy of the

settlements, the plan of distribution and allocations and any application by class counsel for attorneys' fees, reimbursement of litigation expenses and plaintiffs' incentive award.

6. That the Court find that the requested amendment to the Gasoline Retailers' Preliminary Approval Order (Document No. 941) does not adversely affect in any way the dates established for the Final Approval Hearing for all other settlements now pending before the Court which is scheduled to held on October 4, 2012, 10:00 a.m.

7. Gas Retailers' counsel has conferred with counsel for all of the parties and counsel does not interpose any objections to the Gas Retailers' requested relief.

WHEREFORE, the Gasoline Retailers respectfully request the Court to enter a revised order preliminarily approving the Gasoline Retailers' Class settlement as requested above.

Dated: September 19, 2012

Respectfully submitted,

/s/ Gary D. McCallister
Gary D. McCallister & Associates, LLC
120 N. LaSalle Street
Suite 2800
Chicago, IL 60602
(312) 345-0611 – Telephone
(312) 345-0612 – Facsimile