

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No. 1:08-cv-4883<br>MDL No. 1957 |
| This Document Relates to:<br>All Indirect Purchaser Actions | Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND
## CLASS REPRESENTATIVES' SERVICE AWARDS

99919

The Court, having considered Indirect Purchaser Class Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives' Service Awards (the "Motion") and the memorandum and declarations in support thereof, and after a duly noticed hearing, in addition to the findings stated on the record at such hearing, hereby finds that:

1. The Motion seeks an award of attorney's fees of $2,006,250, representing one-third (1/3) of the Settlement Fund, which is comprised of all of the Settling Defendants' settlement payments ($6,018,750). Indirect Purchaser Class Plaintiffs' Counsel ("IP Class Counsel") also seek reimbursement of their unreimbursed litigation costs and expenses in the amount of $595,724.74, and incentive awards for the 32 court-appointed class representatives.

2. The amount of attorneys' fees requested is fair and reasonable under the "percentage-of-the-recovery" method, including, as confirmed, by a lodestar "cross-check."

3. The attorneys' fees requested were entirely contingent upon success. IP Class Counsel risked time and effort and advanced costs and expenses with no ultimate guarantee of compensation. The award of one-third (1/3) is warranted for reasons set out in IP Plaintiffs' moving papers including, but not limited to, the following: The result obtained for the class – payment by Defendants of more than $6,000,000; the quality and quantity of work performed by IP Class Counsel over more than four years of litigation – such as substantial motion practice and discovery efforts; the risks faced including William Burch's guilty plea; and, the lodestar "cross-check" – which reveals a 0.26 fractional multiplier or "negative lodestar" for IP Class Counsel's more than 17,950 hours of work on the case.

4. The expenses sought were incurred in connection with the prosecution of the litigation for the benefit of the Class and were reasonable and necessary.

1

5. Additionally, the following 32 class representatives are entitled to the requested incentive awards because of their work performed for the benefit of the Class and the risks undertaken: Phillip Bowers, Nicholas Tuberville, Kris Clute, Arthur Cordisco, Francis Doll III, Robert Collopy, Carlos Cuevas, Geraldine Davison, James Egan, Kurt Evinger, Karen Healy, Patrick Houston, Julie R. Kenner, MD, PhD, LLC, Thomas Lown, Edward Colburn, Mario Paquet, Perry Piper, Justus Austin, Benjamin Hammer, Mark Uglem, Christopher Papale, Dale Bentley, David Faircloth, Norman Wallin, Mark Moynahan, Robert Nilsen, David E. Boardman, Charles Gregory, Janice Boone, Dan McKittrick, Harold Miles, and Bettendorf Transfer & Excavating, Inc.

6. Therefore, upon consideration of the Motion and accompanying declarations and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that: (i) the attorneys' fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable and proper; and (iii) the incentive awards requested are warranted.

Accordingly, it is hereby ORDERED and DECREED that:

A. IP Class Counsel are awarded attorney's fees in the amount of $2,006,250, which is one-third (1/3) of the Settlement Fund of $6,018,750.

B. IP Class Counsel are awarded reimbursement of their unreimbursed costs and expenses in the amount of $595,724.74.

C. The 32 class representatives are awarded incentive payments of $500 each.

D. The attorneys' fees, reimbursement of expenses, and the incentive awards shall be paid from the Settlement Funds.

2

E. The attorneys' fees and expenses shall be allocated among counsel by Co-Lead Counsel in a manner that, in Co-Lead Counsel's good-faith judgment, reflects each such IP Class Counsel's contribution to the institution, prosecution and resolution of the litigation.

F. This order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

IT IS SO ORDERED.

Dated: October 9, 2012

Hon. Robert W. Gettleman
United States District Court Judge