IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No. 08-cv-4883 MDL Docket No. 1957 |
| This Document Relates To: All Purchaser Actions | Honorable Robert W. Gettleman Magistrate Geraldine Soat Brown |

## AMENDED ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS

WHEREAS, Plaintiffs Central Warehouse Sales Corporation, Neptune Warehouse Distributors, Inc., William C. Bruene d/b/a Lone Star Lube, and A&L Systems Inc. ("Direct Purchaser Plaintiffs"), by and through their counsel of record, have asserted claims for damages against Defendants Champion Laboratories, Inc., Purolator Products NA, LLC, Purolator Products Company, LLC, ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc., and Baldwin Filters, Inc. (collectively, "Defendants") alleging violations of federal antitrust law;

WHEREAS, desiring to resolve any and all disputes in this action, Direct Purchaser Plaintiffs have entered into and executed Settlement Agreements with Defendants Affinia Group, Inc. ("Affinia"), Champion Laboratories, Inc. ("Champion"), Honeywell International Inc. ("Honeywell), Wix Filtration Corp. LLC ("Wix"), Baldwin Filters, Inc. ("Baldwin"), Cummins Filtration, Inc. ("Cummins"), and Donaldson Company, Inc. ("Donaldson") (collectively, "Settling Defendants"), which, if approved by the Court, will result in the settlement of all claims against the Settling Defendants;

WHEREAS, Settling Defendants deny any wrongdoing or liability for any of the allegations made by Direct Purchaser Plaintiffs, and it is agreed between and among the parties that the Settlement Agreements shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Settling Defendants or any other person or entity;

WHEREAS, the Settling Defendants have paid an aggregate Settlement Amount of Nine Million, Six Hundred Sixty-Eight Thousand and Seven Hundred Fifty Dollars ($9,668,750.00), which is divided among the Settling Defendants as follows:

(a) 1,300,000.00 paid by Affinia or Wix to Direct Purchaser Plaintiffs;

(b) $2,112,500.00 paid by Honeywell to Direct Purchaser Plaintiffs;

(c) $5,037,500.00 paid by Champion to Direct Purchaser Plaintiffs;

(d) $406,250.00 paid by Baldwin to Direct Purchaser Plaintiffs;

(e) $406,250.00 paid by Cummins to Direct Purchaser Plaintiffs; and

(f) $406,250.00 paid by Donaldson to Direct Purchaser Plaintiffs;

WHEREAS, on February 16, 2012 and April 20, 2012 this Court issued orders ("Preliminary Approval Orders") granting preliminary approval of the Settlements Agreements and directing that Notice be given to the Class;

WHEREAS, the parties to the Settlement Agreements have agreed to the certification of the Direct Purchaser Settlement Class as a condition of settlement;

WHEREAS, Notice of the Settlements was given to members of the Class by direct mailing and publication, and Class Members were afforded the opportunity to object or otherwise comment on the Settlements;

WHEREAS, Direct Purchaser Plaintiffs and each of the Settling Defendants have agreed to the entry of this Final Approval Order (hereinafter, the "Order");

WHEREAS, an opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's orders; the Court has reviewed and considered the terms of the Settlements, the submission of the parties in support hereof, and the comments received in Response to the Notice, and after holding a hearing on October 4, 2012, at which all interested parties were given an opportunity to be heard; and

WHEREAS, this is no just reason for delay;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

1.1   This Court has jurisdiction over the subject matter of this action and each of the parties to the Settlement Agreements.

## II. DEFINITIONS

2.1   As used in this Order, the same definitions shall apply as set forth in the Settlement Agreements.

## III. FINAL APPROVAL OF SETTLEMENT

3.1 The Preliminary Approval Orders dated February 16, 2012 and April 20, 2012 certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons and entities (excluding Defendants, their predecessors, successors, parents, subsidiaries, affiliates, original equipment manufacturers and government entities) who purchased Filters in the United States directly from one or more of the Defendants or any of their predecessors, successors, parents, subsidiaries, or affiliates at any time during the period from and including March 1, 1999 to and including March 8, 2012.

For the reasons set forth in the Preliminary Approval Orders, the Court finds that the Settlement Class fully complies with the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3.2 The Preliminary Approval Orders outlined the form and manner by which the Direct Purchaser Plaintiffs would provide the Settlement Class with Notice of the Settlement, the fairness hearing, and related matters. The Notice Plan included individual notice to Class Members who could be identified through reasonable effort, as well as publication of a summary notice. Proof that the mailing and publication conformed with the Preliminary Approval Orders has been filed with the Court.

3.3 The Court finds that the Notice and the Notice Plan constituted the most effective and best notice practicable under the circumstances of the Settlement Agreements and fairness hearing and constituted due and sufficient notice for all other purposes to all persons and entities entitled to receive notice

3.4     The Settlements were attained following an extensive investigation of the facts. They resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

3.5     The Court finds that the Settlement Agreements are fair, reasonable and adequate given the complexity, expense and likely duration of the litigations, the stage of the proceedings and the costs and risks involved in proceeding with the litigation. Accordingly, the Court grants final approval of the Settlement Agreements pursuant to Fed. R. Civ. P. 23(e). The Settling Parties are directed to implement the Settlements in accordance with their terms

## IV.     DISMISSAL OF ACTION AND RELEASE OF CLAIMS

4.1     As to the Settling Defendants and other Releasees, any and all currently pending class action lawsuits directly related to the subject matter of this litigation are dismissed with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreements, without costs. This dismissal shall not affect, in any way, Releasors' right to pursue claims, if any, outside the scope of the Release set forth in the Settlement Agreements.

4.2     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry Judgment, as a Final Judgment, as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Settling Defendants.

4.3     Upon the occurrence of the Effective Date, Releasees shall be completely released, acquitted and forever discharged from the Released Claims by Releasors.

4.4     This Final Judgment does not settle or compromise any claims by Direct Purchaser Plaintiffs or the Settlement Class against the Defendants or other persons or entities other than the Released Claims against Releasors by Releasees, and all rights against Releasors or any other Defendant or other person or entity are specifically reserved.

4.5     Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction for the purposes of enabling any of the Settling Parties to apply to this Court at any time for such further orders and directs as may be necessary and appropriate for the construction or carrying out of the Settlement Agreements and this Final Judgment, for the modification of any of the provisions of this Final Judgment, and for the enforcement of compliance herewith.

SO ORDERED.

Dated this 10 day of October, 2012.

Robert W. Gettleman
United States District Court Judge