**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION** | **Master Docket No. 1:08-cv-4883**<br>**MDL Docket No. 1957** |
| **This Document Relates to:**<br>**All Indirect Purchaser Actions** | **Honorable Robert W. Gettleman**<br>**Magistrate Geraldine Soat Brown** |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH
BALDWIN FILTERS, INC., CUMMINS FILTRATION, INC., DONALDSON
COMPANY, INC., AFFINIA GROUP, INC., WIX FILTRATION CORP. LLC,
CHAMPION LABORATORIES, INC., HONEYWELL INTERNATIONAL INC.,
PUROLATOR PRODUCTS NA, LLC, PUROLATOR PRODUCTS COMPANY, LLC
AND ARVINMERITOR, INC.**

99918

Indirect Purchaser Plaintiffs' ("Plaintiffs") request for final approval of the settlements entered into with Baldwin Filters, Inc. ("Baldwin"), Cummins Filtration Inc. ("Cummins"), and Donaldson Company, Inc. ("Donaldson"), preliminarily approved by this Court on February 16, 2012, ( Dkt No. 885) and settlements with Affinia Group Inc. ("Affinia"), Champion Laboratories, Inc. ("Champion"), Honeywell International Inc. ("Honeywell"), Wix Filtration Corp. LLC ("Wix"), Purolator Products NA, LLC, Purolator Products Company LLC, and ArvinMeritor, Inc. (collectively "Purolator") preliminarily approved by this Court on April 20, 2012, (Dkt No. 943) came on for hearing before the Court (the "Hearing"), on October 4, 2012. The Defendants set out above are collectively referred to as "Settling Defendants." The Court has considered the relief requested, the supporting papers, and all other arguments presented at the hearing. Due and adequate notice having been given, and good cause appearing therefor, it is:

### ORDERED, ADJUDICATED AND DECREED THAT:

1.      This Court has jurisdiction over the subject matter of the request and all matters relating thereto, including all members of the Class.

2.      For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlements.

3.      For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class (the "Class") be certified:

Nationwide Injunctive Classes:

All persons or entities in the United States who purchased for their own use and not for resale Filters manufactured and/or sold by one or more of the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time from at least January 1, 1999 to and including March 8, 2012 from one or more of the following "Reseller Entities": Advance Auto Parts, Inc., Ashland, Inc., Autozone, Inc., Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto, General Parts, Inc., Genuine Parts Company, Goodyear Tire & Rubber Company d/b/a/ Goodyear Gemini Automotive Care, Jiffy Lube International, Inc., Midas, Inc., O'Reilly Automotive, Inc., Pennzoil-Quaker State Company, The Pep Boys – Manny, Moe & Jack, Sears, Roebuck & Co., Texaco, Inc., Wal-Mart Store, Inc., or any of their parents, affiliates, subsidiaries, predecessors or successors in interest.

Excluded from the Class are the Defendants and their officers, directors, employees, parents, affiliates, subsidiaries, predecessors or successors in interest,

1

any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and all federal or state governmental entities (but not local, municipal or other governmental entities, except Florida local and municipal entities).

Indirect Purchaser State Damage Classes:

All persons and entities in Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Massachusetts, Nevada, New Mexico, New York, North Carolina, North Dakota, Puerto Rico, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who purchased for their own use and not for resale Filters manufactured and/or sold by one or more of the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time from at least January 1, 1999 to and including March 8, 2012 from one or more of the following "Reseller Entities": Advance Auto Parts, Inc., Ashland, Inc., Autozone, Inc., Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto, General Parts, Inc., Genuine Parts Company, Goodyear Tire & Rubber Company d/b/a/ Goodyear Gemini Automotive Care, Jiffy Lube International, Inc., Midas, Inc., O'Reilly Automotive, Inc., Pennzoil-Quaker State Company, The Pep Boys – Manny, Moe & Jack, Sears, Roebuck & Co., Texaco, Inc., Wal-Mart Store, Inc., or any of their parents, affiliates, subsidiaries, predecessors or successors in interest.

All persons and entities in Nebraska who indirectly purchased for their own use and not for resale Filters manufactured and/or sold by one or more of the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time from at least January 1, 2002 to and including March 8, 2012 from one or more of the following "Reseller Entities": Advance Auto Parts, Inc., Ashland, Inc., Autozone, Inc., Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto, General Parts, Inc., Genuine Parts Company, Goodyear Tire & Rubber Company d/b/a/ Goodyear Gemini Automotive Care, Jiffy Lube International, Inc., Midas, Inc., O'Reilly Automotive, Inc., Pennzoil-Quaker State Company, The Pep Boys – Manny, Moe & Jack, Sears, Roebuck & Co., Texaco, Inc., Wal-Mart Store, Inc., or any of their parents, affiliates, subsidiaries, predecessors or successors in interest.

All persons and entities in New Hampshire who indirectly purchased for their own use and not for resale Filters manufactured and/or sold by one or more of the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time from at least January 1, 2008 to and including March 8, 2012 from one or more of the following "Reseller Entities": Advance Auto Parts, Inc., Ashland, Inc., Autozone, Inc., Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto, General Parts, Inc., Genuine Parts Company, Goodyear Tire & Rubber Company d/b/a/ Goodyear Gemini Automotive Care, Jiffy Lube International, Inc., Midas, Inc., O'Reilly Automotive, Inc., Pennzoil-Quaker State Company, The Pep Boys – Manny, Moe & Jack, Sears, Roebuck & Co., Texaco, Inc., Wal-Mart Store, Inc., or any of their parents, affiliates, subsidiaries, predecessors or successors in interest.

