IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AFTERMARKET FILTERS ANTITRUST LITIGATION | Master Docket No. 08-cv-4883<br>MDL Docket No. 1957 |
| This Document Relates To:<br>All Purchaser Actions | Honorable Robert W. Gettleman<br>Magistrate Geraldine Soat Brown |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING THE DIRECT PURCHASER SETTLEMENT CLASS, APPOINTING CLASS COUNSEL FOR THE SETTLEMENT CLASS, AND APPROVING NOTICE PLAN AND CLAIM FORM**

WHEREAS, Plaintiffs Central Warehouse Sales Corporation, Neptune Warehouse Distributors, Inc., William C. Bruene d/b/a Lone Star Lube, and A&L Systems Inc. ("Direct Purchaser Plaintiffs"), by and through their counsel of record, have asserted claims for damages against Defendants Champion Laboratories, Inc., Purolator Products NA, LLC, Purolator Products Company, LLC, ArvinMeritor, Inc., Honeywell International, Wix Filtration Corp. LLC, Affinia Group Inc., Cummins Filtration Inc., Donaldson Company, Inc., and Baldwin Filters, Inc. (collectively, "Defendants") alleging violations of federal antitrust law;

WHEREAS, desiring to resolve any and all disputes in this action, Direct Purchaser Plaintiffs have entered into and executed a Settlement Agreement with Defendants ArvinMeritor, Inc. (now known as Meritor, Inc.) ("Meritor"), Purolator Products NA, LLC ("Purolator NA"), and Purolator Products Company, LLC ("Purolator Company") (collectively, "Settling Defendants"), which, if approved by the Court, will result in the settlement of all claims against the Settling Defendants;

WHEREAS, Settling Defendants deny any wrongdoing or liability for any of the allegations made by Direct Purchaser Plaintiffs, and it is agreed between and among the parties that the Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Settling Defendants or any other person or entity;

WHEREAS, the Settling Defendants' payment of the Settlement Amount, eight million three hundred thousand dollars ($8,300,000.00), shall be in full and final settlement of the claims asserted against them in this action by Direct Purchaser Plaintiffs;

WHEREAS, a true and correct copy of the Settlement Agreement is attached hereto as Exhibit A and the parties request that the Court grant preliminary approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e);

WHEREAS, the parties to the Settlement Agreement have agreed to the certification of the proposed Direct Purchaser Plaintiffs' Settlement Class ("Settlement Class") as a condition of settlement;

WHEREAS, the proposed Settlement Class in the Settlement Agreement is defined as "all persons and entities (excluding Defendants, their predecessors, successors, parents, subsidiaries, affiliates, original equipment manufacturers and government entities) who purchased Filters in the United States directly from one or more of the Defendants or any of their predecessors, successors, parents, subsidiaries, or affiliates at any time during the period from and including March 1, 1999 up to and including March 8, 2012";

WHEREAS, the proposed Settlement Class under the Settlement Agreement should be certified for the purposes of settlement only, because the proposed Settlement Class under the

Settlement Agreement meets the numerosity, typicality, commonality and adequacy requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b);

WHEREAS, Interim Co-Lead Counsel have requested that they be appointed as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, Direct Purchaser Plaintiffs and each of the Settling Defendants have agreed to the entry of this Preliminary Approval Order (hereinafter, the "Order");

WHEREAS, the Court has considered the Settlement Agreement, the proposed Notice Plan, and the other documents submitted in connection with Direct Purchaser Plaintiffs' request for preliminary approval of the Settlement Agreement, certification of the Settlement Class and appointment of counsel for the Settlement Class, and good cause appearing therefor.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**I.    DEFINITIONS**

1.1    As used in this Order, the same definitions shall apply as set forth in the Settlement Agreement.

**II.    CERTIFICATION OF SETTLEMENT CLASS**

2.1    This Court has jurisdiction over this action and the Settling Parties.

2.2    Upon review of the record, the Court finds that the proposed Settlement Class under the Settlement Agreement meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3):

    2.2.1    The members of the proposed Settlement Class, under the Settlement Agreement, are sufficiently numerous to satisfy the numerosity requirement;

    2.2.2    There are sufficient legal and factual issues common to the Settlement Class under the Settlement Agreement to meet the commonality requirement, including

whether Defendants conspired or combined for the purpose and with the effect of fixing the price of Filters; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Direct Purchaser Plaintiffs and the members of the Settlement Class;

    2.2.3    The claims of the Settlement Class under the Settlement Agreement arise out of the same alleged illegal anticompetitive conduct and are based on the same legal theories and therefor satisfy the typicality requirement;

    2.2.4    Direct Purchaser Plaintiffs have retained experienced counsel and do not have interests antagonistic to the Settlement Class; and

    2.2.5    Questions of law and fact common to the Settlement Class under the Settlement Agreement predominate over any individualized questions.