All persons and entities in Utah who indirectly purchased for their own use and not for resale Filters manufactured and/or sold by one or more of the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time from at least January 1, 2006 to and including March 8, 2012

from one or more of the following "Reseller Entities": Advance Auto Parts, Inc., Ashland, Inc., Autozone, Inc., Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto, General Parts, Inc., Genuine Parts Company, Goodyear Tire & Rubber Company d/b/a/ Goodyear Gemini Automotive Care, Jiffy Lube International, Inc., Midas, Inc., O'Reilly Automotive, Inc., Pennzoil-Quaker State Company, The Pep Boys – Manny, Moe & Jack, Sears, Roebuck & Co., Texaco, Inc., Wal-Mart Store, Inc., or any of their parents, affiliates, subsidiaries, predecessors or successors in interest.

All persons and entities in Wyoming who indirectly purchased for their own use and not for resale Filters manufactured and/or sold by one or more of the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time from at least January 1, 2006 to and including March 8, 2012 from one or more of the following "Reseller Entities": Advance Auto Parts, Inc., Ashland, Inc., Autozone, Inc., Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto, General Parts, Inc., Genuine Parts Company, Goodyear Tire & Rubber Company d/b/a/ Goodyear Gemini Automotive Care, Jiffy Lube International, Inc., Midas, Inc., O'Reilly Automotive, Inc., Pennzoil-Quaker State Company, The Pep Boys – Manny, Moe & Jack, Sears, Roebuck & Co., Texaco, Inc., Wal-Mart Store, Inc., or any of their parents, affiliates, subsidiaries, predecessors or successors in interest.

Excluded from these Classes are the Defendants and their officers, directors, employees, parents, affiliates, subsidiaries, predecessors or successors in interest, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and all federal or state governmental entities (but not local, municipal or other governmental entities, except Florida local and municipal entities).

4.    The Court further finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a)    there are thousands of class members and therefore joinder of all members is impracticable;

(b)    there are questions of law or fact common to the class which predominate over individual issues;

(c)    the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d)    the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5.    The following persons have timely and validly requested exclusion from the Class

3

and, therefore, are excluded: Michael Hint, Norman Kelly, Charles T. McIntosh and David J. Widi, Jr.

6.      Due and adequate notice of the Settlement was provided to the Class.  Pursuant to the orders of preliminary approval described above, the Court approved of and directed Indirect Purchaser Plaintiffs' counsel to provide the Class with notice of all seven Settlements.  Indirect Purchaser Plaintiffs' counsel retained an experienced class action administrator, BMC Group Class Action Services, to give notice of the Settlements to the members of the Class.  The notice program consisted of a Summary Notice, which appeared in nationwide consumer publications including Parade, USA Weekend, Time Magazine, Motor Trend, Reader's Digest and People. This was supplemented by a targeted internet media campaign that included Internet banner ads and contextual ad placements on MediaMath, Google Display Network and Facebook.  Key word searches were also supported through Google, Yahoo! and Bing.  Informational press releases were also utilized as a means by which to direct potential class members to a settlement website where a Detailed Notice was available.  In addition to the Detailed Notice, this website included answers to frequently asked questions, important dates, and copies of key court documents, including the operative Consolidated Amended Complaint, the Settlement Agreements and the motions for preliminary approval.  Such notice adequately advised the Class of the Settlements, of their right to exclude themselves from the Class or to object to the Settlements. The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlements.

7.      Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court (Trump Alioto Trump & Prescott LLP, Heins Mills & Olson P.L.C., Lovell Stewart Halbian and Jacobson LLP and Kirby McInerney LLP  ), are appointed as counsel for the Class. Lead Counsel has and will fairly and competently represent the interests of the Class.

8.     This Court hereby dismisses on the merits and with prejudice the Action in favor of Settling Defendants, with each party to bear their own costs and attorneys' fees.

9.     The Settling Defendant Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

10.     Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlements and any distribution of the Settlement Fund pursuant to orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to the plan of distribution of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreements.

11.     In the event that any settlement does not become effective in accordance with the terms of that Settlement Agreement, then that Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection with that settlement shall be null and void and the parties shall be returned to their respective positions *ex ante*.

12.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry Judgment, as a Final Judgment, as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Settling Defendants.

13.     Two objections to the Settlements were filed. The objection filed by Mr. Scotty Sutherland was subsequently withdrawn by Mr. Sutherland.  The Court finds the remaining objection, filed jointly by Andrew Jones and Joseph Balla, is without merit and is overruled on

the grounds that the objectors have failed to submit proof or otherwise establish that they are members of the Class, and they therefore lack standing to challenge the Settlements and Plan of Distribution. The objection filed by Mr. Balla and Mr. Jones, by their counsel, Darrell Palmer, is a boilerplate, unhelpful objection. Counsel for Mr. Balla and Mr. Jones did not appear at the fairness hearing. The objections are otherwise without merit for the reasons set forth in the Plaintiffs' Memorandum in Support of Final Approval, as argued at the Fairness Hearing, and for the reasons stated by the Court at the Fairness Hearing.

14.     The Court finds that attempting to make direct cash payments to members of the Class is impractical due to the extremely large class size, the relatively small payments that would be received, the time and effort associated with members of the Class establishing that they purchased Filters, and the substantial cost of processing these claims.

15.     The Cy Pres Distribution Plan that has been submitted is the most effective and practical method of providing substantial benefits to the Class. The American Antitrust Institute, National Consumers League and National Consumer Law Center meet the standard of having a rational beneficial relationship between themselves and the Class.

15.     The Settlements and Plan of Distribution are, in all respects, fair, adequate and reasonable to the Class. Accordingly, the Court hereby grants final approval of the Settlements and the Plan of Distribution.

IT IS SO ORDERED.

Dated: 10/25/2012

_____
Hon. Robert G. Gettleman
United States District Court Judge