    2.3    Therefore, the Court hereby conditionally certifies the Settlement Class which, for purposes of the Settlement is defined as:

    All persons and entities (excluding Defendants, their predecessors, successors, parents, subsidiaries, affiliates, original equipment manufacturers and government entities) who purchased Filters in the United States directly from one or more of the Defendants or any of their predecessors, successors, parents, subsidiaries, or affiliates at any time during the period from and including March 1, 1999 up to and including March 8, 2012.

    2.4    In the event that the Settlement Agreement is ultimately disapproved, rescinded or otherwise fails to become effective, nothing in this Order shall prevent Settling Defendants from contesting class certification in the Actions.

**III. PRELIMINARY APPROVAL OF SETTLEMENT**

3.1 Upon review of the record, the Court finds that the Settlement Agreement was arrived at by arm's-length negotiations by highly experienced counsel, and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement and the terms of the Settlement Agreement satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given as provided in this Order.

**IV. CLASS COUNSEL AND CLASS REPRESENTATIVES**

4.1 Pursuant to the Court's Orders in this case, the following counsel have been designated as co-lead counsel for the Settlement Class ("Settlement Class Counsel"):

Michael J. Freed
Steven Kanner
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Bernard Persky
Gregory Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

Roberta D. Liebenberg
Adam Pessin
FINE KAPLAN & BLACK, R.P.C.
1835 Market Street –28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565

4.2     The following entities have been designated as proposed Class Representatives: Central Warehouse Sales Corporation, Neptune Warehouse Distributors, Inc., William C. Bruene d/b/a Lone Star Lube, and A&L Systems Inc.

## V.    NOTICE OF SETTLEMENTS

5.1     Attached hereto as Exhibit B and Exhibit C respectively are true and correct copies of the Mail Notice and Summary Notice of the Settling Defendants' settlement. The Mail notice specifically advises Settlement Class members about: (a) the Settlement Agreement, (b) the Notice Plan, (c) the Claim form and Plan of Distribution as (described below), (d) the intention of Settlement Class Counsel to seek payment of attorneys' fees not to exceed Thirty Per Cent (30%) of the gross settlement fund of Eighteen Million Dollars ($18,000,000.00) achieved for the Direct Purchaser Plaintiffs' Class from prior settlements and the proposed Settlement described herein, and reimbursement of litigation expenses advanced by Settlement Class Counsel in the litigation, and (e) proposed payment of an incentive award not to exceed Five Thousand Dollars ($5,000.00) to each of the proposed Direct Purchaser Class Representatives.

5.2     The Court finds that the forms of Mail Notice and Summary Notice constitute the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto.  The Court hereby approves the forms of Mail Notice and Summary Notice.

5.3     Settlement Class Counsel and the Settling Defendants hereby submit the following plan: (a) for dissemination of notice to the Settlement Class; (b) to set the schedule for deadlines for mailing the Mail Notice and Claim Form (as described below), publishing the Summary Notice, and for giving notice of exclusion or objection to the proposed Settlement by any

member of the Settlement Class; and (c) to set a hearing date on final approval of the proposed Settlement ("the Notice Plan"):

    5.3.1    No later than November 19, 2012, the Mail Notice and Claim Form will be sent by first-class mail to all potential Settlement Class members whom Settlement Class Counsel have identified;

    5.3.2    No later than November 19, 2012, the Summary Notice is to be published once in the national edition of *The Wall Street Journal*;

    5.3.3    Any requests for exclusion from the Settlement Class must be received by January 11, 2013;

    5.3.4    Any objections to the proposed Settlement, Attorneys' Fees, Reimbursement of Expenses or Incentive Awards, requests to be heard at the final approval hearing, or entry of a separate appearance for a member of the Direct Purchaser Class must be filed with the Court and served on Class Counsel, and counsel for Settling Defendants by January 11, 2013;

    5.3.5    Thereafter, a hearing before the Court on final approval of the proposed Settlement shall be set at a date and time as set forth in Paragraph 7.1 of this Order.

5.4    The Court hereby approves the Notice Plan as described above.

**VI. CLAIM FORM**

6.1    Attached hereto as Exhibit D is a true and correct copy of the claim form ("the Claim Form") to be sent to Settlement Class Members. The Claim Form shall advise each Settlement Class Member on an individual basis of the amount of its proposed approved purchases in order to calculate a distribution to each Settlement Class Member based on the percentage of its approved purchases to the Net Settlement Fund ("the Plan of Distribution").

The amount of proposed approved purchases for each Settlement Class Member shall be provided to Settlement Class Counsel by Info Tech, Inc. which is providing claims administration services to Settlement Class Counsel. The Claim Form also provides Settlement Class Members, on an individual basis, with the opportunity to contest the proposed purchase amount as well as a method for resolving any such dispute.

6.2	The Court approves the form of the Claim Form and authorizes Settlement Class Counsel to insert into the Claim Form the appropriate information for each Settlement Class Member and to send the appropriate Claim Form to individual Class Members together with the Mail Notice.

6.3	To be eligible to participate in a distribution from the Net Settlement Fund, absent further order of Court, executed Claim Forms should be postmarked not later than February 4, 2013 and mailed to the address provided in the Claim Form.

**VII. FINAL APPROVAL HEARING**

7.1	The Final Approval Hearing is hereby scheduled to be held before the undersigned on February 22, 2013, at 9:00 a.m. in Courtroom 1703, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, to consider the fairness, reasonableness and adequacy of the proposed Settlement.

7.2	Direct Purchaser Plaintiffs shall file with the Court a motion for final approval of the Settlement Agreement, and a motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards no later than February 4, 2013.

7.3	Direct Purchaser Plaintiffs shall file with the Court affidavit(s) or declaration(s) of the person(s) under whose general direction the mailing and publication of the Notices were

made, showing that mailing and publication were made in accordance with the Order, no later than February 4, 2013.

7.4     Settling Defendants may file with the Court any pleadings or memoranda in support of approval of the Settlement Agreement and the Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards no later than February 4, 2013.

7.5     Direct Purchaser Plaintiffs and their counsel may file with the Court any additional papers in support of final approval of the Settlement Agreement, and for Attorneys' Fees, Reimbursement of Expenses or Incentive Awards no later than February 14, 2013.

**VIII.   OTHER PROVISIONS**

8.1     The Court approves the establishment of an escrow account under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF.

8.2     Settlement Class Counsel are hereby authorized to withdraw without further order of the Court and prior to this Court's disposition of any motion for final settlement approval funds for payment of costs of administering the Settlement and providing notice to members of the Settlement Class.  In the event the Settlement Agreement shall terminate or be canceled or shall not become effective for any reason, Settlement Class Counsel are not obligated to refund the amount withdrawn from the Settlement Fund for payment of costs of providing notice to members of the Class and of administering that notice.

8.3     In the event that the Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Settling Defendants (including accrued interest), less any amount that

Settlement Class Counsel has withdrawn from the Settlement Fund for payment of costs of providing and administering notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 6.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Settling Defendants are entitled to a refund of any portion of the Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to the Settling Defendants from the Settlement Fund. Pursuant to the terms of the Settlement Agreement, upon completion of the payments set forth in the Settlement Agreement, Settling Defendants shall have no further obligations or liabilities with respect to the Settlement Fund.

8.4     In the event that the Settlement Agreement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and such termination shall be without prejudice to the rights of the Direct Purchaser Plaintiffs, and the Class, including the rights of each to contest class certification and merits issues.

8.5     Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Settling Defendants, nor shall any documents relating to the Settlement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order or if offered by Settling Defendants in responding to any action purporting to assert Released Claims.

8.6     All proceedings as to the Settling Defendants in this litigation are hereby stayed pending further order of the Court, except for proceedings provided for or required by the

Settlement Agreement, such as proceedings relating to the determination of whether the Settlement Agreement will be finally approved.

SO ORDERED.

Dated this 8th day of November, 2012.

_____
Robert W. Gettleman
United States District Court Judge

498511